1   Payam Shahian (SBN 228406)
    E-mail: pshahian@slpattorney.com
2   Angel M. Baker (SBN 227283)
    e-mail: abaker@slpattorney.com
3   **STRATEGIC LEGAL PRACTICES,**
    **A PROFESSIONAL CORPORATION**
4   1888 Century Park East, Floor 19
    Los Angeles, CA 90067
5   Telephone:   (310) 929-4900
    Facsimile:   (310) 943-3838
6

7   Attorneys for Plaintiff,
    JOYCE ANN SESSOM
8
                    **UNITED STATES DISTRICT COURT**
9
                    **CENTRAL DISTRICT OF CALIFORNIA**
10

11  JOYCE ANN SESSOM,                    Case No. 2:24-cv-03434-GW-MRW

12              Plaintiff,
                                         *District Judge: George H. Wu*
13                                       *Magistrate Judge: Michael R. Wilner*
         v.                              Courtroom 9D
14                                       9th Floor

15  FORD MOTOR COMPANY; NORM
    REEVES FORD SUPERSTORE; and          *State Ct. Case Initiated: October 20,*
16  DOES 1 through 10, inclusive,        *2023*
                                         *Fed. Ct. Case Initiated: April 25, 2024*
17              Defendants.
18                                       **DECLARATION OF PAYAM**
19                                       **SHAHIAN IN SUPPORT OF**
                                         **PLAINTIFF'S MOTION FOR**
20                                       **ATTORNEYS' FEES, COSTS, AND**
                                         **EXPENSES**
21
22                                       Date:   July 31, 2025
23                                       Time:  8:30 a.m.

24

25

26

27

28

## **DECLARATION OF PAYAM SHAHIAN**

I, Payam Shahian, declare as follows:

1.      I am an attorney admitted to the Bar of the State of California. I am the Managing Partner of Strategic Legal Practices, APC ("Strategic" or "SLP"), counsel of record for JOYCE ANN SESSOM ("Plaintiff") in the above-entitled action. My knowledge of the information and events described herein derives from a combination of my personal knowledge and a careful review of relevant court records and communications with other attorneys, and if called as a witness, I could and would competently testify thereto.

2.      I submit this declaration in support of Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses.

### **SLP's Work On This Case Was Reasonable.**

1.      SLP is only trial counsel in this case.  SLP has accrued $**37,585.50** in fees on this matter to date as set forth in our billing records, a true and correct copy of which is attached as **Exhibit 27**. SLP also seeks **$4,000.00** for the time spent reviewing the Opposition, drafting the Reply, and attending the hearing of this matter.

2.      Knowing that our fees will not be recoverable unless we prevail—and even then, only to the extent reasonable—SLP actively strives to keep attorney's fees and costs down while still providing vigorous representation of our client.  All SLP attorneys contemporaneously track their time during litigation and subsequently enter it into the firm's billing software during the normal course of business.  I have also already removed or reduced any entry that I believed may be unnecessary, duplicative, excessive, or otherwise—something I do as a matter of practice.

3.      The fees that SLP's case team claims in this case was reasonable, efficient, and necessary. Despite Defendant's clear statutory obligation to offer Plaintiff a buyback once it could not repair Plaintiff's defective vehicle, Defendant

refused Plaintiff's buy back requests. SLP's involvement in this case ultimately compelled Defendant to rethink its refusal to resolve this case.  Indeed, SLP performed very valuable work in litigating this case, including drafting and filing the Complaint in State Court, filing a Joint Rule 26(f) Report, filing a Motion for Remand, attending and conducting the Deposition of Defendant's PMK Gregory West; filing a Joint Post-Mediation Status Report, propounding discovery requests in federal court, responding to Defendant's state discovery requests and evaluating Defendant's 998 Offer. (*See* Baker Decl. ¶¶ 12-43.)

4.     As shown below, SLP's rates in this case are well within the range charged by comparable attorneys in the region, if not lower.

### SLP's Hourly Rates Are Reasonable.

5.     I am not requesting reimbursement for any time I spent on this matter. The rates for the remaining SLP attorneys are between $325/hour and $650/hour.

6.     I have practiced in Los Angeles County for decades and reviewed several fee orders, and am therefore familiar with the billing practices and typical hourly rates charged within this region.  SLP is among the most prominent consumer rights law firms in California, having filed more consumer lemon lawsuits in the past ten years than any other law firm in the state.  As explained in more detail below, my team and I have secured multiple appellate wins, negotiated million-dollar settlements, and secured huge verdicts in high profile cases.

7.     Here, SLP's primary case team was comprised of four (4) attorneys and one (1) law clerk. Ryan Baggs, Parabhjeet Dhanada, Elizabeth Larocque, Rabiya Tirmizi and Yenok Tantanyan performed the bulk of the work in the litigation through the settlement.  I, meanwhile, supervised their efforts and was the attorney almost exclusively responsible for SLP's contributions to the appeal and the instant motion. Other SLP attorneys assisted as necessary and appropriate to help with discrete tasks.

8.     As shown below, SLP's rates in this case are well within the range charged by comparable attorneys in the region, if not lower.

9.     ***My Background.*** I received my law degree in 2003 from the University of California, Hastings School of Law. From 2004 to 2007, I worked at Bowman & Brooke LLP, a national defense firm, where I represented Ford Motor Company in consumer warranty cases. From 2007 to 2010, I worked at a large Plaintiff's class action firm, where I handled complex consumer and employment cases. In 2010, I founded Strategic Legal Practices, APC ("SLP"), with a primary focus in consumer warranty and fraud cases, including class actions.

10.     I have extensive experience with claims brought under the Song-Beverly Consumer Warranty Act ("Song-Beverly") and other consumer protection statutes, both as a plaintiff and defense attorney, and I have litigated hundreds of automotive defect cases involving California's consumer protection statutes, including Song-Beverly. *See, e.g., Ehrlich v. BMW of N. America*, 801 F. Supp. 2d 908 (C.D. Cal. 2010); *Keegan v. Am. Honda Motor Co., Inc.,* 838 F. Supp. 2d 929 (C.D. Cal. Jan. 6, 2012); *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220 (C.D. Cal. 2011).

11.     I also have experience representing consumers in appellate matters. *See Khani v. Ford Motor Company*, 215 Cal. App. 4th 916 (2013) (reversing trial court's disqualification of Mr. Shahian and Strategic as chosen counsel for plaintiff in a Song-Beverly matter); *Aberdeen v. Toyota Motor Sales, U.S.A., Inc.*, 2011 WL 939250 (9th Cir. 2011) (affirming in part and reversing in part district court's denial of class certification where Plaintiff alleged Toyota failed to disclose the real-world fuel economy of the Prius); *Price v. Automobile Club of Southern California*, 2010 WL 2028529 (L.A. Super. Ct. 2010) (ruling that lower court erred in sustaining defendant's demurrer without leave to amend because plaintiff was class member in another related uncertified case.).

DECLARATION OF P. SHAHIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES

12. I have successfully negotiated settlements totaling millions of dollars on behalf of consumers nationwide. *See, e.g., Meyer v. Bebe Stores, Inc.*, Case No. 14-00267, Dkt. No. 164 (N.D. Cal. Dec. 6, 2017) (as Co-Lead Class Counsel, achieved nationwide settlement on behalf of consumers who received text messages from Bebe Stores, Inc.); *Gray v. BMW of North America, LLC*, Case No. 13-3417, Dkt. No. 86 (D.N.J. Aug. 24, 2017) (as Co-Lead Class Counsel, achieved nationwide settlement on behalf of consumers of certain BMW vehicles for alleged convertible top defect); *Haghayeghi v. Guess?, Inc.*, Case No. 14-cv-00020, Dkt. No. 100 (S.D. Cal. Apr. 25, 2017) (as Co-Lead Class Counsel, achieved nationwide settlement on behalf of consumers who received text messages from Guess?, Inc.); *Zakskorn v. American Honda Motor Co., Inc.*, Case No. 11-02610, Dkt. No. 86 (E.D. Cal. June 9, 2015) (as Co-Lead Class Counsel, achieved nationwide settlement on behalf of consumers of certain Honda Civic vehicles for alleged brake pad defect); *Asghari v. Volkswagen Group of America*, Case No. 13-02529, Dkt. No. 185 (C.D. Cal. May 29, 2015) (as Co-Lead Class Counsel, achieved nationwide settlement on behalf of consumers of certain Audi and Volkswagen vehicles for alleged oil consumption defect); *Aarons v. BMW of North America, LLC*, Case No. 11-7667, Dkt. No. 152 (C.D. Cal. April 29, 2014) (as class counsel, achieved nationwide settlement on behalf of consumer of certain MINI vehicles for alleged transmission defect); *Keegan v. American Honda Motor Co, Inc.*, Case No. 10-09508, Dkt. No. 171 (C.D. Cal. Jan. 21, 2014) (as class-counsel, achieved a nationwide settlement on behalf of consumers of certain Honda Civics for alleged rear suspension defect); *Kennedy-Lebar v. Volkswagen Group of America, Inc.*, Case No. 10-05126, Dkt. No. 100 (D.N.J. 2013) (as class counsel, achieved a nationwide settlement on behalf of consumers of certain Audi vehicles for alleged headlight defect); *Sadowska v. Volkswagen Group of America, Inc.*, Case No. 11-00665, Dkt. No. 127 (C.D. Cal. 2013) (as class counsel, achieved a nationwide settlement on behalf of approximately 64,000 consumers of certain Audi vehicles

for alleged transmission defect); *In re Mini Windshield Actions (Ehrlich v. BMW),* Case No. 10-01151, Dkt. No. 94 (C.D. Cal. 2012) (as class counsel, achieved a nationwide class action settlement on behalf of consumers of MINI Coopers for alleged windshield defects); *Marsikian v. Mercedes-Benz USA, LLC*, Case No. 08-04876, Dkt. No. 125 (C.D. Cal. 2010) (nationwide class action settlement involving over 100,000 vehicles with an alleged water leak defect); *Haghayeghi v. Guess?, Inc.*, Case No. 14-00020, Dkt. No. 100 (S.D. Cal. Apr. 25, 2017) (nationwide class action settlement on behalf of persons who received text messages from Guess).

13.    The following is a summary of cases in which my hourly rates have been approved. *See e.g., Majdipour v. Jaguar Land Rover North America, LLC,* Case No. 2:12-cv-07849-WHW-CLW (D.N.J December 2019) (approving my requested rate of $710/hr.); *Rahman v. FCA US LLC*, 594 F. Supp. 3d 1199 (C.D. Cal. 2022) (approving my requested rate of $695/hr.); *Henrik Zargarian v. BMW of N. Am., LLC*, 442 F. Supp. 3d 1216, 1226 (C.D. Cal. Mar. 3, 2020) in which the Court approved my rate of $650/hr.; *Falco et al v. Nissan North America, Inc.,* Case No. 2:13-cv-00686-DDP-Manx, Dkt. No 325 (C.D. Cal. June 1, 2018) (approving my requested hourly rate of $670); *Meyer v. Bebe Stores, Inc.*, Case No. 14-00267, Dkt. No. 165 (N.D. Cal. December 6, 2017) (approving my requested hourly rate of $650); *Gray v. BMW of North America, LLC*, Case No. 13-3417, Dkt. Nos. 85-87 (D.N.J. Aug. 24, 2017) (approving my requested hourly rate of $650); *Haghayeghi v. Guess?, Inc.*, Case No. 14-cv-00020, Dkt. No. 100 (S.D. Cal. Apr. 25, 2017) (in 2017, approving my hourly rate of $650 in a Telephone Consumer Protection Act class action); *Zakskorn v. American Honda Motor Co., Inc.*, 2015 WL 3622990 (E.D. Cal June 9, 2015) (approving my requested hourly rate of $595); *Asghari, et al. v. Volkswagen Group of America, Inc., et al.*, Case No. 13-CV-02529, Dkt. No. 185 (C.D. Cal. May 29, 2015) (same); *Aarons et al. v. BMW of North America, LLC*, Case No. 11-cv-07667, Dkt. No. 152 (C.D. Cal. April 29, 2014) (in 2014, approving my hourly rate of $590 in consumer warranty matter involving BMW breach of

warranty and its failure to disclose material defects to consumers); *Keegan et al. v. American Honda Motor Co., Inc.*, Case No. 10-cv-09508-MMM-AJW, Dkt. No. 171 (C.D. Cal. Jan. 1, 2014) (approving my hourly rate of $570 as the managing partner of Strategic); *Kennedy-Lebar et al. v. Volkswagen Group of America, Inc.*, Case No. 10-05126-KM-MF, Dkt. No. 100 (D.N.J. 2013) (same); *Sadowska et al. v. Volkswagen Group of America, Inc.*, Case No. 11-00665-BROAGR, Dkt. No. 127 (C.D. Cal. 2013) (same); *In Re Mini Windshield Actions*, Case No. 2:10-cv-01151-ABC (PJWx) (C.D. Cal. October 1, 2012) (approving my hourly rate of $550 as the managing partner of SLP); *Gong-Chun v. Aetna, Inc.*, Case No. 09-CV-01995-AWI-SKO (E.D. Cal. July 11, 2011) (approving my hourly rate as an associate at a prior law firm in the amount of $520); *Marsikian v. Mercedes-Benz USA, LLC*, Case No. 08-CV-04876-AHM-FMO (C.D. Cal. May 17, 2010) (approving my hourly rate of $445 in 2010).

14.    I am familiar with the backgrounds of the other SLP attorneys who assisted on this case—either as part of SLP's primary case team or in a far more limited capacity, all of whom have helped contribute to the successes that the firm and I have achieved.  As shown below, courts have found that their fees are comparable to those of similar experience levels in other Song-Beverly cases in the region.

### *Experience of Other Attorneys at Strategic Legal Practices, APC*

a.    Ryan Baggs is an attorney at SLP who was admitted to the California State Bar in 2014. At SLP, Mr. Baggs focuses on lemon law litigation. Mr. Baggs' requested 2024 rate of $525/hr. in this case is reasonable and consistent with other attorneys at SLP who have had their rates approved by other courts in California. *See Sandra J. Williams v. Ford Motor Co*., No. 521CV01346SPGSHK, 2023 WL 405346, at *3 (C.D. Cal. Jan. 24, 2023), <u>against the same Defendant and Defense counsel,</u> (approving SLP rates ranging from $295/hour to $595/hour, including Ms. Linnell's (admitted in

2011) 2022 rate of $495/hr.) [Mr. Baggs (admitted in 2014) has similar experience.]; *Diane Herrera v. Kia Motors America, Inc.* (Los Angeles Super. Ct. Case No. 19STCV14194) where the Court approved SLP rates from $325/hr. to $625/hr., including Ms. Linnell (admitted in 2011) 2023 rate of $525/hr. [Mr. Baggs (admitted in 2014) has similar experience.]; *Francisco Rodriguez, et al, v. Hyundai Motor America* (Los Angeles Super. Ct., Case No. 21STCV01655) (July 6, 2023); *See Edgar J. Morales v. Honda Motor Company, Inc.* (Los Angeles Super. Ct., Case No. 22STCV05533) (August 2, 2024) the court approved Mr. Smith's 2022 and 2023 rate of $460/hr. and $475/hr. [Mr. Baggs (admitted in 2014) has similar experience.]; *See Parros v. Kia Motors America, Inc.* (Los Angeles Super. Ct. Civil Case No. BC710391) (April 5, 2024) (approving Ms. Haw's (Admitted in 2013) 2022 and 2023 hourly rates of $490 and $500, respectively [Mr. Baggs has similar experience]); *Ruiz, et al. v. Kia* (Los Angeles Super. Ct., Case No. BC710527) (approving Ms. Haw's (admitted in 2013) 2022 hourly rate of $490 [Mr. Baggs has similar experience to Ms. Haw]).

b.    Tionna Carvalho (nee Dolin) graduated from the University of California, Los Angeles with a bachelor's degree in psychology and received her Juris Doctor from Loyola Law School in 2014. While attending law school, Ms. Carvalho gained courtroom experience working as a Certified Law Clerk for the Los Angeles County District Attorney's Office. And after being admitted to the California State Bar in 2014, Ms. Carvalho has gained widespread experience in private practice (representing her various clients' interests in civil court, criminal court, probate court, and family court) before joining SLP and focusing her practice on consumer protection matters in individual and class action matters. After me, Ms. Carvalho is the first named Partner at SLP, after practicing at the firm for 7 years. She manages a team of attorneys to oversee many of our Lemon Law cases. She has been to trial on many

Lemon Law cases and has successfully argued dozens of summary judgment motions and has been involved with trials. She also handled class action cases for our firm. Ms. Carvalho's requested 2023 partner rate of $570/hr. and 2024 partner rate of $595/hr. in this case is reasonable and consistent with other attorneys at SLP who have had their rates approved by other courts in California. *See Sandra J. Williams v. Ford Motor Co.*, No. 521CV01346SPGSHK, 2023 WL 405346, at *3 (C.D. Cal. Jan. 24, 2023), against the same Defendant and Defense counsel, (approving SLP rates ranging from $295/hour to $595/hour, including Ms. Carvalho's 2022 partner rate of $550/hr.); *Debora Guzman v. FCA US, LLC.* (C.D.CA Case No. 8-22-cv-01092-DOC-DFM) the Court awarded 100% of the requested lodestar and costs, and awarded a 1.35 multiplier, found SLP hours and attorney rates reasonable including Ms. Carvalho's 2022 rate of $550/hr., 2023 rate of $570/hr., and 2024 rate of $595/hr.; *Amy Gallegos v. General Motors, LLC* (Los Angeles Super. Ct. Case No. 21STCV23352) where the Court approved SLP rates from $285/hr. to $595/hr., including Ms. Carvalho's 2023 partner rate of $570/hr. and 2024 partner rate of $595/hr.; *See Edgar J. Morales v. Honda Motor Company, Inc.* (Los Angeles Super. Ct., Case No. 22STCV05533) (August 2, 2024) the court approved Ms. Carvalho's 2023 partner rate of $570/hr.; *Diane Herrera v. Kia Motors America, Inc.* (Los Angeles Super. Ct. Case No. 19STCV14194) where the Court approved SLP rates from $325/hr. to $625/hr., including Ms. Carvalho's (Dolin) 2023 partner rate of $570/hr.; *See Hang, et al. v. MBUSA (Los Angeles Co. Super. Ct., Civil Case No. 20STCV31327* (August 29, 2024), the Los Angeles Court approved 100% of SLP's fees and rates ranging from $295/hr. to $610/hr., including Ms. Carvalho's 2022 partner rate of $550/hr. 2023 partner rate of $570/hr. and 2024 partner rate of $595/hr.; *Gladys Espinal, et al. v. Kia Motors America, Inc.* (Los Angeles Co. Super. Ct. Civil Case No. 18STCV05920) (April 8, 2024)

(approving Ms. Carvalho's 2022 and 2023 hourly partner rates of $550 and
$570, respectively.); *See Louis Palos v. KMA* (Los Angeles Super. Ct., Case
No. BC715391) (July 2, 2024) the court approved Ms. Carvalho's 2023 partner
rate of $570/hr.; *Tyler Powell v. General Motors, LLC.* (Santa Barbara Super.
Ct. Civil Case. No. 23CV01453 (December 18, 2024) the court approved Ms.
Carvalho's 2023 partner rate of $570/hr. and 2024 partner rate of $595/hr.;
*Fisher v FMC* (Riverside Super. Ct. Case No. CVR12102954) (August 19, 2024),
against the same Defendant and Defense counsel, The Court granted SLP's
100% of fees and costs, and approved rates ranging from $375/hr to $620/hr.
including Ms. Carvalho's 2022 rate of $550/hr and $2023 rate of $570/hr.  *Brian
Lopez v. FCA US, LLC* (Los Angeles Co. Super. Ct., Civil Case No.
21STCV47328) (November 25, 2024), where the court approved Ms.
Carvalho's 2023 partner rate of $570/hr.; *Parros v. Kia Motors America, Inc.*
(Los Angeles Super. Ct. Civil Case No. BC710391) (April 5, 2024) (approving
Ms. Carvalho's 2022 and 2023 hourly partner rates of $550 and $570,
respectively.); *Francisco Rodriguez, et al, v. Hyundai Motor America* (Los
Angeles Super. Ct., Case No. 21STCV01655) (July 6, 2023) (approving Ms.
Carvalho's 2022 hourly partner rate of $500); *Sedlacek v General Motors*, (Los
Angeles Co. Super. Ct., Civil Case No. 21STCV23811) (October 16, 2023)
(approving Ms. Carvalho's 2023 hourly partner rate of $570); *Proa v. KMA*
(Los Angeles Super. Ct., Case No. BC716646) (April 24, 2023) (approving
Ms. Carvalho's 2022 partner rate of $550/hr., *Galvan v. KMA* (Los Angeles
Co. Super. Ct., Civil Case No. BC715568) (approving Ms. Carvalho's 2022
partner rate of $550/hour); *Ricksecker v. Ford Motor Company* (N.D. Cal.,
Feb. 3, 2023, No. 21-CV-04681-HSG (SK)) 2023 WL 1542199, at *5
(approving Ms. Carvalho's pre-partner 2021 rate of $450/hr. and 2022 partner
rate of $550/hr.); *Scherer et al. v. FCA US LLC*, Civ. Case No. 20-cv-02009-
AJB-BLM (S.D. Cal. Oct. 22, 2022) DKT # 129 (approving Ms. Carvalho's

2022 partner rate of $550/hr.; *Vasquez v. Kia* (Los Angeles Co. Super. Ct., Civil Case No. 20STCV25091) (approving Ms. Carvalho's 2020 hourly rate and 2022 hourly partner rate of $425 and $550, respectively); *Miranda v. FCA* (Sacramento Co. Super. Ct., Civil Case No. 34-2020-00276881-CU-BC-GDS) (approving Ms. Carvalho's 2020 and 2021 hourly rates of $425 and $450, respectively); *Klingenberg v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. BC709888) (approving Ms. Carvalho's requested hourly rates of $375, $395, $450, and $490 [before Ms. Carvalho became an SLP Partner]); *Flores v. FCA US, LLC* (Sacramento Super. Ct., Case No. 34-2016-00192221-CU-BC-GDS) (approving Ms. Carvalho's 2017 hourly rate of $350); *Michelle Williams v. FCA* (Los Angeles Co. Super. Ct., Civil Case No. BC722351) (approving Ms. Carvalho's 2019 rate of $395/hr.); *Mo Rahman v. FCA US LLC*, F. Supp.3d, 2022 WL 1013433 (March 29, 2022) (approving Ms. Carvalho's 2020 rate of $425/hr., 2021 rate if $450/hr., and 2022 rate of $490/hr. [before Ms. Carvalho became an SLP Partner]).

        c.    Dhara Chandy (formerly Patel) graduated from the Seton Hall University with a bachelor's degree in Finance and received her Juris Doctor from Seton Hall University School of Law in 2020. While attending law school, Ms. Patel gained courtroom experience working as a student attorney in the Criminal Justice Clinic, interning with two state judges, and interning at NBCUniversal. Prior to joining SLP, Ms. Chandy specialized in the Fair Credit Reporting Act as a provisionally licensed attorney. Currently, Ms. Chandy is a provisionally licensed attorney.  At SLP, Ms. Patel works on lemon law litigation. Ms. Chandy's 2025 requested rate of $375/hour in this case are reasonable and consistent with approved rates in the local area. See *Debora Guzman v. FCA US, LLC.* (C.D.CA Case No. 8-22-cv-01092-DOC-DFM) the Court awarded 100% of the requested lodestar and costs, and awarded a 1.35 multiplier, found SLP hours and attorney rates reasonable including Ms.

Chandy's 2024 rate of $350/hr.; *Klingenberg v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. BC709888) (approving Ms. Patel's 2021 hourly rate of $325 and 2022 hourly rate of $335); See *Ruiz, et al. v. Kia* (Los Angeles Super. Ct., Case No. BC710527) (approving Ms. Chandy's 2022 rate of $335); *Larry Neuberg v. FCA* (Los Angeles Co. Super. Ct., Civil case No. 19STCV34534) (approving Ms. Patel's 2021 rate of $335/hr.).

d.    Parabhjeet Dhanda is an attorney at SLP. Ms. Dhanda earned her J.D. in 2020 and was admitted to the California State Bar in 2021. At SLP, Ms. Dhanda focuses on consumer protection. Ms. Dhanda's 2024 rate of $400/hr. is reasonable and in line with other attorneys at who have been practicing law. *Tyler Powell v. General Motors, LLC.* (Santa Barbara Super. Ct. Civil Case. No. 23CV01453 (December 18, 2024) the court approved Ms. Trimizi's (admitted in 2021) 2024 rate of $395/hr. [Ms. Dhanda (admitted in 2021) has similar experience.]; *Fisher v FMC* (Riverside Super. Ct. Case No. CVR12102954) (August 19, 2024), <u>against the same Defendant and Defense counsel,</u> The Court granted SLP's 100% of fees and costs, and approved rates ranging from $375/hr to $620/hr. including Ms. Trimizi's (admitted in 2021) 2023 rate of $375/hr. [Ms. Dhanda (admitted in 2021) has similar experience.]; *See Edgar J. Morales v. Honda Motor Company, Inc.* (Los Angeles Super. Ct., Case No. 22STCV05533) (August 2, 2024) the court approved Ms. Trimizi's (admitted in 2021) 2023 rate of $375/hr. [Ms. Dhanda (admitted in 2021) has similar experience.]; *See Louis Palos v. KMA* (Los Angeles Super. Ct., Case No. BC715391) (July 2, 2024) the court approved Ms. Trimizi's (admitted in 2021) 2023 rate of $375/hr. [Ms. Dhanda (admitted in 2021) has similar experience.]; *Diane Herrera v. Kia Motors America, Inc.* (Los Angeles Super. Ct. Case No. 19STCV14194) where the Court approved SLP rates from $325/hr. to $625/hr., including Ms. Trimizi's (admitted in 2021) 2023 rate of $375/hr. [Ms. Dhanda (admitted in 2021) has similar experience.]; *See Hang, et al. v.*

*MBUSA (Los Angeles Co. Super. Ct., Civil* Case No. 20STCV31327 (August 29, 2024), the Los Angeles Court approved 100% of SLP's fees and rates ranging from $295/hr. to $610/hr., including Ms. Trimizi's (admitted in 2021) 2023 rate of $375/hr. [Ms. Dhanda (admitted in 2021 has similar experience.].

e.      Aylana Dias is a bilingual (Portuguese and English) professional and licensed attorney in Brazil. She has been employed as a Law Clerk II at SLP since January 2023. Ms. Dias earned her Bachelor of Laws degree in 2019 and completed her Master of Laws at the University of Southern California in 2023. Ms. Dias began her career early, gaining experience through internships at the Office of Brazil's Attorney General, the Public Defender of Brazil, and working as an Attorney at a Litigation Law Firm. She now works in consumer protection matters, particularly those related to the Song-Beverly Consumer Warranty Act. Ms. Dias' requested 2024 rate of $325/hour in this case is reasonable and consistent with other attorneys at SLP who have had their rates approved by other courts in California. *Tyler Powell v. General Motors, LLC.* (Santa Barbara Super. Ct. Civil Case. No. 23CV01453 (December 18, 2024) (Ms. Canton's 2024 law clerk rate of $325/hr. [Ms. Dias, a law clerk, has similar experience.]); *Debora Guzman v. FCA US, LLC* (United States District Court for the Central District of California Case No.: 8:22-cv-01092-DOC-DFM) (October 3, 2024) (Ms. Patel's 2024 (provisionally licensed attorney since 2020) rate of $350/hr. [Ms. Dias (law clerk) has similar experience.]); *See Louis Palos v. KMA* (Los Angeles Super. Ct., Case No. BC715391) (July 2, 2024) the court approved Mr. Tantanyan's (law clerk) 2024 rate of $325/hr. [Ms. Aylana (law clerk) has similar experience.]; *Diane Herrera v. Kia Motors America, Inc.* (Los Angeles Super. Ct. Case No. 19STCV14194) where the Court approved SLP rates from $325/hr. to $625/hr., including Mr. Coombs (law clerk) 2021 rate of $325/hr. [Ms. Aylana (law clerk) has similar experience.]; *See Klingenberg v. KMA* (Los Angeles Co. Super. Ct., Civil Case

No. BC709888) (approving Ms. Patel's (provisionally licensed attorney since 2020) 2021 hourly rate of $325 and 2022 hourly rate of $335 [Ms. Dias has similar experience]; *See Ruiz, et al. v. Kia* (Los Angeles Super. Ct., Case No. BC710527) (approving Ms. Patel's (provisionally licensed attorney since 2020) 2022 rate of $335) [Ms. Dias has similar experience.]).

   f. Elizabeth Larocque is an attorney with SLP who graduated from California Western School of Law and was admitted to the California State Bar in 2002.  At SLP, Ms. Larocque focuses on Lemon Law Litigation. Ms. Larocque's requested 2024 rate of $595/hr. and 2025 rate of $650/hr. in this case is reasonable and in line with other attorneys at Strategic Legal Practices who have had their rates approved by other courts in California. *See Sandra J. Williams et al v. Ford Motor Company* (United States District Court for the Central District of California Cas No.: 5:21-cv-01346-SPG-SHK), <u>against the same Defendant and Defense counsel,</u> (approving Ms. Kuemerle's (admitted in 2003) 2022 hourly rate of $595 [Ms. Larocque (admitted in 2002) has more experience.]); *Debora Guzman v. FCA US, LLC.* (C.D.CA Case No. 8-22-cv-01092-DOC-DFM) where the Court awarded 100% of the requested lodestar and costs, awarded a 1.35 multiplier, and found SLP hours and attorney rates reasonable including Ms. Larocque's 2023 rate of $595/hr.; *See Edgar J. Morales v. Honda Motor Company, Inc.* (Los Angeles Super. Ct., Case No. 22STCV05533) (August 2, 2024) the court approved Ms. Larocque 2023 rate of $595/hr.; *Tyler Powell v. General Motors, LLC.* (Santa Barbara Super. Ct. Civil Case. No. 23CV01453 (December 18, 2024) (Ms. DeLeon's (admitted in 2000) 2024 rate of $595/hr. [Ms. Larocque (admitted in 2002) has similar experience.]); *Brian Lopez v. FCA US, LLC* (Los Angeles Co. Super. Ct., Civil Case No. 21STCV47328) (November 25, 2024), where the court Ms. Larocque's 2022 and 2023 rate of $595/hr.; *See Donald Sucich v. GM* (Los Angeles Super. Ct., Case No. 21STCV09380) (April 4, 2024) the court

approved Ms. Larocque's 2023 rate of $595/hr.; *See Louis Palos v. KMA* (Los Angeles Super. Ct., Case No. BC715391) (July 2, 2024) the court approved Mr. McCallister's (admitted in 1998) 2023 rate of $595/hr. [Ms. Larocque (admitted in 2002) has similar experience.]; *Amy Gallegos v. General Motors, LLC.* (Los Angeles Super. Ct. Civil Case No. 21STCV23352 (October 14, 2024), where the Court approved Mr. McCallister's (admitted in 1998) 2023 rate of $595/hr. [Ms. Larocque (admitted in 2002) has similar experience.]; *Hang, et al. v. MBUSA (*Los Angeles Co. Super. Ct., Civil Case No. 20STCV31327) (August 29, 2024) where the Court approved Mr. McCallister's (admitted in 1998) 2023 and 2024 rate of $595/hr. [Ms. Larocque (admitted in 2002) has similar experience.]; *Charles Steven Sedlacek IV v. General Motors, LLC* (Los Angeles Co. Super. Ct. Civil Case No. 21STCV23811) (October 16, 2023) approving the rates of SLP attorneys ranging from $295 to $610/hour Mr. McCallister's (admitted in 1998) 2022 and 2023 rate of $595/hr. [Ms. Larocque (admitted in 2002) has similar experience.]; *Michelle Williams v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. BC722351) (approving Mr. Poe's 2021 rate of $595/hr. [Mr. Poe and Ms. Larocque were admitted to the California State Bar in 2002.]); *Jose Adrian Franco Medina v. Kia Motors America, Inc*. (Los Angeles Super. Ct., Case No. 19STCV02985) (approving Ms. Hooper's rate of $595/hour in 2021 [Ms. Hooper was admitted to the State Bar in 2000 and Ms. Larocque in 2002].)

g.     Daniel Law received his JD from Thomas Jefferson School of Law in 2012. He was admitted to the California State Bar in 2016. Prior to joining SLP, Mr. Law represented plaintiffs in labor/employment matters. At SLP, he focuses on lemon law litigation. Mr. Law's requested 2023 rate of $475/hr. and 2024 rate of $495/hr. in this case is reasonable and consistent with what has been approved by the courts. *See Sandra J. Williams et al v. Ford Motor Company* (United States District Court for the Central District of

California Case No.: 5:21-cv-01346-SPG-SHK), <u>against the same Defendant and Defense counsel</u>, (approving Mr. Law's 2021 and 2022 hourly rates of $425 and $440, respectively); *Debora Guzman v. FCA US, LLC.* (C.D.CA Case No. 8-22-cv-01092-DOC-DFM) the Court awarded 100% of the requested lodestar and costs, and awarded a 1.35 multiplier, found SLP hours and attorney rates reasonable including Mr. Law's 2022 rate of $440/hr.; *Fisher v FMC* (Riverside Super. Ct. Case No. CVR12102954) (August 19, 2024) The Court granted SLP's 100% of fees and costs, and approved rates ranging from $375/hr to $620/hr. including Mr. Law's 2021 rate of $425/hr and 2023 rate of $475/hr.; *See Edgar J. Morales v. Honda Motor Company, Inc.* (Los Angeles Super. Ct., Case No. 22STCV05533) (August 2, 2024) the court approved Mr. Law's 2022 rate of $440/hr.; *Gladys Espinal, et al. v. Kia Motors America, Inc.* (Los Angeles Co. Super. Ct. Civil Case No. 18STCV05920) (April 8, 2024) (approving Mr. Law's 2023 hourly rate of $475); *Francisco Rodriguez, et al, v. Hyundai Motor America* (Los Angeles Super. Ct., Case No. 21STCV01655) (July 6, 2023) (approving Mr. Law's 2021 hourly rate of $425); *Quintero v. FCA* (Riverside Co. Super. Ct., Civil Case No. RIC2002334) (June 20, 2023) (approving Mr. Law's 2022 hourly rate of $440); *Ricksecker v. Ford Motor Company* (N.D. Cal., Feb. 3, 2023, No. 21-CV-04681-HSG (SK)) 2023 WL 1542199, at *5, (approving Mr. Law's 2021 rate of $425/hr. and 2022 rate of $440/hr.);  *Rahman v. FCA US LLC*, 594 F. Supp. 3d 1199, 1204 (C.D. Cal. 2022) (approving Mr. Law's 2020 rate of $425/hr.); *Miranda v. FCA, US, LLC* (Sacramento Super. Ct., Case No. 34-2020-00276881-CU-BC-GDS) (approving Mr. Law's 2020 hourly rate of $425).

      h.     Jacob Lister received his J.D. from Washington College of Law, American University. He was admitted to the California State Bar in 2009. At SLP, he focuses on lemon law litigation. Mr. Lister's requested 2024 rate of $550/hour in this case is reasonable and consistent with what has been

approved by the courts. *Fisher v FMC* (Riverside Super. Ct. Case No. CVR12102954) (August 19, 2024) Court granted SLP's 100% of fees and costs, and approved rates ranging from $375/hr to $620/hr., <u>against the same Defendant and Defense counsel,</u> including Mr. Lister's 2023 rate of $495/hr.; *Charles Steven Sedlacek IV v. General Motors, LLC* (Los Angeles Co. Super. Ct. Civil Case No. 21STCV23811) (October 16, 2023), approving the rates of SLP attorneys ranging from $295 to $610/hour including Mr. Friedman's (admitted in 2008) 2022 rate of $525/hr. [Mr. Lister (admitted in 2009) have similar experience.]; *Amy Gallegos v. General Motors, LLC.* (Los Angeles Super. Ct. Civil Case No. 21STCV23352 (October 14, 2024), where the Court Mr. Friedman's (admitted in 2008) 2022 rate of $525/hr. [Mr. Lister (admitted in 2009) have similar experience.]; *Gladys Espinal, et al. v. Kia Motors America, Inc*. (Los Angeles Co. Super. Ct. Civil Case No. 18STCV05920) (April 8, 2024) (approving Mr. Lister's 2022 hourly rate of $465); *Klingenberg v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. BC709888) (approving Mr. Clark's (admitted in 2007) 2022 hourly rate of $565 [Mr. Lister has similar experience]).

   i. Tara Mejia is an attorney at SLP who passed the California State Bar Exam in 2022. Ms. Mejia now focuses on consumer protection matters related to the Song-Beverly Consumer Warranty Act. Ms. Mejia's requested 2024 rate of $395/hr. is reasonable and consistent with other SLP attorneys who have had their rates approved by California courts. *Tyler Powell v. General Motors, LLC.* (Santa Barbara Super. Ct. Civil Case. No. 23CV01453 (December 18, 2024) the court approved Ms. Trimizi's (admitted in 2021) 2024 rate of $395/hr. [Ms. Mejia (admitted in 2022) has similar experience.]; *Fisher v FMC* (Riverside Super. Ct. Case No. CVR12102954) (August 19, 2024), <u>against the same Defendant and Defense counsel,</u> The Court granted SLP's 100% of fees and costs, and approved rates ranging from $375/hr to $620/hr.

including Ms. Trimizi's (admitted in 2021) 2023 rate of $375/hr. [Ms. Mejia (admitted in 2022) has similar experience.]; *See Edgar J. Morales v. Honda Motor Company, Inc.* (Los Angeles Super. Ct., Case No. 22STCV05533) (August 2, 2024) the court approved Ms. Trimizi's (admitted in 2021) 2023 rate of $375/hr. [Ms. Mejia (admitted in 2022) has similar experience.]; *See Louis Palos v. KMA* (Los Angeles Super. Ct., Case No. BC715391) (July 2, 2024) the court approved Ms. Trimizi's (admitted in 2021) 2023 rate of $375/hr. [Ms. Mejia (admitted in 2022) has similar experience.]; *Diane Herrera v. Kia Motors America, Inc.* (Los Angeles Super. Ct. Case No. 19STCV14194) where the Court approved SLP rates from $325/hr. to $625/hr., including Ms. Trimizi's (admitted in 2021) 2023 rate of $375/hr. [Ms. Mejia (admitted in 2022) has similar experience.]; *See Hang, et al. v. MBUSA (Los Angeles Co. Super. Ct., Civil* Case No. 20STCV31327 (August 29, 2024), the Los Angeles Court approved 100% of SLP's fees and rates ranging from $295/hr. to $610/hr., including Ms. Trimizi's (admitted in 2021) 2023 rate of $375/hr. [Ms. Mejia (admitted in 2022 has similar experience.].

j.  Kathleen O'Quinn is a licensed attorney in Connecticut. She is a Law Clerk at SLP. Ms. O'Quinn's requested 2024 rate of $325 in this case is reasonable and consistent with approved rates for law clerks in the local area. *Tyler Powell v. General Motors, LLC.* (Santa Barbara Super. Ct. Civil Case. No. 23CV01453 (December 18, 2024) (Ms. Canton's 2024 law clerk rate of $325/hr. [Ms. O'Quinn, a law clerk, has similar experience.]); *Debora Guzman v. FCA US, LLC* (United States District Court for the Central District of California Case No.: 8:22-cv-01092-DOC-DFM) (October 3, 2024) (Ms. Patel's 2024 (provisionally licensed attorney since 2020) rate of $350/hr. [Ms. O'Quinn (law clerk) has similar experience.]); *See Louis Palos v. KMA* (Los Angeles Super. Ct., Case No. BC715391) (July 2, 2024) the court approved Mr. Tantanyan's (law clerk) 2024 rate of $325/hr. [Ms. O'Quinn

(law clerk) has similar experience.]; *Diane Herrera v. Kia Motors America, Inc.* (Los Angeles Super. Ct. Case No. 19STCV14194) where the Court approved SLP rates from $325/hr. to $625/hr., including Mr. Coombs (law clerk) 2021 rate of $325/hr. [Ms. O'Quinn (law clerk) has similar experience.]; *See Klingenberg v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. BC709888) (approving Ms. Patel's (provisionally licensed attorney since 2020) 2021 hourly rate of $325 and 2022 hourly rate of $335 [Ms. O'Quinn has similar experience]; *See Ruiz, et al. v. Kia* (Los Angeles Super. Ct., Case No. BC710527) (approving Ms. Patel's (provisionally licensed attorney since 2020) 2022 rate of $335) [Ms. O'Quinn has similar experience.]).

k.    Nino Sanaia is an attorney at SLP who passed the California State Bar Exam in 2022. Ms. Sanaia received her Georgian Bar License in 2015 and received her LLM at Pepperdine Law School. Ms. Sanaia's 2024 rate of $435/hr. in this case is reasonable and consistent with approved rates for first year attorneys in the Los Angeles area. *See Sandra J. Williams et al v. Ford Motor Company* (United States District Court for the Central District of California Case No.: 5:21-cv-01346-SPG-SHK), <u>against the same Defendant and Defense counsel</u>, approving Ms. Sanaia's 2022 rate of $385/hr.; *See Louis Palos v. KMA* (Los Angeles Super. Ct., Case No. BC715391) (July 2, 2024) the court approved Ms. Sanaia's 2022 rate of $385/hr., 2023 rate of $425/hr. and 2024 rate of $435/hr.; *See Louis Palos v. KMA* (Los Angeles Super. Ct., Case No. BC715391) (July 2, 2024) the court approved Ms. Sanaia's 2022 rate of $385/hr., 2023 rate of $425/hr. and 2024 rate of $435/hr.; *Amy Gallegos v. General Motors, LLC.* (Los Angeles Super. Ct. Civil Case No. 21STCV23352 (October 14, 2024), where the Court approved Ms. Sanaia's 2021 and 2022 rate of $385/hr. and 2023 rate of $425/hr.; *See Edgar J. Morales v. Honda Motor Company, Inc.* (Los Angeles

Super. Ct., Case No. 22STCV05533) (August 2, 2024) the court approved Ms. Sanaia's 2022 and 2023 rate of $385/hr. and 425/hr.; *Fisher v FMC* (Riverside Super. Ct. Case No. CVR12102954) (August 19, 2024), <u>against the same Defendant and Defense counsel,</u> The Court granted SLP's 100% of fees and costs, and approved rates ranging from $375/hr to $620/hr. including Ms. Sanaia's 2022 rate of $385/hr. and 2023 rate of $425/hr.; *See Donald Sucich v. GM* (Los Angeles Super. Ct., Case No. 21STCV09380) (April 4, 2024) the court approved Ms. Sanaia's 2023 rate of $425/hr.; *See Hang and Haoning Wang v. MBUSA* (Los Angeles Super. Ct. Case No. 20STCV31327) (August 29, 2024) (approving Ms. Sanaia's 2022 rate of $385/hr. and 2023 rate of $425/hr.); *Gladys Espinal, et al. v. Kia Motors America, Inc.* (Los Angeles Co. Super. Ct. Civil Case No. 18STCV05920) (April 8, 2024) (approving Ms. Sanaia's 2022 hourly rate of $385); *See* Williams et al v. Ford Motor Company (United States District Court for the Central District of California Case No.: 5:21-cv-01346-SPG-SHK), <u>against the same Defendant and Defense counsel,</u> (approving Ms. Sania's 2022 hourly rate of $385); *Ricksecker v. Ford Motor Company* (United States District Court for the Northern District of California Case No.: 21-CV-04681-HSG (SK), 2023 WL 1542199, at *2–3 (N.D. Cal. Feb. 3, 2023) (approving Ms. Sanaia's 2022 rate of $385/hr.); *Guzman v. FCA* (Los Angeles Super. Ct., Case No. 20STCV1506) (approving Ms. Sanaia's 2021 rate of $385/hr.).

l.      Yenok Tantanyan is a Law Clerk at SLP. Mr. Tantanyan graduated from Thomas Jefferson School of Law in 2019. Mr. Tantanyan's requested 2025 rate of $345/hour in this case is reasonable and consistent with approved rates throughout California. *See Louis Palos v. KMA* (Los Angeles Super. Ct., Case No. BC715391) (July 2, 2024) the court approved Mr. Tantanyan's 2024 rate of $325/hr.; *Debora Guzman v. FCA US, LLC* (United States District Court for the Central District of California Case

No.: 8:22-cv-01092-DOC-DFM) (October 3, 2024) (Ms. Patel's 2024 (provisionally licensed attorney since 2020) rate of $350/hr. [Mr. Tantanyan (law clerk) has similar experience.]); *Tyler Powell v. General Motors, LLC.* (Santa Barbara Super. Ct. Civil Case. No. 23CV01453 (December 18, 2024) the court approved Ms. Canton's (law clerk) 2024 rate of $325/hr. [Mr. Tantanyan (law clerk) has similar experience.]; *See Diana Herrera, et al v. Kia Motors, Inc.* (Los Angeles Super. Ct. Civil Case. No. 19STCV14194 (May 16, 2024) approved SLP's rates and 90% of SLP's fees including Mr. Coomb's 2021 law clerk rate of $325/hr. [Mr. Tantanyan has similar experience.]; *Gladys Espinal, et al. v. Kia Motors America, Inc.* (Los Angeles Co. Super. Ct. Civil Case No. 18STCV05920) (April 8, 2024 (approving Mr. Tantanyan's 2023 hourly rate of $325); *Klingenberg v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. BC709888) (approving Ms. Patel's 2021 hourly rate of $325 and 2022 hourly rate of $335 [Ms. Patel graduated Law School in 2020, Mr. Tantanyan in 2019.]); *See Ruiz, et al. v. Kia* (Los Angeles Super. Ct., Case No. BC710527) (approving Ms. Patel's 2022 rate of $335 [Ms. Patel graduated Law School in 2020, Mr. Tantanyan in 2019.]).

   m.   Rabiya Tirmizi is an attorney at SLP. Ms. Tirmizi attended University of California, Riverside, where she received a B.A. in Public Policy in 2016. Rabiya received a full merit scholarship to attend law school at California Western School of Law in San Diego, California, where she made Dean's Honor List and received Academic Excellence Awards. While in law school, Rabiya externed for Honorable Magistrate Judge Bernard Skomal in the Southern District of California. Ms. Tirmizi earned her J.D. in 2020 and was admitted to the California State Bar in 2021. At SLP, Ms. Tirmizi focuses on consumer protection. Ms. Tirmizi's 2024 rate of $395/hr. and 2025 rate of $435/hr. is reasonable and in line with other attorneys at who have been practicing law. *See Sandra J. Williams et al v. Ford Motor*

*Company* (United States District Court for the Central District of California Case No.: 5:21-cv-01346-SPG-SHK), <u>against the same Defendant and Defense counsel,</u> (approving Ms. Sanaia's (admitted in 2022) 2022 rate of $385/hr. [Ms. Tirmizi (admitted in 2021) has more experience.]; *Tyler Powell v. General Motors, LLC.* (Santa Barbara Super. Ct. Civil Case. No. 23CV01453 (December 18, 2024) the court approved Ms. Trimizi's (admitted in 2021) 2024 rate of $395/hr.; *Fisher v FMC* (Riverside Super. Ct. Case No. CVR12102954) (August 19, 2024), <u>against the same Defendant and Defense counsel,</u> The Court granted SLP's 100% of fees and costs, and approved rates ranging from $375/hr to $620/hr. including Ms. Trimizi's (admitted in 2021) 2023 rate of $375/hr.; *See Edgar J. Morales v. Honda Motor Company, Inc.* (Los Angeles Super. Ct., Case No. 22STCV05533) (August 2, 2024) the court approved Ms. Trimizi's (admitted in 2021) 2023 rate of $375/hr. [Ms. Mejia (admitted in 2022) has similar experience.]; *Amy Gallegos v. General Motors, LLC.* (Los Angeles Super. Ct. Civil Case No. 21STCV23352 (October 14, 2024), where the Court approved Ms. Trimizi's 2022 rate of $360/hr.; *See Louis Palos v. KMA* (Los Angeles Super. Ct., Case No. BC715391) (July 2, 2024) the court approved Ms. Trimizi's (admitted in 2021) 2023 rate of $375/hr.; *Brian Lopez v. FCA US, LLC* (Los Angeles Co. Super. Ct., Civil Case No. 21STCV47328) (November 25, 2024), where the court approved Ms. Trimizi's 2022 rate of $360/hr.; *Diane Herrera v. Kia Motors America, Inc.* (Los Angeles Super. Ct. Case No. 19STCV14194) where the Court approved SLP rates from $325/hr. to $625/hr., including Ms. Trimizi's (admitted in 2021) 2023 rate of $375/hr.; *See Hang, et al. v. MBUSA (Los Angeles Co. Super. Ct., Civil* Case No. 20STCV31327 (August 29, 2024), the Los Angeles Court approved 100% of SLP's fees and rates ranging from $295/hr. to $610/hr., including Ms. Trimizi's (admitted in 2021) 2023 rate of $375/hr.

n.    Sanam Vaziri graduated from Southwestern Law School and was admitted to the California State Bar in 1995. At SLP, she is focuses on Lemon Law litigation. Ms. Vaziri's requested 2023, rate of $610/hr. is reasonable and consistent with the range of rates approved by other California courts for attorneys with similar levels of experience at SLP. *See Sandra J. Williams et al v. Ford Motor Company* (United States District Court for the Central District of California Cas No.: 5:21-cv-01346-SPG-SHK), <u>against the same Defendant and Defense counsel,</u> (approving Ms. Kuemerle's (admitted in 2003) 2022 hourly rate of $595 [Ms. Vaziri (admitted in 1995) has more experience.]); *See Edgar J. Morales v. Honda Motor Company, Inc.* (Los Angeles Super. Ct., Case No. 22STCV05533) (August 2, 2024) the court approved Ms. Vaziri's 2022 and 2023 rate of $610/hr.; *See Hang, et al. v. MBUSA (Los Angeles Co. Super. Ct., Civil* Case No. 20STCV31327 (August 29, 2024), the Los Angeles Court approved 100% of SLP's fees and rates ranging from $295/hr. to $610/hr., including Ms. Vaziri's 2022 rate of $610/hr.; *See Charles Steven Sedlacek IV v. General Motors, LLC* (Los Angeles Co. Super. Ct. Civil Case No. 21STCV23811) (October 16, 2023) (approving Ms. Vaziri's 2022 hourly rate of $610); *See Donald Sucich v. GM* (Los Angeles Super. Ct., Case No. 21STCV09380) (April 4, 2024) the court approved Ms. Vaziri's 2022 rate of $610/hr.; *Proa v. KMA* (Los Angeles Super. Ct., Case No. BC716646) (April 24, 2023) (Approving Mr. Tomas's 2021 hourly rate of $595 and 2022 hourly rate of $610 [Ms. Vaziri has more experience]); *Klingenberg v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. BC709888) (approving Mr. Tomas' 2021 hourly rates of $595 [Ms. Vaziri has more experience]); *Galvan v. Kia* (Los Angeles Super. Ct., Case No. BC715568) (approving Mr. Tomas' 2021 rate of $595 [Ms. Vaziri has more experience]).

o.      Anna R. Weiser has graduated from the University of California, Los Angeles with two Bachelor's degrees in English and Russian Literature with a minor in Education. She received her Juris Doctor from UCLA School of Law in 2009. Ms. Weiser was admitted to the California Bar in 2010. Prior to joining SLP in November 2022, Ms. Weiser practiced immigration law and has also worked on matters involving class action consumer fraud and lemon law cases. Ms. Weiser's 2024 hourly rate of $550 is reasonable and consistent with the range of rates approved by other California courts for attorneys with similar levels of experience at SLP. See, *Sandra J. Williams et al v. Ford Motor Company* (United States District Court for the Central District of California Case No.: 5:21-cv-01346-SPG-SH) approving Ms. Linnell's (admitted 2011) 2022 rate of $495/hr. [Ms. Weiser (admitted in 2009) has more experience.]; *Amy Gallegos v. General Motors, LLC.* (Los Angeles Super. Ct. Civil Case No. 21STCV23352 (October 14, 2024), where the Court approved Mr. Friedman's (admitted in 2008) 2022 rate of $525/hr. [Ms. Weiser (admitted in 2010) has similar experience.]; *Sedlacek IV v. General Motors, LLC* (Los Angeles Co. Super. Ct. Civil Case No. 21STCV23811) (October 16, 2023) the court approved Mr. Friedman's (admitted in 2008) 2022 rate of $525/hr. [Ms. Weiser (admitted in 2010) has similar experience.]; *See Jeannette Guerrero v Kia Motors America* (Los Angeles Co. Super. Ct., Civil Case No. BC710516) (approving Ms. Linnell's 2023 hourly rate of $525 [Ms. Weiser has similar experience to Ms. Linnell who was admitted to the MN bar in 2011 and CA bar in 2020]); *Klingenberg v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. BC709888) (approving Mr. Clark's (Admitted in 2007) 2022 hourly rate of $565 [Ms. Weiser has similar experience])

15.     There is no question that the rates that SLP's attorneys charge in this case are comparable to those of attorneys with similar experience levels.  In fact,

as far back as 2020—for work that was incurred even earlier—the Central District of California has held that Song-Beverly Attorneys may reasonably charge $400/hour for associate time and $600/hour for partners.  (See *Ruiz v. FCA US LLC* (C.D. Cal. June 25, 2020) 2020 WL 4980079, at *2.)

16.    As the Central District explained in 2020 while rejecting an argument that such rates were too high: "Defendant argues that Plaintiff's hourly rates should be lowered, relying primarily on *Hernandez v. FCA US LLC*, No. CV 17-5452-GW (Asx), 2019 WL 2932637 (C.D. Cal. Jan. 4, 2019), in which the court reduced the attorneys' rates to $257.92 per hour for associates and $346.30 per hour for partners. *Id.* at *3. But many other cases in the Central District of California support hourly rates ranging from $200 per hour to $695 per hour, based primarily on the attorneys' experience and on the courts' knowledge of local rates. *See, e.g., Shaw v. Ford Motor Co.*, No. CV 18-1169-JLS (KKx), 2020 WL 57273, at *3–*4 (C.D. Cal. Jan. 3, 2020) (accepting rates ranging from $200 to $500 based on the court's knowledge); *Li v. FCA US LLC*, No. CV 17-6290-R (JEMx), 2019 WL 6317769, at *2–*3 (C.D. Cal. July 1, 2019) (finding $550 a reasonable rate for attorneys with experience and expertise in consumer law); *Ortega v. BMW of N. Am., LLC*, No. CV 18-6637, 2019 WL 6792798, at *2–*3 (C.D. Cal. Oct. 24, 2019) (accepting rates ranging from $250 to $550); *Ardestani v. BMW of N. Am., LLC*, No. CV 17-721-JDE, 2019 WL 2098351, at *5 (C.D. Cal. May 13, 2019) (accepting a rate of $660 for an attorney with over 30 years of experience). Further, this Court has specifically accepted hourly rates in line with those requested by Plaintiff. *See Forouzan v. BMW of N. Am., LLC,* No. CV 17-3875-DMG (GJSx), 2019 WL 856395, at *4 (C.D. Cal. Jan. 11, 2019) (accepting a rate of $370 for an associate with five years of experience); *Zomorodian,* No. CV 17-5062-DMG (PLAx), 2019 WL 6534513, at *5 (accepting a rate of $595 for partners with 15 or 18 years of experience, and $695 for a partner with over 30 years of experience)."

17.     In fact, the rates set forth in the Laffey Matrix for fees accrued between 2024-2025—adjusted upward by 1.08 to account for the higher rates that can be commanded in the Los Angeles area—indicate that SLP's rates are *lower* than what similarly experienced attorneys can command in this region.  For instance, although Mr. Law charged $475/hour for his time in 2023, an attorney with the same years of experience could reasonably have commanded ***$1,023.84/hour.***

| Attorney | 2024-2025 Experience Band | 2024-2025 Laffey Matrix Rate Adjusted Upward By 2.4% | SLP's 2023-2025 Rate |
|----------|--------------------------|----------------------------------------------------|---------------------|
| Primary Case Team | | | |
| Ryan Bagg | 11-19 | $1,023.84 ($948 x 1.08) | $595 |
| Parabhjeet Dhanda | 4-7 | $627.48 ($581 x 1.08) | $475 |
| Rabiya Tirmizi | 4-7 | $627.48 ($581 x 1.08) | $395 |
| Elizabeth Larocque | 20+ | $1,232.28 ($1,141 x 1.08) | $650 |

18.     Simply put:  the several courts have considered the rates SLP attorneys specifically charge, case law considering what Song-Beverly attorneys may generally charge, and an objective index of attorney's fees show that our requested rates are reasonable under any measure.

### This Is A Quintessential Case Where A Multiplier Is Awarded.

19.     Our firm took Plaintiff's case on a contingent basis.  Accordingly, our costs and fees were completely contingent upon a successful resolution of Plaintiff's case.  Because this case was undertaken on a contingent fee basis, had we lost, our firm would have lost all expenses incurred and fees generated in this case.  SLP also faced the risk of not being paid for its services for years while potentially advancing thousands in costs and expenses to prosecute this high risk, high reward case.

20.     Our Supreme Court has recognized that awarding a multiplier is appropriate in these circumstances. (See *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132 ["The economic rationale for fee enhancement in contingency cases has been

explained as follows: 'A contingent fee must be higher than a fee for the same legal services paid as they are performed. The contingent fee compensates the lawyer not only for the legal services he renders but for the loan of those services. The implicit interest rate on such a loan is higher because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of conventional loans.' [Citation.] 'A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid only for the second of these functions. If he is paid no more, competent counsel will be reluctant to accept fee award cases'"].)

21.    In light of the high risk involved and the excellent results achieved—both in this Court and later in the Court of Appeal—the Court should award all of our requested fees as well as a 3.5 modest multiplier. Indeed, as shown in the attached exhibits, several courts have awarded SLP multipliers in cases that were far less risky, with many courts also awarding a multiplier.  In particular:

A. On February 27, 2014, Court Order adopting its tentative and granting plaintiff over 98% of the requested lodestar of time actually incurred (as well as a 1.5 multiplier enhancement on that lodestar) on plaintiff's motion for fees and costs in the lemon law matter of *Khani v; Ford Motor Company* (L.A. Super. Ct. February 27, 2014).

B. On September 27, 2017, Minute Order concerning the Court's Fee Order in the matter of *Fuller v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC556964). As reflected in the fee order, the Court awarded plaintiff 100% of the requested lodestar of time actually incurred (as well as a 1.5 multiplier enhancement on that lodestar).

C. April 5, 2024, Minute Order in *Diana Parros v. Kia Motors America, Inc.* (Los Angeles Super. Ct. Civil Case No. BC710391 (April 5, 2024), where the Court determined that SLP rates from $295/hr to $625/hour were reasonable, granted 95% of SLP's requested fees, and granted

SLP a 35% multiplier. There, the Court recognized Plaintiff's counsel billing practices including having a clerk sit at counsel table as second chair, stating "Allowing junior counsel an opportunity to gain valuable trial experience at an early stage not only benefits the individual, but it aids the entire practice of law. Today's law clerks or junior counsel are tomorrow's leader. Second, this decision resulted in tremendous cost savings…. when they had no incentive to exercise such care and caution considering this litigation is subject to fee shifting. Instead of criticizing Plaintiff's counsel, as Defendants suggest, the Court chooses to praise Plaintiff's counsel and encourage them to continue this practice." Regarding the award of a multiplier, the Court noted, "[t]he factual dispute was challenging. Accordingly, there were significant risks associated with the contingency nature of the award. Ultimately, Plaintiff prevailed because of the outstanding skill exhibited by Plaintiff's counsel, particularly trial counsel Lund. As such a multiplier of 1.35 not only is warranted, but it also reasonable considering all of the Ketchum factors. **Accordingly, the Court awards an additional $85,723.92.**" [emphasis in the original.]

22.    At a minimum, our excellent results against long odds warrants an award of our actually incurred fees, which time and again, courts have recognized to be efficient, reasonable, and necessary.

A. On May 9, 2017, Stipulation and signed Order regarding judgment of jury verdict with a 2 times civil penalty and attorney fees, costs, and expenses in the matter of *Vanwaus v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC591282). Plaintiff filed a motion seeking attorney fees, costs and expenses of approximately $203,000.00. Instead of continuing to litigate, the parties came to an agreement where FCA agreed to pay $200,000.00 in attorney fees,

costs, and expenses or roughly 99% of what plaintiff originally sought in his motion.

B. On February 27, 2017, Tentative ruling in the matter of *Kazaryan v. Mercedes-Benz USA, LLC* (Los Angeles Super. Ct., Case No. BC574416) granting 100% of the requested lodestar for Strategic Legal Practices, APC in plaintiff's motion for attorneys' fees, costs, and expenses.

C. On April 3, 2018, the Court in *Geredes v. Chrysler Group LLC* (Los Angeles Super. Ct., Case No. BC523641) granted 100% of the requested lodestar for Strategic Legal Practices, APC in plaintiff's motion for attorneys' fees, costs, and expenses.

D. On May 25, 2018, the Court in *Ahmed Al-Jiboury v. FCA* (Los Angeles Superior Court Case No BC648057) awarded Plaintiff 100% of the requested lodestar.

E. On July 17, 2018, the Court in *Kadkhoda v. MBUSA* (Los Angeles Superior Court Case No BC563069) awarded $278,057.00 in fees, costs and expenses.

F. On April 12, 2019, in the matter *Raul Galindo v. General Motors* (LASC Case No BC693061) the Court approved all of Plaintiff's requested rates (from $350/hr. to $595/hr.) and granted 100% of the requested lodestar.

G. Attached as **Exhibit 1** is a true and correct copy of the Order on attorney's fees and prejudgment interest in the lemon law matter of *Abraham Forouzan v. BMW* (United States District Court for the Central District of California Case No. 2:17-cv-03875-DMG-GJS), 2019 WL 856395, in which the Court approved Plaintiff's rates ranging from $350/hr.-$595/hr. In addition, the Court stated "[T]he Court has reviewed the hours billed with care and has determined that most of the hours billed by the 12 different attorneys *have not been duplicative[1]*." (emphasis added).

---

[1] See *Forouzan v. BMW of N. Am.*, LLC, No. CV173875DMGGJSX, 2019 WL 856395, at *6 (C.D. Cal. Jan. 11, 2019)

H. Attached as **Exhibit 2** is a true and correct copy of the Order on attorney's fees, costs and expenses in the lemon law matter of *Joshua Holeman v. FCA* (United States District Court for the Central District of California Case No. 2:17-cv-08273-SVW-SK) in which the Court approved Plaintiff's rates and granted 100% of Plaintiff's requested lodestar.

I. Attached as **Exhibit 3** is a true and correct copy of the Order on attorney's fees, costs and expenses in the lemon law matter of *Catherine Shepard v. BMW* (Los Angeles Superior Court Case No. BC622506) in which the Court approved Plaintiff's rates and granted 100% of Plaintiff's requested lodestar. On page 4 of this opinion, the Court notes "*Based on its review of the evidence presented (including the work and time entries on the attorney's bills), the court finds that the billing entries in Shepard's attorneys' bills do not evidence inefficient or unreasonable billing, duplication of effort, padding of time entries, over-conferencing or multiple attendance by attorneys at the same court functions, as a result of the staffing and division of labor amongst Shepard's attorneys on this case.*"

J. Attached as **Exhibit 4** is a true and correct copy of the Order on attorney's fees and prejudgment interest in the lemon law matter of *Jerry Zomorodian v. BMW* (United States District Court for the Central District of California Case No. 2:17-cv-5061-DMG), 2019 WL 6534513, in which the Court approved Plaintiff's requested attorney rates ranging from $325/hour to $695/hour. On page 10 of the opinion, the Court also notes "*While the use of 13 attorneys in this case certainly suggests overstaffing, the Court has reviewed the hours billed with care and has determined that most of the hours billed by the 13 different attorneys have not been duplicative.*"

K. Attached as **Exhibit 5** is a true and correct copy of the Order on attorney's fees, and prejudgment interest in the lemon law matter of *Henrik Zargarian v. BMW of N. Am., LLC*, 442 F.Supp.3d 1216, 1227 (C.D. Cal. Mar. 3, 2020)

in which the Court approved Plaintiff's rates ranging from $335/hr-$600/hr and approved 100% of Plaintiff's requested lodestar. On pages 1228-1229 of the opinion, the Court also notes "*Defendant contends that Plaintiff billed for 'duplicative,' 'excessive,' and 'unrelated' work, and further, 'unnecessarily [ran] up fees when it [was] not warranted to do so' by hiring three different law firms to work on this matter....Here, the Court does not take issue with Plaintiff's counsel's staffing decisions; from the billing records, it is clear that there was a strict division of labor between the firms, and the Court finds no evidence of duplicative work between the firms.*"

L. On September 16, 2016, order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Soderstrom v. Mercedes-Benz USA, LLC* (San Francisco Super. Ct., Civil Case No. CGC15544475). Therein, the Hon. Richard B. Ulmer granted 100% of the requested fees, costs, and expenses and found "[c]ounsel's rates are reasonable for the San Francisco legal market."

M. On February 14, 2019, order in *Khamsone v BMW of North America, LLC* (Alameda Super. Ct., Civil Case No. RG17856686) awarding SLP's attorney's rates from $335/hour to $595/hour with a 10% reduction to comport with the lower prevailing rate in Alameda County.

N. On July 28, 2020, order in the matter of *Flores v. FCA US, LLC* (Sacramento Super. Ct., Case No. 34-2016-00192221-CU-BC-GDS) finding SLP's rates from $325/hr. to $460/hr. reasonable for the type of case, in the community for attorneys of similar skill and experience, and awarding Plaintiff counsel 100% of the requested lodestar.

O. On August 25, 2020, order in the matter of *Jurosky v BMW of North America, LLC*, (United States District Court for the Southern District of California Case No. 19cv706 JM (BGS)) in which the court approved the rates of SLP's

attorneys, from $350/hour to $550/hour and awarded 100% of the requested lodestar.

P. On December 18, 2020, Order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Gonzalez v. MBUSA, (*Los Angeles Co. Super. Ct. Civil Case No. SC128379). As reflected, plaintiff's counsel was granted 100% the requested lodestar fees.

Q. Attached hereto as **Exhibit 6** is a true and correct conformed copy of an April 29, 2021, Minute Order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Jose Medina v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. 19STCV02985). As reflected, plaintiff's counsel sought rates between $335/hr. to $595/hr. Such lemon law rates were approved by the Court.

R. Attached hereto as **Exhibit 7** is a true and correct conformed copy of a May 12, 2021, Order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Michelle Williams v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. BC722351). As reflected, plaintiff's counsel sought rates between $335/hr. to $595/hr. Such lemon law rates were approved by the Court in granting 100% the requested lodestar fees.

S. On July 23, 2021, Order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Scott Michael Feldman Gregory v. FCA US LLC*, (County of Marin Case No. CIV1901820). As reflected, plaintiff's counsel sought rates between $365/hr. to $550/hr. Such lemon law rates were approved by the Court and granted over 95% the requested lodestar fees.

T. On August 10, 2021, Order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Covarrubias v. Ford Motor Company, (N.D. Cal. Case No. 19-cv-01832-FMC*). As reflected, plaintiff's

1   counsel sought rates between $385/hr to $550/hr. Such lemon law rates were

2   approved by the Court and granted 100% the requested lodestar fees.

3   U. On June 25, 2018, order granting plaintiff's Motion for Attorney's Fees,

4   Costs & Expenses in the lemon law matter of *Hall vs. FCA US LLC,* (San

5   Diego Superior Court Case No. 37-2016-00006383). Therein, the Hon. Judge

6   Richard S. Whitney granted 100% of the requested fees, costs, and expenses

7   and found "[that the hourly rates are consistent with the rates charged in the

8   San Diego community based on this Court's familiarity with this issue."

9   V. Attached hereto as **Exhibit 8** is a true and correct copy of a March 14, 2022,

10  order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in

11  the lemon law matter of *Millan vs Kia Motors America, Inc.* (Los Angeles

12  Superior Court Case No. BC710535). Therein, the Hon. Stephen I. Goorvitch

13  granted a multiplier of 1.2 resulting in Plaintiff recovering their full lodestar

14  due to the Court's finding that "[t]he case presented difficulties for Plaintiff's

15  counsel, given the "battle" that Defendant wages, and Plaintiff achieved an

16  extraordinary result. Therefore, the Court awards a multiplier of 1.2, which

17  is an additional 20% in attorney's fees."

18  W. Attached hereto as **Exhibit 9** is a true and correct copy of a March 14, 2022,

19  order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in

20  the lemon law matter of *Jason J. Arnold, et al. vs FCA US, LLC. Et al.* (Los

21  Angeles Superior Court Case No. 19STCV26274). Therein, the Hon. Mel

22  Red Recana granted Plaintiff's counsel a 1.2 multiplier.

23  X. Attached hereto as **Exhibit 10** is a true and correct copy of a March 29, 2022,

24  Minute Order granting Plaintiff's Motion for Attorneys' Fees, Costs, and

25  Expenses in the lemon law matter of *Rahman v. FCA US LLC*, 594 F. Supp.

26  3d 1199 (C.D. Cal. 2022). As reflected, Plaintiff's counsel sought rates

27  between $285/hr. to $695/hr. Such lemon law rates were approved by the

28  Court and granted 90% of the requested lodestar fees.

Y. Attached hereto as **Exhibit 11** is a true and correct copy of a June 13, 2022, Minute Order granting Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses in the lemon law matter of *Klingenberg v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. BC709888). As reflected, Plaintiff's counsel sought rates between $325/hr. to $595/hr. Such lemon law rates were approved by the Court and granted 100% of the requested lodestar fees.

Z. Attached hereto as **Exhibit 12** is a true and correct copy of an October 3, 2022, Minute Order granting Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses in the lemon law matter of *Galvan v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. BC715568). As reflected, Approving SLP and associated counsel attorney and law clerk rates ranging from $295 to $595 is reasonable because [t"]his conclusion is further corroborated by Plaintiffs evidence of multiple other cases in which similar fee awards" and distinguishing both *Morris* and *Mikhaeilpoor* because a "large number of attorneys is not on its own reason to reduce a fee award, and both [*Morris* and *Mikhaeilpoor*] upheld lodestar reductions based on the 'duplicative' and 'inefficient' billings that resulted from the number of attorneys employed. (*Mikhaeilpoor* supra, 48 Cal.App.5th at p. 255; *Morris*, supra, 4l Cal.App.5th at p. 40.) Here the number of attorneys employed does not indicate a systemic inefficiency of litigation in this matter; it rather appears from the billing records produced that different attorneys were employed to address different aspects of the case, such as drafting the complaint, preparing discovery, responding to a demurrer, and preparing motions to compel. (Shahian Decl. Exh. 31.) have been approved.") Order at pages 2-3.

AA.     Attached hereto as **Exhibit 13** is a true and correct copy of a January 24, 2023, Minute Order granting Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses in the lemon law matter of *Sandra J. Williams et al v. Ford Motor Company* (United States District Court for the Central District of

California Case No.: 5:21-cv-01346-SPG-SHK). In opposition, Defendant cites several cases where lower rates were awarded and argues that Plaintiff's counsel's rates are unjustifiably high and should be reduced. See (Opp. at 13-15). However, none of those cases involved Strategic Legal Practices. Instead, as Plaintiffs point out, courts in this district routinely find Strategic Legal Practices' hourly rates to be reasonable. *See, e.g., Rahman v. FCA US LLC,* 594 F. Supp. 3d 1199 (C.D. Cal. 2022); *Petersen v. FCA US, LLC*, No. CV 21-1386 DSF (EX), 2022 WL 2255099, at *5 (C.D. Cal. June 21, 2022); *Zargarian v. BMW of N. Am.*, LLC, 442 F. Supp. 3d 1216, 1227 (C.D. Cal. Mar. 3, 2020*); Zomorodian v. BMW of N. Am.*, LLC, No. CV 17-5061-DMG (PLAx), 2019 WL 6534513, at *5 (C.D. Cal. July 23, 2019). This Court agrees that Plaintiffs have sufficiently established that the requested hourly rates for each attorney involved in this case are reasonable. *See id*. (Finding Mr. Shahian's declaration sufficient to establish the reasonableness of Strategic Legal Practices' attorneys' rates).

BB.     On February 4, 2022, the Court in *Miranda v. FCA* (Sacramento Co. Super. Ct., Civil Case No. 34-2020-00276881-CU-BC-GDS) (Feb. 4, 2022) (in which Hon. Richard K. Sueyoshi approved the rates of SLP, ranging from $285 an hour to $550/hour).

CC.     On February 3, 2023, order in the matter of *Ricksecker v. Ford Motor Company* (United States District Court for the Northern District of California Case No.: 21-CV-04681-HSG (SK), 2023 WL 1542199, at *2–3 (N.D. Cal. Feb. 3, 2023).

DD.     On July 19, 2021, Minute Order granting Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses in the lemon law matter of *Hoyt v. FCA, US LLC* (Orange Co. Super. Ct., Civil Case No. 30-2019-01066585-CU-BC-CJC). As reflected, the Court awarded SLP's rates ranging between $350/hr to $595/hr.

EE.     Attached as **Exhibit 14** is a true and correct copy of an April 24, 2023, Minute Order in *Sergio Proa v. Kia Motors America Inc.* (Los Angeles Co. Super. Ct. Civil Case No. BC716646) (April 24, 2023) approving the rates of SLP attorneys ranging from $325 to $610/hour, approving 100% of the requested lodestar and awarding a multiplier of 1.35.

FF.     Attached as **Exhibit 15** is a true and correct copy of a July 6, 2023, Minute Order in *Francsico Rodriguez and Norma Rodriguez v. Hyundai Motors America*. (Los Angeles Co. Super. Ct. Civil Case No. 21STCV01655) (July 6, 2023) approving the rates of SLP attorneys ranging from $250 to $610/hour, approving 100% of the requested lodestar and awarding a multiplier of 1.35.

GG.     Attached as **Exhibit 16** is a true and correct copy of an October 16, 2023, Minute Order in *Charles Steven Sedlacek IV v. General Motors, LLC* (Los Angeles Co. Super. Ct. Civil Case No. 21STCV23811) (October 16, 2023) approving the rates of SLP attorneys ranging from $295 to $610/hour, approving 100% of Plaintiff's fees.

HH.     Attached as **Exhibit 17** is a true and correct copy of an October 14, 2024, Minute Order in *Amy Gallegos v. General Motors, LLC* (Los Angeles Super. Ct. Case No. 21STCV23352) where the Court found SLP time reasonable, awarded 100% of the requested lodestar, and approved rates from $285/hr. to $595/hr.

II. Attached as **Exhibit 18** is a true and correct copy of an April 8, 2024, Minute Order in *Espinal, et al. v. Kia Motors America, Inc*. (Los Angeles Co. Super. Ct. Civil Case No. 18STCV05920) (April 8, 2024), where the Court determined that SLP rates from $295/hr. to $750/hour were reasonable, granted 96% of SLP's requested fees.

JJ. Attached as **Exhibit 19** is a true and correct copy of an April 5, 2024, Minute Order in *Diana Parros v. Kia Motors America, Inc.* (Los Angeles Super. Ct.

Civil Case No. BC710391 (April 5, 2024), where the Court determined that SLP rates from $295/hr. to $625/hour were reasonable, granted 95% of SLP's requested fees, and granted SLP a 35% multiplier.

KK.     Attached as **Exhibit 20** is a true and correct copy of a May 16, 2024, Order in *Diane Herrera v. Kia Motors America, Inc.* (Los Angeles Super. Ct. Case No. 19STCV14194) where the Court approved SLP rates from $325/hr. to $625/hr.

LL.     Attached as **Exhibit 21** is a true and correct copy of *Christine Hang v. Mercedes-Benz USA* (Los Angeles Co. Super. Ct. Civil Case No. 20STCV31327) (August 29, 2024) where the Court determined that SLP rates between $295/hr. and $610/hr. were reasonable and awarded 100% of Plaintiffs requested lodestar.

MM.     Attached as **Exhibit 22** is a true and correct copy of an October 3, 2024, Minute Order in *Debora Guzman v. FCA US, LLC.* (C.D.CA Case No. 8-22-cv-01092-DOC-DFM) where the Court found SLP hours and attorney rates reasonable, awarded 100% of the requested lodestar and costs, and awarded a 1.35 multiplier.

NN.     Attached as **Exhibit 23** is a true and correct copy of an October 22, 2024, Minute Order in *Edgar Morales v. American Honda Motor Co.* (Los Angeles Super. Ct. Case No. 22STCV05553) where the Court approved SLP rates from $285/hr. to $610/hr., the time billed reasonable, and awarded 100% of the requested lodestar and costs.

OO.     Attached as **Exhibit 24** is a true and correct copy of an August 19, 2024, Order in *Fisher v FMC* (Riverside Super. Ct. Case No. CVR12102954) (August 19, 2024) (the Court granted SLP's 100% of fees and costs, and approved rates ranging from $375/hr to $620/hr.

PP.     Attach as **Exhibit 25** is a true and correct copy of November 25, 2024, Order in *Brian Lopez v. FCA US, LLC* (Los Angeles Co. Super. Ct., Civil

1    Case No. 21STCV47328) (November 25, 2024), where the court granted our

2    lodestar and fees.

3    ### *The Number of Attorneys is Not Relevant to a Fee Determination*

4    23.    In ruling on a motion for attorneys' fees, costs and expenses, the court

5    in *Holcomb v. BMW* declined to set a limit of the number of attorneys working on

6    the matter. Specifically, the Court stated:

> The court is not in a position … to determine the appropriate number of attorneys assigned to this particular case given that it is not privy to the inner workings of Plaintiff's counsel's law firm. Also, for better or worse, the use of a large number of attorneys in Song-Beverly Act cases appears relatively common. *See Ortega v. BMW of N. Am.*, LLC, No. 2:18cv6637 R (SK), 2019 WL 6792798, at *3 (C.D. Cal. Oct. 24, 2019) (noting that defendant used 15 attorneys and that it was "not uncommon" to use a large number of attorneys in lemon law cases). On their face, the billing records do not show that a significant amount of time was unreasonably spent getting ten attorneys up-to-speed on this case. *Id.* ("This Court declines to admonish the use of a larger number of attorneys, as it appears there was no duplicative billing[.]"). As discussed below, this case involved extensive discovery and there is no obvious indication that a fewer number of attorneys would have generated significantly fewer hours. The efficiency gained from specializing in these types of cases may have allowed Plaintiff's attorneys to familiarize themselves with this case with minimal effort. Finally, Plaintiff's counsel submitted a declaration, under the penalty of perjury, that all fees were entered contemporaneously, were not adjusted upward, and were not duplicative, redundant, or unnecessary. The court has no compelling reason to doubt the honesty or judgment of Plaintiff's counsel regarding the number of attorneys necessary to litigate this case.

17    A true and correct copy of the court's order in *Holcomb v. BMW of N. Am., LLC*,

18    Case No. 18CV475JM(BGS) 2020 WL 759285 (S.D. Cal. Feb. 14, 2020) is

19    attached here as **Exhibit 26.**

20    ### *Schedule of Fees and Costs*

21    24.    It is the custom and practice of attorneys at SLP to contemporaneously

22    track their time during litigation and subsequently enter it into the firm's billing

23    software during the normal course of business. I have not submitted any of my time

24    supervising this matter.  Attached hereto as **Exhibit 27** is a true and correct copy of

25    my firm's computerized billing records, which I have reviewed and audited. The

26    last page of this exhibit contains a chart setting forth each biller and their respective

27    rates/hours. In an exercise of billing judgment, I have removed or reduced any entry

28    that I believed may be unnecessary, duplicative, excessive or otherwise.

25. Plaintiff's counsel also expects to incur over $4,000.00 in attorney fees in connection with reviewing Defendant's Opposition to Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses, preparing the Reply brief, and attending the hearing on this Motion. Nevertheless, Plaintiff's counsel is seeking only $4,000.00 in connection with these anticipated future tasks.

26. Accordingly, the total amount of SLP's attorneys' fees being requested in this matter on Plaintiff's behalf is as follows:

| | |
|---|---|
| Base (unadjusted) lodestar for SLP: | $37,585.50 |
| Multiplier enhancement (1.35 x base lodestar) | $13,154.93 |
| Additional anticipated fees for Reply and attendance at hearing | $4,000.00 |
| Costs and Expenses for SLP | $3,085.25 |
| **TOTAL:** | **$57,825.68** |

27. As set forth above, Plaintiff's counsel seeks reimbursement for costs and expenses in the amount of $3,085.25.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: February 28, 2025

*/s/ Payam Shahian*
_____
PAYAM SHAHIAN

DECLARATION OF P. SHAHIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES

# EXHIBIT 1

Case 2:24-cv-08434-GW-MRW   Document 85-1   Filed 02/28/25   Page 41 of 262   Page
Case 2:17-cv-03875-DMG-GJS   Document 158   Filed 01/11/19   Page 1 of 14   Page ID #:3162
ID #:586

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **CV 17-3875-DMG (GJSx)**                          Date   January 11, 2019

Title   ***Abraham Forouzan v. BMW of North America, LLC, et al.***          Page   1 of 14

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
| None Present | None Present |

Proceedings:  **IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [134] AND MOTION FOR PREJUDGMENT INTEREST [137]**

This matter is before the Court on Plaintiff's motion for attorneys' fees ("MAF") and motion for prejudgment interest ("Mot."). [Doc. ## 134, 137.] For the reasons set forth below, the Court **GRANTS in part** Plaintiff's motion for attorneys' fees and **DENIES** Plaintiff's motion for prejudgment interest.

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

On March 9, 2017, Plaintiff Abraham Forouzan ("Plaintiff") filed a Complaint alleging five causes of action against Defendant BMW of North America LLC[1] ("Defendant") in connection with a 2015 BMW Z4 (the "Vehicle" or "Car") that he leased in October 2015:  (1) violation of California Civil Code section 1793.2(D), (2) violation of Civil Code section 1793.2(B), (3) violation of California Civil Code section 1793.2(A)(3), (4) breach of express written warranty, and (5) breach of the implied warranty of merchantability.  [Doc. #1-1.]  On April 11, 2017 Defendant extended to Plaintiff a settlement offer pursuant to California Code of Civil Procedure section 998 ("section 998 offer").  Plaintiff did not accept the offer.

The parties tried the case and the jury returned a verdict in favor of Plaintiff in the amount of $25,058.79.  [Doc. # 127 ("Verdict Form").]  Afterwards, Plaintiff filed the instant motions, which are now fully briefed.  [Doc. ## 134, 137, 141, 146, 149, 150.]

---

[1] Plaintiff initially named Sonic Automotive and Michael Sean Rice as defendants as well.  Sonic Automotive was dismissed from this action on May 23, 2017, and Michael Sean Rice was dismissed on August 27, 2018.  For that reason, the Court uses the term "Defendant" to refer only to BMW of North America LLC.

Case 2:24-cv-08434-GW-MRW   Document 85-1   Filed 02/28/25   Page 42 of 262   Page
ID #:587
Case 2:17-cv-03875-DMG-GJS   Document 158   Filed 01/11/19   Page 2 of 14   Page ID #:563

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3875-DMG (GJSx)** | Date | January 11, 2019 |
|---|---|---|---|

| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | Page | 2 of 14 |
|---|---|---|---|

## II.
## REQUEST FOR JUDICIAL NOTICE ("RJN")

Plaintiff requests that the Court take judicial notice of certain documents that are matters of public record. *See* [Doc. #134-9 ("RJN").] Defendant does not oppose Plaintiff's request.

Under Federal Rule of Evidence 201, "a court may take judicial notice of matters of public record," but "a court may not take judicial notice of a fact that is subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (internal quotations and citations omitted). Court filings are also properly subject to judicial notice under Federal Rule of Evidence 201. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of "court filings" as they are "readily verifiable, and therefore, the proper subject of judicial notice"). Furthermore, judicial notice of proceedings in other courts is appropriate "if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see Coalition for Clean Air v. VWR Intern., LLC*, 922 F. Supp. 2d 1089, 1093 n.1 (E.D. Cal. 2013).

Plaintiff requests that the Court take judicial notice of the following: (1) a February 27, 2014 minute order granting the plaintiff's motion for fees and costs in the matter of *Khani v. Ford Motor Company*; (2) an October 3, 2014 order granting the plaintiff's motion for fees and costs in the matter of *Reyes v. Ford Motor Company*; (3) a November 7, 2014 order granting the plaintiff's motion for fees, costs, and expenses in the matter of *Atanuspour v. BMW of North America, LLC*; (4) a conformed copy of a November 12, 2014 notice of Ruling; (5) a May 20, 2016 order granting the plaintiff's motion for fees, costs, and expenses in the matter of *Derakshanian, et al. v. BMW of North America, LLC*; (6) a November 21, 2016 order granting the plaintiff's motion for fees, costs, and expenses in the matter of *Moreno v. BMW of North America, LLC*; (7) a copy of a February 9, 2017 order in the matter of *Violi v. Hyundai Motor America, Inc.*; (8) a March 6, 2017 minute order in the matter of *Abedi-Masihi v. Mercedes-Benz USA, LLC*; (9) the declaration of Payam Shahian filed in support of the plaintiff's fee motion in the *Abedi-Masihi* matter; (10) a May 11, 2017 order in the matter of *Bustamante v. FCA US, LLC*; (11) a May 9, 2017 stipulation and signed order regarding judgment of jury verdict with a two times civil penalty and attorney fees, costs, and expenses in the matter of *Vanwaus v. FCA US, LLC*; (12) a September 27, 2017 minute order in the matter of *Fuller v. FCA US, LLC*; (13) an October 26, 2017 minute order in the matter of *Gutierrez v. FCA US, LLC*; (14) a November 28, 2017 minute order in the matter of *Seesholtz v. FCA US, LLC*; (15) a February 2, 2018 order in the matter of *Villasenor v. FCA US, LLC*; (16) a February 27, 2018 notice of ruling and tentative ruling in the matter of *Kazaryan v. Mercedes-Benz USA, LLC*; (17) a notice of ruling in

---

Case 2:24-cv-08434-GW-MRW   Document 85-1   Filed 02/28/25   Page 43 of 262   Page
ID #:588
Case 2:17-cv-03875-DMG-GJS   Document 158-1   Filed 01/11/19   Page 3 of 14   Page ID #:3464

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3875-DMG (GJSx)** | Date | January 11, 2019 |

| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | Page | 3 of 14 |

*Geredes v. Chrysler Group LLC*; (18) a notice of ruling in *Ahmed Al-Jiboury v. FCA*; (19) a notice of order in *Howard v. FCA*; (20) a notice of order in *Hall v. FCA*; (21) an order in *Ruiz v. BMW*; and (22) a second amended judgment on jury verdict after entry of Additur in *Kadkhoda v. MBUSA*.

These documents, with the exception of number nine, are all matters of public record, none of which are subject to reasonable dispute, and are therefore the proper subject of judicial notice. The Court declines to take judicial notice of the declaration of Payam Shahian filed in support of the plaintiff's fee motion in the *Abedi-Masihi* matter (number nine) because a declaration is "subject to reasonable dispute." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Thus, the Court **GRANTS** Plaintiffs' Request for Judicial Notice with respect to all of the above-enumerated documents, but **DENIES** it as to number nine.

## III.
## LEGAL STANDARDS

### A.     Motion for Attorneys' Fees

Under California Civil Code section 1794(d), the "prevailing party" in a suit may be entitled to "recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees." Cal. Civ. Code. 1794(d). The Ninth Circuit utilizes the lodestar method for calculating reasonable attorneys' fees, "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Welch v. Metro Life Ins. Co.*, 480 F. 3d 942, 945 (9th Cir. 2007). The burden is on the party seeking fees to establish their reasonableness. *Id.* at 945-46 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

In determining "a reasonable hourly rate, the district court should consider: '[the] experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.'" *Hiken v. Dep't of Def.*, 836 F. 3d 1037, 1044 (9th Cir. 2016) (quoting *Chalmers v. City of Los Angeles*, 796 F. 2d 1205, 1211 (9th Cir. 1986)). Additionally, district courts may "rely[] on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *See Ingram v. Oroudjian*, 647 F. 3d 925, 928 (9th Cir. 2011).

A "district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Id.* at 946 (quoting *Hensley*, 461 U.S. at 434). "Cases may be overstaffed, and the skill and experience of lawyers vary widely." *Hensley*, 461 U.S. at 434. "Ultimately, a 'reasonable' number of hours equals the number of hours which could

Case 2:24-cv-08434-GW-MRW Document 35-1 Filed 02/28/25 Page 44 of 262 Page
Case 2:17-cv-03875-DMG-GJS Document 58 Filed 01/11/19 Page 4 of 14 Page
ID #:589

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-3875-DMG (GJSx)** | Date | January 11, 2019 |

| | | | |
|---|---|---|---|
| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | Page | 4 of 14 |

reasonably have been billed to a private client." *Gonzalez v. City of Maywood*, 729 F. 3d 1196, 1202 (9th Cir. 2013) (internal quotation marks omitted) (brackets omitted). "[U]nder consumer protection statutes involving mandatory fee-shifting provisions, the legislative policies are in favor of . . . recovery of all attorney fees reasonably expended, without limiting the fees to a proportion of . . . actual recovery." *Graciano v. Robinson Ford Sales, Inc*., 144 Cal. App. 4th 140, 164 (2006).

District courts have broad "discretion in determining the amount of a fee award . . . in view of [their] superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *See Hensley*, 461 U.S. at 437. If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods. *Gonzales*, 729 F. 3d at 1203. The court may either conduct an "hour-by-hour analysis" of the fee request or make an "across the board percentage cut." *Id*.

B. **Motion for Prejudgment Interest**

California Civil Code section 3287 governs the recovery of prejudgment interest. The statute states that "[e]very person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day." Cal. Civ. Code § 3287(a). "Prejudgment interest may be awarded under section 3287 'even if it is not specifically authorized by the statute underlying the plaintiff's claims.'" *Doppes v. Bentley Motors, Inc*., 174 Cal. App. 4th 1004, 1009-10 (2009) (quoting *County of Solano v. Lionsgate Corp*., 126 Cal. App. 4th 741, 752 (2005)).

Section 3287(b) further states, "[e]very person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed." *See Lewis C. Nelson & Sons, Inc. v. Clovis Unified Sch. Dist*., 90 Cal. App. 4th 64, 71 (2001) ("[T]he distinction between the two subparts [of section 3287] has to do with the nature of the damages—liquidated and unliquidated—for which interest may be awarded . . . ."); *Cataphora Inc. v. Parker*, 848 F. Supp. 2d 1064, 1072 (N.D. Cal. 2012) ("Under [subsection (a)], prejudgment interest cannot be awarded when the amount of damages cannot be ascertained except on conflicting evidence.").

Although there is no clear rule that guides trial courts' discretion in this area, courts have taken into consideration the following factors when determining whether to exercise their discretion to award prejudgment interest: (1) the time between the lawsuit's filing and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3875-DMG (GJSx)** | Date | January 11, 2019 |
|---|---|---|---|

| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | Page | 5 of 14 |
|---|---|---|---|

judgment, (2) whether awarding interest will penalize the defendant for "litigating a bona fide dispute" or recognize that the plaintiff incurred "an additional amount of damage" as a result of the breach, and (3) whether the plaintiff made settlement offers such that the defendant's refusal to settle could be construed as "placing the prejudgment interest amount at risk." *See A&M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473, 497 (1982).

**IV.**
**DISCUSSION**

**A.      Motion for Attorneys' Fees**

**1.   Post-Offer Fees**

When analyzing whether to award attorneys' fees in a case involving a prior section 998 offer, the key "question is whether . . . the rejecting offeree obtained a judgment more favorable than the offer." *Linthicum v. Butterfield*, 175 Cal. App. 4th 259 (2007).[2]  If the rejecting offeree obtained a more favorable judgment, attorneys' fees remain available.  Whether the judgment—in this case, the jury's verdict—is "more favorable" is a question "for the trial court's discretion."  *Id.* at 270.

Plaintiff argues that he is entitled to post-offer attorneys' fees because his recovery at trial was larger than Defendant's section 998 offer.  MAF at 16.  Defendant's offer would have allowed Plaintiff to choose one of two options.  Plaintiff maintains that both the first option, $13,000 in cash and the ability to keep the Vehicle, and the second option, a $63,998.01 cash payment that required Plaintiff to pay off the remaining lease balance, were inferior to the $25,058.79 in cash and the "the equivalent of a repurchase" the jury awarded him at trial.  MAF at 15; Opp. at 8, 9.  Defendant appears to admit that option one was inferior "because the jury awarded the equivalent of a repurchase after trial" and that the value of option two was $2,404.38 less than the jury award.  Opp. at 8, 9.

The Court agrees that option one was less favorable than Plaintiff's verdict.  Considering that Defendant recognizes that jury awarded Plaintiff $2,404.38 more than the value of option two, the Court concludes that the judgment was more favorable than option two as well.  In *Gezalyan v. BMW of North America, LLC*, the plaintiff also brought a claim under the Song-Beverly Act against BMW of North America, LLC.  697 F. Supp. 2d 1168 (C.D. Cal. 2010).  The Court found that the plaintiff did not unreasonably reject BMW's offer of settlement,

---

[2] Plaintiff spends significant time explaining why he is the prevailing party in this action.  The Court does not discuss this in depth because Defendant does not dispute that Plaintiff prevailed.

Case 2:24-cv-08434-GW-MRW   Document 85-1   Filed 02/28/25   Page 46 of 262   Page
ID #:591
Case 2:17-cv-03875-DMG-GJS   Document 158   Filed 01/11/19   Page 6 of 14   Page ID #:367

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3875-DMG (GJSx)** | Date | January 11, 2019 |

| Title | ***Abraham Forouzan v. BMW of North America, LLC, et al.*** | Page | 6 of 14 |

because the "offer of settlement included terms about the condition of the vehicle and its title" and the settlement "offered [the plaintiff] $600 less than she sought in the lawsuit." *Id.* at 1170. Here, Defendant's section 998 offer included similar terms and a lower dollar amount than what the jury awarded. *See* [Doc. #134-2]. Although Defendant argues the verdict is a "mere "$2,404.38 more" than the section 998 offer, Defendant does not point to any authority that mandates a minimum amount by which the judgment must be more favorable than the settlement offer in order for section 998 to apply. Thus, because the judgment Plaintiff obtained at trial was more favorable than the section 998 settlement offer, attorneys' fees are available to him.[3]

### 2. Reasonable Hourly Rates

The first step in calculating the lodestar is determining the reasonable hourly rate. While the prevailing market rate for attorneys of comparable experience, skill and reputation controls this determination, the fact that "a lawyer charges a particular hourly rate, and gets it, is evidence bearing on what the market rate is, because the lawyer and his clients are part of the market." *Carson v. Billings Police Dep't*, 470 F. 3d 889, 892 (9th Cir. 2006).

Plaintiff contends that the following hourly rates for his attorneys are reasonable: $595 per hour for Rowena Santos (18 years of practice), $495 per hour for Gregory Yu (14 years of practice), $395 per hour for Jacob Cutler in 2017 and $410 per hour for 2018 (9 years of practice), $365 per hour for Ashan Peiris (5 years of practice), $385 per hour for Anna Cronk (8 years of practice), $370 per hour for Eleazar Kim (5 years of practice), $400 per hour for Michael Delvin in 2017 and $410 per hour in 2018 (9 years of practice), $350 per hour for Daniel Tai (3 years of practice), $400 per hour for Rodney Gi (8 years of practice), $370 per hour for Carey Wood in 2017 (5 years of practice), $550 per hour for Christine Koo (14 years of practice), and $375 per hour for Tionna Dolin (4 years of practice). MAF at 18.

Plaintiff's primary evidence in support of the requested hourly rates is the declaration of Payam Shahian. As the managing partner and senior attorney of Strategic Legal Practices, Shahian is "familiar with the experience and background of each attorney who has worked for Strategic Legal Practices" and bases his determination that the hourly rates are reasonable on his "own experience and review of relevant court orders." [Doc. # 134-6 ("Shahian Decl.") at ¶ 8.][4]

---

[3] Plaintiff also argues that Defendant's section 998 offer was "invalid." MAF at 12. The offer's validity, however, has no bearing on whether Plaintiff is entitled to post-offer fees because Plaintiff obtained a more favorable judgment regardless of the validity of the section 998 offer.

[4] Defendant objects to the parts of Shahian's declaration that detail his background and experience with Song-Beverly cases, all 22 exhibits attached to Shahian's declaration, and all of the cases cited to in support of each attorney's hourly rate. *See generally* [Doc. #145.] To the extent Defendant objects to previous court orders on

Case 2:24-cv-09434-GW-MRW   Document 85-1   Filed 02/28/25   Page 47 of 262   Page
ID #:592
Case 2:17-cv-03875-DMG-GJS   Document 158   Filed 01/11/19   Page 7 of 14   Page ID #:3168

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3875-DMG (GJSx)** | Date | January 11, 2019 |
|---|---|---|---|

| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | Page | 7 of 14 |
|---|---|---|---|

Additionally, Shahian cites to several previous cases for each attorney in which hourly rates comparable to those requested in the instant action were awarded to that specific attorney or to an attorney of similar experience in Los Angeles County. *See* Shahian Decl. at ¶¶ 30, 32, 34, 36, 38, 40, 42, 44, 46, 48, 50, 52. This is sufficient to establish that the requested hourly rate for each attorney involved in this case is reasonable.

### 3.    Hours Reasonably Expended

Plaintiff seeks $249,109.50 in attorneys' fees. He claims that his attorneys spent a total of 504.8 billable hours on Plaintiff's case, including this fee motion.[5] MAF at 24. In fact, the total number of billable hours for which Plaintiff submitted timesheets is 499.1 hours.[6] Defendant argues Plaintiff should not recover for all 499.1 hours because there are multiple deficiencies in the time entries provided by Plaintiff's counsel that warrant a reduction in the number of compensable hours. Defendant claims these deficiencies include: (1) improper block billing; (2) excessive billing due to overstaffing and inefficient litigation; (3) overly-vague entries; and (4) unnecessary, inefficient, and mistaken time. *See* Opp. at 8-10.

The Court agrees that certain deficiencies in Plaintiff's counsel's time entries warrant a reduction in the number of hours factored into the lodestar calculation. First, Plaintiff's counsel repeatedly block-billed time. Specifically, Plaintiff's counsel block-billed: 3 hours of Michael

---

hearsay grounds, the Court **OVERRULES** Defendant's objections. The prior court orders and judgments referred to in Shahian's declaration are not offered "for the truth of the matters asserted in the judgment, but rather to establish the judgment's legal effect" which is a "nonhearsay purpose." *U.S. Boulware*, 384 F. 3d 794, 807 (9th Cir. 2004). Previous court orders are also relevant because they shed light on what courts have recognized as the prevailing market rate for attorneys of comparable experience. The Court does not rely on exhibit 9, making Defendant's evidentiary objections to that exhibit moot. The Court also **OVERRULES** Defendant's objections to parts of Shahian's declaration regarding his personal experience on relevance grounds. Just because Shahian is not submitting time for this matter does not make his experience irrelevant. *See* [Doc. #145.] Shahian's personal experience is relevant because it speaks to his knowledge of the prevailing market rate for attorneys of comparable experience.

[5] Plaintiff does not seek fees for hours spent on work before the Complaint was filed, for opposing Defendant's motion to quash the subpoena of Mike Rice, or hours billed by attorneys who "were not materially involved in this case." MAF at 20 n. 19.

[6] Broken down, these hours are: (1) 200.5 hours expended by Rowena Santos; (2) 26.2 hours expended by Gregory Yu; (3) 10.8 hours expended by Jacob Cutler; (4) 3.3 hours expended by Ashan Peiris; (5) 19.6 hours expended by Anna Cronk; (6) 20.4 hours expended by Eleazar Kim; (7) 38.5 hours expended by Michael Delvin; (8) 16.8 hours expended by Tionna Dolin; (9) 6.3 hours expended by Daniel Tai; (10) 101.8 hours expended by Rodney Gi; (11) 5.2 hours expended by Carey Wood; and (12) 49.7 hours expended by Christine Koo. [*See* Doc. #150-3.]

---

Case 2:24-cv-08434-GW-MRW Document 85-1 Filed 02/28/25 Page 48 of 262 Page
Case 2:17-cv-03875-DMG-GJS Document 68 Filed 01/11/19 Page 8 of 14 Page ID #:593
ID #:593

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-3875-DMG (GJSx)** | Date | January 11, 2019 |

| | | | |
|---|---|---|---|
| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | Page | 8 of 14 |

Delvin's time, 1.3 hours of Anna Cronk's time, 176.8 hours of Rowena Santos' time, 16.4 hours of Christine Koo's time[7], and 27.8 hours of Rodney Gi's time. Because the Court cannot discern from these entries whether the amount of time expended on each task was reasonable, the Court shall exclude 20% of those hours. *See Pierce v. Cty. Of Orange*, 905 F. Supp. 2d 1017, 1030-31 (C.D. Cal. 2012) (citing *Moreno v. City of Sacramento*, 534 F. 3d 1106, 1112 (9th Cir. 2008)) (noting that "courts generally impose only a 5% to 20% reduction for those hours block-billed[,]"). Thus, Michael Delvin's time shall be reduced by .6 hours, Anna Cronk's time shall be reduced by .2 hours, Rowena Santos' time shall be reduced by 35.4 hours, Christine Koo's time shall be reduced by 3.2 hours, and Rodney Gi's time shall be reduced by 5.6 hours.

Second, Defendant asserts that multiple time entries relating to meetings between Plaintiff's attorneys should be excluded from the Court's calculation. Opp. at 8. Yet, "attorneys must spend at least some of their time conferring with colleagues, particularly their subordinates, to ensure that a case is managed in an effective as well as efficient manner." *See Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F. 2d 1319, 1337 (D.C. Cir. 1982). Further, many of the conferences for which Plaintiff's attorneys seek recovery were short (.3 hours or less) and many of the longer meetings have already been factored into the Court's analysis because they were block-billed along with other time entries. For that reason, the Court finds that the 20% reduction is sufficient to account for not only the block-billed hours, but also the multiple internal conferences.

Plaintiff's counsel's trial billing, however, warrants an additional reduction. Counsel billed time for Ms. Santos, as well as a second attorney (either Mr. Gi or Mr. Kim) to attend trial. While having two or three attorneys attend a trial is surely helpful to the lead attorney and good training for young attorneys, additional attorneys were not necessary in this case. Plaintiff was well represented by Ms. Santos, who examined most of the witnesses, and the trial was short and straightforward. The Court can find no good reason why the convenience of a second attorney in a case of this nature is a cost that should be borne fully by Defendant. The 16.5 hours Mr. Gi billed and the 14.3 hours Mr. Kim billed, therefore, shall be reduced by 50% each.

Third, Defendant claims that a plethora of entries are impermissibly vague. Attorneys seeking fee awards are "not required to record in great detail how each minute of [their] time was expended." *Hensley*, 461 U.S. at 437 n. 12. They need only "keep records in sufficient detail

---

[7] Although the time sheets list someone with the initials "KC" as the billing attorney, the Court attributes these block billed hours to Christine Koo. The Court reasons that Christine Koo is "KC" because the hourly rate for those entries is the same as Christine Koo's hourly rate, and the attorney billed for tasks that an attorney of Koo's level of experience would reasonably be expected to handle.

Case 2:24-cv-08454-GW-MRW Document 85-1 Filed 02/28/25 Page 49 of 262 Page
Case 2:17-cv-03875-DMG-GJS Document 185-1 Filed 01/11/19 Page 9 of 14 Page
ID #:594

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3875-DMG (GJSx)** | Date | January 11, 2019 |
|---|---|---|---|

| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | Page | 9 of 14 |

that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Id.* at 441 (Burger, C.J., concurring); *see also United Steelworkers of Am. v. Ret. Income Plan For Hourly—Rated Employees of ASARCO, Inc.*, 512 F. 3d 555, 565 (9th Cir. 2008). Under that standard, the Court finds no reason to reduce or eliminate any entries for vagueness.[8] Many of the entries Defendant identifies are short and sufficiently descriptive (*i.e.*, .2 or less for emails or phone calls to client) or have already been accounted for because they are included in the Court's implementation of a 20% reduction for block-billed entries.

Fourth, Defendant argues that a handful of entries reflect tasks better suited for a paralegal or administrative professional. Plaintiff may not recover fees for time spent on purely clerical work. *See Davis v. City of San Francisco*, 976 F. 2d 1536, 1543 (9th Cir. 1992), *vacated on other grounds by Davis v. City & Cty. of San Francisco*, 984 F.2d 345 (9th Cir. 1993) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them… [The] dollar value [of such non-legal work] is not enhanced just because a lawyer does it.") (internal quotations and citations omitted). What Defendant characterizes as "clerical tasks," however, involve activities that differ from the "purely clerical or secretarial tasks" in *Davis*. For instance, the disputed entries include preparing pleadings, reviewing client files, drafting deposition subpoenas, coordinating production of documents, and reviewing trial exhibit binders and deposition transcripts. [*See, e.g.*, Doc. # 150-3] (May 11, 2017 entry, February 2, 2018 entry, and September 21, 2018 entry). These are not "purely clerical" tasks and the Court declines to exclude them from the fee award.

Finally, Defendant contends that Plaintiff's counsel "engaged in overstaffing and inefficient litigation" or billed for "numerous entries that were unnecessary." Opp. at 14, 15. While the use of 12 attorneys in a case of this nature certainly suggests overstaffing, the Court has reviewed the hours billed with care and has determined that most of the hours billed by the 12 different attorneys have not been duplicative. In particular, Defendant uses "internal conferences" and "reviewing the file" as examples of "overstaffing and "inefficient litigation." Opp. at 13. As addressed above, however, a reasonable number of internal conferences is necessary to effectively coordinate the prosecution of a case and the Court has taken into consideration the large number of billing attorneys and the longer conferences in connection with its 20% reduction. Additionally, the Court does not find the costs associated with opposing Defendant's motion for partial summary judgment to be one of "numerous entries" that are "unnecessary" as Defendant contends. Opp. at 15.

---

[8] The Court shall, however, eliminate the December 18, 2017 entry from Jacob Cutler for .5 hours because it is incomplete and vague.

Case 2:24-cv-04384-GW-RPW   Document 35-1   Filed 02/28/25   Page 50 of 262   Page
ID #:595
Case 2:17-cv-03875-DMG-GJS   Document 153   Filed 01/11/19   Page 10 of 14   Page ID #:5525

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3875-DMG (GJSx)** | Date | January 11, 2019 |
|---|---|---|---|

| Title | ***Abraham Forouzan v. BMW of North America, LLC, et al.*** | Page | 10 of 14 |
|---|---|---|---|

In light of the foregoing, the Court finds that Plaintiff's counsel reasonably billed the following hours: 165.1 hours for Rowena Santos, 26.2 hours for Gregory Yu, 10.3 hours for Jacob Cutler, 3.3 Ashan Peiris, 19.4 hours for Anna Cronk, 14.3 hours for Eleazar Kim, 37.9 hours for Michael Delvin, 16.8 hours for Tionna Dolin, 6.3 hours for Daniel Tai, 87.9 hours for Rodney Gi, 5.2 hours for Carey Wood, and 46.5 hours for Christine Koo. When these hours are multiplied by the reasonable rates identified in Part B, they yield a lodestar of $215,560.50.

### 4.      Lodestar Modification

The court next considers whether to increase or decrease the lodestar. *See Stranger v. China Elec. Motor, Inc.*, 812 F. 3d 734, 740 (9th Cir. 2016) ("the decision to enhance or reduce the lodestar . . . is within the district court's discretion"). Plaintiff argues for an upward modification of .10 because Plaintiff's counsel obtained an excellent outcome, the risks posed by the litigation were substantial, and this was not a straightforward lemon law case. MAF at 27; Reply at 29. The Ninth Circuit has plainly stated that the lodestar amount is "presumptively the reasonable fee amount," and that a modification of the lodestar is appropriate only in "rare" and "exceptional" cases supported by both "specific evidence on the record and detailed findings. . . that the lodestar amount is unreasonably low or unreasonably high." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F. 3d 1041, 1045 (9th Cir. 2000) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

Generally, courts may take into consideration the following factors when determining whether to implement a lodestar enhancement: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (citing *Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977)). Courts have also recognized that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee' and 'an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation.'" *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010) (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986)). The "novelty and complexity of a case generally may not be used as a ground for an enhancement because these factors 'presumably [are] fully reflected in the number of billable hours recorded by counsel.'" *Id.* Furthermore, "the quality of an attorney's performance generally should not be used to adjust the lodestar '[b]ecause considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate.'" *Id.*

Case 2:24-cv-03434-GW-MRW   Document 35-1   Filed 02/28/25   Page 51 of 262   Page
ID #:575
Case 2:17-cv-03875-DMG-GJS   Document 354   Filed 01/11/19   Page 11 of 14   Page
ID #:5525

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3875-DMG (GJSx)** | Date | January 11, 2019 |
|---|---|---|---|

| Title | **_Abraham Forouzan v. BMW of North America, LLC, et al._** | Page | 11 of 14 |
|---|---|---|---|

The Court declines Plaintiff's request to apply an upward multiplier of .10 in this case. The amount of time and skill required to properly resolve this litigation, counsel's success in resolving the matter, and the case's novelty or complexity are reflected in the number of billable hours recorded and the reasonable hourly rate. The Court acknowledges the contingent nature of this case. Nonetheless, "[a]n attorney operating on a contingency-fee basis pools the risks presented by his various cases: cases that turn out to be successful pay for the time he gambled on those that did not. To award a contingency enhancement where a fee-shifting statute would in effect pay for the attorney's time . . . in cases where his client does not prevail." _City of Burlington v. Dague_, 505 U.S. 557, 565 (1992). Accordingly, the contingent nature of this case does not warrant a 10-percent enhancement.[9] The lodestar, with the 20% reduction for block-billed entries and other inefficiencies and the other individual reductions described above, reflects the reasonable amount of attorneys' fees Plaintiff should recover.

**B.     Motion for Prejudgment Interest**

California Civil Code section 3287 states, in pertinent part, that a "person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day . . . ." Cal. Civ. Code § 3287(a). It also states that:

> Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed.

Cal. Civ. Code § 3287(b). Plaintiff seeks an award of prejudgment interest "in the amount of $6,662.38 under [section 3287] subdivision (a) from the date of injury to the date of judgment, or, alternatively, the sum of $3,541.31 under subdivision (b) from the date of the complaint to the date…of judgment October 2, 2018." Mot. at 3. In opposition, Defendant argues that Plaintiff is not entitled to prejudgment interest under subdivision (a) because "damages were anything but certain" and Plaintiff is not entitled to prejudgment under subdivision (b) because "there was no

---

[9] Defendant objects on relevance grounds to the statement in Shahian's declaration that his firm took Plaintiff's case on a contingent basis. While the Court ultimately disagrees that the case's contingency basis warrants an upward lodestar modification, the contingency-fee arrangement is not irrelevant since California law allows courts to consider contingency arrangements in their modification analysis. Defendant's objection is **OVERRULED**.

Case 2:24-cv-03434-GW-KRW  Document 35-1  Filed 03/28/25  Page 52 of 262  Page
ID #:593
Case 2:17-cv-03875-DMG-GJS  Document 154  Filed 01/11/19  Page 12 of 14  Page
ID #:587

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-3875-DMG (GJSx)** | Date | January 11, 2019 |

| | | | |
|---|---|---|---|
| Title | ***Abraham Forouzan v. BMW of North America, LLC, et al.*** | Page | 12 of 14 |

contract between BMW NA and Plaintiff, nor did Plaintiff bring a 'cause of action' for any contract." Opp. at 3, 10.

### 1. Mandatory Prejudgment Interest Under Section 3287(a)

First, Plaintiff is not entitled to prejudgment interest under section 3287(a) because the damages here were not "certain, or capable of being made certain by calculation." Cal. Civ. Code § 3287(a). "Damages are deemed certain or capable of being made certain within the provisions of subdivision (a) of section 3287 where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." *Duale v. Mercedes-Benz USA, LLC*, 148 Cal. App. 4th 718, 728 (2007) (quoting *Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 234 Cal. App. 3d 1154, 1172 (1991)). In other words, "[w]here the amount of damages cannot be resolved except by verdict or judgment, prejudgment interest is not appropriate." *Id.* (quoting *Children's Hosp. v. Bonta*, 97 Cal. App. 4th 740, 744 (2002)); *Baker v. Garden Grove Med. Inv'rs, Ltd.*, 306 F. App'x 393, 396 (9th Cir. 2009) ("Damages are not certain under California law where a defendant does not know what amount he or she owes and cannot ascertain it except by judicial process.") (citing *Duale*, 148 Cal. App. 4th at 718).

In *Duale*, the plaintiff bought a Mercedes automobile that Mercedes-Benz USA, Inc. subsequently "failed to adequately service and repair" after a reasonable number of attempts. *Id.* at 722. Plaintiff brought an action under the Song-Beverly Act and sought prejudgment interest after a favorable jury verdict. The Court found that Plaintiff was not entitled to prejudgment interest because the jury had to determine "(1) whether any of the many defects alleged in the complaint represented a nonconformity, (2) whether any such nonconformity substantially impaired [the] use, value, or safety of the vehicle, and (3) then to determine—for any such nonconformity—the mileage at which plaintiffs first presented the car to defendant for repair." *Id.* In this case, the jury had to make very similar determinations. Therefore, *Duale's* conclusion that because "the amount of damages could not be resolved except by verdict . . . prejudgment interest was not appropriate" applies equally here. *Id.* at 729.

While it is true that subsequent decisions have interpreted *Duale* not to preclude prejudgment interest entirely in Song-Beverly Act cases, even those decisions acknowledge that in cases with facts like *Duale*'s, prejudgment interest under section 3287(a) is inappropriate. *See Doppes*, 174 Cal. App. 4th at 1010 ("The *Duale* court did not hold prejudgment interest may never be recovered in a Song-Beverly Consumer Warranty Act case, but only that prejudgment interest was unrecoverable under section 3287 in that particular case because, under the facts, the amount of damages could not be resolved except by verdict."). Thus, because *Duale* is good law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3875-DMG (GJSx)** | Date | January 11, 2019 |
|---|---|---|---|

| Title | ***Abraham Forouzan v. BMW of North America, LLC, et al.*** | Page | 13 of 14 |
|---|---|---|---|

and mirrors the facts of this case, Plaintiff is not entitled to prejudgment interest under section 3287(a).

### 2. Discretionary Prejudgment Interest Under Section 3287(b)

Under section 3287(b), the trial court "has discretion to decide whether prejudgment interest should be awarded on an unliquidated contractual claim." *N. Oakland Med. Clinic v. Rogers*, 65 Cal. App. 4th 824, 829 (1998). Thus, the threshold question is whether Plaintiff's claim was "based upon a cause of action in contract." Cal. Civ. Code § 3287(b). California courts have not squarely decided whether claims under the Song-Beverly Act qualify as contract actions under section 3287(b), but two decisions have come close.

In *Bishop v. Hyundai Motor America*, the Court of Appeal reversed an award of emotional distress damages under the Song-Beverly Act because emotional distress damages "may not be recovered in an action for breach of contract . . . ." *Bishop v. Hyundai Motor America*, 44 Cal. App. 4th 750, 758 (1996). Although the Court did not address prejudgment interest under section 3287, the Court treated an action brought under the Song-Beverly Act as a cause of action in contract. Additionally, in *A&M Produce*, which was not a Song-Beverly Act case, the Court awarded prejudgment interest under section 3287(b) based on causes of action for breach of express and implied warranties. 135 Cal. App. 3d at 473. Even if those cases are sufficient grounds to conclude that Plaintiff's claims are contract causes of action, however, the Court concludes that prejudgment interest is unwarranted in this case.

As discussed above, courts weighing whether to award discretionary prejudgment interest under section 3287(b) have considered: the time between the lawsuit's filing and the judgment, whether awarding interest will penalize the defendant for litigating a bona fide dispute, and whether the plaintiff made settlement offers such that the defendant's refusal could be construed as placing the prejudgment interest amount at risk. Only the first two factors apply in this case since Plaintiff made no settlement offer. *See A&M Produce*, 135 Cal. App. 3d at 498.

The first factor weighs against awarding prejudgment interest. Plaintiff filed his Complaint in March 2017, and the jury reached a verdict about 19 months later in October 2018. In *A&M Produce*, over seven years elapsed between the filing of the initial complaint and judgment being entered. *Id.* at 496. Thus, the relatively short 19-month lifespan of this case does not support prejudgment interest.

Case 2:17-cv-03875-DMG-GJS  Document 354-1  Filed 03/28/25  Page 54 of 262  Page
ID #:5759
Case 2:17-cv-03875-DMG-GJS  Document 353  Filed 01/11/19  Page 14 of 14  Page ID
#:5529

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3875-DMG (GJSx)** | | Date | January 11, 2019 |
|---|---|---|---|---|

| Title | ***Abraham Forouzan v. BMW of North America, LLC, et al.*** | | Page | 14 of 14 |
|---|---|---|---|---|

The second factor does not conclusively point in either direction. Although Plaintiff prevailed, the case involved a "bona fide dispute"—the parties litigated the case to verdict in a trial involving multiple legitimately contested issues.

Having weighed the discretionary considerations, the Court **DENIES** Plaintiff's motion for prejudgment interest.

## V.
## CONCLUSION

Accordingly, the Court **GRANTS in part** Plaintiff's motion for attorneys' fees and **DENIES** Plaintiff's motion for prejudgment interest. Defendant shall pay Plaintiff reasonable attorneys' fees in the amount of $215,560.50.

**IT IS SO ORDERED.**

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-08273-SVW-SK | Date | February 27, 2019 |
|---|---|---|---|
| Title | *Joshua Holeman et al v. FCA US LLC et al.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   ORDER GRANTING MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES [25]

Plaintiffs' motion for attorney's fees, costs, and expenses, Dkt. 25, is GRANTED. Plaintiffs are entitled to attorney's fees and litigation costs and expenses pursuant to California Civil Code § 1794(d) as the prevailing party in this action. *See* Declaration of Jacob Cutler, Dkt. 25-6 at 1 (settlement agreement between the parties denoting Plaintiffs as the prevailing party for the purposes of a motion for attorney's fees, costs, and expenses). Plaintiffs' requested attorney's fees are reasonable under the lodestar method of calculation, and Defendant's arguments for a reduction in Plaintiffs' attorney's fees are rejected. However, the Court declines to apply Plaintiffs' requested 0.5 lodestar multiplier, which was requested solely because Plaintiffs' counsel engaged in a contingency fee representation of Plaintiffs in this action.

Accordingly, the Court awards Plaintiffs a total of $50,094.32, constituting $47,008 in reasonable attorney's fees (including the estimated $3,500 for the filing of a reply brief to Plaintiffs' motion for attorney's fees), and $3,086.32 in reasonable costs and expenses.

IT IS SO ORDERED.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

# EXHIBIT 3

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 53

BC622506                                                                July 31, 2019
**CATHERINE SHEPARD VS BMW OF NORTH AMERICA**                          8:30 AM
**LLC ET AL**

Judge: Honorable Robert B. Broadbelt          CSR: Julie Park, 13529
Judicial Assistant: K. Mason                  ERM: None
Courtroom Assistant: C. Vaughn                Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Christine J. Haw (X)

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees

Case is called.

Pursuant to Government Code sections 68086, 70044, California Rules of Court, rule 2.956, and the stipulation of appearing parties, Julie Park, 13925, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The Court notes that Defendant is not present, has not called, and has not checked in this day. Notice to Defendant was proper.

The parties represent that they have seen the tentative ruling, and submits thereon. The tentative ruling is adopted as the Order of the Court on grounds fully reflected therein, signed and filed, and incorporated herein by reference.

The Motion for Attorney Fees filed by Catherine Shepard on 07/09/2019 is Granted.

Court makes further orders as fully reflected in its written order signed and filed this day and incorporated herein by reference.

Plaintiff is ordered to give notice.

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

DEPARTMENT 53

| | |
|---|---|
| CATHERINE SHEPARD, | Case No.: BC622506 |
| Plaintiff, | Hearing Date: July 31, 2019 |
| vs. | Time: 8:30 a.m. |
| BMW OF NORTH AMERICA, LLC, et al., | **[TENTATIVE] ORDER RE:** |
| Defendants. | PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES |

MOVING PARTY:          Plaintiff Catherine Shepard

RESPONDING PARTY:     Defendant BMW of North America, LLC

**Plaintiff's Motion for Attorney's Fees, Costs and Expenses**

The court considered the moving, opposition, and reply papers.

## BACKGROUND

On June 2, 2016, plaintiff Catherine Shepard ("Shepard") filed this "Lemon Law" action against defendants BMW of North America, LLC and Santa Monica BMW (collectively, "BMW"). The operative complaint asserts claims for violations of statutory obligations, namely the Song-Beverly Consumer Warranty Act. On March 15, 2019, BMW served a settlement offer pursuant to Code of Civil Procedure section 998 for $121,312.44. (Cutler Decl., ¶ 59.) Shepard accepted the offer. (Cutler Decl., ¶ 59, Ex. 9.)

1

1    Shepard now moves for an award of attorney's fees and costs in the total amount of

2    $226,456.21.  BMW opposes the motion.

3    **EVIDENCE**

4    The court grants Shepard's request for judicial notice as to Items 1-23.  However, the

5    court notes that taking judicial notice of the fact that certain orders or papers were filed in

6    another case is not the same as taking judicial notice of the truth of the matters set forth in those

7    filings.  (*See Sosinsky v. Grant* (1992) 6 Cal.App.4th 1548, 1565 ["the taking of judicial notice

8    that the judge made a particular factual finding is a far cry from the taking of judicial notice that

9    the 'facts' found by the judge must necessarily be the true facts...."] (emphasis in original).)

10    The court rules on Shepard's evidentiary objections to the Declaration of Andrew

11    Stefatos as follows:  Objection Nos. 1 and 2 are overruled.

12    **LEGAL STANDARD**

13    Civil Code section 1794(d) provides:  "If the buyer prevails in an action under this

14    section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to

15    the aggregate amount of costs and expenses, including attorney's fees based on actual time

16    expended, determined by the court to have been reasonably incurred by the buyer in connection

17    with the commencement and prosecution of such action."

18    "[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the

19    number of hours reasonably expended multiplied by the reasonable hourly rate .....  The

20    reasonable hourly rate is that prevailing in the community for similar work.  The lodestar figure

21    may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee

22    at the fair market value for the legal services provided."  (*PLCM Group v. Drexler* (2000) 22

23    Cal.4th 1084, 1095 (internal citations omitted).)  "[T]he verified time statements of the attorneys,

24    as officers of the court, are entitled to credence in the absence of a clear indication the records

25    are erroneous."  (*Horsford v. Board of Trustees of California State Univ.* (2005) 132 Cal.App.4th

26    359, 396.)

27

28

2

**DISCUSSION**

In this action, Shepard has been represented by two law firms, the Strategic Legal Practices, APC ("SLP") and the Law Offices of Michael H. Rosenstein, LC ("Rosenstein Firm"). The Rosenstein Firm was associated in as lead trial counsel on February 28, 2019. (Rosenstein Decl., ¶ 7.) The attorney billing rates for the 15 attorneys who performed work on this case at SLP ranged from $325 to $595 per hour. (Shahian Decl., ¶¶ 29-59.) The attorney billing rates for the two attorneys who performed work on this case at the Rosenstein Firm are $600 per hour for Mr. Rosenstein and $400 per hour for his associate, Brian Shippen-Murray. (Rosenstein Decl., ¶¶ 3-4.) SLP billed a total of 316.9 hours for a total of $128,080.50 (Shahian Decl., ¶ 60, Ex. 23, pp. SHEPARD 00329), and the Rosenstein Firm billed a total of 24.1 hours for a total of $13,140. Two of Shepard's attorneys, Payam Shahian of SLP and Michael Rosenstein of the Rosenstein Firm, have submitted declarations attesting to the billing rates, qualifications, skill, and experience of each of the attorneys in their respective law firms who performed work on the case. (Shahian Decl., ¶¶ 29-59; Rosenstein Decl., ¶¶ 3-4.)

BMW objects to Shepard's attorney's fees request on the grounds that the case was overstaffed, that the attorneys billed excessively for individual tasks, that the attorneys billed for numerous meetings between attorneys, and that the attorneys billed for reviewing the file.

"[S]imultaneous representation by multiple law firms posed substantial risks to task padding, over-conferencing, attorney stacking (multiple attendance by attorneys at the same court functions), and excessive research." (*Donahue v. Donahue* (2010) 182 Cal.App.4th 259, 272.) BMW argues that 17 attorneys from two firms led to inefficiency and duplication of work. The court considers each of BMW's examples in turn.

First, BMW argues that sending two attorneys from the Rosenstein Firm to the Final Status Conference to argue motions in limine was excessive, and only one attorney needed to attend the hearing. The court does not find the attorney's fees for this work to have been unreasonably incurred.

Second, BMW argues that the Rosenstein Firm excessively billed 8 hours to review transcripts of depositions conducted or defended by SLP's attorneys. The court does not find the attorney's fees for this work to have been unreasonably incurred.

Third, BMW argues that counsel for Shepard improperly billed for meetings between attorneys. Specifically, BMW points to 0.7 hours billed for "attorney strategy meetings" by the Rosenstein Firm, and 12.8 hours billed for meetings by SLP. The court does not find the attorney's fees for this work to have been unreasonably incurred.

Fourth, BMW argues that SLP excessively billed for time to review the file or review the work of other billers. The court does not find the attorney's fees for this work to have been unreasonably incurred.

Fifth, BMW argues that SLP excessively billed for time on the instant motion for attorney's fees, costs, and expenses, including 16.8 hours for drafting the motion and an additional $3,500 anticipated for fees incurred in drafting a reply and attending the hearing on this motion. The court does not find the attorney's fees for this work to have been unreasonably incurred.

Based on its review of the evidence presented (including the work and time entries on the attorney's bills), the court finds that the billing entries in Shepard's attorneys' bills do not evidence inefficient or unreasonable billing, duplication of effort, padding of time entries, over-conferencing, or multiple attendance by attorneys at the same court functions, as a result of the staffing and division of labor among Shepard's attorney's on this case. The court also finds that the hourly rates charged by each of Shepard's attorneys are reasonable based on their respective qualifications, skill, and experience, and the prevailing rates in the community for similar work. Therefore, the court finds that the lodestar attorney's fees requested by Shepard were reasonably incurred by Shepard in connection with the commencement and prosecution of this action. (Civ. Code, § 1794, subd. (d).)

Shepard also seeks an adjustment to her attorneys' fee request by a lodestar multiplier of 1.35. "[T]he lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors including, as relevant herein, (1) the novelty and difficulty

1    of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the

2    nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of

3    the fee award. [Citation omitted.]  The purpose of such adjustment is to fix a fee at the fair

4    market value for the particular action.  In effect, the court determines, retrospectively, whether

5    the litigation involved a contingent risk or required extraordinary legal skill justifying

6    augmentation of the unadorned lodestar in order to approximate the fair market rate for such

7    services.  The '"experienced trial judge is the best judge of the value of professional services

8    rendered in his court, and while his judgment is of course subject to review, it will not be

9    disturbed unless the appellate court is convinced that it is clearly wrong."'"  (*Ketchum v. Moses*

10   (2001) 24 Cal.4th 1122, 1132.)

11          The court finds that, although Shepard's case was taken on a contingency basis, none of

12   the other factors supports the application of a multiplier.  There is no indication that this case was

13   complex or presented challenging legal issues.  There is no evidence that counsel was precluded

14   from taking other cases because of the nature of this case, nor is the success achieved by counsel

15   exceptional.  Finally, the court does not find that BMW did anything to unreasonably delay

16   resolution of this case.

17          The court also notes that the hourly rates requested by Shepard are reasonable because of

18   counsel's demonstrated skill and experience.  Because the quality of representation and the

19   degree of skill exercised by counsel is already factored into the lodestar, it would be

20   unreasonable to award an enhancement.  (*See Holguin v. Dish Network LLC* (2014) 229

21   Cal.App.4th 1310, 1333 ["Where, as here, the court determines that the lodestar itself constitutes

22   a reasonable fee for the action at issue, no enhancement is warranted."].)

23          In any event, the court also notes that, in the Statutory Offer which Shepard accepted, the

24   parties agreed that "Defendants shall not be liable for a fee multiplier greater than 1.00."  (Cutler

25   Decl., ¶ 59, Ex. 9, p. 2:17-18.)

26          The court therefore declines to apply a multiplier to the lodestar amount.

27          Because no objection was made to the amount of costs and expenses sought by Shepard,

28   the court finds that the $32,308.53 in costs and expenses requested by Shepard were reasonably

1   incurred by Shepard in connection with the commencement and prosecution of this action.  (Civ.

2   Code, § 1794, subd. (d).)

3   **ORDER**

4       For the reasons set forth above, Shepard's motion for attorney's fees is granted.  The

5   court orders that Shepard shall recover a total of $144,720.50 in attorney's fees (consisting of

6   $131,580.50 ($128,080.50 billed and $3,500 anticipated for the reply and hearing on this motion)

7   in attorney's fees for work performed by Strategic Legal Practices, APC, plus $13,140 in

8   attorney's fees for work performed by the Law Offices of Michael H. Rosenstein, LC) from

9   defendants BMW of North America, LLC and Santa Monica BMW, pursuant to Civil Code

10  section 1794, subdivision (d).

11      The court orders that Shepard shall recover $32,308.53 from defendants BMW of North

12  America, LLC and Santa Monica BMW for costs and expenses, pursuant to Civil Code section

13  1794, subdivision (d).

14      The court orders Shepard to give notice of this ruling.

15

16  IT IS SO ORDERED.

17  DATED:  July 31, 2019

18

19

20  Robert B. Broadbelt III
    Judge of the Superior Court

21

22

23

24

25

26

27

28

                                    6

CIV-130

| PLAINTIFF/PETITIONER: Catherine Shepard | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: BMW of North America LLC | BC622506 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF ENTRY OF JUDGMENT OR ORDER

**(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)**

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

   1840 Century Park East, Suite 430
   Los Angeles, CA 90067

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

   a. [x] deposited the sealed envelope with the United States Postal Service.

   b. [ ] placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:

   a. on *(date):* July 31, 2019

   b. from *(city and state):* Los Angeles, CA

4. The envelope was addressed and mailed as follows:

   a. Name of person served: Kate Lehrman

      Street address: 12121 Wilshire Blvd. #1300
      City: Los Angeles
      State and zip code: CA 90067

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

   [ ] Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 31, 2019

| Kirsten Pangaliman | ▶ | *Kirsten Pangaliman* |
|---|---|---|
| (TYPE OR PRINT NAME OF DECLARANT) | | (SIGNATURE OF DECLARANT) |

CIV-130 [New January 1, 2010]     **NOTICE OF ENTRY OF JUDGMENT OR ORDER**

# EXHIBIT 4

Case 2:24-cv-09434-GW-MRW   Document 85-1   Filed 02/28/25   Page 67 of 262   Page
Case 2:17-cv-05061-DMG-PLA   Document 136   Filed 07/23/19   Page 1 of 15   Page ID #:2414
ID #:612

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-5061-DMG (PLAx)** | Date | July 23, 2019 |

| | | | |
|---|---|---|---|
| Title | ***Jerry Zomorodian v. BMW of North America, LLC, et al.*** | Page | 1 of 15 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTIONS FOR ATTORNEYS' FEES [108] AND PREJUDGMENT INTEREST [106]**

This matter is before the Court on Plaintiff's Motions for Attorneys' Fees and Prejudgment Interest. [Doc. ## 108 ("MAF"), 106 ("Mot.").] For the following reasons, the Court **GRANTS in part** Plaintiff's Motion for Attorneys' Fees and **DENIES** Plaintiff's Motion for Prejudgment Interest.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

On April 11, 2017, Plaintiff Jerry Zomorodian filed a Complaint alleging five causes of action against Defendant BMW of North America LLC[1] in connection with a 2016 BMW 750XI (the "Vehicle" or "Car") that he leased in June 2016: (1) violation of California Civil Code section 1793.2(D), (2) violation of Civil Code section 1793.2(B), (3) violation of California Civil Code section 1793.2(A)(3), (4) breach of express written warranty, and (5) breach of the implied warranty of merchantability. [Doc. # 1-1.] On May 18, 2017 Defendant extended to Plaintiff a settlement offer pursuant to California Code of Civil Procedure section 998 ("section 998 offer"). Plaintiff did not accept the offer.

The parties tried the case and the jury returned a verdict in favor of Plaintiff in the amount of $176,976.60. [Doc. # 99 ("Verdict Form").] Afterwards, Plaintiff filed the instant motions, which are now fully briefed. [Doc. ## 111, 124, 122, 121.]

---

[1] Plaintiff initially named Irvine BMW as a defendant as well. Irvine BMW was dismissed from this action on June 30, 2017. For that reason, the Court uses the term "Defendant" to refer only to BMW of North America LLC.

Case 2:24-cv-09434-GW-MRW   Document 85-1   Filed 02/28/25   Page 68 of 262   Page
ID #:613
Case 2:17-cv-05061-DMG-PLA   Document 136   Filed 07/23/19   Page 2 of 15   Page ID #:2915

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-5061-DMG (PLAx) | Date | July 23, 2019 |
|---|---|---|---|

| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 2 of 15 |
|---|---|---|---|

## II.
## REQUESTS FOR JUDICIAL NOTICE ("RJNs")

**A.    Plaintiff's Request**

Plaintiff requests that the Court take judicial notice of certain documents that are matters of public record.  *See* [Doc. # 108-2 ("Pl.'s RJN").]  Defendant opposes the request.  *See* [Doc. # 110.]

Under Federal Rule of Evidence 201, "a court may take judicial notice of matters of public record," but "a court may not take judicial notice of a fact that is subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (internal quotations and citations omitted).  Court filings are also properly subject to judicial notice under Federal Rule of Evidence 201.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of "court filings" as they are "readily verifiable, and therefore, the proper subject of judicial notice").  Furthermore, judicial notice of proceedings in other courts is appropriate "if those proceedings have a direct relation to matters at issue."  *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see Coalition for Clean Air v. VWR Intern., LLC*, 922 F. Supp. 2d 1089, 1093 n.1 (E.D. Cal. 2013).

Plaintiff requests that the Court take judicial notice of the following:  (1) a February 27, 2014 minute order granting the plaintiff's motion for fees and costs in the matter of *Khani v. Ford Motor Company*; (2) an October 3, 2014 order granting the plaintiff's motion for fees and costs in the matter of *Reyes v. Ford Motor Company*; (3) a November 7, 2014 order granting the plaintiff's motion for fees, costs, and expenses in the matter of *Atanuspour v. BMW of North America, LLC*; (4) a conformed copy of a November 12, 2014 notice of Ruling; (5) a May 20, 2016 order granting the plaintiff's motion for fees, costs, and expenses in the matter of *Derakshanian, et al. v. BMW of North America, LLC*; (6) a November 21, 2016 order granting the plaintiff's motion for fees, costs, and expenses in the matter of *Moreno v. BMW of North America, LLC*; (7) a copy of a February 9, 2017 order in the matter of *Violi v. Hyundai Motor America, Inc.*; (8) a March 6, 2017 minute order in the matter of *Abedi-Masihi v. Mercedes-Benz USA, LLC*; (9) the declaration of Payam Shahian filed in support of the plaintiff's fee motion in the *Abedi-Masihi* matter; (10) a May 11, 2017 order in the matter of *Bustamante v. FCA US, LLC*; (11) a May 9, 2017 stipulation and signed order in the matter of *Vanwaus v. FCA US, LLC*; (12) a September 27, 2017 minute order in the matter of *Fuller v. FCA US, LLC*; (13) an October 26, 2017 minute order in the matter of *Gutierrez v. FCA US, LLC*; (14) a November 28, 2017 minute order in the matter of *Seesholtz v. FCA US, LLC*; (15) a February 2, 2018 order in the matter of *Villasenor v. FCA US, LLC*; (16) a February 27, 2018 notice of ruling and tentative ruling in the matter of *Kazaryan v. Mercedes-Benz USA, LLC*; (17) a notice of ruling in *Geredes v. Chrysler Group LLC*; (18) a notice of ruling

Case 2:24-cv-09834-GW-MRW  Document 85-1  Filed 02/28/25  Page 69 of 262  Page
Case 2:17-cv-05061-DMG-PLA  Document 135  Filed 07/23/19  Page 3 of 15  Page ID #:614
ID #:614

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-5061-DMG (PLAx)** | Date | July 23, 2019 |

| | | | |
|---|---|---|---|
| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 3 of 15 |

in *Ahmed Al-Jiboury v. FCA*; (19) a notice of order in *Howard v. FCA*; (20) a notice of order in *Hall v. FCA*; (21) an order in *Ruiz v. BMW*; (22) a second amended judgment on jury verdict after entry of Additur in *Kadkhoda v. MBUSA*; and (23) a January 11, 2019 order in the matter of *Forouzan v. BMW of North America, LLC*.

These documents, with the exception of number nine, are all matters of public record not subject to reasonable dispute, and are therefore the proper subject of judicial notice. To the extent Defendant objects to the request for judicial notice of previous court orders on relevance grounds, the Court **OVERRULES** Defendant's objections. The prior court orders and judgments referenced in Shahian's declaration are relevant because they shed light on what courts have recognized as the prevailing market rate for attorneys of comparable experience. The Court declines to take judicial notice of the declaration of Payam Shahian filed in support of the plaintiff's fee motion in the *Abedi-Masihi* matter (number nine) because a declaration is "subject to reasonable dispute." *See Lee*, 250 F.3d at 688-89. Thus, the Court **GRANTS** Plaintiff's Request for Judicial Notice with respect to all of the above-enumerated documents, but **DENIES** it as to number nine.

**B.      Defendant's Request**

Defendant also requests that the Court take judicial notice of certain documents that are matters of public record. *See* [Doc. # 112 ("Def.'s RJN").] Defendant requests that the Court take judicial notice of the following: (1) the same January 11, 2019 order in the matter of *Forouzan v. BMW of North America, LLC*, and (2) the declaration of Erin Melody-Rosenfeld filed in opposition to a petition for coordination in *Darmohray v. Kia Motors America*. Plaintiff opposes the request with respect to the second document only. *See* [Doc. # 121-6.]

Given the above ruling, the RJN as to the first document is moot. The Court declines to take judicial notice of the second document (the Melody-Rosenfeld declaration) because a declaration is "subject to reasonable dispute." *See Lee*, 250 F.3d at 688-89. Thus, the Court **DENIES** as moot Defendant's Request for Judicial Notice with respect to the first document enumerated above, and **DENIES** it as to the second.

### III.
### OBJECTIONS

Both sides object to nearly every piece of evidence offered by the other side, even though most of the evidence relates to facts that are either (a) not in dispute, or (b) merely contextual background information with no substantive bearing on the issues in dispute. For example, in his moving papers, Plaintiff represents (without supporting evidence) that Defendant made a section

Case 2:24-cv-03434-GW-MRW   Document 85-1   Filed 02/28/25   Page 70 of 262   Page
Case 2:17-cv-05061-DMG-PLA   Document 136   Filed 07/23/19   Page 4 of 15   Page ID #:2917
ID #:615

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-5061-DMG (PLAx) | Date | July 23, 2019 |
|---|---|---|---|

| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 4 of 15 |
|---|---|---|---|

998 compromise offer on May 18, 2017, which gave Plaintiff the choice between (a) $44,536.82 to keep the Vehicle, and (b) $121,853.26 to return the Vehicle. MAF at 8. Plaintiff objects, however, to the paragraph in Richard Stuhlbarg's declaration attesting to the same facts. [*See* Doc. # 121-8 at 2.] Plaintiff also objects to Stuhlbarg's statement of the procedural history of this action: that the case was removed to federal court after Plaintiff dismissed the only non-diverse defendant in response to its motion to compel arbitration. [*See* Doc. # 121-8 at 5.] It is clear, therefore, that the vast majority of the parties' objections have no impact on the outcome of Plaintiff's motions. Rather than needlessly issue numerous immaterial evidentiary rulings, the Court will address the parties' evidentiary objections only insofar as it relies on the evidence to which one side objects. Any objections to evidence not referenced in this order are **OVERRULED as moot** because the Court has not relied on that evidence in reaching its decision.

## IV.
## LEGAL STANDARDS

### A.    Motion for Attorneys' Fees

Under California Civil Code section 1794(d), the "prevailing party" in a suit may be entitled to "recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees." Cal. Civ. Code 1794(d). The Ninth Circuit utilizes the lodestar method for calculating reasonable attorneys' fees, "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Welch v. Metro Life Ins. Co.*, 480 F. 3d 942, 945 (9th Cir. 2007). The burden is on the party seeking fees to establish their reasonableness. *Id.* at 945-46 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

In determining "a reasonable hourly rate, the district court should consider: '[the] experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.'" *Hiken v. Dep't of Def.*, 836 F. 3d 1037, 1044 (9th Cir. 2016) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986)). Additionally, district courts may "rely[] on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *See Ingram v. Oroudjian*, 647 F. 3d 925, 928 (9th Cir. 2011).

A "district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Id.* at 946 (quoting *Hensley*, 461 U.S. at 434). "Cases may be overstaffed, and the skill and experience of lawyers vary widely." *Hensley*, 461 U.S. at 434. "Ultimately, a 'reasonable' number of hours equals the number of hours which could reasonably have been billed to a private client. *Gonzalez v. City of Maywood*, 729 F. 3d 1196, 1202 (9th Cir. 2013) (internal quotation marks omitted) (brackets omitted). "[U]nder consumer protection

Case 2:24-cv-03434-GW-MRW Document 85 Filed 02/28/25 Page 71 of 262 Page
Case 2:17-cv-05061-DMG-PLA Document 86 Filed 07/23/19 Page 5 of 15 Page ID #:918
ID #:616

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES—GENERAL

| Case No. | **CV 17-5061-DMG (PLAx)** | Date | July 23, 2019 |
|---|---|---|---|

| Title | ***Jerry Zomorodian v. BMW of North America, LLC, et al.*** | Page | 5 of 15 |
|---|---|---|---|

statutes involving mandatory fee-shifting provisions, the legislative policies are in favor of . . . recovery of all attorney fees reasonably expended, without limiting the fees to a proportion of . . . actual recovery." *Graciano v. Robinson Ford Sales, Inc*., 144 Cal. App. 4th 140, 164 (2006).

District courts have broad "discretion in determining the amount of a fee award . . . in view of [their] superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *See Hensley*, 461 U.S. at 437. If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods. *Gonzales*, 729 F. 3d at 1203. The court may either conduct an "hour-by-hour analysis" of the fee request or make an "across the board percentage cut." *Id*.

**B.**      **Motion for Prejudgment Interest**

California Civil Code section 3287 governs the recovery of prejudgment interest. The statute states that "[e]very person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day." Cal. Civ. Code § 3287(a). "Prejudgment interest may be awarded under section 3287 'even if it is not specifically authorized by the statute underlying the plaintiff's claims.'" *Doppes v. Bentley Motors, Inc*., 174 Cal. App. 4th 1004, 1009-10 (2009) (quoting *County of Solano v. Lionsgate Corp*., 126 Cal. App. 4th 741, 752 (2005)).

Section 3287(b) further states, "[e]very person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed." *See Lewis C. Nelson & Sons, Inc. v. Clovis Unified Sch. Dist*., 90 Cal. App. 4th 64, 71 (2001) ("[T]he distinction between the two subparts [of section 3287] has to do with the nature of the damages—liquidated and unliquidated—for which interest may be awarded . . . ."); *Cataphora Inc. v. Parker*, 848 F. Supp. 2d 1064, 1072 (N.D. Cal. 2012) ("Under [subsection (a)], prejudgment interest cannot be awarded when the amount of damages cannot be ascertained except on conflicting evidence.").

Although there is no clear rule that guides trial courts' discretion in this area, courts have taken into consideration the following factors when determining whether to exercise their discretion to award prejudgment interest: (1) the time between the lawsuit's filing and the judgment, (2) whether awarding interest will penalize the defendant for "litigating a bona fide dispute" or recognize that the plaintiff incurred "an additional amount of damage" as a result of the breach, and (3) whether the plaintiff made settlement offers such that the defendant's refusal to settle could be construed as "placing the prejudgment interest amount at risk." *See A&M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473, 497 (1982).

Case 2:24-cv-03434-GW-MRW  Document 85-1  Filed 02/28/25  Page 72 of 262  Page
ID #:617
Case 2:17-cv-05061-DMG-PLA  Document 136  Filed 07/23/19  Page 6 of 15  Page ID #:419

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-5061-DMG (PLAx)** | Date | July 23, 2019 |

| | | | |
|---|---|---|---|
| Title | ***Jerry Zomorodian v. BMW of North America, LLC, et al.*** | Page | 6 of 15 |

## V.
## DISCUSSION

### A.    Motion for Attorneys' Fees

### 1.    Post-Offer Fees

When analyzing whether to award attorneys' fees in a case involving a prior section 998 offer, the key "question is whether . . . the rejecting offeree obtained a judgment more favorable than the offer." *Linthicum v. Butterfield*, 175 Cal. App. 4th 259 (2007). If the rejecting offeree obtained a more favorable judgment, attorneys' fees remain available. Whether the judgment—in this case, the jury's verdict—is "more favorable" is a question "for the trial court's discretion." *Id.* at 270.

Plaintiff argues that he is entitled to post-offer attorneys' fees because his recovery at trial was larger than Defendant's section 998 offer. MAF at 8. Defendant's offer would have allowed Plaintiff to choose one of two options:  $44,536.82 in cash and the ability to keep the Vehicle, or a $121,853.26 cash payment that required Plaintiff to pay off the remaining lease balance and return the vehicle. MAF at 8; [Doc. # 124-1 ("Stuhlbarg Decl.") at ¶ 6;[2] [Doc. # 117-1 ("Section 998 Offer") at 1-3.] Defendant appears to admit that both options were inferior to the award of $176,976.60 that Plaintiff obtained at trial. *See* [Doc. # 124 ("Opp.") at 6 ("BMW NA concedes that it did not achieve a more favorable result than its [section 998] Offer . . . .").] Thus, because the judgment Plaintiff obtained at trial was more favorable than the section 998 settlement offer, attorneys' fees are available to him.

---

[2] Plaintiff objects to Stuhlbarg's declaration regarding Defendant's section 998 offer on the basis that it is irrelevant. The Court **OVERRULES** this objection. Both the fact of the offer and the terms of the offer are relevant because Plaintiff is not entitled to cover costs incurred after the section 998 offer unless he obtained a more favorable judgment than the offer. Plaintiff also objects that Stuhlbarg's description of the terms of the offer is misleading and more prejudicial than probative. The Court **OVERRULES** this objection as well. Stuhlbarg's description of the section 998 offer is essentially consistent with Plaintiff's own description and with the offer document itself, which Stuhlbarg attaches as an exhibit to his declaration. Finally, Plaintiff objects to Stuhlbarg's description of the terms of the offer under Federal Rule of Evidence 1006 ("Summaries to Prove Content"). Stuhlbarg provides the section 998 offer document itself and his summary is clearly not intended to prove the contents of that document. Rather, his description is intended to summarize the salient terms of the offer for purposes of the present motion, much as Plaintiff himself does in the body of his motion. This objection is **OVERRULED**.

---

Case 2:24-cv-09834-GW-MRW Document 85-1 Filed 02/28/25 Page 73 of 262 Page
Case 2:17-cv-05061-DMG-PLA Document 136 Filed 07/23/19 Page 7 of 15 Page
ID #:618
ID #:420

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-5061-DMG (PLAx) | Date | July 23, 2019 |
|---|---|---|---|

| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 7 of 15 |
|---|---|---|---|

### 2. Reasonable Hourly Rates

Plaintiff seeks $257,142.50 in attorneys' fees. The first step in calculating the lodestar is determining the reasonable hourly rate. While the prevailing market rate for attorneys of comparable experience, skill and reputation controls this determination, the fact that "a lawyer charges a particular hourly rate, and gets it, is evidence bearing on what the market rate is, because the lawyer and his clients are part of the market." *Carson v. Billings Police Dep't*, 470 F. 3d 889, 892 (9th Cir. 2006).

Plaintiff contends that the following hourly rates for his attorneys are reasonable: $365 per hour for Christine Haw in 2017 and $375 per hour in 2018 (five years of practice), $495 per hour for Gregory Yu (14 years of practice), $410 per hour for Jacob Cutler (nine years of practice), $595 per hour for Rowena Santos (18 years of practice), $325 per hour for Jared Walder (one year of practice), $335 per hour for Victoria Shin (two years of practice), $410 per hour for Michael Devlin (nine years of practice), $350 per hour for Sean Crandall (two years of practice), $435 per hour for James Tarter (10 years of practice), $350 per hour for Gregory Sogoyan (one year of practice), $595 per hour for Erin Melody-Rosenfeld (15 years of practice), $695 per hour for Steven Brower (38 years of practice), and $250 per hour for Jason Brower[3] (law clerk, first year of practice).

Plaintiff's primary evidence in support of the requested hourly rates are the declarations of Payam Shahian and Steven Brower. As the managing partner and senior attorney of Strategic Legal Practices, Shahian is "familiar with the experience and background of each attorney who has worked for Strategic Legal Practices" and bases his determination that the hourly rates are reasonable on his "own experience and review of relevant court orders." [Doc. # 108-13 ("Shahian Decl.") at ¶ 29.][4] Additionally, Shahian cites to several previous cases for each attorney in which

---

[3] There is one page in Plaintiff's motion that refers to Jason Brower's hourly rate as $225 per hour. *See* MAF at 16. The evidence submitted by Plaintiff in support of his motion, however, all refers to Jason Brower's hourly rate as $250 per hour [*see, e.g.*, Doc. ## 108-4, 108-5], and Plaintiff's requested attorneys' fees are calculated based on an hourly rate of $250 per hour for Jason Brower. [*Compare* MAF at 24 *with* Doc. # 108-5 at 6.] Defendant's opposition also refers to Jason Brower's requested hourly rate as $250 per hour. *See* Opp. at 13. The Court therefore interprets the reference to a $225-per-hour fee in Plaintiff's motion to be a typographical error.

[4] Defendant objects to the parts of Shahian's declaration that detail his background and experience with Song-Beverly cases, 22 of the 23 exhibits attached to Shahian's declaration, and all of the cases cited to in support of each attorney's hourly rate. *See generally* [Doc. # 114.] To the extent Defendant objects to previous court orders on hearsay grounds, the Court **OVERRULES** Defendant's objections. The prior court orders and judgments referred to in Shahian's declaration are not offered "for the truth of the matters asserted in the judgment, but rather to establish the judgment's legal effect" which is a "nonhearsay purpose." *U.S. v. Boulware*, 384 F. 3d 794, 807 (9th Cir. 2004). Previous court orders are also relevant because they shed light on what courts have recognized as the prevailing market rate for attorneys of comparable experience. The Court does not rely on exhibit 9, making Defendant's evidentiary

---

**CIVIL MINUTES—GENERAL**

Case 2:24-cv-09834-GW-MRW   Document 35-1   Filed 02/28/25   Page 74 of 262   Page
Case 2:17-cv-05061-DMG-PLA   Document 135   Filed 07/23/19   Page 8 of 15   Page
ID #:619
ID #:921

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | | |
|---|---|---|---|---|
| Case No. | CV 17-5061-DMG (PLAx) | | Date | July 23, 2019 |

| | | | |
|---|---|---|---|
| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 8 of 15 |

hourly rates comparable to those requested in the instant action were awarded to that specific attorney or to an attorney of similar experience in Los Angeles County. *See* Shahian Decl. at ¶¶ 31, 33, 35, 37, 39, 41, 43, 45, 47, 49, 51. Steven Brower bases his statement that the hourly-rates are reasonable on his 36 years of experience working as a litigation attorney at more than six different law firms. [Doc. # 108-4 ("Brower Decl.") at ¶¶ 7-8.] He also notes that the $250 hourly rate proposed for Brower Law Group's law clerk, Jason Brower, is "less than many firms charge for paralegals." Brower Decl. at ¶ 19.[5] Plaintiff's evidence is sufficient to establish that the requested hourly rates for each attorney involved in this case are reasonable, except that the Court will apply the same hourly rate for those with similar years of experience—i.e., $325 per hour for Jared Walder and Gregory Sogoyan, and $335 per hour for Victoria Shin and Sean Crandall.

### 3. Hours Reasonably Expended

Plaintiff submits time sheets reflecting 565.8 billable hours spent on Plaintiff's case, including time spent on this fees motion.[6] [*See* Doc. ## 108-5, 108-37.] Defendant argues that Plaintiff should not recover for all 565.8 hours because there are multiple deficiencies in the time entries provided by Plaintiff's counsel that warrant a reduction in the number of compensable hours. Defendant claims these deficiencies include: (1) improper block billing; (2) excessive billing due to overstaffing and inefficient litigation; (3) overly-vague entries; and (4) unnecessary, inefficient, and mistaken time. *See* Opp. at 11-15.

The Court agrees that certain deficiencies in Plaintiff's counsel's time entries warrant a reduction in the number of hours factored into the lodestar calculation. First, Plaintiff's counsel

---

objections to that exhibit moot. The Court also **OVERRULES** Defendant's objections to parts of Shahian's declaration regarding his personal experience on relevance grounds. *See* [Doc. # 114.] Just because Shahian is not submitting time for this matter does not make his experience irrelevant. Shahian's personal experience is relevant because it speaks to his knowledge of the prevailing market rate for attorneys of comparable experience.

[5] Defendant objects that Brower lacks personal knowledge of fees at other firms and therefore this constitutes impermissible opinion testimony. *See* [Doc. # 113 at 4.] The Court **OVERRULES** Defendant's objection. Brower's experience at multiple firms over the course of multiple decades is sufficient to support his personal knowledge of the prevailing rates for paralegal services.

[6] Plaintiff does not seek fees for hours billed by attorneys who "were not materially involved in this case." MAF at 17 n.17. The time sheets submitted by Plaintiff include, however, one two-hour entry billed by an attorney with initials "CJS." [*See* Doc. # 108-37 at 10.] These initials do not correspond to any attorneys mentioned in Plaintiff's fee motion, nor has Plaintiff submitted any evidence to support CJS's claimed hourly rate of $335 per hour. Accordingly, the Court will exclude these two hours in its lodestar calculation. In his Reply, Plaintiff also identifies six hours of billed work that were inadvertently included in the timesheets, and which Plaintiff concedes should be removed. [*See* Doc. # 121-3 (December 5, 2018 entry and December 7, 2018 entry).] The Court will also exclude these six hours from its lodestar calculation.

---

Case 2:24-cv-09434-GW-MRW  Document 85-1  Filed 02/28/25  Page 75 of 262  Page
ID #:620
Case 2:17-cv-05061-DMG-PLA  Document 136  Filed 07/23/19  Page 9 of 15  Page ID #:442

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-5061-DMG (PLAx) | Date | July 23, 2019 |
|---|---|---|---|

| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 9 of 15 |
|---|---|---|---|

repeatedly block-billed time. Specifically, Plaintiff's counsel block-billed: 16.4 hours of Christine Haw's time, 11.5 hours of Erin Melody-Rosenfeld's time, 9.1 hours of Gregory Sogoyan's time, 1.8 hours of Jacob Cutler's time, 6.0 hours of James Tarter's time, 2.3 hours of Jared Walder's time, 1.6 hours of Michael Devlin's time, 97.3 hours of Rowena Santos's time, 11.7 hours of Sean Crandall's time, 9.7 hours of Victoria Shin's time, 104.6 hours of Jason Brower's time, and 76.6 hours of Steven Brower's time. Because the Court cannot discern from these entries whether the amount of time expended on each task was reasonable, the Court shall exclude 20% of those hours. *See Pierce v. Cty. Of Orange*, 905 F. Supp. 2d 1017, 1030-31 (C.D. Cal. 2012) (citing *Moreno v. City of Sacramento*, 534 F. 3d 1106, 1112 (9th Cir. 2008)) (noting that "courts generally impose only a 5% to 20% reduction for those hours block-billed"). Thus, Christine Haw's time shall be reduced by 3.2 hours, Erin Melody-Rosenfeld's time shall be reduced by 2.3 hours, Gregory Sogoyan's time shall be reduced by 1.8 hours, Jacob Cutler's time shall be reduced by .3 hours, James Tarter's time shall be reduced by 1.2 hours, Jared Walder's time shall be reduced by .4 hours, Michael Devlin's time shall be reduced by .3 hours, Rowena Santos's time shall be reduced by 19.4 hours, Sean Crandall's time shall be reduced by 2.3 hours, Victoria Shin's time shall be reduced by 1.9 hours, Jason Brower's time shall be reduced by 20.9 hours, and Steven Brower's time shall be reduced by 15.3 hours.

Second, Defendant asserts that multiple time entries relating to meetings between Plaintiff's attorneys should be excluded from the Court's calculation. Opp. at 8. Yet, "attorneys must spend at least some of their time conferring with colleagues, particularly their subordinates, to ensure that a case is managed in an effective as well as efficient manner." *See Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F. 2d 1319, 1337 (D.C. Cir. 1982). Further, many of the conferences for which Plaintiff's attorneys seek recovery were short and many of the longer meetings have already been factored into the Court's analysis because they were block-billed along with other time entries. For that reason, the Court finds that the 20% reduction is sufficient to account for not only the block-billed hours, but also the multiple internal conferences.

Plaintiff's counsel's trial billing, however, warrants an additional reduction. Counsel billed time for Steven Brower, as well two additional attorneys (Christine Haw and Jason Brower), to attend trial. While having two or three attorneys attend a trial is surely helpful to the lead attorney, additional attorneys were not necessary in this case.[7] Plaintiff was well represented by Mr. Brower, and the trial was short and straightforward. The Court can find no good reason why the convenience of two additional attorneys in a case of this nature is a cost that should be borne fully

---

[7] Steven Brower notes that Christine Haw handled all of the procedural and legal formalities ("Motions, Jury Instructions, etc.") during the trial. [Doc. # 108-4 ("Brower Decl.") at ¶ 3.] But Plaintiff has not explained why a single attorney could not have taken charge of both functions, or why this division of responsibility across two attorneys was otherwise reasonably necessary.

Case 2:24-cv-03436-GW-MRW   Document 35-1   Filed 02/28/25   Page 76 of 262   Page
ID #:2623
Case 2:17-cv-05061-DMG-PLA   Document 135   Filed 07/23/19   Page 10 of 15   Page
ID #:2621

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-5061-DMG (PLAx) | Date | July 23, 2019 |
|---|---|---|---|

| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 10 of 15 |
|---|---|---|---|

by Defendant. The 24 hours that Jason Brower and Christine Haw[8] billed for attendance at trial, therefore, shall be reduced by 50% each.

Third, Defendant claims that a plethora of entries are impermissibly vague. Attorneys seeking fee awards are "not required to record in great detail how each minute of [their] time was expended." *Hensley*, 461 U.S. at 437 n.12. They need only "keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Id.* at 441 (Burger, C.J., concurring); *see also United Steelworkers of Am. v. Ret. Income Plan For Hourly—Rated Employees of ASARCO, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008). Under that standard, the Court finds no reason to reduce or eliminate any entries for vagueness. Many of the entries Defendant identifies are short and sufficiently descriptive (*i.e.,* .2 or less for emails or phone calls to client) or have already been accounted for because they are included in the Court's application of a 20% reduction for block-billed entries.

Fourth, Defendant argues that a handful of entries reflect tasks better suited for a paralegal or administrative professional. Plaintiff may not recover fees for time spent on purely clerical work. *See Davis v. City of San Francisco*, 976 F. 2d 1536, 1543 (9th Cir. 1992), *vacated on other grounds by Davis v. City & Cty. of San Francisco*, 984 F.2d 345 (9th Cir. 1993) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them. . . . [The] dollar value [of such non-legal work] is not enhanced just because a lawyer does it.") (internal quotations and citations omitted). What Defendant characterizes as "clerical tasks," however, involve activities that differ from the "purely clerical or secretarial tasks" in *Davis*. For instance, the disputed entries include preparing pleadings, reviewing client files, drafting deposition subpoenas, coordinating production of documents, and reviewing trial exhibit binders and deposition transcripts. [*See, e.g.*, Doc. # 121-2 (July 30, 2018 entry, August 6, 2018 entry, December 5, 2018 entry, and December 11, 2018 entry).] These are not "purely clerical" tasks and the Court declines to exclude them from the fee award.

Finally, Defendant contends that Plaintiff's counsel "engaged in overstaffing and inefficient litigation" or billed for "numerous entries that were unnecessary." Opp. at 11, 15. While the use of 13 attorneys in a case of this nature certainly suggests overstaffing, the Court has reviewed the hours billed with care and has determined that most of the hours billed by the 13 different attorneys have not been duplicative. In particular, Defendant points to "internal

---

[8] Christine Haw's time entries for these three days actually total 31.5 hours, but in these entries attendance at trial was block-billed with trial preparation. The Court will only subject 24 of these hours to a 50% reduction, finding this to be a reasonable estimate of the time actually spent attending trial. The remaining 7.5 hours will not be subject to a block-billing deduction, as the Court finds 7.5 hours to be a reasonable amount of time spent on trial preparation over the course of these three days.

Case 2:24-cv-04341-GW-MRW   Document 35-1   Filed 02/28/25   Page 77 of 262   Page
ID #:2622
Case 2:17-cv-05061-DMG-PLA   Document 136   Filed 07/23/19   Page 11 of 15   Page ID
#:2622

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES—GENERAL

| Case No. | **CV 17-5061-DMG (PLAx)** | Date | July 23, 2019 |
|---|---|---|---|

| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 11 of 15 |
|---|---|---|---|

conferences" and "reviewing the file" as examples of "overstaffing" and "inefficient litigation." Opp. at 12. As addressed above, however, a reasonable number of internal conferences is necessary to effectively coordinate the prosecution of a case and the Court has taken into consideration the large number of billing attorneys and the time spent reviewing the file in connection with its 20% across-the-board reduction.

In light of the foregoing, the Court finds that Plaintiff's counsel reasonably billed the following hours: 37.5 hours for Christine Haw, 19.9 hours for Gregory Yu, 10.3 hours for Jacob Cutler, 88.4 hours for Rowena Santos, 6.8 hours for Jared Walder, 11.4 hours for Victoria Shin, 3.0 hours for Michael Devlin, 33.4 hours for Sean Crandall, 4.8 hours for James Tarter, 20.9 hours for Gregory Sogoyan, 41.7 hours for Erin Melody-Rosenfeld, 76.5 hours for Steven Brower, and 109.9 hours for Jason Brower. When these hours are multiplied by the reasonable rates identified in Part B, they yield a lodestar of $213,447.50.

### 4.    Lodestar Modification

The court next considers whether to increase or decrease the lodestar. *See Stranger v. China Elec. Motor, Inc.*, 812 F. 3d 734, 740 (9th Cir. 2016) ("the decision to enhance or reduce the lodestar . . . is within the district court's discretion"). Plaintiff argues for an upward modification of .50 because Plaintiff's counsel obtained an excellent outcome and the risks posed by the litigation were substantial. MAF at 21-23; Reply at 23-24. The Ninth Circuit has plainly held that the lodestar amount is "presumptively the reasonable fee amount," and that a modification of the lodestar is appropriate only in "rare" and "exceptional" cases supported by both "specific evidence on the record and detailed findings . . . that the lodestar amount is unreasonably low or unreasonably high." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F. 3d 1041, 1045 (9th Cir. 2000) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

Generally, courts may take into consideration the following factors when determining whether to implement a lodestar enhancement: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (citing *Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977)). Courts have also recognized that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee' and 'an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation.'" *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010) (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986)). The "novelty and complexity of a case generally may not be used as a ground for an enhancement because these factors 'presumably [are] fully reflected

Case 2:24-cv-03434-GW-MRW   Document 35-1   Filed 02/28/25   Page 78 of 262   Page
ID #:625
Case 2:17-cv-05061-DMG-PLA   Document 336   Filed 07/23/19   Page 12 of 15   Page #ID
#:2625

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-5061-DMG (PLAx) | | Date | July 23, 2019 |
|---|---|---|---|---|

| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 12 of 15 |
|---|---|---|---|

in the number of billable hours recorded by counsel.'" *Id.* Furthermore, "the quality of an attorney's performance generally should not be used to adjust the lodestar '[b]ecause considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate.'" *Id.*

The Court declines Plaintiff's request to apply an upward multiplier of .50 in this case. The amount of time and skill required to properly resolve this litigation, counsel's success in resolving the matter, and the case's novelty or complexity are reflected in the number of billable hours recorded and the reasonable hourly rate. The Court acknowledges the contingent nature of this case. Nonetheless, "[a]n attorney operating on a contingency-fee basis pools the risks presented by his various cases: cases that turn out to be successful pay for the time he gambled on those that did not. To award a contingency enhancement under a fee-shifting statute would in effect pay for the attorney's time . . . in cases where his client does not prevail." *City of Burlington v. Dague*, 505 U.S. 557, 565 (1992). Accordingly, the contingent nature of this case does not warrant a 50% enhancement.[9] The lodestar, with the 20% reduction for block-billed entries and other inefficiencies and the other individual reductions described above, reflects the reasonable amount of attorneys' fees Plaintiff should recover.

**B.      Motion for Prejudgment Interest**

Plaintiff seeks an award of prejudgment interest "in the amount of $14,894.64 under [California Civil Code section 3287] subdivision (a) from the date of injury/lease inception to the date of Judgment, or, alternatively, the sum of $10,127.04 under subdivision (b) from the date of the Complaint to the date of Judgment." Mot. at 1. In opposition, Defendant argues that Plaintiff is not entitled to prejudgment interest under subdivision (a) because "damages were anything but certain" and Plaintiff is not entitled to prejudgment under subdivision (b) because "there was no contract between BMW NA and Plaintiff, nor did Plaintiff bring a 'cause of action' for any contract." Opp. at 7, 15.

**1.      Mandatory Prejudgment Interest Under Section 3287(a)**

First, Plaintiff is not entitled to prejudgment interest under section 3287(a) because the damages here were not "certain, or capable of being made certain by calculation." Cal. Civ. Code § 3287(a). "Damages are deemed certain or capable of being made certain within the provisions

---

[9] Defendant objects on relevance grounds to the statement in Shahian's declaration that his firm took Plaintiff's case on a contingent basis. While the Court ultimately disagrees that the case's contingency basis warrants an upward lodestar modification, the contingency-fee arrangement is not irrelevant since California law allows courts to consider contingency arrangements in their modification analysis. Defendant's objection is **OVERRULED**.

of subdivision (a) of section 3287 where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." *Duale v. Mercedes-Benz USA, LLC*, 148 Cal. App. 4th 718, 728 (2007) (quoting *Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 234 Cal. App. 3d 1154, 1172 (1991)). In other words, "[w]here the amount of damages cannot be resolved except by verdict or judgment, prejudgment interest is not appropriate." *Id.* (quoting *Children's Hosp. v. Bonta*, 97 Cal. App. 4th 740, 744 (2002)); *Baker v. Garden Grove Med. Inv'rs, Ltd.*, 306 F. App'x 393, 396 (9th Cir. 2009) ("Damages are not certain under California law where a defendant does not know what amount he or she owes and cannot ascertain it except by judicial process.") (citing *Duale*, 148 Cal. App. 4th at 718).

In *Duale*, the plaintiff bought a Mercedes automobile that Mercedes-Benz USA, Inc. subsequently "failed to adequately service and repair" after a reasonable number of attempts. *Id.* at 722. Plaintiff brought an action under the Song-Beverly Act and sought prejudgment interest after a favorable jury verdict. The Court found that Plaintiff was not entitled to prejudgment interest because the jury had to determine "(1) whether any of the many defects alleged in the complaint represented a nonconformity, (2) whether any such nonconformity substantially impaired [the] use, value, or safety of the vehicle, and (3) then to determine—for any such nonconformity—the mileage at which plaintiffs first presented the car to defendant for repair." *Id.* In this case, the jury had to make very similar determinations. Therefore, *Duale's* conclusion that because "the amount of damages could not be resolved except by verdict . . . prejudgment interest was not appropriate" applies equally here. *Id.* at 729.

While it is true that subsequent decisions have interpreted *Duale* not to preclude prejudgment interest entirely in Song-Beverly Act cases, even those decisions acknowledge that in cases with facts like *Duale's*, prejudgment interest under section 3287(a) is inappropriate. *See Doppes*, 174 Cal. App. 4th at 1010 ("The *Duale* court did not hold prejudgment interest may never be recovered in a Song-Beverly Consumer Warranty Act case, but only that prejudgment interest was unrecoverable under section 3287 in that particular case because, under the facts, the amount of damages could not be resolved except by verdict."). Thus, because *Duale* is good law and mirrors the facts of this case, Plaintiff is not entitled to prejudgment interest under section 3287(a).

### 2. Discretionary Prejudgment Interest Under Section 3287(b)

Under section 3287(b), the trial court "has discretion to decide whether prejudgment interest should be awarded on an unliquidated contractual claim." *N. Oakland Med. Clinic v. Rogers*, 65 Cal. App. 4th 824, 829 (1998). Accordingly, the threshold question is whether Plaintiff's claim was "based upon a cause of action in contract." Cal. Civ. Code § 3287(b).

Case 2:24-cv-03341-GW-MRW   Document 35-1   Filed 02/28/25   Page 80 of 262   Page
ID #:625
Case 2:17-cv-05061-DMG-PLA   Document 336   Filed 07/23/19   Page 14 of 15   Page ID
#:2625

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-5061-DMG (PLAx)** | Date | July 23, 2019 |
| --- | --- | --- | --- |

| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 14 of 15 |
| --- | --- | --- | --- |

California courts have not squarely decided whether claims under the Song-Beverly Act qualify as contract actions under section 3287(b), but two decisions have come close.

In *Bishop v. Hyundai Motor America*, the Court of Appeal reversed an award of emotional distress damages under the Song-Beverly Act because emotional distress damages "may not be recovered in an action for breach of contract . . . ." *Bishop v. Hyundai Motor America*, 44 Cal. App. 4th 750, 758 (1996). Although the Court did not address prejudgment interest under section 3287, the Court treated an action brought under the Song-Beverly Act as a cause of action in contract. Additionally, in *A&M Produce*, which was not a Song-Beverly Act case, the Court awarded prejudgment interest under section 3287(b) based on causes of action for breach of express and implied warranties. 135 Cal. App. 3d at 473. Even if those cases support the conclusion that Plaintiff's claims are contract causes of action, however, the Court concludes that prejudgment interest is unwarranted in this case.

As discussed above, courts weighing whether to award discretionary prejudgment interest under section 3287(b) have considered: (1) the time between the lawsuit's filing and the judgment, (2) whether awarding interest will penalize the defendant for litigating a bona fide dispute, and (3) whether the plaintiff made settlement offers such that the defendant's refusal could be construed as placing the prejudgment interest amount at risk. Only the first two factors apply in this case since there is no evidence in the record of Plaintiff having made any settlement offers. *See A&M Produce*, 135 Cal. App. 3d at 498.

The first factor weighs against awarding prejudgment interest. Plaintiff filed his Complaint in April 2017, and the jury reached a verdict about 20 months later in December 2018. In *A&M Produce*, over seven years elapsed between the filing of the initial complaint and judgment being entered. *Id.* at 496. Thus, the relatively short 20-month lifespan of this case does not support prejudgment interest.

The second factor does not conclusively point in either direction. Although Plaintiff prevailed, the case involved a "bona fide dispute"—the parties litigated the case to verdict in a trial involving multiple legitimately contested issues.

Having weighed the discretionary considerations, the Court **DENIES** Plaintiff's motion for prejudgment interest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-5061-DMG (PLAx) | Date | July 23, 2019 |
|---|---|---|---|

| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 15 of 15 |
|---|---|---|---|

**VI.**
**CONCLUSION**

Accordingly, the Court **GRANTS in part** Plaintiff's motion for attorneys' fees and **DENIES** Plaintiff's motion for prejudgment interest. Defendant shall pay Plaintiff reasonable attorneys' fees in the amount of $213,447.50.

**IT IS SO ORDERED.**

# EXHIBIT 5

442 F.Supp.3d 1216
United States District Court, C.D. California.

Henrik ZARGARIAN, Plaintiff,
v.
BMW OF NORTH AMERICA, LLC et al, Defendants.

CV 18-4857-RSWL-PLA
|
Filed 03/03/2020

**Synopsis**
**Background:** Consumer brought action against vehicle manufacturer under California's Song-Beverly Consumer Warranty Act, alleging vehicle engine was defective. After manufacturer accepted consumer's settlement offer and judgment was entered for consumer, consumer moved for prejudgment interest, fees, and to tax costs.

**Holdings:** The District Court, Ronald S.W. Lew, Senior District Judge, held that:

manufacturer could not have ascertained, prior to settlement with consumer, the amount of damages manufacturer would owe consumer, and thus, under California law, prejudgment interest was not mandatory;

under California law, award of discretionary prejudgment interest to consumer was not appropriate;

requested hourly rates for attorney fee award were reasonable;

fact that consumer hired three different law firms to work on his action against manufacturer did not create duplicative work and thus did not support reduction of requested attorney fees;

billing items for motions that were ultimately not filed were reasonable; and

court would decline to apply upward multiplier of 1.5 to lodestar amount.

Motion for prejudgment interest denied; motion for fees granted in part; application to tax costs granted in part.

**Attorneys and Law Firms**

**\*1220** Brian Tate Shippen-Murray, Michael H. Rosenstein, Law Offices of Michael H. Rosenstein LC, Dara Tabesh, Ecotech Law Group PC, Gregory Sogoyan, Payam Shahian, Caitlin J. Scott, Carey B Wood, Christine J. Haw, Jacob William Cutler, Kyle Raine Tracy, Strategic Legal Practices APC, Los Angeles, CA, for Plaintiff.

**ORDER re: Plaintiff's Motion for Prejudgment Interest** [81]; **Plaintiff's Motion for Attorney Fees, Costs, and Expenses** [83]; **Plaintiff's Application to the Clerk to Tax Costs** [82]

HONORABLE RONALD S.W. LEW Senior U.S. District Judge

Plaintiff Henrik Zargarian("Plaintiff ") brings this Action for violations of the Song-Beverly Consumer Warranty Act and fraud against Defendant BMW of North America, LLC.[1] ("Defendant"). Currently **\*1221** before the Court is Plaintiff's Motion for Prejudgment Interest [81], Plaintiff's Motion for Attorney Fees, Costs, and Expenses ("Motion for Fees") [83], and Plaintiff's Application to the Clerk to Tax Costs ("Application to Tax Costs") [82]. Having reviewed all papers submitted, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Plaintiff's Motion for Prejudgment Interest; **GRANTS in part** Plaintiff's Motion for Fees; and **GRANTS in part** Plaintiff's Application to Tax Costs.

# I. BACKGROUND

## A. Factual Background
On or about June 18, 2014, Plaintiff purchased a 2011 BMW 750LI ("Vehicle"), which was manufactured and distributed by Defendant. Compl. ¶ 7, ECF No. 1-1. In connection with Plaintiff's purchase of the Vehicle, Defendant provided an express written warranty by which it undertook to preserve or maintain the utility or

111 Fed. R. Evid. Serv. 1054

performance of the Vehicle, or to provide compensation if there was failure of such performance within a specified amount of time. Id. ¶ 8.

During the warranty period, Plaintiff alleges that the Vehicle contained or developed several engine defects, battery defects, oil consumption defects, fuel injector defects, and timing chain defects. Id. ¶ 9. The Oil Consumption Defect is allegedly a "safety concern because it prevents the engine from maintaining the proper level of engine oil and causes voluminous oil consumption that cannot be reasonably anticipated or expected." Id. ¶ 39. The defect can cause engine failure at any time, "thereby exposing the driver, ... passengers, and others on the road to serious risk of accident and injury." Id.

Plaintiff alleges that Defendant and its representatives, after a reasonable number of opportunities, were unable to service the Vehicle to conform to the warranty. Id. ¶ 10. Defendant did not promptly replace the Vehicle, provide restitution, or buyback the Vehicle. Id. ¶¶ 10-11.

Plaintiff also alleges that Defendant knew or should have known of the Vehicle's defects, but failed to disclose this information to Plaintiff before he acquired the Vehicle. Id. ¶ 41. Plaintiff claims that Defendant became aware of the defects through sources not available to consumers such as Consumer Reports, customer complaints, pre-release testing data, and aggregate data from BMW dealers. Id. ¶¶ 42, 38, 43, 53.

Plaintiff contends that, had he known the Vehicle's engine was defective, he would not have purchased the Vehicle. Id. ¶ 63.

**B. Procedural Background**

Plaintiff filed his Complaint [1-1] in California State Court on December 27, 2019. The Complaint alleges six claims: (1) violation of Civil Code section 1793.2, subdivision (d); (2) violation of Civil Code section 1793.2, subdivision (b); (3) violation of Civil Code section 1793.2, subdivision (a)(3); (4) breach of express warranty; (5) breach of the implied warranty of merchantability; and (6) fraud. Compl. ¶¶ 7-67. On February 20, 2018, Defendant filed its Answer [1-2]. Subsequently, Defendant timely removed [1].

On October 23, 2019, the Court granted Defendant's Motion for Judgment on the Pleadings as to Plaintiff's sixth claim for fraud [30]. The parties engaged in a

contested discovery period, and on November 19, 2019, Defendant accepted Plaintiff's California Code of Civil Procedure § 998 offer [79]. Accordingly, the Court entered Judgment for Plaintiff [80].

**\*1222** On December 19, 2019, Plaintiff filed the instant Motion for Prejudgment Interest [81], Motion for Fees [83], and Application to Tax Costs [82]. Defendant opposed [85, 87, 89], and Plaintiff timely replied [90-92].

**II. DISCUSSION**

**A. Legal Standard**

1. Motion for Prejudgment Interest

For federal cases sitting in diversity, "state law determines the rate of prejudgment interest ...." Citicorp Real Estate, Inc. v. Smith, 155 F.3d 1097, 1107 (9th Cir. 1998). Further, the Song-Beverly Act does not preclude an award of prejudgment interest. Doppes v. Bentley Motors, Inc., 174 Cal.App.4th 1004, 94 Cal. Rptr. 3d 797, 801-02 (2009). California Civil Code Section 3827 governs the recovery of prejudgment interest, and states, in relevant part: "[a] person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day." Cal. Civ. Code § 3287(a).

Further, Section 3287(b) states that "[e]very person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed." Courts have taken the following factors into consideration when determining whether to exercise their discretion to award prejudgment interest: (1) the time between the lawsuit's filing and the judgment, (2) whether awarding interest will penalize the defendant for "litigating a bona fide dispute" or recognize that the plaintiff incurred "an additional amount of damage" as a result of the breach, and (3) whether the plaintiff made settlement offers such that the defendant's refusal to settle could be construed as "placing the prejudgment interest amount at risk." Forouzan v. BMW of N. Am., LLC, No. CV-1-73875-DMG-GJSX, 2019 WL 856395, at *3 (C.D.

Zargarian v. BMW of North America, LLC, 442 F.Supp.3d 1216 (2020)

111 Fed. R. Evid. Serv. 1054

Cal. Jan. 11, 2019) (citing A&M Produce Co. v. FMC Corp., 135 Cal.App.3d 473, 186 Cal. Rptr. 114, 129 (1982)).

2. Motion for Fees

Under California Civil Code Section 1794, the "prevailing buyer" in a Song-Beverly action "shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees." Cal. Civ. Code § 1794(d). The Ninth Circuit utilizes the lodestar method for calculating reasonable attorneys' fees, "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." Welch v. Metro. Life Ins. Co., 480 F. 3d 942, 945 (9th Cir. 2007). The burden is on the party seeking fees to establish their reasonableness. Id. at 945-46 (citing Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

In determining a reasonably hourly rate, the district court should consider: (1) the experience, reputation, and ability of the attorney; (2) the outcome of the proceedings; (3) customary fees; and (4) the novelty or difficulty of the question presented. Hiken v. Dep't of Def., 836 F. 3d 1037, 1044 (9th Cir. 2016) (citing Chalmers v. City of L.A., 796 F.2d 1205, 1211 (9th Cir. 1986)). Additionally, district courts may "rely[ ] on their own knowledge of customary rates and their experience concerning reasonable and proper fees." Ingram v. Oroudjian, 647 F. 3d 925, 928 (9th Cir. 2011).

**1223** District courts have broad "discretion in determining the amount of a fee award ... in view of [their] superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." Hensley, 461 U.S. at 437, 103 S.Ct. 1933. The "district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.' " Ingram, 647 F.3d at 926 (quoting Hensley, 461 U.S. at 434, 103 S.Ct. 1933). If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods: the court may either conduct an "hour-by-hour analysis" of the fee request or make an "across the board percentage cut." Gonzalez v. City of Maywood, 729 F.3d 1196, 1203 (9th Cir. 2013).

**B. Discussion**

1. Requests for Judicial Notice

Under Federal Rule of Evidence 201, "a court may take judicial notice of matters of public record," but "a court may not take judicial notice of a fact that is subject to reasonable dispute." Lee v. City of L.A., 250 F.3d 668, 688-89 (9th Cir. 2001) (internal quotations and citations omitted). Court filings are also properly subject to judicial notice under Federal Rule of Evidence 201. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (noting that courts may take judicial notice of "court filings" as they are "readily verifiable, and therefore, the proper subject of judicial notice"). Furthermore, judicial notice of proceedings in other courts is appropriate "if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992); see Coalition for Clean Air v. VWR Intern., LLC, 922 F. Supp. 2d 1089, 1093 n.1 (E.D. Cal. 2013).

a. *Plaintiff's Request for Judicial Notice*

In support of his Motion for Fees, Plaintiff requests that the Court take judicial notice of certain documents that are matters of public record. See Request for Judicial Notice in Supp. of Mot. for Fees, ECF No. 83-34. Defendant opposes Plaintiff's request. See Def.'s Obj. to Request for Judicial Notice in Supp. of Mot. for Fees, ECF No. 87-3.

Plaintiff requests that the Court take judicial notice of the following: (1) a February 27, 2014 minute order granting Plaintiff's motion for fees and costs in the matter Khani v. Ford Motor Company; (2) a May 9, 2017 stipulation and signed order regarding judgment of jury verdict with a two times civil penalty and attorney fees, costs, and expenses in the matter Vanwaus v. FCA US, LLC; (3) a September 27, 2017 minute order concerning the court's fee order in the matter of Fuller v. FCA US, LLC; (4) a February 27, 2018 notice of ruling and tentative ruling in the matter of Kazaryan v. Mercedes-Benz USA, LLC; (5) a notice of ruling in the matter of Geredes v. Chrysler Group LLC; (6) a notice of ruling in the matter of Ahmed Al-Jiboury v. FCA; (7) a second amended judgment on jury verdict after entry of additur in the matter of Kadkhoda v. MBUSA; (8) a notice of ruling on Plaintiff's motion for attorney's fees, costs and expenses in the matter of Raul Galindo v. General Motors; (9) an order on attorney's fees and prejudgment interest in the lemon law

matter of Abraham Forouzan v. BMW; (10) an order on attorney's fees, costs and expenses in the lemon law matter of Joshua Holeman v. FCA; (11) an order on attorney's fees, costs and expenses in the lemon law matter of Catherine Shepard v. BMW; and (12) a copy of **\*1224** order on attorney's fees and prejudgment interest in the lemon law matter of Jerry Zomorodian v. BMW.

These documents are all matters of public record not subject to reasonable dispute, and are therefore the proper subject of judicial notice. Therefore, the Court **GRANTS** Plaintiff's Request for Judicial Notice. Defendant objects on the basis that Plaintiff cites to no authority in support of his request, as well as that the contents of the documents are not subject to judicial notice. The Court **OVERRULES** Defendant's objections, as Plaintiff makes his request pursuant to Federal Rule of Evidence 201 and the documents at issue here are not subject to reasonable dispute.

### b. *Defendant's Requests for Judicial Notice*

Here, Defendant twice requests that the Court take judicial notice of certain documents. In support of both its Opposition to Plaintiff's Motion for Fees and its Opposition to Plaintiff's Motion for Prejudgment Interest, Defendant requests that the Court take judicial notice of the following: (1) an order dated January 11, 2019, in the case Abraham Forouzan v. BMW of North America, LLC, et al.; and (2) an order dated July 23, 2019, in the case Jerry Zomordian v. BMW of North America, LLC, et al. See ECF No. 87-2, 86. The Court has already taken judicial notice of the aforementioned documents pursuant to Plaintiff's request; therefore, Defendant's Request for Judicial Notice in Support of its Opposition to Plaintiff's Motion for Fees and Request for Judicial Notice in Support of its Opposition to Plaintiff's Motion for Prejudgment Interest are **DENIED as MOOT**.

### 2. Motion for Prejudgment Interest

Plaintiff seeks an award of prejudgment interest in the amount of $34,743.37 under California Civil Code Section 3287(a) from the date of purchase of the Vehicle, or, in the alternative, $12,323.80 in prejudgment interest within the Court's discretion under Section 3287(b) from the date of the filing of the Complaint.

### a. *Mandatory Prejudgment Interest Under Section 3287(a)*

"Damages are deemed certain or capable of being made certain within the provisions of subdivision (a) of section 3287 where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." Duale v. Mercedes-Benz USA, LLC, 148 Cal.App.4th 718, 56 Cal. Rptr. 3d 19, 26 (2007) (quoting Fireman's Fund Ins. Co. v. Allstate Ins. Co., 234 Cal.App.3d 1154, 286 Cal. Rptr. 146, 158 (1991)). Put simply, "[w]here the amount of damages cannot be resolved except by verdict or judgment, prejudgment interest is not appropriate." Id. (citing Children's Hosp. v. Bonta, 97 Cal.App.4th 740, 118 Cal. Rptr. 2d 629, 645-55 (2002)); Baker v. Garden Grove Med. Inv'rs, Ltd., 306 F. App'x 393, 396 (9th Cir. 2009) ("Damages are not certain under California law where a defendant does not know what amount he or she owes and cannot ascertain it except by judicial process.") (citing Duale, 56 Cal. Rptr. 3d at 27).

Plaintiff seeks to distinguish Duale despite its ready application to the facts of this case. In Duale, the Court held that prejudgment interest was not available under Section 3287(a) because it was in dispute: "(1) whether any of the many defects alleged in the complaint represented a nonconformity, (2) whether any such nonconformity 'substantially impaired [the] use, value, or safety' of the vehicle, and (3) [ ] for any such nonconformity—the mileage at which plaintiffs first presented the car to defendant for repair." **\*1225** Duale, 56 Cal. Rptr. 3d at 27. Similarly, here it was contested: (1) whether the Vehicle had a nonconformity; (2) whether the alleged nonconformity substantially impaired use, value, or safety of the Vehicle; (3) whether incidental expenses were incurred; (4) whether Defendant willfully violated the terms of the statute; and (5) whether Defendant committed fraud.

Plaintiff relies on Doppes v. Bentley Motors, Inc., 174 Cal.App.4th 1004, 94 Cal. Rptr. 3d 797 (2009), to support his argument that prejudgment interest under Section 3287(a) is appropriate in this Action. However, Doppes merely stands for the proposition that "'[t]he Song–Beverly Consumer Warranty Act does not bar recovery of prejudgment interest under Civil Code section 3287.'" 94 Cal. Rptr. 3d at 802. Doppes does not "show[ ] that prejudgment interest is recoverable under Plaintiff's claims here." Mot. 4:3-4. In fact, the court in Doppes did not engage with the facts of that specific case at all; the court merely found that claims for prejudgment interest under Section 3287 were not barred by the Song-Beverly Act and it was within the trial court's jurisdiction to

Zargarian v. BMW of North America, LLC, 442 F.Supp.3d 1216 (2020)

111 Fed. R. Evid. Serv. 1054

award prejudgment interest. Accordingly, Plaintiff's attempt to analogize to Doppes here without taking into account the facts of the cases misses the mark.

But for the parties' settlement, the contested issues in this Action would have remained as such until a verdict was reached at trial. Accordingly, the Court finds that Defendant could not have ascertained the amount of damages it would owe, so prejudgment interest under Section 3287(a) is inappropriate here.

b. *Discretionary Prejudgment Interest Under Section 3287(b)*

Under Section 3287(b), the trial court "has discretion to decide whether prejudgment interest should be awarded on an unliquidated contractual claim." N. Oakland Med. Clinic v. Rogers, 65 Cal.App.4th 824, 76 Cal. Rptr.2d 743, 746 (1998). "[T]he threshold question is whether Plaintiff's claim was 'based upon a cause of action in contract.' " Forouzan, 2019 WL 856395, at *9 (citing Cal. Civ. Code § 3287(b)). California courts have not decided whether claims under the Song-Beverly Act qualify as contract actions under Section 3287(b), but two decisions are illustrative.

In Bishop v. Hyundai Motor Am., 44 Cal.App.4th 750, 52 Cal. Rptr. 2d 134, 139 (1996), the California Court of Appeal reversed the trial court's award of emotional distress damages under the Song-Beverly Act because emotional distress damages "may not be recovered in an action for breach of contract."[3] Further, in A & M Produce Co. v. FMC Corp., 135 Cal.App.3d 473, 186 Cal. Rptr. 114, 128 (1982), which was not a case under the Song-Beverly Act, the Court awarded prejudgment interest under section 3287(b) based on causes of action for breach of express and implied warranties. But, even if these cases provided sufficient grounds to establish that Plaintiff's claims are contract **1226 causes of actions, prejudgment interest under Section 3287(b) is unwarranted in this case.

As discussed above, courts awarding prejudgment interest under Section 3287(b) have considered: (1) the time between the lawsuit's filing and the judgment; (2) whether awarding interest will penalize the defendant for litigating a bona fide dispute; and (3) whether the plaintiff made settlement offers such that the defendant's refusal could be construed as placing the prejudgment interest amount at risk. Forouzan, 2019 WL 856395, at *9 (citing A&M Produce, 186 Cal. Rptr. at 128-29).

Here, the first factor weighs against prejudgment interest. Plaintiff filed his Complaint in December 2017, and the parties reached an agreement in November 2019. Thus, the relatively short 23-month duration of this Action does not support an award of prejudgment interest. See Ardestani v. BMW of N. Am. LLC., No. 8:17-CV-00721-JDE, 2019 WL 2098351, at *8 (C.D. Cal. May 13, 2019) (finding that "the relatively short time between the filing of the Complaint and the start of trial [ ] (23 months)" weighed against an award of prejudgment interest); contra A&M Produce, 186 Cal. Rptr. at 128 (finding that the seven years that passed between the filing of the initial complaint and the entry of judgment favored an award of prejudgment interest).

The second factor also weighs against an award of prejudgment interest. Here, the bona fide nature of the dispute was evidenced by the Court having settled the positions and arguments of the parties, including on a motion for judgment on the pleadings. See, e.g., Ardestani, 2019 WL 2098351, at *8 (declining to exercise discretion to award prejudgment interest under Section 3287(b) in a Song-Beverly case); Forouzan, 2019 WL 856395, at *9 (same); Ruiz v. BMW of N. Am., LLC, No. 2:16-CV-01177-ODW-AGR, 2018 WL 2106454, at *7 (C.D. Cal. May 7, 2018) (same).

The third factor also weighs against the Court exercising its discretion to award prejudgment interest. Here, Plaintiff did not make multiple settlement offers; the one offer Plaintiff made, pursuant to Cal. Civ. Code Section 998, was accepted by Defendant. Therefore, because Defendant did not reject any of Plaintiff's settlement offers thereby placing the prejudgement amount at risk, the Court finds that this factor weighs against an award of prejudgment interest.

Having weighed the factors typically employed by courts in determining whether to award discretionary prejudgment interest under Section 3827(b), the Court concludes that discretionary interest should not be awarded under this subsection. Accordingly, because the Court finds that prejudgment interest is not available under either Section 3287(a) or (b), the Court **DENIES** Plaintiff's Motion for Prejudgment Interest.

3. *Motion for Fees, Costs, and Expenses*

a. *Attorneys' Fees*

111 Fed. R. Evid. Serv. 1054

i. *Reasonable Rates*

Plaintiff seeks $150,538.50 in attorneys' fees. The first step in calculating the lodestar is determining the reasonable hourly rate. While the prevailing market rate for attorneys of comparable experience, skill, and reputation controls this determination, the fact that "a lawyer charges a particular hourly rate, and gets it, is evidence bearing on what the market rate is, because the lawyer and his clients are part of the market." Carson v. Billings Police Dep't, 470 F. 3d 889, 892 (9th Cir. 2006).

**\*1227** Plaintiff contends that the following hourly rates for his attorneys are reasonable: (1) $525 for Gregory Yu (16 years of practice); (2) $435 for Jacob Cutler (10 years of practice); (3) $350 for Gregory Sogoyan (2 years of practice); (4) $335 in 2018 and $365 for 2019 for Caitlin Scott (3 years of practice); (5) $410 for Christine Haw (6 years of practice); (6) $445 for Kyle Tracy (9 years of practice); (7) $385 for Natasha Bhushan (7 years of practice); (8) $445 for Anna Knafo (13 years of practice); (9) $375 in 2018 and $395 in 2019 for Carey Wood (6 years of practice); (10) $650 for Payam Shahian (16 years of practice); (11) $545 for Dara Tabesh (18 years of practice); (12) $600 for Michael Rosenstein (26 years of practice); and (13) $275 for Jonathan Cagliata (2 years of practice). Mot. for Fees 16:6-12; Decl. of Payam Shahian in Supp. of Mot. for Fees ("Shahian Decl.") ¶¶ 3-7, 20-37, ECF No. 83-20; Decl. of Dana Tabesh in Supp. of Mot. for Fees ("Tabesh Decl.") ¶¶ 4-7, Ex. A, ECF No. 83-18; Decl. of Michael Rosenstein in Supp. of Mot. for Fees ("Rosenstein Decl.") ¶¶ 3-6, Exs. A-B, ECF No. 83-14.

Plaintiff's primary evidence in support of the requested fees are the declarations of Payam Shahian, Dara Tabesh, and Michael Rosenstein. Defendant objects to almost every paragraph of these declarations with nothing more than stating "Relevance" or "Hearsay" and listing the corresponding Federal Rule of Evidence. See generally, Obj. to Decl. of Shahian, ECF No. 87-4; Obj. to Decl. of Tabesh, ECF No. 87-5; Obj. to Decl. of Cutler, ECF No. 87-6; Obj. to Decl. of Rosenstein, ECF. No 87-7. The Court **OVERRULES** Defendant's evidentiary objections because they are without merit and "are boilerplate and devoid of any specific argument or analysis as to why any particular exhibit or assertion in a declaration should be excluded." United States v. HVI Cat Canyon, Inc., 213 F. Supp. 3d 1249, 1257 (C.D. Cal. 2016); see also Stonefire Grill, Inc. v. FGF Brands, Inc., 987 F. Supp. 2d 1023, 1033 (C.D. Cal. 2013) (refusing to "scrutinize each objection and give a full analysis of identical objections"); Amaretto Ranch Breedables v. Ozimals, Inc., 907 F. Supp. 2d 1080, 1081 (N.D. Cal. 2012) ("This Court need not address boilerplate evidentiary objections."); Capitol Records, LLC v. BlueBeat, Inc., 765 F. Supp. 1198, 1200 n.1 (C.D. Cal. 2010) (citation omitted) (noting that "it is often unnecessary and impractical" to scrutinize "boilerplate recitations of evidentiary principles or blanket objections").

As the founder and most senior attorney of Strategic Legal Practices, Payam Shahian is "familiar with the experience and background of each attorney who has worked on this case at Strategic Legal Practices" and bases his determination that the hourly rates are reasonable on his "own experience and review of relevant court orders in the Los Angeles area." Shahian Decl. ¶ 20. Additionally, Shahian cites to several previous cases for each attorney in which hourly rates comparable to those requested in the instant Action were awarded to that specific attorney or to an attorney of similar experience in Los Angeles County. See Shahian Decl. ¶¶ 7, 22, 24, 26, 28, 30, 32, 34, 38, 37. Dara Tabesh bases his statement that the hourly rates are reasonable on his experience "both in [his] individual capacity and as an attorney and shareholder at EcoTech Law Group, P.C." with "extensive experience ... in consumer protection litigation," specifically "cases brought under California's consumer protection statutes, including the Song-Beverly Consumer Warranty Act." Tabesh Decl. ¶4. Tabesh also cites to several cases in which his hourly rate was awarded under similar circumstances. See id. ¶ 5. Michael Rosenstein bases his determination **\*1228** that the requested hourly rates are reasonable on his "25+ years of litigation experience, the skills and knowledge acquired over those years, and the rates reasonably charged by other attorneys who work in this area of law." Rosenstein Decl. ¶ 3. Rosenstein cites to the United States Consumer Law Attorney Fee Survey Report to support his position that the rates charged by his firm are reasonable. Id. ¶ 6.

Based on these declarations and support contained therein the Court establishes that the requested rates are reasonable.

ii. *Hours Reasonably Expended*

Plaintiff seeks $150,538.50 in attorneys' fees.[4] Mot. for Fees 7:14-23. He claims that his attorneys have spent a total of 317.7 hours litigating this case. Id. 17:13. Defendant argues that Plaintiff should not recover for all 317.7 hours because: Plaintiff engaged in block billing; billed for duplicative and unrelated work; and overstaffed this case.

The Court has carefully examined the bills submitted and finds they contain an appropriate level of detail to permit

Zargarian v. BMW of North America, LLC, 442 F.Supp.3d 1216 (2020)

111 Fed. R. Evid. Serv. 1054

the Court to conduct a meaningful review for reasonableness. First, Defendant objects to "block billing," and cites as an example an entry of 11.1 hours on December 16, 2019, described as "draft fee motion." Opp'n to Mot. for Fees 8:3-5, ECF No. 87. Further, in Ex. A to Defendant's Opposition to the Motion for Fees, Defendant notes that Tabesh's billing entry on November 17, 2019 for 8.4 hours described as "Further prepare ex parte application; proposed order; Tabesh declaration and exhibits; notice of motion and motion" was inappropriately block billed. Ex. A to Opp'n to Mot. for Fees. The Court finds that the disputed entries are reasonable here, as block billing only becomes an issue where there is a need to separate work that qualifies for compensation from work that does not. See Jaramillo v. Cty. of Orange, 200 Cal.App.4th 811, 133 Cal. Rptr. 3d 751, 765 (2011) (holding that block billed entries were reasonable where "there was no need to separate out covered from uncovered work"). The Court is faced with no such problem here.

Second, Defendant maintains that many of Plaintiff's billing items are impermissibly vague and should be excluded from the fee award. However, attorneys seeking fee awards are "not required to record in great detail how each minute of [their] time was expended." Hensley, 461 U.S. at 437 n.12, 103 S.Ct. 1933. Attorneys need only "keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." Id. at 441, 103 S.Ct. 1933 (Burger, C.J., concurring); see also United Steelworkers of Am. v. Ret. Income Plan For Hourly—Rated Employees of ASARCO, Inc., 512 F.3d 555, 565 (9th Cir. 2008). Under that standard, the Court finds no reason to reduce or eliminate any entries for vagueness.

Third, Defendant objects to the award of fees for items that Defendant claims are better suited as "Paralegal *1229 task[s]." See Ex. A to Opp'n for Mot. for Fees. These tasks include preparing case management conference documents, drafting the dismissal of other defendants, drafting a notice of appearance, drafting initial disclosures, drafting discovery documents, reviewing notices, and drafting documents to be filed with the Court. Id. It is well established that a plaintiff may not recover fees for time spent on purely clerical work. See Davis v. City & Cty. of S.F., 976 F. 2d 1536, 1543 (9th Cir. 1992), vacated on other grounds by Davis v. City & Cty. of S.F., 984 F.2d 345 (9th Cir. 1993) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them ... [The] dollar value [of such non-legal work] is not enhanced just because a lawyer does it.") (internal

quotations and citations omitted). However, the items here that Defendant describes as "paralegal tasks" differ from the "purely clerical or secretarial tasks" in Davis. Accordingly, the Court declines to exclude them from the fee award.

Fourth, Defendant contends that Plaintiff billed for "duplicative," "excessive," and "unrelated" work, and, further, "unnecessarily [ran] up fees when it [was] not warranted to do so" by hiring three different law firms to work on this matter. Opp'n to Mot. for Fees 6:11-14, 8:16-17. Specifically, Defendant objects to Plaintiff's decision to associate the Law Offices of Michael Rosenstein in as trial counsel because the case was not close to trial when it settled. Id. at 8:10-15. Further, Defendant objects to Plaintiff's billing items from EcoTech Law Group ("EchoTech") because EchoTech is located in San Francisco and hiring an additional firm was unnecessary to "litigate this simple lemon law dispute." Id. at 8:24-9:4. Here, the Court does not take issue with Plaintiff counsel's staffing decisions; from the billing records, it is clear that there was a strict division of labor between the firms, and the Court finds no evidence of duplicative work between the firms.

The Court also finds that billing items for motions that were ultimately not filed are reasonable, under the circumstances. Defendant objects to Plaintiff's counsel's billing entries related to a never-filed opposition to a motion for stay. The Court finds that in light of the back-and-forth motion filing that took place during the subject time period, it was not unreasonable for Plaintiff's counsel to work on a motion that was either eventually rendered moot, see Reply in Supp. of Mot. for Fees 23:6-13, ECF No. 92, or that counsel perhaps strategically decided not to file. Further, the Court finds that Defendant's remaining disputes as to the billing items being "excessive" or "unreasonable" as to the amount of time spent are without merit. Defendant provides the Court with no basis as to why the amount of time spent on these items was unreasonable or excessive.

Accordingly, the Court finds that all of the 317.7 hours Plaintiff billed to this Action were reasonable. However, because the instant motions were taken under submission and no hearing was required, Plaintiff's request for $5,000 to cover responding to Defendant's objections to the instant motions, as well as attending the hearings, is reduced to $3,000.

iii. *Lodestar Modification*

Zargarian v. BMW of North America, LLC, 442 F.Supp.3d 1216 (2020)
111 Fed. R. Evid. Serv. 1054

Plaintiff's reasonable rates and hours expended in this Action yield a lodestar of $148,538.50. The Court next must consider whether to increase or decrease the lodestar. See Stanger v. China Elec. Motor, Inc., 812 F. 3d 734, 740 (9th Cir. 2016) ("The decision to enhance or reduce the lodestar ... is within the district court's discretion"). Plaintiff argues for an *1230 upward modification of 1.5 because Plaintiff's counsel was forced to address unusually difficult issues as a result of Defendant's discovery tactics, Plaintiff's counsel obtained an excellent outcome, and the risks posed by this litigation were substantial. Mot. for Fees 21:1-2, 23:14, 24:7.

The Ninth Circuit has plainly stated that the lodestar amount is "presumptively the reasonable fee amount," and that a modification of the lodestar is appropriate only in "rare" and "exceptional" cases supported by both "specific evidence on the record and detailed findings ... that the lodestar amount is unreasonably low or unreasonably high." Van Gerwen v. Guarantee Mut. Life Co., 214 F. 3d 1041, 1045 (9th Cir. 2000) (quoting Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986)). Generally, courts consider the following factors when determining whether to enhance a lodestar: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." Ketchum v. Moses, 24 Cal.4th 1122, 104 Cal.Rptr.2d 377, 17 P.3d 735, 741 (2001) (citing Serrano v. Priest, 20 Cal.3d 25, 141 Cal.Rptr. 315, 569 P.2d 1303, 1316-17 (1977)). Courts have also recognized that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee' and 'an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation.' " Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 553, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010) (quoting Pennsylvania, 478 U.S. at 566, 106 S.Ct. 3088). The "novelty and complexity of a case generally may not be used as a ground for an enhancement because these factors 'presumably [are] fully reflected in the number of billable hours recorded by counsel.' " Id. Furthermore, "the quality of an attorney's performance generally should not be used to adjust the lodestar '[b]ecause considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate.' " Id.

The Court declines Plaintiff's request to apply an upward multiplier of 1.5 in this case. The amount of time and skill required to properly resolve this litigation, counsel's success in resolving the matter, and the case's novelty or complexity are reflected in the number of billable hours recorded and the reasonable hourly rate. Further, Plaintiff does not argue that counsel was prevented from taking other work because of the representation here. The Court acknowledges the contingent nature of this case; nonetheless, "[a]n attorney operating on a contingency-fee basis pools the risks presented by his various cases: cases that turn out to be successful pay for the time he gambled on those that did not. To award a contingency enhancement under a fee-shifting statute would in effect pay for the attorney's time ... in cases where his client does not prevail." City of Burlington v. Dague, 505 U.S. 557, 565, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). While Plaintiff claims that Defendant's litigation tactics made the risks associated with the contingent nature of this litigation extremely high, the Court finds that this case does not warrant the requested enhancement. The lodestar reflects the reasonable amount of attorneys' fees Plaintiff should recover, and the Court DENIES the requested 1.5 multiplier enhancement.

Accordingly, the Court awards Plaintiff $148,538.50 in attorneys' fees.

b. *Costs and Litigation Expenses*

Here, Plaintiff seeks $8,911.06 in litigation costs and expenses. Plaintiff filed an *1231 Application to the Clerk to Tax Costs [82], as well as made a request for costs and expenses in its Motion for Fees. Accordingly, the Court shall address the award of costs here.

Generally, "[a] federal court follows federal procedural law and, where it applies, state substantive law." Kohlrautz v. Oilmen Participation Corp., 441 F.3d 827, 830 (9th Cir. 2006). The recovery of prevailing party "costs in federal district court" is generally considered as procedural in nature, and "is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases." Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003). However, courts have repeatedly held that the Song-Beverly Act's costs provision is substantive in nature, so costs should be awarded pursuant to Section 1794(d), rather than Rule 54. See, e.g., Forouzan v. BMW of N. Am., LLC, 390 F. Supp. 3d 1184, 1187 (C.D. Cal. 2019); Zomorodian v. BMW of N. Am., LLC, 332 F.R.D. 303, 307 (C.D. Cal. 2019).

Under the Song-Beverly Act, a prevailing buyer "shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and

Zargarian v. BMW of North America, LLC, 442 F.Supp.3d 1216 (2020)

111 Fed. R. Evid. Serv. 1054

expenses." Cal. Civ. Code § 1794(d).

First, Defendant objects to Plaintiff's state court costs incurred prior to removal of the case because Plaintiff fails to provide a citation to the applicable state statute as required by the Bill of Costs Handbook." Def.'s Obj. to Pl.'s Appl. to Tax Costs ("Def.'s Costs Obj.") 3:27-28, ECF No. 89. However, the Court finds that Plaintiff properly relies on Section 1794(d) in requesting these costs. Accordingly, Defendant's objections to Plaintiff's state court costs are **OVERRULED**.

Defendant argues that Plaintiff should not be able to recover $3,115.75 in costs related to the October 29, 2019 deposition of Arcenio Campos and November 19, 2019 deposition of Plaintiff because "Local Rule 54-3.5(b) only permits the recovery of transcript costs 'if the transcript is used for any pursuant [sic] in connection with the case.' " Def.'s Costs Obj. 3:20-23 (citing C.D. Local Rule 54-3.5). Defendant argues that these deposition transcripts were not used in connection with the case because the case settled on November 19, 2019. Id. 3:23-25. First, the Court notes that Defendant is mistaken; Plaintiff's invoices indicate that Arcenio Campos's deposition took place on September 23, 2019, and Plaintiff's deposition took place on October 30, 2019.[5] See Ex. A to Pl.'s Appl. To Tax Costs. Further, the Court finds that depositions taken over two weeks before the case settled were, in fact, "used for any purpose in connection with the case." C.D. Local Rule 54-3.5(a). At the time these depositions were taken, a settlement had not yet been reached in this case; it was within Plaintiff counsel's right, and duty, to diligently pursue Plaintiff's case by conducting discovery. Accordingly, the Court **OVERRULES** Defendant's objections to the deposition costs.

Defendant also objects to $643 in costs that Plaintiff seeks for court reporter fees and transcript. Defendant argues that recovery of these costs is only warranted, pursuant to Local Rule 54-3.4, if they were ordered by the court or stipulated by counsel to be recoverable. Def.'s Costs Obj. 4:3-6. While "Local Rule 54-3.4 prohibits recovery for court reporter's transcripts without a court order to that effect, California law provides that prevailing plaintiffs can recover those expenses under [S]ection 1794(d)." **\*1232** BMW of N. Am., 390 F. Supp. 3d at 1188. Accordingly, Defendant's objections to the $643 in costs related to court reporter fees and transcript are **OVERRULED**.

Defendant objects to $1,767.20 for costs associated with surveillance and service of process of a deposition subpoena on Defendant's senior engineer, Michael Murray because it was unreasonable and unnecessary for

Plaintiff to incur these costs when Plaintiff noticed the deposition pursuant to Federal Rules of Civil Procedure Rule 30 and 45. Def.'s Costs Obj. 4:9-13. Plaintiff maintains that these costs were reasonable because Defendant objected to the deposition on the basis that Plaintiff did not properly subpoena the witness and provide Defendant with a copy of the subpoena. Pl.'s Resp. to Def.'s Costs Obj.("Pl.'s Costs Resp.") 7:18-21, ECF No. 90. Here, the Court finds that Plaintiff has failed to demonstrate why it was reasonable to undertake $1,767.20 in surveillance and service costs after it was Plaintiff who failed to properly subpoena the witness by failing to serve Defendant before serving the witness. Accordingly, the Court **DENIES** the $1,767.20 for costs associated with surveillance and service of process of a deposition subpoena on Defendant's senior engineer, Michael Murray.

Defendant objects to $998.08 in costs that were never incurred in this case, including $140.68 to file a motion to compel and $58.40 to file a supplemental request in support of the motion to compel, but no motion to compel was filed in this case. See Def.'s Costs Obj. 4:18-23. The Court **DENIES** these costs.[6] Defendant also objects to $800.00 for payment to Plaintiff's expert to attend the vehicle inspection on September 17, 2019, because Plaintiff's expert was ultimately unavailable and the inspection did not go forward. See Def.'s Costs Obj. 4:24-5:1. Plaintiff argues that while the inspection did not take place, Plaintiff had to pay the expert's invoice. Pl.'s Costs Resp. 8:7-11. The Court finds that these costs were not reasonably incurred because it was due to Plaintiff's expert's unavailability that the inspection did not take place. Therefore, the Court **DENIES** the costs for the expert's fee to attend the vehicle inspection.

Plaintiff also seeks to recover $163.44 for various costs without any documentation supporting the amount and taxability of each item.[7] See Def.'s Costs Obj. 5:6-15. But, Plaintiff did provide the documentation for the January 5, 2018 invoice for $43.85 to get conformed copies of the proof of service. See Ex. 7 in Supp. of Appl. for Costs at 5. However, Plaintiff did not file any documentation supporting his request for costs related to: (1) $31.80 to attend the motion to compel arbitration on May 3, **\*1233** 2018; (2) October 30, 2019 invoice for $44.44 for Michael Rosenstein to attend Plaintiff's deposition; or (3) October 30, 2019 invoice for $43.35 for Gregory Sogoyan to attend Plaintiff's deposition. Accordingly, the Court **DENIES** these costs.

Lastly, Defendant objects, in part, to Plaintiff's delivery and messenger service costs. Specifically, Defendant objects to $738.27 in costs associated with hiring

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

Zargarian **v.** BMW **of** North America, LLC, 442 F.Supp.3d 1216 (2020)
111 Fed. R. Evid. Serv. 1054

messenger services because Defendant claims that Plaintiff may only recover costs associated with fees for service of process under Federal Rule of Civil Procedure 4. See Def.'s Costs Obj. 5:17-22. Defendant also objects to $24.16 in costs associated with serving a notice of acceptance of a 998 offer to Defendant's attorneys' offices at two incorrect locations. Id. at 5:25-6:2. The Court finds that the costs associated with messenger services are reasonable and recoverable under Section 1794(d), which controls an award of costs here. See Donner v. FCA, No. CV 17-2303 MRW, 2019 WL 2902704, at *4 (C.D. Cal. Mar. 15, 2019) (granting the plaintiff's costs for messenger services). The Court finds that the cost associated with serving a notice of acceptance of a 998 offer at Defense counsel's improper address is not reasonable under Section 1794(d), and the Court **DENIES** the $24.16 in costs. See Donner, 2019 WL 2902704, at *4 ("The Court also accepts Defendant's contentions regarding costs associated with 'bad address' service attempts and ... [t]he Court does not find those costs to have been reasonably incurred or properly transferable.").

As such, the Court **GRANTS** Plaintiff $6,001.03 in costs

and expenses pursuant to Section 1794(d).

## III. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Prejudgment Interest. The Court **GRANTS in part** Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses. The Court **GRANTS in part** Plaintiff's Application to Tax Costs. Accordingly, Defendant is **ORDERED** to pay reasonable attorneys' fees in the amount of $148,538.50 and costs and expenses in the amount of $6,001.03.

**IT IS SO ORDERED.**

**All Citations**

442 F.Supp.3d 1216, 111 Fed. R. Evid. Serv. 1054

Footnotes

1   Plaintiff originally commenced this action also against Pacific BMW; however Plaintiff dismissed Defendant Pacific BMW on May 11, 2018.

2   Plaintiff attempts to argue that the dispute between the parties concerning whether the Vehicle had a nonconformity or whether the nonconformity impaired the use relate to liability and "have absolutely nothing to do with whether the damages were capable of being made certain." Pl.'s Reply in Supp. Of Mot. for Prejudgment Interest 1:27-28, ECF No. 91. But the court in Duale, as well as the Court here, found that these disputes affect the amount of recoverable damages, and therefore prevent an award of prejudgment interest under Section 3287(a).

3   The court in Bishop did not address prejudgment interest under Section 3287, but the court treated a cause of action brought under the Song-Beverly Act as a cause of action in contract.

4   This number does not include the requested "1.5 multiplier enhancement," but does include the request for $5,000 "as reasonably anticipated to review Defendant's fee Opposition, draft the Reply, review Defendant's Opposition to the Motion for Prejudgment Interest, draft the Reply, and attend the hearing on these Motions." Mot. for Fees 7:14-23. Furthermore, in his Reply, Plaintiff withdrew his request for $360 in fees concerning a billing item on September 20, 2019, described as "Reviewed and revised Plaintiff's Motion for Leave to Amend; directed co-counsel regarding the same," as the billing entry was inadvertently included. See Ex. 4 to Supplemental Cutler Decl., ECF No. 92-5.

5   The Court assumes that Defendant mistook the "Invoice Date" for the "Job Date" in evaluating the invoices. See Ex. A to Pl.'s Appl. to Tax Costs.

6   Plaintiff admits in his Response to Defendant's Objections to Application for Costs that a motion to compel was never filed in this Action, however Plaintiff states that he inadvertently listed as a motion to compel what was actually a Motion for Reconsideration of the State Court's ruling on the Motion to Compel Arbitration. See Pl.'s Costs Resp. 8:3-6. Plaintiff further concedes that he inadvertently included "a charge for $58.40 to file supplemental authority," but "[t]hat charge was for another lemon law case against BMW." Id. at 8:26-28. The Court declines to award costs in connection with filing the Motion for Reconsideration because those costs were not properly included in Plaintiff's Application for Costs.

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

Zargarian **v.** BMW **of** North **A**merica, LLC, 442 F.Su**pp.3**d 1216 (20**2**0)

111 Fed. R. Evid. Serv. 1054

7    These items include: (1) January 5, 2018 invoice for $43.85 to get conformed copies of the proof of service; (2) $31.80 to attend the motion to compel arbitration (mileage and parking) on May 3, 2018; (3) October 30, 2019 invoice for $44.44 for Michael Rosenstein to attend Plaintiff's deposition (mileage, parking and food); and (4) October 30, 2019 invoice for $43.35 for Gregory Sogoyan to attend Plaintiff's deposition (mileage, parking, and food).

**End of Document**                                    © 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 6

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**                                                      April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                          8:30 AM
**AMERICA, INC., et al.**

Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                   ERM: None
Courtroom Assistant: E. Avena                   Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Gregory Sogoyan for Tionna Dolin (Telephonic)

For Defendant(s): Daniel T. Dowling (Telephonic)

**NATURE OF PROCEEDINGS:** Order to Show Cause Re: Dismissal (Settlement); Hearing on Motion for Attorney Fees

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, Rule 2.956, Linda Lee, CSR #13568, certified shorthand reported is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. Order signed and filed this date.

The court's tentative ruling is posted online for parties to review.

The matter is called for hearing and argued. After argument, the Courts amends its tentative ruling and adopts it as the final order of the Court as follows:

Plaintiff's motion is granted in part. Plaintiff is awarded attorney fees and costs in the amount of $75,620.17. Plaintiff is to give notice.

Background

This is a lemon law action arising out of Plaintiff, Jose Adrian Franco Medina ("Plaintiff")'s purchase of a 2013 Kia Optima (the "Vehicle"), manufactured and/or distributed by Defendant, Kia Motors America, Inc. ("Kia America"). Plaintiff alleges that he received an express written warranty in connection with purchase of the Vehicle, which provided that Defendant undertook to preserve or maintain the Vehicle during the warranty period or to repair the Vehicle to warranty if a defect developed during the warranty period. According to Plaintiff, the Vehicle developed defects to a variety of areas during the warranty period, including its engine, oil

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 37

19STCV02985                                                        April 29, 2021
JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS                             8:30 AM
AMERICA, INC., et al.

Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                   ERM: None
Courtroom Assistant: E. Avena                   Deputy Sheriff: None

system, spark plugs and steering. Further, and according to Plaintiff, Defendant was provided sufficient opportunity to repair the Vehicle but were unable or failed to service the Vehicle, impairing its safety, use and/or value.

Plaintiff's Complaint alleges the following causes of action: (1) violation of Civil Code § 1793.2, subd. (d), (2) violation of Civil Code § 1793.2, subd. (b), (3) violation of Civil Code § 1793.2, subd. (a)(3), (4) breach of express written warranty (Civil Code § 1791.2, subd. (a), § 1794), (5) breach of the implied warranty of merchantability (Civil Code § 1791.1, § 1794, § 1795.5), (6) fraud by omission and (7) fraudulent inducement – intentional misrepresentation. The Complaint names the following as defendants: Kia America, Kia Motors Corporation ("Kia") and Hyundai Motor Company ("Hyundai").

On July 22, 2020, Kia's motion to quash service of summons was granted.

On January 8, 2021, the parties informed the court at a Post-Mediation Status Conference that the matter had settled.

Plaintiff now moves for an award of attorney's fees and costs. Kia America opposes the motion.

Evidentiary Objections

Kia America's Objections to Hooper Declaration

Overruled: 4-5

Sustained in Part: 7, 9-11

Sustained: 1-3, 6, 8


Objection 7: sustained in part as to everything after "which Plaintiff's motion to compel documents."

Objection 9: sustained in part as to the second sentence.

Objection 10: sustained in part as to the second sentence.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

19STCV02985                                                           April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**              8:30 AM
**AMERICA, INC., et al.**

Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                   ERM: None
Courtroom Assistant: E. Avena                   Deputy Sheriff: None

Kia America's Objections to Shahian Declaration

Overruled: 1-4, 27, 29, 31, 33, 35, 49-51

Sustained: 5-24, 47, 52

Sustained in Part: 25-26, 28, 30, 32, 34, 36-46, 48

Objection 25: sustained except the last sentence.

Objection 26: sustained after the first sentence.

Objection 28: sustained after the first sentence.

Objection 30: sustained after the first sentence.

Objection 32: sustained after the first sentence.

Objection 34: sustained after the first sentence.

Objection 36: sustained after the first sentence. Lacks foundation and personal knowledge

Objection 37: sustained as to everything except "before joining SLP and focusing her practice on consumer protection matters in individual and class action matters."

Objection 38: sustained after the first sentence.

Objection 39: sustained except the last sentence.

Objection 40: sustained after the first sentence.

Objection 41: sustained except the last sentence.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 37

19STCV02985                                                        April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                        8:30 AM
**AMERICA, INC., et al.**

Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                   ERM: None
Courtroom Assistant: E. Avena                   Deputy Sheriff: None

Objection 42: sustained after the first sentence.

Objection 43: sustained except the last sentence.

Objection 44: sustained after the first sentence

Objection 45: sustained except the last sentence.

Objection 46: sustained after the first sentence..

Objection 48: sustained after the first sentence.

Plaintiff's Objections to Dowling Declaration

Overruled: 1, 3, 5, 12

Sustained: 1-2, 4, 6-10, 13-18

Sustained in part: 11


Objection 11: sustained to all after 12 attorneys.

Request for Judicial Notice

Plaintiffs request judicial notice of the following in support of their motion:

A February 27, 2014 Minute Order in the matter Khani v. Ford Motor Company (L.A. Super. Ct. Case No. BC466626) (Exhibit 1);

A May 9, 2017 Stipulation and signed Order in the matter Vanwaus v. FCA US, LLC (Los Angeles Super. Ct., Case No. BC591282) (Exhibit 2);

A September 27, 2017 Minute Order concerning the Court's Fee Order in the matter of Fuller v. FCA US, LLC (Los Angeles Super. Ct., Case No. BC556964) (Exhibit 3);

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**                                                   April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                        8:30 AM
**AMERICA, INC., et al.**

Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                   ERM: None
Courtroom Assistant: E. Avena                   Deputy Sheriff: None

A February 27, 2018 Notice of Ruling and Tentative Ruling in the matter of Kazaryan v. Mercedes-Benz USA, LLC (Los Angeles Super. Ct., Case No. BC574416) (Exhibit 4);

A Notice of Ruling in the matter of Geredes v. Chrysler Group LLC (Los Angeles Super. Ct., Case No. BC52364) (Exhibit 5);

A Notice of Ruling in the matter of Ahmed Al-Jiboury v. FCA (Los Angeles Superior Court Case No BC648057) (Exhibit 6);

A Second Amended Judgment on Jury Verdict after Entry of Additur in the matter of Kadkhoda v. MBUSA (Los Angeles Superior Court Case No BC563069) (Exhibit 7);

A Notice of Ruling on Plaintiff's motion for attorney's fees, costs and expenses in the matter of Raul Galindo v. General Motors (LASC Case No BC693061) (Exhibit 8);

An Order on attorney's fees and prejudgment interest in the lemon law matter of Abraham Forouzan v. BMW (United States District Court for the Central District of California Case No. 2:17-cv03875-DMG-GJS) (Exhibit 9);

An Order on attorney's fees, costs and expenses in the lemon law matter of Joshua Holeman v. FCA (United States District Court for the Central District of California Case No. 2:17-cv-08273-SVWSK) (Exhibit 10);

An Order on attorneys' fees, costs and expenses in the lemon law matter of Catherine Shepard v. BMW (Los Angeles Superior Court Case No. BC622506) (Exhibit 11);

Order on attorneys' fees and prejudgment interest in the lemon law matter of Jerry Zomorodian v. BMW (United States District Court for the Central District of California Case No. 2:17-cv5061-DMG(PLAx) (Exhibit 12);

Order on attorneys' fees and prejudgment interest in the lemon law matter of Zargarian v. BMW (United States District Court for the Central District of California Case No. 2:18-cv-04857-RSWLPLA) (Exhibit 13);

September 16, 2016 order granting plaintiff's Motion for Attorney's Fees, Costs and Expenses in the lemon law matter of Soderstrom v. Mercedes-Benz USA, LLC (San Francisco Super. Ct.,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

19STCV02985                                                          April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                          8:30 AM
**AMERICA, INC., et al.**

Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                   ERM: None
Courtroom Assistant: E. Avena                   Deputy Sheriff: None

Civil Case No.CGC15544475) (Exhibit 14);

The Declaration of Bryan Kemnitzer filed in support of plaintiff's Motion for Attorney's Fees, Costs, and Expenses in the Song Beverly natter of Soderstrom v Mercedes-Benz, USA, LLC (San Francisco Super. Ct., Civil Case No. CGC15544475) (Exhibit 15);

February 14, 2019, order in Khomsone v BMW of North America, LLC (Alameda Super. Ct., Civil Case No. RG17856686) (Exhibit 16);

July 28, 2020, order granting plaintiff's Motion for Attorney's Fees, Costs, and Expenses in the matter of Flores v. FCA US, LLC (Sacramento Super. Ct., Case No. 34-2016-00192221-CU-BCGDS) (Exhibit 17);

August 25, 2020, order in the matter of Jurosky v BMW of North America, LLC, (United States District Court for the Northern District of California Case No. 19cv706 JM (BGS)) (Exhibit 18);

2020 WL 759285 (S.D. Cal. Feb. 14, 2020) (Exhibit to Hooper Decl.)

Plaintiff's request is denied. The existence and legal significance of these documents are proper matters for judicial notice (Evidence Code § 452, subds. (d), (h).) but they are of no relevance to this motion.

Discussion

Plaintiff requests an award of attorney's fees in the total amount of $143,110.57, broken down as follows: (1) $89,857.50 lodestar amount, (2) $4,824.32 in costs and expenses, (3) $44,928.75 in a lodestar enhancement, and (4) $3,500 for Plaintiff's counsel's remaining time on the instant motion.

Plaintiff's Entitlement to Attorney's Fees

Plaintiffs request attorney's fees as the prevailing party under the Song-Beverly Act, which allows a prevailing buyer to recover "attorney's fees based on actual time expended, determined

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**                                                      April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                          8:30 AM
**AMERICA, INC., et al.**

| | |
|---|---|
| Judge: Honorable Richard J. Burdge Jr. | CSR: L. Lee #13568 |
| Judicial Assistant: L. Garcia | ERM: None |
| Courtroom Assistant: E. Avena | Deputy Sheriff: None |

by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." (Civ. Code, § 1794, subd. (d).)

Reasonable Amount of Attorney's Fees Award

"A trial court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney ... involved in the presentation of the case." (Christian Research Inst. v. Alnor (2008) 165 Cal.App.4th 1315, 1321 (Christian).) The Court "need not simply award the sum requested. To the contrary, ascertaining the fee amount is left to the trial court's sound discretion." (Ibid.) "The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved. The court may also consider whether the amount requested is based upon unnecessary or duplicative work." (Wilkerson v. Sullivan (2002) 99 Cal.App.4th 443, 448.) "The basis for the trial court's calculation must be the actual hours counsel has devoted to the case, less those that result from inefficient or duplicative use of time." (Horsford v. Board of Trustees of California State University (2005) 132 Cal.App.4th 359, 395 (Horsford).) "The law is clear, however, that an award of attorney fees may be based on counsel's declarations, without production of detailed time records. (Raining Data Corp. v. Barrenechea (2009) 175 Cal.App.4th 1363, 1375.)

Billing Rates Requested

Plaintiff submits the declaration of his counsel, Payam Shahian ("Shahian") in support of the billing rates requested in this motion.

First, Shahian attests that he is the managing partner of SLP, which has a primary focus on consumer warranty and fraud cases. (Shahian Decl. ¶¶ 1, 3.) Shahian attests that as the most senior attorney at SLP, he supervises other attorneys on this matter and is familiar with the experience and background of each attorney. (Shahian Decl. ¶ 26.) Shahian attests to the following rates for SLP attorneys who billed on this matter:

Anh Nguyen: $385/hour in 2019, $435/hour in 2020 (in practice since 2012, 9 years)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

19STCV02985                                                                April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                                          8:30 AM
**AMERICA, INC., et al.**

Judge: Honorable Richard J. Burdge Jr.            CSR: L. Lee #13568
Judicial Assistant: L. Garcia                     ERM: None
Courtroom Assistant: E. Avena                      Deputy Sheriff: None

---

Anna Galviz: $420/hour in 2019 (in practice since 2013, 8 years)

Debora Rabieian: $395/hour in 2021 (in practice since 2017, 4 years)

Donna Hooper $595/hour in 2021 (in practice since 2000, 21 years)

Matthew Pardo: $335/hour in 2019 and $390/hour in 2021 (in practice since 2017, 4 years)

Aaina Duggal: $365/hour in 2021 (in practice since 2018, 3 years)

Tionna Dolin: $395/hour in 2019 and $425/hour in 2020 (in practice since 2014, 9 years)

Christine Haw: $375/hour in 2018, $410/hour in 2019 (in practice since 2013, 7 years)

Jacob Cutler: $460/hour in 2020 (in practice since 2009, 12 years)

Karen Wallace: $425/hour in 2019 and $450/hour in 2020 (in practice since 2010, 11 years)

James Tarter: $475/hour in 2020 (in practice since 2008, 13 years)

Sean Crandal: $385/hour in 2018, $410/hour in 2019 and $425/hour in 2020 (in practice since 2015, 6 years)

Jonathan Poe: $595/hour in 2020 (in practice since 2002, 19 years)

(Shahian Decl. ¶¶ 28-50.) Further, Shahian attests that some of his associate attorneys specialize in lemon law or have had extensive lemon law trial experience. (see, eg., Shahian Decl. ¶¶ 29, 31.)

Kia America does not contend that any of Plaintiff's attorney's requested billing rates are unreasonable.

Thus, the court finds that Plaintiff's requested billing rates are reasonable.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**                                                                April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                                     8:30 AM
**AMERICA, INC., et al.**

Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                   ERM: None
Courtroom Assistant: E. Avena                    Deputy Sheriff: None

---

Hours Requested

Plaintiff requests a lodestar of $89,857.50, based on 192.7 hours of total attorney time. (Motion, 9-11.) (Shahian Decl. ¶ 51, Ex. 19.) According to Plaintiff, the entire requested amount was reasonable because it was necessitated by Kia America's failure to pay Plaintiff his damages until after commencement of litigation. (Id.) Additionally, according to Plaintiff, all the requested amounts are reasonable because no duplication of efforts occurred. (Id.)

In opposition, Kia America contends that Plaintiff's requested hours should be reduced as follows: (1) Plaintiff should not recover any amounts for fees incurred after acceptance of Kia America's Code of Civil Procedure section 998 Offer to Compromise ("998 Offer"), (2) Plaintiff should not recover any amounts on fraud claims, which do not support an award of attorney's fees, (3) Plaintiff's requested amounts should otherwise be reduced for unnecessary and duplicative billing. (Opposition, 6-13.)

In support of its first argument, Kia America cites to Meister v. Regents of California (1998) 67 Cal.App.4th 437, 449-450 (Meister). In Meister, the Court of Appeal found that the trial court properly exercised discretion to deny attorney's fees following a settlement offer on the grounds that fees incurred after the settlement offer were not reasonably incurred. (Id. at 449-455.) According to the Court of Appeal, the trial court was within its discretion to consider "all of the facts and entire procedural history of the case" in reaching the conclusion that the settlement offer, which Plaintiff rejected, would have afforded Plaintiff "as good or better relief than the judgment." (Id. at 455.)

In support of its second argument, Kia America cites to Akins v. Enterprise Rent-A-Car Co. of San Francisco (2000) 79 Cal.App.4th 1127 (Akins). Akins examined whether an award of attorney's fees pursuant to the Fair Debt Collection Practices Act ("FDCPA") was proper. (Id. at

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

19STCV02985                                                                    April 29, 2021
JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS                                          8:30 AM
AMERICA, INC., et al.

Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                   ERM: None
Courtroom Assistant: E. Avena                   Deputy Sheriff: None

1130.) The Court of Appeal concluded that the attorney fees award was proper in that it did not require Plaintiff to apportion hours between claims for which attorney fees were compensable by statute and other hours incurred. (Id. at 1134.) Specifically, the Court of Appeal ruled that fees do not need to be apportioned when the fees are incurred both for causes of action that carry statutory attorney fees and causes of action that do not. (Id. at 1133.)

Meister does not stand for the proposition that fees incurred after a 998 Offer must be reduced on the grounds that they are unreasonable. Kia America's 998 Offer was issued in January 2020 and was accepted in August 2020. In between these dates, Kia's Motion to Quash Service of Summons was heard in July 2020, a motion for which both parties expended significant hours. Thus, the court does disagrees with Kia America's first argument that Plaintiff's attorney fees incurred after issuance of its 998 Offer must all be stricken as unreasonable.

Second, Akins does not stand for the proposition that Plaintiff was required to strictly apportion the requested fees between Song-Beverly claims and claims not related to Song-Beverly. Pursuant to Akins, Plaintiff was not required to apportion the requested fees if the requested fees are incurred both for causes of action that carry statutory attorney's fees and causes of action that do not. The court has reviewed Plaintiff's counsel's submitted billing records, attached as Exhibit 19 to the Shahian Declaration. Based on this review, the court finds that the principle articulated in Akins applies and Plaintiff's counsel did not have to strictly apportion their fee requests. The court is concerned that much of the broad discovery was directed at the misrepresentation claims and not the basic underlying liability case, but much of that evidence is also relevant to the issue of statutory penalties.

Third, Kia America argues that much of Plaintiff's requested hours has to be reduced because they consist of improper, block billed, and or vague and duplicative work. (Opposition, 11-13.) For example, Kia America contends that hours for attorney Jonathan Poe must be reduced because they consist of 47.5 block billed hours for "review documents." (Id.) Additionally, Kia America contends that, for example, hours for internal communications between James Tarter and Jonathan Poe must be reduced, for a total of 55.5 hours because they are "flagrant inefficiency and unnecessarily duplicative work." (Id.) Further, Kia America contends that fees

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

19STCV02985                                                          April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                           8:30 AM
**AMERICA, INC., et al.**

Judge: Honorable Richard J. Burdge Jr.            CSR: L. Lee #13568
Judicial Assistant: L. Garcia                     ERM: None
Courtroom Assistant: E. Avena                     Deputy Sheriff: None

must not be awarded for attorney Jonathan Tarter's entry to "draft case eval and mediation brief"
as "it seems both wholly unreasonable and inefficient" to have a new attorney complete this task
when Plaintiff has already overstaffed the matter. (Id.)

The court agrees with Defendant that some of Plaintiff's requested fees represent time for block
billed and/or duplicative work and will reduce those fees. As a general rule, block billing is an
undisciplined practice that can "render it virtually impossible to break down hours on a task-by-
task basis between those related to the [particular claims at issue] and those that are not." (Bell
Vista Unified School Dist. (2000) 82 Cal.App.4th 672, 689 (Bell Vista).) Trial courts retain
discretion to penalize block billing when the practice prevents them from discerning which tasks
are compensable and which are not. (Heritage Pacific Fin., LLC v. Monroy (2013) 215
Cal.App.4th 972, 1010-1011, citing Christian, supra, 165 Cal.App.4th at pp. 1324-1325.)

Specifically, the court agrees that attorney Jonathan Poe's billing entries for reviewing
documents are duplicative and block billed. Attorney Poe has billed 47.5 for reviewing
documents in increments of 7.5 hours or 8 hours, and the court is unable to discern from these
billing entries whether the 47.5 hours allegedly incurred are reasonably incurred in connection
with this matter. Thus, the court will reduce this amount by half, for a total reduction of 23.75
hours at $595 per hour or $14,131.25.

Additionally, the court agrees that attorney Jonathan Tarter's entry for 8 hours to "draft case eval
and mediation brief" is improperly block billed. Other attorneys in Plaintiff's counsel's office
billed to meet and confer or have internal discussions regarding the mediation, such as Jacob
Cutler ("JC") and Karen Wallace ("KW"). Additionally, Mr. Cutler billed to attend the
mediation. Thus, Mr. Tarter billing 8 hours to "draft case eval and mediation brief" is not
reasonably incurred and represents unnecessary and duplicative work. The court will reduce this
amount by half, for a total reduction of 4 hours at $475 per hour or $1,900.

However, the court declines to reduce Plaintiff's requested hours for internal communications

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**                                                    April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                          8:30 AM
**AMERICA, INC., et al.**

| | |
|---|---|
| Judge: Honorable Richard J. Burdge Jr. | CSR: L. Lee #13568 |
| Judicial Assistant: L. Garcia | ERM: None |
| Courtroom Assistant: E. Avena | Deputy Sheriff: None |

regarding this matter. Kia America has not cited any authority in support of the argument that attorney's fees in connection with internal communications are unreasonable in connection with a lemon law action. The court does not find Plaintiff's counsel's requested hours for internal communications unreasonable.

Attorney Galaviz billed between 6/5/2019 and 6/18/2019 almost 40 hours with respect to a motion to compel discovery. 7 hours were on a meet and confer letter, which is a large amount of time for that task, but the court will not reduce those hours. However, less that 4 days after sending that letter she started preparing the motion to compel. There are no entries regarding a good faith attempt to resolve the discovery issue. Eventually, an IDC was scheduled after 30+ hours drafting a motion. That conduct was not reasonable, and the court will reduce 15 hours at her rate of $420 per hour, or $6,300.

In addition, Plaintiff made an ill-supported effort to serve two Japanese parent corporations with no connections to California. In response to the first motion to quash, Plaintiff withdrew its proof of service; but Plaintiff then made another attempt at service despite having no evidence to support personal jurisdiction over the Japanese company and compelling evidence that there was no jurisdiction from the first motion to quash. Plaintiff again withdrew the proof of service, but the specially appearing defendant obtained an order quashing service to avoid a third attempt. Defendants highlight 6.4 hours for those efforts at a fee of $2,698.50. At least half of those were not reasonably necessary, so the hours will be reduced by 3.2 hour for a fee reduction of $1,399. In addition, costs incurred for service after February 2019 will be disallowed in the amount of $760.60.

For these reasons, the court approves a lodestar amount of 146.45 hours of attorney time, for a total of $68,056.45.

Multiplier

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 37

19STCV02985                                                    April 29, 2021
JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS                        8:30 AM
AMERICA, INC., et al.

Judge: Honorable Richard J. Burdge Jr.        CSR: L. Lee #13568
Judicial Assistant: L. Garcia                 ERM: None
Courtroom Assistant: E. Avena                 Deputy Sheriff: None

The court's objective is to award a fee at the fair market value for the particular action.
(Ketchum, supra, 24 Cal.4th at p. 1132.) The analysis generally begins with the lodestar figure—
i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate. (Id. at
pp. 1131-1132.) The lodestar is the basic fee for comparable legal services in the community.
(Id. at p. 1132.) The court may then adjust the lodestar to arrive at the fair market value of the
legal services provided. In adjusting the lodestar, the court considers factors including: (1) the
contingent nature of the fee award, (2) the novelty and difficulty of the questions involved, (3)
the skill displayed in presenting them, and (4) the extent to which the nature of the litigation
precluded other employment by the attorneys. (Ibid.)

Plaintiff requests a multiplier of 1.5. (Motion, 11-13.) Specifically, Plaintiff contends that the
multiplier is warranted because Plaintiff's counsel obtained an excellent outcome and further,
because Plaintiff's counsel took the matter on a contingency fee basis, which presented a
substantial risk of nonrecovery. (Id.)

In opposition, Kia America contends that Plaintiff's request for a multiplier must be denied, and
a negative multiplier must be applied. (Opposition, 13-14.) according to Kia America, no
multiplier is warranted because this is a simple lemon law matter. (Id.) Additionally, a negative
multiplier is allegedly warranted because Plaintiff's counsel engaged in improper "filing
churning" after Kia America served its 998 Offer.

The court finds that a multiplier is unwarranted. Plaintiff has not demonstrated that this case fits
the Ketchum factors such that a positive multiplier is warranted. Almost one-third of the fees
were incurred after the second 998 offer, but no measurable benefit was obtained by those
efforts.


Costs and Expenses


Plaintiff requests an award of $4,824.32 in costs and expenses, on the grounds that this
represents the total amount of costs and litigation expenses reasonably incurred. As stated above
the costs will be reduced by $760.60 for the unnecessary second attempt to serve the Japanese

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**
April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**
8:30 AM
**AMERICA, INC., et al.**

| | |
|---|---|
| Judge: Honorable Richard J. Burdge Jr. | CSR: L. Lee #13568 |
| Judicial Assistant: L. Garcia | ERM: None |
| Courtroom Assistant: E. Avena | Deputy Sheriff: None |

corporations.

Kia America does not otherwise challenge Plaintiff's request for costs and expenses. Thus, the court will award $4,063.72.

After argument, the court awards an additional $3,500 for Plaintiff's counsel's remaining time on the instant motion.

Conclusion
Plaintiff's motion is granted in part. Plaintiff is awarded attorney's fees and costs in the amount of $75,620.17. Plaintiff is to give notice and prepare order.

On the Court's own motion, the Order to Show Cause Re: Dismissal (Settlement) scheduled for 04/29/2021 is continued to 05/13/2021 at 08:30 AM in Department 37 at Stanley Mosk Courthouse.

# EXHIBIT 7

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 74

**BC722351**                                                            May 12, 2021
**MICHELE WILLIAMS VS KIA MOTORS AMERICA INC**                          8:30 AM

Judge: Honorable Michelle Williams Court          CSR: None
Judicial Assistant: C. Guerrero                   ERM: None
Courtroom Assistant: R. Cruz                      Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Ruling on Submitted Matter: Plaintiff's Motion for Attorney Fees

The Court, having taken the matter under submission on 05/10/2021, now rules as follows:

The motion is GRANTED IN PART. The court awards plaintiff fees in the amount of $47,244.40. Plaintiff's request for costs is DENIED WITHOUT PREJUDICE.

Plaintiff's Request for Judicial Notice

Plaintiff seeks judicial notice of 19 orders and stipulations in various state and federal court files. The request for judicial notice is GRANTED.

Plaintiff's Evidentiary Objections to the Declaration of Patrick J. Raue

Objections 1-13 are SUSTAINED.

Defendant's Evidentiary Objections

Declaration of Aaina Duggal

Objection 1 is SUSTAINED.

Declaration of Payam Shahian

Objections 25 – 37 are SUSTAINED.

Objections 1 – 24, and 38-39 are OVERRULED.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 74

BC722351                                                              May 12, 2021
**MICHELE WILLIAMS VS KIA MOTORS AMERICA INC**                        8:30 AM

Judge: Honorable Michelle Williams Court        CSR: None
Judicial Assistant: C. Guerrero                 ERM: None
Courtroom Assistant: R. Cruz                    Deputy Sheriff: None

---

Discussion

This is a lemon law action arising out of Plaintiff Michele Williams's ("Plaintiff") purchase of a
2012 Kia Optima (the "Vehicle") manufactured by Defendant Kia Motors America, Inc.
("Defendant"). The action has settled and the only issue remaining is attorney fees.

Plaintiff seeks attorney fees pursuant to Civil Code §1794(d). Plaintiff seeks a total award of
$67,922.92, which includes: (1) $46,081.40 in attorney fees; (2) $2,712.89 in costs and expenses;
(3) a 1.35 multiplier enhancement on the attorney fees (i.e., $16,128.53) and (4) an additional
$3,000.00 for work performed on this motion after its filing.

Attorney fees when authorized by statute are allowable as costs and may be awarded upon a
noticed motion. Code of Civil Procedure §1033.5(a)(10)(B).

In determining what fees are reasonable, California courts apply the "lodestar" approach. (See,
e.g., Holguin v. DISH Network LLC (2014) 229 Cal.App.4th 1310, 1332.) This inquiry "begins
with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable
hourly rate." (See PLCM Group v. Drexler (2000) 22 Cal.4th 1084, 1095.) From there, the "[t]he
lodestar figure may then be adjusted, based on consideration of factors specific to the case, in
order to fix the fee at the fair market value for the legal services provided." (Ibid.) Relevant
factors include: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in
presenting them, (3) the extent to which the nature of the litigation precluded other employment
by the attorneys, [and] (4) the contingent nature of the fee award." (Ketchum v. Moses (2001) 24
Cal.4th 1122, 1132 (Ketchum).)

Lodestar

Plaintiff's counsel, Strategic Legal Practices, APC, used many attorneys who bill at different
rates on this matter. The claimed fees consist of work by the following attorneys at the following
rates for the following time:

Attorney - Rate - Hours Claimed - Lodestar

Aaina Duggal - $365 - 6.50 - $2,372.50
Anh Nguyen - $435 - 1.6 - $696.00
Anh Nguyen - $385 - 2.1 - $808.50
Donna Hooper - $595 - 3.6 - $2,142.00
Esther Kim - $350 - 7.4 - $2,590.00

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 74

BC722351                                                                        May 12, 2021
**MICHELE WILLIAMS VS KIA MOTORS AMERICA INC**                                      8:30 AM

Judge: Honorable Michelle Williams Court          CSR: None
Judicial Assistant: C. Guerrero                   ERM: None
Courtroom Assistant: R. Cruz                      Deputy Sheriff: None

---

Hayk Proshyan - $360 - 3.0 - $1,080.00
Jacob Cutler - $460 - 2.5 - $1,150.00
Jessica Zamora - $375 - 5.5 - $2,062.50
Jonathan Poe - $595 - 8.0 - $4,760.00
Julian Moore - $525 - 8.4 - $4,410.00
Matthew Pardo - $365 - 8.5 - $3,102.50
Matthew Pardo - $335 - 12.2 - $4,087.00
Matthew Roberts - $435 - 10.0 - $4,350.00
Sean Crandall - $410 - 9.0 - $3,690.00
Sean Crandall - $385 - 17.70 - $6,814.50
Sean Crandall - $350 - 4.10 - $1,435.00
Tionna Dolin - $395 - 0.30 - $118.50
Tionna Dolin - $375 - 1.10 - $412.50

Total: 111.3 $46,081.50

Plaintiff submits sufficient details about the counsel's experience justifying these sought rates. Defendant does not challenge these rates as unreasonable. Therefore, the Court deems the rates as reasonable.

The bulk of Defendant's opposition challenges the reasonableness of the hours spent on the work litigating this case. As a preliminary matter, the Court finds that the declarations and billing records submitted by Plaintiff's counsel provide sufficient details, including a description of the tasks, to assess the reasonableness of time expended for each task. Moreover, the tasks involved arise from a common core of facts and the work involved on all claims is inextricably intertwined.

The court finds, however, the time spent on the unserved motion to compel and the fee motion should be deducted from the total lodestar calculation. Accordingly, the Court reduces the lodestar by $1,837.00.

Defendant argues that Plaintiff is not entitled to fees incurred after Defendant tendered the Code of Civil Procedure §998 settlement offer. The settlement offer did not effectively resolve the case or Plaintiff's counsel's obligation to work on the matter including to oppose the pending motion to transfer and to assess the reasonableness of the offer. The work as documented was reasonably necessary to resolve the litigation at the point Plaintiff received the settlement funds. Accordingly, the existence of the §998 offer does not affect the lodestar calculation.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 74

BC722351                                                                    May 12, 2021
**MICHELE WILLIAMS VS KIA MOTORS AMERICA INC**                                  8:30 AM

Judge: Honorable Michelle Williams Court          CSR: None
Judicial Assistant: C. Guerrero                   ERM: None
Courtroom Assistant: R. Cruz                      Deputy Sheriff: None

Loadstar is calculated to be $47,244.40.

Multiplier

Plaintiff seeks a 1.35 multiplier. The court has already taken the fact Plaintiff's counsel worked on contingency into account as required by Ketchum. There is nothing before the court to suggest that this was not a relatively straightforward lemon law case, an area in which Plaintiff's counsel specializes, or that required it extraordinary legal skill and/or required counsel to bear unnecessary risk. Further, this case did not present novel or complex issues. The request for a multiplier is denied.

Costs

The Court denies Plaintiff's request for $2,712.89 in costs, without prejudice. California Rules of Court rule 3.1700(a)(1) provides that the memorandum of costs must be served and filed within 15 days after the date of service of the notice of entry of judgment or dismissal by the clerk or within 180 days after entry of judgment, whichever is first. Here, there has been no dismissal filed. Insofar as Plaintiff seeks to recover costs, Plaintiff must file a memorandum of costs once a dismissal has been filed. Then Defendant can move to strike specific costs if it wishes to do so.

The Order to Show Cause re dismissal following settlement is continued to 6/30/2021 at 8:30 a.m. in Department 74 at Stanley Mosk Courthouse.

The clerk is directed to give notice.

Certificate of Mailing is attached.

# EXHIBIT 8

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 39

**BC710535**                                                                    March 14, 2022
**OSCAR MILLAN VS KIA MOTORS AMERICA INC**                          8:30 AM

Judge: Honorable Stephen I. Goorvitch          CSR: Sheila Pham CSR# 13293 (Remote)
Judicial Assistant: R. Mendoza                 ERM: None
Courtroom Assistant: K. Ghazarian              Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Sepehr Daghigian, Esq (Telephonic) by Michael Rosenstein; Matthew J. Pardo

For Defendant(s): Marcelo Lee by Mikaela Jackson (Telephonic)

**NATURE OF PROCEEDINGS:** Order to Show Cause Re: Dismissal (Settlement); Hearing on Motion for Attorney Fees

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Sheila Pham, CSR # 13293, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The matter is called for hearing.

Counsel for plaintiff submits on the Court's tentative.

Counsel for defendant submits on the Court's tentative.

The Court's tentative shall issue as the Order of the Court.

After reading and considering all moving documents, and conferring with counsel, the court rules as follows:

The Motion for Attorney Fees filed by Oscar Millan on 02/15/2022 is Granted.

BACKGROUND

Plaintiff filed this case under the Song-Beverly Consumer Warranty Act on June 15, 2018. The parties engaged in extensive litigation, which included responsive motions, a petition for coordination, numerous discovery motions, a motion for summary judgment, and motions in limine. The case settled two days before trial. Now, Plaintiff's counsel seeks attorney's fees totaling $173,759.83 consisting of: (1) $93,677.50 in attorney's fees for Strategic Legal Practices, (2) $22,327.50 in attorney's fees for California Consumer Attorneys, P.C., (3) A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 39

| | |
|---|---|
| BC710535 | March 14, 2022 |
| OSCAR MILLAN VS KIA MOTORS AMERICA INC | 8:30 AM |

| | |
|---|---|
| Judge: Honorable Stephen I. Goorvitch | CSR: Sheila Pham CSR# 13293 (Remote) |
| Judicial Assistant: R. Mendoza | ERM: None |
| Courtroom Assistant: K. Ghazarian | Deputy Sheriff: None |

multiplier enhancement of 1.35, (4) Costs and expenses of $13,653.09, and (5) An additional $3,500 for litigation relating to this motion. The Court agrees that substantial attorney's fees are warranted in this case given the extensive litigation and awards a total of $114,364.32 plus costs of $13,653.09.

LEGAL STANDARD

The determination of reasonable amount of attorney fees is within the sound discretion of trial courts. (PLCM Group v. Drexler (2000) 22 Cal.4th 1084, 1095; Akins v. Enterprise Rent-A-Car Co. (2000) 79 Cal. App. 4th 1127, 1134.) The burden is on the party seeking attorney fees to prove reasonableness of the fees. (Center for Biological Diversity v. County of San Bernardino (2010) 188 Cal. App. 4th 603, 615.) The Court has broad discretion in determining the amount of a reasonable attorney's fee award which will not be overturned absent a "manifest abuse of discretion, a prejudicial error of law, or necessary findings not supported by substantial evidence." (Bernardi v. County of Monterey (2008) 167 Cal. App. 4th 1379, 1393-94.) The Court need not explain its calculation of the amount of attorney's fees awarded in detail; identifying the factors considered in arriving at the amount will suffice. (Ventura v. ABM Industries Inc. (2012) 212 Cal.App.4th 258, 274-75.)

DISCUSSION

Defendant argues that Plaintiff is seeking excessive legal fees. Although the Court agrees that some reduction is appropriate, in large part, Defendant created its own problem by making "penny-wise, pound-foolish" settlement offers and by litigating this case to the eve of trial. By its own admission, Plaintiff purchased the vehicle for $35,868.20. (See Declaration of Mikaela M. Jackson, ¶ 8.) This action was filed on June 15, 2018. Defendant made the first offer to settle this case over one year later, on July 2, 2019. (Id., ¶ 18.) Although Defendant references this offer in its opposition, it has not disclosed the amount, suggesting it was quite low. Then, almost two years after the case was filed, on March 16, 2020, Defendant offered to buy-back the vehicle for $26,500. (Id., ¶ 19.) This was less than the purchase price of the vehicle, especially considering the time value of money. Incredibly, this offer was made after Judge Elizabeth Feffer (the undersigned's predecessor) denied a demurrer to the fraud claim and a motion to strike the prayer for punitive damages. Then, over three years after the case was filed, on September 8, 2021, Defendant reiterated the same offer of $26,500. (Id., ¶ 20.) Incredibly, this third offer was made after Judge Armen Tamzarian denied summary adjudication of a fraud claim against Defendant in a different case for the same vehicle and the same defect. (See Plaintiff's Request for Judicial Notice in Support of Opposition to Defendant's Motion for Summary Judgment, Exh. #1, filed on October 8, 2021.) The undersigned ruled the same way as Judge Tamzarian on

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 39

BC710535                                                            March 14, 2022
OSCAR MILLAN VS KIA MOTORS AMERICA INC                             8:30 AM

Judge: Honorable Stephen I. Goorvitch          CSR: Sheila Pham CSR# 13293 (Remote)
Judicial Assistant: R. Mendoza                 ERM: None
Courtroom Assistant: K. Ghazarian              Deputy Sheriff: None

Defendant's motion. (See Court's Minute Order, dated November 9, 2021.)

The Court also is troubled by the evidence in this case. Just like Judge Tamzarian, the undersigned denied the motion for summary adjudication suggesting that Defendant was aware of the vehicle defects giving rise to this (and other) cases. As the Court noted in its order denying Defendant's motion for summary judgment, Defendant cannot rely on the "safe harbor" of Santana v. FCA US, LLC (2020) 56 Cal.App.5th 334, 345-346 because "the record reflects that Defendant was aware of a defect that it was unable to repair, and not a minor defect lasting only a short period of time." (Court's Minute Order, dated November 9, 2021.)

In sum, Defendant created its own problem. Defendant refused to acknowledge the weaknesses in its case. Defendant elected to fight "tooth and nail," which included a motion for summary judgment. Defendant did not settle the case until the eve of trial. Based upon this record, the Court is not sympathetic to Defendant's arguments that the attorney's fees are high.

Nevertheless, the Court agrees that some reduction in attorney's fees is appropriate under the circumstances. The Court will address each request separately.

A. Attorney's Fees for Strategic Legal Practices

Plaintiff's counsel seeks $93,677.50 in attorney's fees for Strategic Legal Practices, which did the bulk of the work in this case. The Court is concerned by the number of attorneys who worked on this case, which necessarily gives rise to some inefficiencies. The Court is concerned that certain of the rates are slightly high. Finally, the Court is concerned that some of the discovery practice in this case should not have been necessary. Therefore, the Court reduces this amount by 20% to account for these issues and awards $74,942.

B. Attorney's Fees for California Consumer Attorneys

Plaintiff's counsel seeks $22,327.50 in fees for California Consumer Attorneys. The Court generally affords more attorney's fees for the attorneys retained to try the cases, as trial lawyers often command higher rates than lawyer who handle pretrial matters. In this case, however, it appears that there was not a straight division of labor between Strategic Law Practices and California Consumer Attorneys. Therefore, the Court reduces this amount by 20% for the same reasons discussed above and awards $17,861.60.

C. Multiplier Enhancement

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 39

BC710535                                                     March 14, 2022
OSCAR MILLAN VS KIA MOTORS AMERICA INC                        8:30 AM

Judge: Honorable Stephen I. Goorvitch          CSR: Sheila Pham CSR# 13293 (Remote)
Judicial Assistant: R. Mendoza                 ERM: None
Courtroom Assistant: K. Ghazarian              Deputy Sheriff: None

Once the Court has determined an appropriate lodestar figure, the Court can determine whether that figure should be adjusted with a positive or negative multiplier. (Doppes v. Bentley Motors, Inc. (2009) 174 Cal.App.4th 967, 997.) "Whether a multiplier or demultiplier is appropriate is based on several factors, including (1) the risks presented by the litigation; (2) the novelty and difficulty of the legal and factual issues involved; (3) the results obtained on behalf of the plaintiff; and (4) the skill exhibited by counsel. (In re Consumer Privacy Cases (2009) 175 Cal.App.4th 545, 556.) "The 'results obtained' factor can properly be used to enhance a lodestar calculation where [1] an exceptional effort produced [2] an exceptional benefit." (Graham v. DaimlerChrysler Corp. (2005) 34 Cal.4th 553, 582, numerical alterations added.)

Plaintiff's counsel satisfies this standard. The case presented difficulties for Plaintiff's counsel, given the "battle" that Defendant wages, and Plaintiff achieved an extraordinary result. Therefore, the Court awards a multiplier of 1.2, which is an additional 20% in attorney's fees.

D. Costs and Expenses

Plaintiff's counsel seeks costs and expenses of $13,653.09. Normally, this would require a memorandum of costs and a motion to tax costs, but both parties appear to stipulate that the Court can resolve this issue on this motion, which promotes judicial efficiency. There appears to be only one issue in dispute: Whether Plaintiff is entitled to reimbursement for certain data storage charges. Neither party identifies this charge in the billing summary, and the Court could not locate any charge for data storage. Because Plaintiff did not appear to bill for this charge, there is nothing for the Court to reduce.

E. Attorney's Fees for this Motion

Plaintiff's counsel is entitled to its legal fees for this motion. The Court awards $3,000, as the Court believes that is fair and appropriate.

CONCLUSION AND ORDER

The Court orders as follows:

1. The Court grants Plaintiff's motion and awards the following fees: (1) Attorney's fees to Strategic Law Practices in the amount of $74,942, (2) Attorney's fees to California Consumer Lawyers in the amount of $17,861.60, (3) A multiplier of 1.2, meaning that Strategic Law Practices is entitled to an additional $14,988.40, and California Consumer Lawyers is entitled to an additional $3,572.32, and (4) Additional attorney's fees of $3,000. Based upon the foregoing,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 39

**BC710535**                                           March 14, 2022
**OSCAR MILLAN VS KIA MOTORS AMERICA INC**                    8:30 AM

Judge: Honorable Stephen I. Goorvitch      CSR: Sheila Pham CSR# 13293 (Remote)
Judicial Assistant: R. Mendoza             ERM: None
Courtroom Assistant: K. Ghazarian          Deputy Sheriff: None

Defendant shall pay Plaintiff's counsel a total of $114,364.32 within sixty (60) days. The Court authorizes the parties to correct any mathematical errors in this order without further order of the Court.

2. The Court orders Defendant to pay Plaintiff's counsel costs in the amount of $13,653.09.

3. The Court grants the parties stipulation for the Court to retain jurisdiction to enforce the parties' settlement agreement and this order under Code of Civil Procedure section 664.6.

4. The Court dismisses this case with prejudice.

5. Plaintiff's counsel shall provide notice and file proof of such with the Court.

The Court orders the Amended Complaint (1st) filed by Oscar Millan on 03/14/2019 dismissed without prejudice.

The Court retains jurisdiction to make orders to enforce any and all terms of settlement, including judgment, pursuant to Code of Civil Procedure Section 664.6.

The following event(s) is/are advanced to this date and vacated:
06/15/2022 9:00 AM Hearing on Motion for Attorney Fees in Department 39

# EXHIBIT 9

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 45

**19STCV26274**                                                          March 14, 2022
**JASON J. ARNOLD, et al. vs FCA US, LLC, et al.**                                8:30 AM

Judge: Honorable Mel Red Recana              CSR: Linda Lee, CSR # 13568 (Video)
Judicial Assistant: J. Marquez               ERM: None
Courtroom Assistant: G. Mack                 Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Eliana Amirian (Video) for Tionna Grace Dolin

For Defendant(s): Jeffery Fadeff (Video) for Thomas Joseph Walsh

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees

The Court issues a tentative ruling and all counsel are provided with a copy.

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Linda Lee, CSR # 13568, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The matter is called for hearing.

The Court and counsel confer regarding the tentative ruling. Counsel argues on the tentative ruling. After oral argument the Court rules as follows:

The Motion for Attorney Fees filed by Melissa L. Arnold, Jason J. Arnold on 02/09/2022 is Granted.

The Court Grants Plaintiff's motion for attorneys' fees in the total reduced amount of $50,480.30 in attorneys' fees.

The Court Denies Without Prejudice Plaintiffs' motion for costs and expenses.

The tentative ruling becomes the final Order of the Court which is signed and filed this date and incorporated by reference herein.

Notice is waived.

---

# EXHIBIT 10

2022 WL 1013433
Only the Westlaw citation is currently available.
United States District Court, C.D. California.

Mo RAHMAN

v.

FCA US LLC et al.

Case No.: 2:21-cv-02584-SB-JC
|
Filed 03/29/2022

**Attorneys and Law Firms**

Daniel A. Law, Tionna Dolin, Simi Peterson, Matthew Jeffrey
Pardo, Strategic Legal Practices APC, Regina Lotardo, Blair
and Ramirez LLP, Los Angeles, CA, for Mo Rahman.

Eric D. Sentlinger, Sarah Marie Carlson Lambert, Spencer
Peter Hugret, Vernice Trina Louie, Gordon Rees Scully
Mansukhani LLP, Amy Patricia Maclear, Shook Hardy and
Bacon LLP, San Francisco, CA, for FCA US LLC.

**Proceedings: [In Chambers] ORDER RE: PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES [Dkt. No. 45]**

STANLEY BLUMENFELD, JR., United States District
Judge

 **\*1**  This is a lemon law case filed by Plaintiff Mo Rahman
against Defendant FCA US LLC. The parties reached a
settlement on Plaintiff's claims in September 2021 that
was finalized in February 2022. Pursuant to the settlement,
Plaintiff filed this motion for attorneys' fees and costs.
Dkt. No. 45. Defendant filed an opposition that does not
dispute Plaintiff's entitlement to fees under the Song-Berly
Consumer Warranty Act (SBA) but contends that the amount
of fees claimed are excessive. Dkt. No. 58. The Court finds
this matter suitable for resolution without oral argument and
vacates the April 1, 2022 hearing. Fed. R. Civ. P. 78; L.R.
7-15.[1] For the reasons stated below, Plaintiff's motion is
**granted** in part.

**BACKGROUND**

Plaintiff purchased a 2015 Jeep Grand Cherokee
manufactured by Defendant in June 2016. Compl. ¶ 9, Dkt.
No. 1-2. After experiencing repeated mechanical problems
with the vehicle, Plaintiff filed this action in state court in July
2020 alleging violations of the SBA and an additional claim
for fraudulent inducement. *Id.* The parties litigated the case
in state court for eight months, including a motion to compel
arbitration, a motion to strike, and the filing of two amended
versions of the complaint. In November 2020, Defendant
first offered to settle the action for $48,835.00 and $8,000
in attorneys' fees, which Plaintiff did not accept. Dkt. No.
45-3. Defendant removed on the basis of diversity in March
2021 after Plaintiff voluntarily dismissed the dealership, a
non-diverse party. Dkt. No. 1. Plaintiff filed a motion to
remand, which the Court denied. Dkt. No. 29. The parties
resolved Plaintiff's claims during mediation and filed a notice
of settlement on September 23, 2021. Dkt. No. 33. Under the
settlement agreement, Plaintiff will receive $70,000 as full
restitution for his claims, plus civil penalties, and Defendant
agreed to pay Plaintiff's attorneys' fees and costs pursuant to
a motion before the Court. Motion at 14. The parties later
resolved Plaintiff's request for costs. Dkt. No. 51, at 1 n.1.
Thus, the only remaining issue for the Court to resolve is
Plaintiff's attorneys' fees.

**REQUESTS FOR JUDICIAL NOTICE AND
OBJECTIONS**

Plaintiff filed a request for judicial notice (RJN), and both
parties filed numerous evidentiary objections. Dkt. Nos.
47 (RJN), 60–61 (Defendant's Objections), 64-2 (Plaintiff's
Response to Defendant's Objections), 64-3 (Plaintiff's
Objections). Plaintiff requests that the Court take judicial
notice of 24 orders from state and federal courts granting
motions for attorneys' fees and costs to Plaintiff's counsel, as
well as two declarations filed in support of prior motions for
attorneys' fees in other cases. RJN; Shahian Decl. Exs. 1–26,
Dkt. Nos. 45-9 to 45-34. Defendant objects to these requests,
arguing that they are not directly relevant to the issues before
the Court. Dkt. No. 60. Plaintiff's request is unnecessary
because "when a court takes judicial notice of another court's
opinion, it may do so not for the truth of the facts recited
therein, but for the existence of the opinion, which is not
subject to reasonable dispute over its authenticity." *Lee v.
City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)
(cleaned up). Nonetheless, the Court **grants** Plaintiff's request
and **overrules** Defendant's objections thereto because court
filings are properly subject to judicial notice. *Zargarian v.*

Rahman v. FCA US LLC, --- F.Supp.3d ---- (2022)

*BMW of N. Am., LLC*, 442 F. Supp. 3d 1216, 1223 (C.D. Cal. 2020).

**\*2** The parties make additional boilerplate objections to their respective declarations, most of which are objections to statements about the procedural history of this case. *See, e.g.*, Dkt. No. 61, at 10 (Defendant objects to Tionna Dolin's declarative statement that "[o]n September 30, 2020, Plaintiff filed a First Amended Complaint"); Dkt. No. 64-3, at 2 (Plaintiff objects to Eric Settlinger's declarative statement that "[a]t 12:30 a.m. on March 1, 2022, Plaintiff filed this Motion and supporting declarations"). Defendant also objects to paragraph 7 of Payam Shahian's declaration, which lists cases that have approved her hourly rate, as irrelevant and prejudicial. Dkt. No. 60, at 2–3. Defendant's objection appears to be an argument on the merits of Plaintiff's claim, arguing that Plaintiff's cases do not present an accurate picture of prevailing market rates. *Id.* Indeed, Defendant cites the same case—and makes the same argument—in its opposition. Opp. at 10–11. In any event, this evidence is not irrelevant because the fact that "a lawyer charges a particular hourly rate, and gets it, is evidence bearing on what the market rate is, because the lawyer and his clients are part of the market." *Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006). Nor is it prejudicial, as Defendant may rebut Plaintiff's market-rate evidence in its opposition. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). Accordingly, Defendant's objection to paragraph 7 of Shahian's declaration is **overruled**. As the Court does not rely on any of the other portions of declarations subject to an objection, the remainder of both parties' objections are **overruled** as moot. *A.B. v. Facebook, Inc.*, No. CV 20-9012-CBM-(MAAx), 2021 WL 2791618, at \*2 (C.D. Cal. June 1, 2021).

## LEGAL STANDARD

The SBA provides for the award of reasonable attorney's fees and costs to a prevailing plaintiff. *Cal. Civ. Code § 1794(d)*. The parties agree that Plaintiff is entitled to attorney's fees under the SBA as the prevailing plaintiff pursuant to the settlement agreement; however, they disagree as to whether the fees incurred by Plaintiff in litigating this action were reasonable. In examining reasonableness under this section, a

court must "ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104, 37 Cal.Rptr.2d 149 (1994). The *Nightingale* court explained:

> At the outset, it is important to note that we are not concerned in this case with a customary statutory or contractual provision which merely provides for "reasonable attorney fees." The statute we are dealing with takes a somewhat different approach. It requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable. These circumstances may include, but are not limited to, factors such as the complexity of the case and procedural demands, the skill exhibited and the results achieved.... A prevailing buyer has the burden of "showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.' "

*Id.* (quoting *Levy v. Toyota Motor Sales, U.S.A., Inc.*, 4 Cal. App. 4th 807, 816, 5 Cal.Rptr.2d 770 (1992)). A court may not "categorically deny or reduce an attorney fee award" due to a plaintiff's failure to accept an initial settlement offer if the ultimate recovery exceeds the original offer. *Reck v. FCA US LLC*, 64 Cal. App. 5th 682, 687, 279 Cal.Rptr.3d 175 (2021).

## DISCUSSION

Plaintiff seeks to recover a total of $54,896.53 in attorneys' fees: $38,071.50 in fees, plus an additional $13,325.03 for a 1.35 multiplier enhancement and $3,500 in anticipated fees incurred in bringing this motion. Motion at 16.

### A. Reasonable Hourly Rate

The first step in calculating counsel's lodestar is determining whether the requested hourly rate is reasonable. *Forouzan v. BMW of N. Am., LLC*, No. CV 17-3875-DMG (GJSx), 2019 WL 856395, at \*4 (C.D. Cal. Jan. 11, 2019). Plaintiff requests the fees of 14 attorneys who worked on this case:

| Name | Year Admitted | Rate |
| --- | --- | --- |
| Aaina Duggal | 2018 (N.Y.); 2021 (Cal.) | $365 |
| Daniel Law | 2016 | $425 |

Rahman v. FCA US LLC, --- F.Supp.3d ---- (2022)

| Eliana Amirian | 2021 | $375 |
|---|---|---|
| Jaclyn Laing | 2017 | $385 |
| Jason Clark | 2007 | $565 |
| James Doddy | 2004 | $595 |
| Mark Gibson | 2008 | $450 |
| Matthew Pardo | 2017 | $390 |
| Neil Butala | 2013 | $460 |
| Nino Sanaia (law clerk) | N/A | $285 |
| Payam Shahian | 2003–2004 | $695 |
| Regina Lotardo | Unknown | $435 |
| Sean Crandall | 2015 | $425 |
| Tionna Dolin | 2014 | $425/$450/$490 |

**\*3** Motion at 9–10.
Defendant cites two cases where lower rates were awarded. *See* Opp. at 11 (citing *Arias v. Ford Motor Co.*, No. EDCV181928PSGSPX, 2020 WL 1940843, at \*4 (C.D. Cal. Jan. 27, 2020); *Hernandez v. FCA U.S. LLC*, No. CV 17-5452-GW(ASx), 2019 WL 2932637, at \*3 (C.D. Cal. Jan. 4, 2019)). But Plaintiff cites to numerous recent opinions from courts in Los Angeles County that have approved the same or substantially similar rates for each member of Plaintiff's counsel, with the exception of Nino Sanaia. Shahian Decl., Dkt. No. 45-8, ¶¶ 7, 35, 37, 39, 41, 43, 45, 47, 49, 51, 55, 57, 59. Sanaia's rate also appears reasonable—she received her bar license in a foreign country in 2015 and requests a rate similar to what is reasonable for paralegals in this district, which the Court finds to be a fair comparison given her experience. *See Taylor Farms Cal., Inc. v. Cooper's Cold Foods, Inc.*, No. 19-cv-8924 DDP (GJSx), 2021 WL 5178475, at \*2 (C.D. Cal. Nov. 8, 2021) ("[S]everal other courts within the district have held rates of $150 to $276.25 to be reasonable for the work of paralegals depending on their degree of experience and skill."). Accordingly, the Court finds that the attorneys' requested hourly rates are reasonable.

**B. Reasonable Number of Hours**
Plaintiff submits that counsel spent a total of 86.6 hours on this case. Billing Records, Dkt. No. 45-35. Defendant argues that there are multiple deficiencies in Plaintiff counsel's billing records that justify reducing the number of hours: (1) extricable work, (2) excessive or duplicative billing, (3) improper block billing, and (4) overly vague entries. Opp. at 6–10.

Defendant argues that the work should not award counsel for work related to Plaintiff's fraud claim, citing *Santana v. FCA US, LLC*, 56 Cal. App. 5th 334, 349, 270 Cal.Rptr.3d 335 (2020) and *Akins v. Enter. Rent-A-Car Co. of S.F.*, 79 Cal. App. 4th 1127, 1133, 94 Cal.Rptr.2d 448 (2000). This argument is manifestly meritless. While *Akins* does state that a party may "recover only on the statutory causes of action" for which attorneys' fees are provided, it also provides two exceptions to this rule: (1) the fees were "incurred for representation of an issue common to both a cause of action for which fees are permitted and one for which they are not" and (2) "[w]hen the liability issues are so interrelated that it would have been impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not." 79 Cal. App. 4th at 1133, 94 Cal.Rptr.2d 448. The latter exception applies to Plaintiff's fraud and SBA claims—the same conclusion reached by the court in *Santana*.

Rahman v. FCA US LLC, --- F.Supp.3d ---- (2022)

56 Cal. App. 5th at 347, 270 Cal.Rptr.3d 335 (describing the plaintiff's "two causes of action—fraud and Song-Beverly Act—as encompassing 'one set of facts' ").

Defendant points to only two entries as excessive: 1.7 hours to prepare the complaint and 0.3 hours to file the civil coversheet. Opp. at 7. These entries are excessive for a routine lemon law case; drafting a boilerplate complaint should not take more than an hour, nor should drafting the simple civil coversheet take more than 15 minutes. Indeed, Plaintiff's counsel appear to acknowledge that it used a template to draft the complaint. Dkt. No. 64-1, Ex. 1, at 1; *see also James v. AT&T W. Disability Benefits Program*, No. 12-cv-06318-WHO, 2014 WL 7272983, at *4 (N.D. Cal. Dec. 22, 2014) (finding one hour spent drafting and modifying a complaint derived from a template to be reasonable). Accordingly, the Court finds that some of counsel's entries are excessive and justify a reduction.

 **\*4** Defendant also contends that Plaintiff billed for duplicative work among the numerous attorneys on this case. But all the examples highlighted by Defendant are for time spent reviewing or revising work drafted by another attorney, which Defendant has not shown was improper here. *See Mitchell v. Metro. Life Ins. Co.*, No. CV 05-00810 DDP (RNBx), 2008 WL 1749473, at *3 (C.D. Cal. Apr. 7, 2008) ("It is not unusual for one attorney to draft a brief, for another attorney to review and revise the brief, and then for the drafting attorney to make final edits and changes."). And while the Court may agree that staffing 14 lawyers on a routine lemon-law case is excessive, the Ninth Circuit has held that a district court "may not set the fee based on speculation as to how other firms would have staffed the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1114 (9th Cir. 2008). Instead, a district court's review is confined to determining whether counsel's staffing choices resulted in excessive or duplicative billing. Here, Defendant has not shown that counsel's billing records are duplicative, or that the large number of attorneys resulted in excessive billing.

The Court agrees with Defendant, however, that Plaintiff's counsel engaged in block billing, which "does not allow the Court to scrutinize the amount of time spent performing each task." *Servin v. FCA US LLC*, No. 5:20-cv-00647-SB-KK, 2021 WL 4860691, at *2 (C.D. Cal. Aug. 20, 2021); *see also Welch v. Metro. Life Ins. Co.*, 480 F. 3d 942, 945 n.2 (9th Cir. 2007) (suggesting that block billing may justify a reduction of up to 30% for block-billed time); *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 968 (N.D. Cal. 2014) (construing *Welch*

to authorize a district court "to reduce block-billed hours by 10% to 30%"). The time entries submitted by Plaintiff contain multiple "examples where, because of block billing, it is impossible to determine whether the time requested for any one task was reasonable." *Banas*, 47 F. Supp. 3d at 967. For example, on February 24, 2021, Mr. Law billed 1.5 hours for: "Draft Opp to MOTION TO COMPEL ARBITRATION due tomorrow; reviewed moving papers; pleadings; purchase agreement; repair orders; Felisilda; arbitration arguments; drafted request for dismissal of dealer; finalized; PROOF OF SERVICE; filed and served." Billing Records at 3. Similarly, on January 4, 2021, Mr. Crandall billed 3.3 hours for: "Prepared for and attended demurrer and motion to strike hearing; draft hearing memo re: same." *Id*. at 2 (cleaned up). And on April 7, 2021, Ms. Lotardo billed 2 hours for: "REVIEW file, review Judge's Standing Orders and the Scheduling Conference Order, prepare Joint Rule 26 Report and email to OPPOSING COUNSEL." *Id*. at 4. A close review of the billing entries shows that roughly 32.1 (37%) of the hours billed were block billed, but that most of the entries *not* block-billed were done so by default because they only included one task. Accordingly, counsel's use of block billing justifies a reduction to the lodestar.

Finally, Defendant argues that counsel's billing records contain vague or clerical entries that warrant a reduction. Opp. at 9. Counsel is "not required to record in great detail how each minute of his time was expended," but must at least "identify the general subject matter of his time expenditures." *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The examples highlighted by Defendant are short but "sufficiently descriptive," amounting to 0.3 hours or less for reviewing correspondence from opposing counsel. *Forouzan*, 2019 WL 856395, at *6 (declining to reduce for tasks of 0.2 hours or less for emails or phone calls with the client). Accordingly, the Court will not reduce the time for these tasks. The alleged clerical tasks include preparing a civil case cover sheet or a notice of interested parties and emails to the court about transcripts or docket filings. *Id*. Purely clerical tasks are not recoverable. *Hernandez*, 2019 WL 2932637, at *4. But these tasks, one of which has already been reduced by the Court's block-billing reduction, are not "purely clerical or secretarial tasks," thus the Court declines to further reduce for them. *Zargarian*, 442 F. Supp. 3d at 1228–29 (declining to exclude non-clerical tasks such as reviewing notices and "drafting documents to be filed with the Court").

\* \* \*

Rahman v. FCA US LLC, --- F.Supp.3d ---- (2022)

**\*5** Overall, the Court finds that a 10% reduction is appropriate given the excessive time entries and the significant amount of block billing. *Shaw v. Ford Motor Co.*, No. 5:18-cv-01169-JLS-KK, 2020 WL 57273, at \*4–5 (C.D. Cal. Jan. 3, 2020) (applying a "haircut" reduction of 10% to the lodestar). Accordingly, the Court finds that Plaintiff' counsel lodestar, including the estimated $3,500 reasonably incurred in bringing this motion,[2] is $37,770.35.

### C. Lodestar Modification

Plaintiff requests a 1.35 multiplier of the lodestar. Motion at 13. The lodestar amount is considered presumptively reasonable, and only the "rare" or "exceptional" case will justify an upward adjustment. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1046 (9th Cir. 2000). Four factors guide the Court's determination of whether to adjust the lodestar: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132, 104 Cal.Rptr.2d 377, 17 P.3d 735 (2001). None of these factors support an enhancement of the lodestar in this case.

This was a largely routine lemon law case that involved few procedural demands and the exercise of limited skill from lawyers who specialize in this practice area and generally rely upon boilerplate pleadings and work product. Indeed, as the Court recently stated, counsel for both parties failed to timely the resolve this case for months following the notice of settlement in September 2021. Dkt. No. 63. Finally, while counsel took this case on a contingency-fee basis, the SBA is a mandatory fee-shifting statute which "eliminates any uncertainty about whether costs will be awarded to the prevailing party." *Arias*, 2020 WL 1940843, at \*2 (declining to award an upward adjustment for fees awarded under the SBA). Accordingly, the Court declines to apply any enhancement to the lodestar.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion is **GRANTED** in part, and Plaintiff is awarded $37,770.35 in reasonable attorneys' fees.

**All Citations**

--- F.Supp.3d ----, 2022 WL 1013433

---

Footnotes

1    Plaintiff counsel's request to appear remotely is therefore **denied** as moot. Dkt. No. 65.

2    The declaration submitted with Plaintiff's Reply notes that counsel have already incurred $6,522.00 for work in connection with the Reply brief, but Plaintiff only requests the estimated $3,500.00. Amirian Decl. ¶ 21, Dkt. No. 64-1.

---

**End of Document**                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 11

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 51

**BC709888**
**CYNTHIA KLINGENBERG ET AL VS KIA MOTORS
AMERICA INC**

June 13, 2022
9:00 AM

Judge: Honorable Wesley L. Hsu
Judicial Assistant: J. Clavero
Courtroom Assistant: A. Alba

CSR: Linda Lee, CSR # 13568
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Dhara Patel (by Video Appearance); Jason Clark (Telephonic) for Sean William

Crandall

For Defendant(s): Mikaela Jackson (Telephonic) for Michael J. Hurvitz

Other Appearance Notes:

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956,
Linda Lee, CSR # 13568, certified shorthand reporter is appointed as an official Court reporter
pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter
Agreement. The Order is signed and filed this date.

The matter is called for hearing.

Plaintiff's Motion for Attorneys' Fees came before the Court for oral argument on June 13, 2022.
The Court announced a tentative granting the Motion without the "multiplier" because, in the
Court's view, the case was of insufficient novelty and complexity to warrant a multiplier. Based
on that tentative, both sides submitted.

The Motion for Attorney Fees filed by Danny Klingenberg, Cynthia Klingenberg on 04/07/2022
is Granted.

The Court finds both the hourly rates and the hours spent to be reasonable pursuant to the statute.
As a result the Court orders Defendant KIA Motors America Inc. within 30 days of today to pay
plaintiff attorneys' fees and costs as follows:

$84,894 in attorneys' fees to Strategic Legal Practices APC;
$20,235 in attorneys' fees to California Consumer Attorneys; and
$13,785.55 in costs to Strategic Legal Practices APC.

IT IS SO ORDERED.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Stanley Mosk Courthouse, Department 51

**BC709888**
**CYNTHIA KLINGENBERG ET AL VS KIA MOTORS**
**AMERICA INC**

June 13, 2022
9:00 AM

Judge: Honorable Wesley L. Hsu
Judicial Assistant: J. Clavero
Courtroom Assistant: A. Alba

CSR: Linda Lee, CSR # 13568
ERM: None
Deputy Sheriff: None

Clerk is to give notice.

Certificate of Mailing is attached.

# EXHIBIT 12

**FILED**
Superior Court of California
County of Los Angeles

OCT -3 2022

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ Deputy
D. Toure

**Superior Court of California**

**County of Los Angeles**

**Department 61**

| | |
|---|---|
| RICHARD GALVAN,<br><br>Plaintiff,<br><br>v.<br><br>KIA MOTORS AMERICA, INC., et al.,<br><br>Defendants. | Case No.: BC715568<br><br>Hearing Date: October 3, 2022<br><br>**RULING RE:**<br><br>PLAINTIFF RICHARD GALVAN'S<br>MOTION FOR ATTORNEY FEES AND<br>COSTS. |

Plaintiff Richard Galvan's Motion for Attorney Fees and Costs is GRANTED in part. Plaintiff is awarded $62,940.00 in fees, and $7,733.54 in costs and expenses. .

## I.    OBJECTIONS

Defendant objects to several portions of the declaration of Payam Shahian submitted in support of the motion. These objections are OVERRULED.

Plaintiff objects to various portions of the declaration of Mikaela M. Jackson, wherein Jackson identifies particular charges claimed by Plaintiff's counsel and argues that they are excessive, and further characterizes the work of Plaintiff's counsel as bearing similarities to other, similar lemon law cases. These objections are OVERRULED.

## II.    MOTION FOR ATTORNEY FEES

Parties to litigation must generally bear their own attorney's fees, unless they otherwise agree. (Code Civ. Proc. § 1021.) However, the Song-Beverly Act provides for the award of attorneys' fees to prevailing plaintiffs as follows:

> If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.

(Civ. Code § 1794, subd. (d).)

"It is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court, whose decision cannot be reversed in the absence of an abuse of discretion." (*Melnyk v. Robledo* (1976) 64 Cal.App.3d 618, 623.) In exercising its discretion, the court should consider a number of factors, including the nature of the litigation,

its difficulty, the amount involved, the skill required in handling the matter, the attention given, the success or failure, and the resulting judgment. (See *id.*)

In determining the proper amount of fees to award, courts use the lodestar method. The lodestar figure is calculated by multiplying the total number of reasonable hours expended by the reasonable hourly rate. "Fundamental to its determination . . . [is] a careful compilation of the time spent and reasonable hourly compensation of each attorney . . . in the presentation of the case." (*Serrano v. Priest* (1977) 20 Cal.3d 25, 48 (*Serrano* III).) A reasonable hourly rate must reflect the skill and experience of the attorney. (*Id.* at p. 49.) "Prevailing parties are compensated for hours reasonably spent on fee-related issues. A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether." (*Serrano v. Unruh* (1982) 32 Cal.3d 621, 635 (*Serrano IV*).) The Court in *Serrano IV* also stated that fees associated with preparing the motion to recover attorneys' fees are recoverable. (See *id.* at p. 624.)

Plaintiff here seeks a total award of fees and expenses amounting to $102,893.14. Of this amount, $67,896.00 is the attorney fee lodestar for work performed by Plaintiff's firm, Strategic Legal Practices, APC (SLP); $23,763.60 comes from a 1.35 multiplier enhancement; $7,733.54 is for costs and expenses; and $3,500.00 is for reply to Defendant's anticipated opposition to this motion. (Motion at p. i.) SLP seeks fees for 165.5 hours worked, and presents records of hours worked and the charges made therefore. (Shahian Decl. Exh. 31.) This matter settled on March 8, 2021, when Plaintiff executed Defendant's section 998 offer for $60,000.00.

Defendant in opposition argues that Plaintiff's attorneys overcharged for fees in various ways, such as by excessive hourly rates, which range from $295 to $595 per hour for SLP attorneys and $450 to $650 for CCA. (Opposition at pp. 5–7.) Defendant also points to the number of attorneys employed on this matter — eleven lawyers and one clerk — who it claims performed duplicative and redundant work. (Opposition at pp. 4–5.) Defendant argues that items billed reflect an "value" of the task performed, rather than the actual amount of time spent performing them, given Plaintiff's use for templates and forms from prior cases. (Motion at pp. 8–9.) And because Plaintiff's complaints included both compensable Song-Beverly claims and non-compensable fraud claims, for which no fees may be awarded, Defendant argues that the fees sought in relation to fraud matters should be deducted from any award. (Motion at pp. 10–11.)

There is no cause to reduce the hourly fees sought in this case. The range of rates charged in this matter by both SLP and CCA is reasonable for attorneys of similar experience, in the same area, dealing with the same subject matter. (*See Goglin v. BMW of North America, LLC* (2016) 4 Cal.App.5th 462, 473–74 [approving $625 per hour fee on lemon law action].) This conclusion is further corroborated by Plaintiff's evidence of multiple other cases in which similar fee awards have been approved. (Shahian Decl. ¶¶ 7–36.) Thus Plaintiff has provided support for the hourly rates charged here.

Defendant is correct that unreasonable multiplicity of attorneys performing duplicative work may furnish a basis to substantially reduce a cost award. In *Morris v. Hyundai Motors America* (2019) 41 Cal.App.5th 24, the trial court substantially reduced a requested attorney fees award involving 11 attorneys and two firms in a lemon law action. (*Id.* at p. 32.) "Out of a total of 283.3 hours of billed work, the court did not award any fees for 83.5 hours of work billed by six

associates." (*Ibid.*) The appellate court affirmed: "Plainly, it is appropriate for a trial court to reduce a fee award based on its reasonable determination that a routine, non-complex case was overstaffed to a degree that significant inefficiencies and inflated fees resulted." (*Id.* at p. 39.) The appellate court determined that the trial court's remedy of cutting out several attorneys' billings was permissible because it "was designed to yield a revised lodestar figure that reflected a total amount of fees that were reasonably incurred." (*Id.* at p. 40.) A similar result was reached in the case *Mikhaeilpoor v. BMW of North America, LLC* (2020) 48 Cal.App.5th 240, 253, which cited *Morris* with approval to reduce an award involving 595 claimed hours of work and a total request of $344,639.00 in fees following trial.

But the reasoning of those cases does not necessarily apply here. A large number of attorneys is not on its own reason to reduce a fee award, and both cases cited above upheld lodestar reductions based on the "duplicative" and "inefficient" billings that resulted from the number of attorneys employed. (*Mikhaeilpoor*, *supra*, 48 Cal.App.5[th] at p. 255; *Morris*, *supra*, 41 Cal.App.5[th] at p. 40.) Here the number of attorneys employed does not indicate a systemic inefficiency of litigation in this matter; it rather appears from the billing records produced that different attorneys were employed to address different aspects of the case, such as drafting the complaint, preparing discovery, responding to a demurrer, and preparing motions to compel. (Shahian Decl. Exh. 31.)

Not all of these charges are reasonable, however. The billings presented by Plaintiff include 8.2 hours and **$4,305.00** to prepare a motion to compel in March 2019, when no motion was ever filed. The charges also list 4.2 hours and $1,575.00 at $375 per hour to draft Plaintiff's discovery requests in August 2019, and another 3.8 hours and $1,463.00 hours at $385 per hour to draft discovery responses in the same month. The templates available to Plaintiff's counsel from similar tasks in similar cases warrant a reduction to two hours for each task, yielding reductions of **$825** and **$693**. Another charge, dated January 6, 2020, shows **$533** for 1.3 hours of work updating the repair chronology, when there are two separate, prior charges for drafting the very same document. (Shahian Decl. Exh. 31.) These amounts are appropriately reduced. The court does however award an additional $1,400 for the reply ($350 for four hours).

No lodestar multiplier, upward or downward, is appropriate in this matter. "Once the court has fixed the lodestar, it may increase or decrease that amount by applying a positive or negative 'multiplier' to take into account a variety of other factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented." (*Thayer v. Wells Fargo Bank., N.A.* (2001) 92 Cal.App.4th 819, 833.) Although Plaintiffs' attorneys have obtained favorable results for their client on an expectation only of contingency, the subject matter of this case was not so complex as to warrant recovery of fees beyond the reasonable hourly rates charged.

Accordingly, Plaintiff's motion for attorney fees, costs, and expenses is GRANTED in part.
Plaintiff is awarded $62,940.00 in fees, and $7,733.54 in costs and expenses.

Dated: October 3, 2022

Hon. Gregory Keosian
Judge of the Superior Court

# EXHIBIT 13

## SANDRA J. WILLIAMS and ROSCOE T. WILLIAMS, Plaintiffs, v. FORD MOTOR COMPANY; and DOES 1 through 10, inclusive, Defendants.

United States District Court, C.D. California. | January 24, 2023 | Slip Copy | 2023 WL 405346

| Document Details | | Outline |
|---|---|---|
| standard Citation: | SANDRA J. WILLIAMS & ROSCOE T. WILLIAMS, Plaintiffs, v. FORD MOTOR COMPANY; & DOES 1 through 10, inclusive, Defendants., No. 521CV01346SPGSHK, 2023 WL 405346 (C.D. Cal. Jan. 24, 2023) | **ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES [ECF NO. 35]** (p.1) |
| All Citations: | Slip Copy, 2023 WL 405346 | All Citations (p.7) |

**Search Details**

| | |
|---|---|
| Search Query: | adv: Song /s Beverly |
| Jurisdiction: | California |

**Delivery Details**

| | |
|---|---|
| Date: | January 26, 2023 at 8:42 PM |
| Delivered By: | payam shahian |
| Client ID: | SONG-BEVERLY |
| Status Icons: | |

2023 WL 405346
Only the Westlaw citation
is currently available.
United States District Court, C.D. California.

SANDRA J. WILLIAMS and
ROSCOE T. WILLIAMS, Plaintiffs,

v.

FORD MOTOR COMPANY; and DOES
1 through 10, inclusive, Defendants.

Case No. 5:21-cv-01346-SPG-SHK
|
Filed 01/24/2023

ORDER GRANTING IN PART
PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES, COSTS, AND
EXPENSES [ECF NO. 35]

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

**\*1** Before the Court is Plaintiffs' motion
for attorneys' fees, costs, and expenses. (ECF
No. 35). Defendant opposes. (ECF No. 53).
Having considered the parties' submissions, the
relevant law, and the record in this case, the
Court finds this matter suitable for resolution
without a hearing and GRANTS IN PART
Plaintiffs' motion. *See* Fed. R. Civ. P. 78(b);
Central District of California Local Rule 7-15.

## I. BACKGROUND

Plaintiffs Sandra and Roscoe Williams Sandra
and Roscoe Williams alleged that on or about
October 18, 2014, they purchased a 2015
Ford Fusion vehicle with identification number

3FA6P0HD3FR128440 (the "Vehicle"). (ECF
No. 1-2 ("Compl.") ¶ 9). In connection
with this purchase, Plaintiffs received various
warranties, including a 3 year/36,000 mile
express bumper to bumper warranty and a 5
year/60,000 mile express powertrain warranty.
(*Id.* ¶ 10). Plaintiffs alleged that during
the warranty period the Vehicle developed
numerous defects, including defects related to
the transmission, defects causing the Vehicle
to jerk, defects causing the Vehicle to jolt
through gears, and defects causing shakes
and vibrations while the Vehicle was idle
(together, the "Defects"). (*Id.* ¶ 11). Plaintiffs
further alleged that Defendant Ford Motor
Company ("Defendant") had not serviced or
repaired the Vehicle to conform to the express
warranties "after a reasonable number of
opportunities." (*Id.* ¶ 12).

Plaintiffs commenced this case against
Defendants Ford Motor Company and Sunrise
Ford on March 29, 2021, in the Superior Court
of the State of California for the County of
San Bernardino. (ECF No. 1). Plaintiffs asserted
seven causes of action against Defendant,
including: three violations of the Song-Beverly
Consumer Warranty Act, Cal. Civ. Code
§§ 1790 *et seq.*; breach of express written
warranty; breach of the implied warranty
of merchantability; fraudulent inducement –
concealment; and negligent repair against
Sunrise Ford. On July 7, 2021, Plaintiffs
dismissed Sunrise Ford and their seventh claim
for negligent repair against Sunrise Ford. (ECF
No. 1-5). On August 10, 2021, Defendant
removed this action to federal court pursuant to
28 U.S.C. § 1332. (ECF No. 1). On September
1, 2022, Defendant filed a motion for judgment
on the pleadings. (ECF No. 24). On September

7, 2022, Plaintiffs filed on opposition. (ECF No. 26 ("Opp.")).

Also on September 7, 2022, Defendant served Plaintiffs its first offer of judgment pursuant to Federal Rule of Civil Procedure 68. (ECF No. 37 ("Linnell Decl.") ¶ 38). Plaintiffs objected to the offer, (*id.* ¶ 39), and thereafter attended mediation on September 28, 2022. (*Id.* ¶ 40). On October 5, 2022, Defendant sent Plaintiffs a second offer for approximately $83,000.00 pursuant to Rule 68. (*Id.* ¶ 42). Plaintiffs accepted the offer on October 10, 2022. (*Id.*). On November 10, 2022, Plaintiffs submitted a Request for Entry of Judgment. (ECF No. 28). On November 17, 2022, the Court entered judgment for Plaintiffs according to the terms set forth in the offer. (ECF No. 31). On December 1, 2022, Plaintiffs filed an application to the clerk to tax costs based on a total of $4,634.92, as well as the instant Motion seeking $86,569.25 in attorneys' fees, costs, and expenses. (ECF Nos. 34, 35 ("Mot.")). On January 11, 2023, Defendant opposed the Motion. (ECF No. 53). Also on January 11, 2023, the parties submitted a joint stipulation to resolve all costs and expenses in this matter for a total of $4,374.92 in lieu of Plaintiffs' application to the clerk to tax costs. (ECF No. 52). On January 18, 2023, Plaintiffs filed their reply. (ECF No. 55 ("Reply")).[1]

## II. LEGAL STANDARD

 **\*2** State law governs attorney fees in diversity cases. *See Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009) ("In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the

procedure for requesting an award of attorney fees is governed by federal law." (internal citation omitted)). California's Song-Beverly Act authorizes an award of costs and expenses to plaintiffs prevailing on their claims. Cal. Civ. Code § 1794(d). A plaintiff may recover "a sum equal to the aggregate amount of costs and expenses, including attorney's fees, based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." *Id.* The "prevailing buyer has the burden of showing that the fees incurred were allowable, were reasonably necessary to the conduct of the litigation, and were reasonable in amount." *Morris v. Hyundai Motor Am.*, 41 Cal. App. 5th 24, 34 (2019) (internal quotation marks omitted); *Welch v. Metro Life Ins. Co.*, 480 F. 3d 942, 945-46 (9th Cir. 2007)

In determining a reasonable hourly rate, "the district court should consider: '[the] experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.' " *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986)). A "district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.' " *Welch*, 480 F.3d at 946 (9th Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Cases may be overstaffed, and the skill and experience of lawyers vary widely." *Hensley*, 461 U.S. at 434. "Ultimately, a 'reasonable' number of hours equals the number of hours which could reasonably have

SANDRA J. WILLIAMS and ROSCOE T. WILLIAMS, Plaintiffs, v...., Slip Copy (2023)

been billed to a private client." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

District courts have broad "discretion in determining the amount of a fee award ... in view of [their] superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *See Hensley*, 461 U.S. at 437. If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods. *Gonzales*, 729 F.3d at 1203. The court may either conduct an "hour-by-hour analysis" of the fee request or make an "across-the-board percentage cut." *Id.* If the court finds the time expended or the amount requested are not reasonable, it may award attorney fees in a lesser amount. *Morris*, 41 Cal. App. 5th at 34.

## III. DISCUSSION

The parties do not dispute that Plaintiffs, as the prevailing party, are entitled to recoup reasonable attorneys' fees, costs, and expenses under the Song-Beverly Act. The parties also agreed to resolve all costs and expenses for a total of $4,374.92. (ECF No. 52). Accordingly, the only question before the Court is the reasonableness of Plaintiffs' request for $58,099.50 in incurred attorneys' fees, a 1.35 multiplier enhancement for an additional $20,334.83, and an additional $3,500 in anticipated fees for Plaintiffs' counsel to litigate this Motion. In its opposition, Defendant argues the Court should award no more than $12,709.50. (Opp. at 6-7).

### A. Reasonableness of Fees

In determining the amount of an attorneys' fees award under § 1794(d), a court must utilize the "lodestar" method of calculating the award, accomplished by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Welch*, 480 F.3d at 945; *see also Meister v. Regents of Univ. of Cal.*, 67 Cal. App. 4th 437, 448-49 (1998) ("the California Supreme Court intended its lodestar method to apply to a statutory attorney's fee award"). Section 1794 requires a trial court to "ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." *Morris*, 41 Cal. App. 5th at 34. "In evaluating the requested rate, judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *Vargas v. Howell*, 949 F.3d 1188, 1199 (9th Cir. 2020) (internal quotation marks omitted).

### 1. Reasonable Hourly Rates

**\*3** The first step in calculating the lodestar is determining the reasonable hourly rate. While the prevailing market rate for attorneys of comparable experience, skill, and reputation controls this determination, the fact that "a lawyer charges a particular hourly rate, and gets it, is evidence bearing on what the market rate is, because the lawyer and his clients are part of the market." *Carson v. Billings Police Dep't*, 470 F. 3d 889, 892 (9th Cir. 2006).

Plaintiffs contend that the following hourly rates for their attorneys are reasonable:

**Name** Breita Linnell Ariel Harman-Holes Daniel Law Ezra Ryu Debora Rabieian Eve Canton Gregory Yu Nino Sanaia Scott Johnson Tionna Dolin Hector Calderon Joy DeLeon Steven Whang Karin Kuemerle **Year Admitted** 2011 2017 2016 2017 2017 Law clerk; not yet admitted 2004 2015 1996 2014 Law clerk; not yet admitted 2000 2014 2003 **Hourly Rate** $495 $400 2021 rate of $425 and 2022 rate of $440 $385 $410 $295 $550 $385 $550 2021 rate of $450 and 2022 rate of $550 $295 $575 $475 $595

The Court looks to the "prevailing market rates in the relevant community" when determining a "reasonable hourly rate." *Gonzalez*, 729 F.3d at 1200. The relevant community is "the forum in which the district court sits" for purposes of deducing the prevailing rate. *Id.* (internal quotation marks omitted). "The Court can also rely on other court decisions analyzing the same attorneys' rates to determine whether the prevailing party requests a reasonable rate." *Olague v. Ford Motor Co.*, No. 5:18-cv-02215 MCS (KKx), 2021 WL 9095731, at *2 (C.D. Cal. June 29, 2021) (citing *Widrig v. Apfel*, 140 F.3d 1207, 1210 (9th Cir. 1998)).

Plaintiffs' primary evidence in support of the requested hourly rates is the declaration of Payam Shahian. (ECF No. 49 ("Shahian Decl.")). As the founder and most senior attorney of Strategic Legal Practices, Payam Shahian is "familiar with the experience and background of each attorney who has worked on this case at Strategic Legal Practices" and bases his determination that the hourly rates are reasonable on his "own experience and review of relevant court orders in the Los Angeles area." (*Id.* ¶ 41). Additionally, Shahian cites

to several previous cases for each attorney in which hourly rates comparable to those requested in the instant Action were awarded to that specific attorney or to an attorney of similar experience in Los Angeles County. *See* (*id.* ¶¶ 43, 45, 47, 49, 51, 53, 55, 57, 59, 61, 63, 65, 67, 69).

In opposition, Defendant cites several cases where lower rates were awarded and argues that Plaintiffs' counsel's rates are unjustifiably high and should be reduced. *See* (Opp. at 13-15). However, none of those cases involved Strategic Legal Practices. Instead, as Plaintiffs point out, courts in this district routinely find Strategic Legal Practices' hourly rates to be reasonable. *See, e.g., Rahman v. FCA US LLC*, 594 F. Supp. 3d 1199, 1204 (C.D. Cal. 2022); *Petersen v. FCA US, LLC*, No. CV 21-1386 DSF (EX), 2022 WL 2255099, at *5 (C.D. Cal. June 21, 2022); *Zargarian v. BMW of N. Am., LLC*, 442 F. Supp. 3d 1216, 1227 (C.D. Cal. Mar. 3, 2020); *Zomorodian v. BMW of N. Am., LLC*, No. CV 17-5061-DMG (PLAx), 2019 WL 6534513, at *5 (C.D. Cal. July 23, 2019). This Court agrees that Plaintiffs have sufficiently established that the requested hourly rates for each attorney involved in this case are reasonable. *See id.* (finding Shahian's declaration sufficient to establish the reasonableness of Strategic Legal Practices' attorneys' rates).

2. <u>Hours Reasonably Expended</u>

**\*4** Plaintiffs submit that counsel spent a total 123.9 hours on this case. (Mot. at 16; Shahian Decl., Ex. 32). Defendant argues that multiple deficiencies in Plaintiffs' counsel's

SANDRA J. WILLIAMS and ROSCOE T. WILLIAMS, Plaintiffs v...., Slip Copy (2023)

billing records warrant reducing the number of hours billed, including unnecessary work, excessive or duplicative billing, and overly vague entries. (Opp. at 17-21).

To begin, Defendant objects to counsel spending 18.4 hours drafting responses to its discovery requests as unreasonable. Defendant submits that it only served "twelve straightforward requests for production and fourteen interrogatories, to which Plaintiffs served boilerplate copy-and-paste objections and provided very little substance whatsoever." (Opp. at 17-18). Plaintiffs retort that they responded to discovery served on two plaintiffs, rather than one, and Plaintiffs provided specific bates numbers to help identify documents applicable to each request. (Reply at 7). Based on its review of the record, the Court agrees with Defendant that spending 18.4 hours is nevertheless excessive under the circumstances.

Defendant also objects to one of Plaintiffs' highest-billing attorneys spending 5.3 hours drafting discovery requests, which largely consisted of recycled requests that counsel has used in prior lemon law cases.[2] (Opp. at 18). In response, Plaintiffs' counsel acknowledges it used templates but still argues 5.3 hours was reasonable given the need for customization. (Reply at 9). The Court again agrees with Defendant that spending 5.3 hours is excessive given counsel's access to templates. *See Rahman*, 594 F. Supp. 3d at 1205; *James v. AT&T W. Disability Benefits Program*, No. 12-cv-06318-WHO, 2014 WL 7272983, at *4 (N.D. Cal. Dec. 22, 2014) (finding one hour spent drafting and modifying a complaint derived from a template to be reasonable).

Defendant also objects to time billed by attorneys for vague or clerical tasks. However, counsel need not "record in great detail how each minute of his time was expended," but must at least "identify the general subject matter of his time expenditures." *Hensley*, 461 U.S. at 437 n.12. The Court has carefully examined the bills submitted and finds they provide an appropriate level of detail to enable the Court to conduct a meaningful review for reasonableness. Thus, the Court will not reduce the time for any "vague" entries. As for the purported clerical tasks, Defendant objects to counsel spending 4.1 hours drafting a "repair chronology." (Opp. at 20). In response, Plaintiffs argue that a repair chronology is a "crucial part of a lemon law matter," and this time should be compensated. (Reply at 10). The Court agrees with Plaintiffs and finds that assembling a repair chronology is not a "purely clerical task" that necessarily warrants reduction.

Overall, for the reasons stated above, the Court finds that Plaintiffs' billing records includes a non-insignificant portion of unnecessary and excessive work. The Court thus finds that a 10% "haircut" reduction is appropriate. *See Rahman*, 594 F. Supp. 3d at 1206-07; *Shaw v. Ford Motor Co.*, No. 5:18-cv-01169-JLS-KK, 2020 WL 57273, at *4–5 (C.D. Cal. Jan. 3, 2020) (applying a "haircut" reduction of 10% to the lodestar). Finally, because the instant motions were taken under submission and no hearing was required, Plaintiffs' request for $3,500 to cover counsel's review of Defendant's opposition, drafting of the reply, and attending the hearing is reduced to $2,000. Therefore, in

sum, the Court finds that Plaintiffs' counsel's reasonable lodestar equates to $54,289.55.

### B. Lodestar Multiplier

**\*5** Plaintiffs request a 1.35 multiplier of the lodestar. The lodestar amount is considered presumptively reasonable, and only the "rare" or "exceptional" case will justify an upward adjustment. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1046 (9th Cir. 2000). Generally, courts consider the following factors when determining whether to enhance a lodestar: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Ketchum v. Moses*, 24 Cal. 4th 1122 (2001) (citing *Serrano v. Priest*, 20 Cal. 3d 25 (1977)). Courts have also recognized that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee' and an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010) (internal quotation marks omitted). The "novelty and complexity of a case generally may not be used as a ground for an enhancement because these factors presumably are fully reflected in the number of billable hours recorded by counsel." *Id.* (internal quotation marks and alterations omitted). Furthermore, "the quality of an attorney's performance generally should not be used to adjust the lodestar because considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate." *Id.* (internal quotation marks and alterations omitted).

Counsel for Plaintiffs contend an upward modification is warranted because they "obtained an excellent outcome," the risks posed by this litigation were substantial because counsel took the case on a contingency basis. (Mot. at 19-20). However, the "excellent outcome" was merely a settlement favorable to Plaintiffs, and lemon law cases are routinely prosecuted on a contingency fee basis. Moreover, the Song-Beverly Act "is a mandatory fee-shifting statute which eliminates any uncertainty about whether costs will be awarded to the prevailing party." *Rahman*, 594 F. Supp. 3d at 1207 (internal quotation marks omitted). Given that the lodestar is "presumptively the reasonable fee amount" *Van Gerwen*, 214 F.3d at 1045, and none of the other factors strongly favors adjusting the lodestar, the Court finds the lodestar amount awarded appropriate here. Accordingly, the Court declines to apply any enhancement to the lodestar.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** in part Plaintiffs' motion and awards Plaintiffs $54,289.55 in reasonable attorneys' fees. The Court **GRANTS** Plaintiffs' joint stipulation regarding Plaintiffs' costs and expenses and awards Plaintiffs $4,374.92 in costs and expenses.[3] Defendant is **ORDERED** to pay reasonable fees in the amount of $58,664.47, inclusive of attorneys' fees, costs, and expenses.

### IT IS SO ORDERED.

**All Citations**

Slip Copy, 2023 WL 405346

Footnotes

1    Plaintiffs object to Defendant's declaration of Patricia H. Jun. (ECF No. 55-1). As the Court does not rely on any portion of the Jun Declaration subject to an objection, the Plaintiffs' objections are overruled as moot. *See A.B. v. Facebook, Inc.*, No. CV 20-9012-CBM-(MAAx), 2021 WL 2791618, at *2 (C.D. Cal. June 1, 2021).

2    Defendant objects to several other entries, including counsel spending more than 18 hours to oppose Defendant's motion for judgment on the pleadings and spending 7.6 hours to prepare for Defendant's Rule 30(b)(6) deposition. *See* (Opp. at 18-19).

3    Plaintiffs' request for the Clerk to tax costs (ECF No. 34) is hereby rendered moot.

**End of Document**                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 14

CIV-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Payam Shahian (SBN: 228406);<br>Strategic Legal Practices, APC<br>1888 Century Park East, 19th FLoor, Los Angeles, CA 90067<br><br>TELEPHONE NO.: 310-929-4900    FAX NO. *(Optional):* 310-943-3838<br>E-MAIL ADDRESS *(Optional):* pshahian@slpattornev.com:<br>ATTORNEY FOR *(Name):* Plaintiff: Proa. Sergio | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanlwt Mosk Courthouse

PLAINTIFF/PETITIONER: SERGIO PROA
DEFENDANT/RESPONDENT: Kia Motors America INC

| **NOTICE OF ENTRY OF JUDGMENT**<br>**OR ORDER**<br><br>*(Check one):*  [ x ] **UNLIMITED CASE**  [ ] **LIMITED CASE**<br>(Amount demanded    (Amount demanded was<br>exceeded $25,000)    $25,000 or less) | CASE NUMBER:<br>BC716646 |
|---|---|

**TO ALL PARTIES :**

1. A judgment, decree, or order was entered in this action on *(date):* April 24. 2023

2. A copy of the judgment, decree, or order is attached to this notice.

Date: 5/05/2023

Payam Shahian
(TYPE OR PRINT NAME OF   [ x ]  ATTORNEY   [ ]  PARTY WITHOUT ATTORNEY)

▶

*(SIGNATURE)*

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
CIV-130 [New January 1, 2010]

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

www.courts.ca.gov

CIV-130

| PLAINTIFF/PETITIONER: Proa, Sergio | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America Inc. | BC716646 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL

### NOTICE OF ENTRY OF JUDGMENT OR ORDER

**(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)**

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:

   a. on *(date):*

   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a. Name of person served:               c. Name of person served:

      Street address:                         Street address:
      City:                                   City:
      State and zip code:                     State and zip code:

   b. Name of person served:               d. Name of person served:

      Street address:                         Street address:
      City:                                   City:
      State and zip code:                     State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____

_____          ▶    _____
(TYPE OR PRINT NAME OF DECLARANT)                     (SIGNATURE OF DECLARANT)

Page 2 of 2

CIV-130 [New January 1, 2010]          **NOTICE OF ENTRY OF JUDGMENT OR ORDER**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**    [Print this form]  [Save this form]          [Clear this form]

# EXHIBIT 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 47

BC716646                                                              April 24, 2023
**SERGIO PROA VS KIA MOTORS AMERICA INC**                            9:00 AM

| | |
|---|---|
| Judge: Honorable Theresa M. Traber | CSR: Linda Lee #13568 (Pro Tempore) - via LACourtConnect |
| Judicial Assistant: I. Flores | ERM: None |
| Courtroom Assistant: M. Soto | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): Sepehr Daghighian, Esq by: Breita Linnell - via LACourtConnect

For Defendant(s): Michael J Hurvitz by: Ani Tolmoyan - via LACourtConnect

**NATURE OF PROCEEDINGS:**
Hearing on Motion by: Plaintiff (Sergio Proa), For Attorneys' Fees, Costs, and Expenses - ID# 260427000185:

Motion as captioned above, is called for hearing and held.

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Linda Lee, CSR # 13568, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The Court issues a written tentative ruling in this matter. The Court's tentative ruling is available for review via the Court's website.

The Court hears from counsel.

After hearing from counsel, the Court's tentative ruling is adopted as the final order of the court.

The Court rules as follows:

The Motion for Attorney Fees Costs and Expenses - ID# 260427000185 filed by Sergio Proa on 03/09/2023 is Granted in Part.

MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

MOVING PARTY: Plaintiff Sergio Proa

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 47

BC716646                                                    April 24, 2023
SERGIO PROA VS KIA MOTORS AMERICA INC                       9:00 AM

Judge: Honorable Theresa M. Traber         CSR: Linda Lee #13568 (Pro Tempore) - via
                                           LACourtConnect
Judicial Assistant: I. Flores              ERM: None
Courtroom Assistant: M. Soto               Deputy Sheriff: None

RESPONDING PARTY(S): Defendant Kia Motors America, Inc.

STATEMENT OF MATERIAL FACTS AND/OR PROCEEDINGS:

This was a lemon law action filed on August 6, 2018. In the operative First Amended Complaint, filed November 22, 2018, Plaintiff alleged that he purchased a new 2011 Kia Optima which had serious engine defects. Plaintiff alleges multiple violations of the Song-Beverly Consumer Warranty Act and fraudulent omission by Defendant in concealing the engine defects.

Plaintiff now moves for an award of attorney's fees, costs, and expenses pursuant to a settlement.

FINAL RULING:

Plaintiff's Motion for Attorney's Fees, Costs, and Expenses is GRANTED in part in the amount of $117,480.38 in fees plus $7,386.73 in costs.

DISCUSSION:

Plaintiff moves for an award of fees, costs, and expenses in the total amount of $131,271.57.

Plaintiff's Requests for Judicial Notice

Plaintiff requests that the Court take judicial notice of a series of 34 orders approving awards of attorney's fees in unrelated lemon law actions in both California and federal court. These orders are not relevant to the question of whether the award of fees and costs sought in this case is proper. Accordingly, Plaintiffs' requests for judicial notice are DENIED. (Gbur v. Cohen (1979) 93 Cal.App.3d 296, 301 ("[J]udicial notice . . . is always confined to those matters which are relevant to the issue at hand.").)

Evidentiary Objections

Defendant objects to the Declaration of Payam Shahian in support of the Motion for Attorney's Fees. Plaintiff objects to the Declaration of Ani Tomolyan in support of the Opposition to the Motion. Neither party cites any authority requiring the Court to rule on evidentiary objections in the context of a Motion for Attorney's Fees, as opposed to a Motion for Summary Judgment (Code Civ. Proc. § 437c(q).) To the extent that any of the evidence on which the parties rely is

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 47

BC716646                                                                                    April 24, 2023
**SERGIO PROA VS KIA MOTORS AMERICA INC**                                                   9:00 AM

Judge: Honorable Theresa M. Traber        CSR: Linda Lee #13568 (Pro Tempore) - via
                                          LACourtConnect
Judicial Assistant: I. Flores             ERM: None
Courtroom Assistant: M. Soto              Deputy Sheriff: None

relevant to the Court's ruling, the Court will take the pertinent objections into account in evaluating that evidence.

Declaration of Sepehr Daghighian

Plaintiff's Exhibit List attests to a declaration of Michael Rosenstein with three attached exhibits. (Exhibit List.) However, no such declaration was filed with the Court. In lieu of these documents, Plaintiff instead provided a declaration from Sepehr Daghighian, also Plaintiff's counsel, dated January 9, 2023, but served April 19, 2023. This declaration contains exhibits whose titles suggest they are the same exhibits identified in the Exhibit List. (Declaration of Sepehr Daghighian ISO Mot. Exhs. A-C.) As Defendant has not objected to the missing declaration, the Court exercises its discretion to construe this declaration as a replacement for the missing filing and will consider the declaration on its merits.

Entitlement to Fees

Plaintiff seeks an award of attorney's fees, costs, and expenses pursuant to a settlement agreement reached by the parties. Plaintiff brought claims for violation of the Song-Beverly Consumer Warranty Act (Civ. Code § 1790 et seq.) and for fraudulent omission.

Civil Code section 1794(d) states:

If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.

On August 3, 2022, Plaintiff signed an offer to compromise under Code of Civil Procedure section 998 to repurchase Plaintiff's vehicle for $32,500. (Declaration of Zavig Mkrdech ISO Mot. Exh. 8 ¶ 1.) The offer provided for an award of reasonable attorney's fees to Plaintiff by noticed motion pursuant to Civil Code section 1794(d). (Id. ¶ 5.) The parties agree that Plaintiff is the prevailing party. (Id.)

Reasonableness of Fees

Plaintiff requests a total fee award of $120,980.38, based on a total of $73,667.50 in fees accrued

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 47

BC716646                                                      April 24, 2023
**SERGIO PROA VS KIA MOTORS AMERICA INC**                    9:00 AM

| | |
|---|---|
| Judge: Honorable Theresa M. Traber | CSR: Linda Lee #13568 (Pro Tempore) - via LACourtConnect |
| Judicial Assistant: I. Flores | ERM: None |
| Courtroom Assistant: M. Soto | Deputy Sheriff: None |

by Strategic Legal Practices, APC, and $13,355.00 in fees accrued by California Consumer Attorneys, P.C., plus an additional $30,457.88 resulting from a 1.35 multiplier, plus $3,500 in anticipated fees to prepare a reply brief and attend the hearing on this motion. (Declaration of Payam Shahnian ISO Mot. ¶¶ 72.)

Reasonable attorney's fees are allowable costs when authorized by contract, statute, or law. (Code Civ. Proc § 1033.5(a)(10), (c)(5)(B).) In actions that are based on a contract, "where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract… shall be entitled to reasonable attorney's fees in addition to other costs." (Civil Code § 1717(a) [emphasis added].) A recovery of attorney's fees is authorized even in noncontractual or tort actions if the contractual provision for fee recovery is worded broadly enough. (See Code Civ. Proc § 10211; Maynard v. BTI Group, Inc. (2013) 216 Cal.App.4th 984, 993 [agreement to award fees based on outcome of "any dispute" encompasses all claims, "whether in contract, tort or otherwise]; Lockton v. O'Rourke (2010) 184 Cal.App.4th 1051, 1076; Lerner v. Ward (1993) 13 Cal.App.4th 155, 160.)

Reasonable attorney's fees shall be fixed by the Court and shall be an element of the costs of suit. (Code Civ. Proc. § 1033.5(c)(5)(B).) Reasonable attorney's fees are ordinarily determined by the Court pursuant to the "lodestar" method, i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate. (See PLCM Group, Inc. v. Drexler (2000) 22 Cal.4th 1084, 1095-1096; Margolin v. Regional Planning Com. (1982) 134 Cal.App.3d 999, 1004 ["California courts have consistently held that a computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee award."].) "[T]he lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors including, as relevant herein, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award…." (Ibid.) In setting the hourly rate for a fee award, courts are entitled to consider the "fees customarily charged by that attorney and others in the community for similar work." (Bihun v. AT&T Info. Sys., Inc. (1993) 13 Cal.App.4th 976, 997 [affirming rate of $450 per hour], overruled on other grounds by Lakin v. Watkins Associated Indus. (1993) 6 Cal.4th 644, 664.) The burden is on the party seeking attorney's fees to prove the reasonableness of the fees. (Center for Biological Diversity v. County of San Bernardino (2010) 188 Cal.App.4th 603, 615.)

The Court has broad discretion in determining the amount of a reasonable attorney's fee award,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 47

BC716646                                                          April 24, 2023
SERGIO PROA VS KIA MOTORS AMERICA INC                             9:00 AM

Judge: Honorable Theresa M. Traber          CSR: Linda Lee #13568 (Pro Tempore) - via
                                            LACourtConnect
Judicial Assistant: I. Flores               ERM: None
Courtroom Assistant: M. Soto                Deputy Sheriff: None

which will not be overturned absent a "manifest abuse of discretion, a prejudicial error of law, or necessary findings not supported by substantial evidence." (Bernardi v. County of Monterey (2008) 167 Cal.App.4th 1379, 1393-1394.) The Court need not explain its calculation of the amount of attorney's fees awarded in detail; identifying the factors considered in arriving at the amount will suffice. (Ventura v. ABM Indus. Inc. (2012) 212 Cal.App.4th 258, 274-275.)

1. Base Fee Requests

Plaintiff has provided an itemized list of the attorney and paralegal time billed in connection with this case by both SLP and CCA. (Shahian Decl. Exhs. 35-36; Daghighian Decl. Exh. A.) SLP billed a total of 175.50 hours in connection with this case at hourly rates ranging from $325 to $610 per hour. (Id. Exh. 35.) CCA reportedly billed a total of 25.3 hours at rates ranging from $500 to $650 per hour. (Daghighian Decl. Exh. A.) Attorney Shahian attests to the skills, training, experience, and hourly rates of SLP's attorneys as their supervisor, and to the veracity of SLP's time entries. (Shahian Decl. ¶¶ 41-67, 69.) Similarly, Attorney Daghighian, as a partner at CCA attests to his own skills, training, experience, and hourly rates, as well as those of his associate, Brian T. Shippen-Murray, and his senior partner, Michael Rosenstein. (Daghighian Decl. ¶¶ 2-5.) The Court also observes that, notwithstanding the length of time spent on this case, that Plaintiff's counsel has exercised billing judgment, assigning research and drafting tasks to associates and junior partners, and reserving more strategic and editing pursuits to senior partners charging higher rates. (See generally Exhs. 35-36.)

Although Defendant identifies numerous entries that it contends are "block billing," "vague," "duplicative," or "excessive time," Defendant offers no evidence supporting these contentions beyond a conclusory assertion that they are so. (See Tomolyan Decl. Exh. A.) Defendant's contentions that many of Plaintiff's documents and motions are "boilerplate" is similarly unsupported.

Defendant also argues that portions of Plaintiff's fee requests are improper because Plaintiff is not entitled to an award of fees on his fraud claim, and that Plaintiff has not separated the fees and costs incurred with respect to that cause of action from his Song-Beverly claims. The Court of Appeal has expressly rejected this argument in the context of fraud claims in a lemon law action. (Santana v. FCA US, LLC (2020) 56 Cal.App.5th 334, 349.) The fraud and Song-Beverly claims in this action arose from a common factual nucleus and need not be separated out in Plaintiff's fee request.

Based on the foregoing, the Court concludes that Plaintiff's unmodified fee requests were

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 47

BC716646
SERGIO PROA VS KIA MOTORS AMERICA INC

April 24, 2023
9:00 AM

| | |
|---|---|
| Judge: Honorable Theresa M. Traber | CSR: Linda Lee #13568 (Pro Tempore) - via LACourtConnect |
| Judicial Assistant: I. Flores | ERM: None |
| Courtroom Assistant: M. Soto | Deputy Sheriff: None |

reasonably incurred and appropriate for use as the lodestar for Plaintiff's fee award, with the exception of the request for anticipated fees in the amount of $3,500. The Court does not think it appropriate to award fees not actually incurred.

2. Fee Multiplier

Plaintiff requests that the lodestar be enhanced by a multiplier of 1.35, which would result in an additional award of $30,457.88. Plaintiff contends that this multiplier is reasonable considering the contingent nature of this action, Plaintiff's counsel's experience and knowledge, the difficulty of this litigation, and the favorable result achieved for Plaintiff. Multipliers for successful representation on a contingency basis have frequently been awarded. (See, e.g., Santana v. FCA US LLC (2020) 56 Cal.App.5th 334, 352.)

Defendant argues that the Court should not only decline to award a positive multiplier but actually award a negative multiplier because this case was "a garden-variety Song-Beverly lawsuit" (opposition p.16:2) that "involved a handful of depositions, basic boilerplate written discovery, and no significant law and motion." (Tomolyan Decl. ¶ 23.) Defendant's contention is belied by the record in this case which reflects five years of litigation, demurrers, motions in limine, and a motion for summary judgment involving substantial evidentiary production. Indeed, Defendant settled this case within a month of losing comprehensively on its motion for summary judgment. In the Court's view, prosecuting such a case through motions practice and preparations for trial shows legal representation that embraces risk despite the contingent character of receiving fees, such that a multiplier on the fee award is proper.

The Court therefore concludes that an award of $117,480.38 is proper in this case.

Costs

Plaintiff also seeks an award of costs in the amount of $10,291.19.

A prevailing party on a Song-Beverly claim may also seek to recover costs reasonably incurred, as well as attorney's fees. (Civ. Code § 1794(d).) Once a request for costs is properly challenged, the burden shifts to the propounding party to demonstrate why such costs are recoverable and proper. (Whatley-Miller v. Cooper (2013) 212 Cal.App.4th 1103, 1113.) Costs are normally sought by way of a memorandum of costs pursuant to California Rule of Court 3.1700(a). However, as Defendant consents to determination of costs via this motion, the Court will exercise its discretion to do so.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 47

**BC716646**                                                           April 24, 2023
**SERGIO PROA VS KIA MOTORS AMERICA INC**                               9:00 AM

| | |
|---|---|
| Judge: Honorable Theresa M. Traber | CSR: Linda Lee #13568 (Pro Tempore) - via LACourtConnect |
| Judicial Assistant: I. Flores | ERM: None |
| Courtroom Assistant: M. Soto | Deputy Sheriff: None |

Plaintiff included an itemized list of costs with SLC and CCA's itemized billing records. Shahian Decl. Exhs. 35-36.) Defendant objects only to one item dated 2/28/21 titled "Expense paid to International Litigation Services for Data Hosting 2/28/21" in the amount of $2,904.46. (See Shahian Decl. Exh. 35, see also Tomolyan Decl. Exh. A.) Defendant contends that this item is duplicative of costs incurred in a separate case for storage of documents relating to Defendant's Theta II engine, which the parties stipulated to use across multiple cases, including this one. In reply, Plaintiff states that this cost item is not duplicative. Rather, Plaintiff contends that "there is a different billing date in each case for which this storage is billed given that Plaintiff counsel has been storing these arguments with ILS for several years." (Reply p.10:16-17.) Plaintiff provides no evidence supporting this statement and, as Plaintiff bears the burden of justifying these costs, the lack of a sworn declaration attesting to the veracity of this statement is fatal to this request.

The Court will therefore award Plaintiff reduced costs in the amount of $7,386.73.

CONCLUSION:

Accordingly, Plaintiff's Motion for Attorney's Fees, Costs, and Expenses is GRANTED in part in the amount of $117,480.38 in fees plus $7,386.73 in costs.

By agreement of the parties and on order of the Court, the [proposed] Order Granting Plaintiff's Motion For Attorneys' Fees and Costs and Expenses received on March 9, 2023 is DECLINED by the Court and is NOT SIGNED by the Court. The minute order is deemed the Final Order of the Court.

Order to Show Cause Re: Dismissal is scheduled for 06/28/2023 at 08:30 AM in Department 47 at Stanley Mosk Courthouse.

Counsel shall prepare and serve a [proposed] Stipulation and Order regarding jurisdiction retention pursuant to Code of Civil Procedure Section 664.6 for the court's review and approval.

Notice is waived.

# EXHIBIT 15

CIV-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Payam Shahian (SBN 228406); Breita Linnell (SBN 330758)<br>Strategic Legal Practices, APC<br>1888 Century Park East, 19th Floor, Los Angeles, California 90067<br><br>TELEPHONE NO.: 310-929-4900        FAX NO. *(Optional)*: 310-943-3838<br>E-MAIL ADDRESS *(Optional)*: pshahian@slpattorney.com; emailservices@slpattorney.com<br>ATTORNEY FOR *(Name)*: Plaintiff(s) | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Francisco Rodriguez et al.

DEFENDANT/RESPONDENT: Hyundai Motor America

| **NOTICE OF ENTRY OF JUDGMENT<br>OR ORDER**<br>*(Check one):*  [x] **UNLIMITED CASE**      [ ] **LIMITED CASE**<br>(Amount demanded         (Amount demanded was<br>exceeded $25,000)          $25,000 or less) | CASE NUMBER:<br>21STCV01655 |
|---|---|

**TO ALL PARTIES :**

1.  A judgment, decree, or order was entered in this action on *(date)*: July 6, 2023

2.  A copy of the judgment, decree, or order is attached to this notice.

Date: July 6, 2023

Breita Linnell
(TYPE OR PRINT NAME OF  [x] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)

▶        */s/ Breita Linnell*
                              (SIGNATURE)

Page 1 of 2

Form Approved for Optional Use<br>Judicial Council of California<br>CIV-130 [New January 1, 2010]

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

www.courts.ca.gov

**CIV-130**

| PLAINTIFF/PETITIONER: Francisco Rodriguez et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Hyundai Motor America | 21STCV01655 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL

### NOTICE OF ENTRY OF JUDGMENT OR ORDER

*(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:

   a. on *(date):*

   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a. Name of person served:            c. Name of person served:

      Street address:                       Street address:
      City:                                 City:
      State and zip code:                   State and zip code:

   b. Name of person served:            d. Name of person served:

      Street address:                       Street address:
      City:                                 City:
      State and zip code:                   State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____

_____          ▶          _____
(TYPE OR PRINT NAME OF DECLARANT)                         (SIGNATURE OF DECLARANT)

CIV-130 [New January 1, 2010]    **NOTICE OF ENTRY OF JUDGMENT OR ORDER**

# EXHIBIT 1

Español    Tiếng Việt    한국어    中文    հայերեն

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

Search

| Home | Online Services | Forms, Filings & Files | Self-Help | Divisions | Jury | General Info |
|------|-----------------|------------------------|-----------|-----------|------|--------------|
| | Pay Fines, Search Records... | Forms, Filing Fees... | For persons without attorneys | Civil, Criminal, Family... | Jury Duty Portal, Q&A... | Courthouses, ADA ... |

ONLINE SERVICES

# Tentative Rulings

## DEPARTMENT 74 LAW AND MOTION RULINGS

**Case Number:** 21STCV01655    **Hearing Date:** July 6, 2023    **Dept:** 74

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES – CENTRAL DISTRICT

DEPARTMENT 74

| ¿¿¿¿FRANCISCO RODRIGUEZ, et al.,<br><br>¿¿Plaintiffs,<br><br>vs.<br><br>¿¿¿¿HYUNDAI MOTOR AMERICA, et al.,¿<br><br>¿¿Defendants¿. | Case No.:    21STCV01655<br><br>Hearing Date:    ¿July 6, 2023¿<br><br>Time:    8:30 a.m.<br><br><br>**[TENTATIVE] ORDER RE:**<br><br>Plaintiffs' Motion for Attorney Fees, Costs, and Expenses |
|---|---|

MOVING PARTIES:      Plaintiffs Francisco Rodriguez and Norma Rodriguez

RESPONDING PARTY:    Defendant Hyundai Motor America

**Motion for Attorney Fees and Costs.**

The court considered the moving papers, opposition, and reply.

The court denies Plaintiff's request for judicial notice.

The court sustains Defendant's Evidentiary Objection #1 in full. The court sustains Objection #2 as to trial court orders in other matters and unpublished decisions.

BACKGROUND

This action arises from a dispute over a 2012 Hyundai Elantra.

On January 14, 2021, Plaintiffs Francisco and Norma Rodriguez (Plaintiffs) filed a complaint against Defendant Hyundai Motor America (Defendant). In the complaint, Plaintiffs alleged various violations of the Civil Code, breach of express written warranty, breach of implied warranty of merchantability, and fraud by omission.

On June 17, 2022, the parties settled.

On January 5, 2023, Plaintiffs' counsel filed this motion for attorney fees and costs.

LEGAL STANDARD

Under Civil Code § 1794, subdivision (d), a buyer who prevails in an action under the Song-Berverly Act can recover costs and expenses, including attorney fees. The attorney fees requested should be based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the action's commencement and prosecution. (Civ. Code § 1794.)

"The determination of what constitutes a reasonable fee generally "begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the hourly rate." (*Graciano v. Robinson Ford Sales, Inc.* 144 Cal.App.4th 140, 154.) The lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors including, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, and (4) the contingent nature of the fee award. (*Ibid.*)

DISCUSSION

<u>Plaintiff's Counsel's Hourly Rate.</u>

"The reasonable hourly rate is that prevailing in the community for similar work." (*PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1095.) "The experienced trial judge is the best judge of value of professional services rendered in his court." (*Ibid.*) An award of attorney fees may also be based on counsel's declarations. (*Raining v. Data Corp. v. Barrenechea* (2009) 175 Cal.App.4th 1363, 1375.) Here, Plaintiffs' counsel requests hourly rates ranging from $595 to $250. (Motion, at p. 8; Shahian Decl., ¶¶ 40-62.) The court finds these rates reasonable.

<u>Hours Expended by Plaintiff's Counsel.</u>

The attorney bears the burden of proof as to reasonableness of any fee claim. (Code Civ. Proc., § 1033.5(c)(5).) This burden requires competent evidence as to the nature and value of the services rendered. (*Martino v. Denevi* (1986) 182 Cal.App.3d 553, 559.) A plaintiff's verified billing invoices are prima facie evidence that the costs, expenses, and services listed were necessarily incurred. (See *Hadley v. Krepel* (1985) 167 Cal.App.3d 677, 682.)

"In challenging attorney fees as excessive because too many hours of work are claimed, it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence. General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." (*Lunada Biomedical v. Nunez* (2014) 230 Cal.App.4th 459, 488, quoting *Premier Med. Mgmt. Sys., Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564.) Plaintiffs have provided a breakdown of the 97.70 hours devoted to this case in detailed billing entries. (Shahian Decl., ¶ 64; Ex. 32.) Defendant argues that the court should reduce Plaintiffs' counsels' award because they continued to bill after they received the 998 Offer. (Opposition, at pp. 4-5.) But Defendant has not specified which billing entries were unnecessary after the 998 Offer. Additionally, Defendant has pointed to billing entries that it finds excessive. (Opposition, at pp. 6-7; Stuhlberg Decl., ¶ 6; Ex. A.) However, the court does not find the entries at issue excessive.

<u>Lodestar Multiplier</u>

"[T] the statutory language of [Civil Code] section 1794, subdivision (d), is reasonably compatible with a lodestar adjustment method of calculating attorney fees, including use of fee multipliers. (*Robertson v. Fleetwood Travel Trailers of California, Inc.* (2006) 144 Cal.App.4th 785, 818.) "The . . . figure may be augmented or diminished by taking various relevant factors into account, including . . . the contingent nature of the fee award, based on the uncertainty of prevailing on the merits of establishing eligibility for the award. (*Id.* at p. 819.) Here, Plaintiffs' counsel requests a 1.35 fee multiplier. Defendant in turn argues that such a multiplier is unjustified. The

court disagrees. Plaintiffs' counsel took on the risk of representing Plaintiffs on a contingency basis, which warrants the attorney fee multiplier of 1.35.

**Costs.**

Under Civil Code § 1794, subdivision (d), a buyer who prevails in an action under the Song-Beverly Act can recover costs and expenses. Plaintiffs' counsel is entitled to costs and has substantiated their request. (Shahian Decl., ¶ 64; Ex. 32.)

**CONCLUSION**

Based on the foregoing, the court grants the motion and awards Plaintiffs' counsel $54,778.98 in attorney fees and costs (($36,065.50 x 1.35) + $2,590.55 (costs) + $3,500 (to review opposition, draft reply, and attend hearing)).

Plaintiffs' counsel is ordered to give notice.

IT IS SO ORDERED.

DATED:  ¿July 6, 2023

_____

Colin Leis

Judge of the Superior Court

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Strategic Legal Practices, 1888 Century Park East, 19th Floor, Los Angeles, California 90067.

4

  On **July 6, 2023**, I caused to be served the document(s) described as:

5

6

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

7

on the interested parties in this action by sending [  ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] [  ] as stated on the attached service list:

8

Richard L. Stuhlbarg, Esq.

9

Brian Takahashi, Esq.
Michael Chung, Esq.

10

**BOWMAN & BROOKE, LLP**
970 W. 190th Street, Suite 700
Torrance, CA 90502

11

rick.stuhlbarg@bowmanandbrooke.com

12

Brian.takahashi@bowmanandbrooke.com
Michael.chung@bowmanandbrooke.com

13

hyundaicases@bowmanandbrooke.com

14

15

[✓]    **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery, ***as agreed between the parties***, on the parties listed herein at their most recent known e-mail address or e-mail of record in this action.

16

17

18

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

19

    Executed this **July 6, 2023**, at Los Angeles, California.

20

21

22

*Randle Rankin*
_____
Randle Rankin

23

rrankin@slpattorney.com

24

25

26

27

28

# EXHIBIT 16

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 50

| | |
|---|---|
| **21STCV23811** | October 16, 2023 |
| **CHARLES STEVEN SEDLACEK IV vs GENERAL MOTORS, LLC** | 10:00 AM |

| | |
|---|---|
| Judicial Officer: None | CSR: Kylie Shepherd CSR 13756 |
| Judicial Assistant: None | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): Tionna Dolin by Breita Linnell [LACourtConnect]

For Defendant(s): Mary Lynn Arens by Alexandria Pappas [LACourtConnect]  no appearance

LACC -Technical issues.

Other Appearance Notes: LACC having Technical Issues


**NATURE OF PROCEEDINGS:** Order to Show Cause Re: Dismissal (Settlement) conditional; Hearing on Motion for Attorney Fees

The Honorable Judge Rolf Treu for Honorable Teresa A. Beaudet

The Court's tentative ruling is posted online for parties/counsel to review.

The matter is called for hearing.

The parties have seen and read the Court's written tentative ruling.

The Court adopts the tentative ruling as the final order of the Court as follows:

Discussion

The Song-Beverly Consumer Warranty Act grants car buyers the right to sue a manufacturer or retail seller for failure to comply with implied or express warranties. (Civ. Code, § 1794, subdivision (a).) "If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." (Civ. Code, § 1794, subdivision (d).)

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate. … The reasonable hourly rate is that prevailing in the community for similar work. The lodestar figure may then be

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 50

| | |
|---|---|
| 21STCV23811 | October 16, 2023 |
| CHARLES STEVEN SEDLACEK IV vs GENERAL MOTORS, LLC | 10:00 AM |

| | |
|---|---|
| Judicial Officer: None | CSR: Kylie Shepherd CSR 13756 |
| Judicial Assistant: None | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." (PLCM Group, Inc. v. Drexler (2000) 22 Cal.4th 1084, 1095 [internal citations omitted]; see Robertson v. Fleetwood Travel Trailers of California, Inc. (2006) 144 Cal.App.4th 785, 818 [applying the lodestar method to determine attorneys' fees in Song-Beverly action].)

The Hourly Rate of Counsel

Strategic Legal Practices, APC indicates that the following attorneys and law clerk performed work on this case, followed by their requested hourly rates:

1. Olivia Avelino: $595/hr

2. James Carroll: $595/hr

3. Ian Mcallister: $595/hr

4. Tionna Dolin: $450/hr for 2021 and $570/hr for 2023

5. Pawel Sasik: $495/hr

6. Debora Rabielan: $395/hr for 2021, $410/hr for 2022, and $435/hr for 2023

7. Eve Canton (law clerk): $295/hr

8. Muky Dai: $495/hr

9. Sanam Vaziri: $610/hr

10. Jaleceia White: $350/hr

11. Rebecca Neubauer: $435/hr for 2022 and $495/hr for 2023

12. Scott Freidman: $525/hr

13. Caitlin Scott: $400/hr for 2022 and $450/hr for 2023

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 50

**21STCV23811**                                                          October 16, 2023
**CHARLES STEVEN SEDLACEK IV vs GENERAL MOTORS,**                                10:00 AM
**LLC**

Judicial Officer: None                          CSR: Kylie Shepherd CSR 13756
Judicial Assistant: None                        ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

---

(Shahian Decl., ¶¶ 42, 44, 48, 50, 52, 54, 56, 58, 60, 62, 64, 66, 68.)

In addition, the background and experience of Plaintiff's counsel and law clerk is discussed in
Plaintiff's counsel's supporting declaration. (Shahian Decl., ¶¶ 41, 43, 47, 49, 51, 53, 55, 57, 59,
61, 63, 65, 67.)

In the opposition, GM asserts that "[c]ounsel does not present any evidence that the hourly rate
increases of $40 for Debora Rabieian (from $395 to $435), $50 for Caitlin Scott (from $400 to
$450), $120 for Tionna Dolin (from $450 to $570), or $60 for Rebecca Neubauer (from $435 to
$495), are 'reasonable rates in the local community.'" (Opp'n at p. 4:13-16.)[5] GM asserts that
"Counsel's rates should be reduced as follows: Ms. Dolin from 570 to 450; Ms. Scott from
450 to 400, Ms. Rabieian from 435 to 395…" (Opp'n at p. 4:28-5:2.) However,

the Court finds that the hourly rates requested by Plaintiff's counsel are reasonable and
commensurate with rates charged by attorneys with comparable skill and experience.

In addition, GM asserts that "[c]ounsel also failed to present any evidence that any court has
approved an hourly rate higher than $595 for James Carroll." (Opp'n at p. 4:21-22.) But Mr.
Carroll's requested rate is $595/hour. (Shahian Decl., ¶ 56.) In addition, GM does not cite any
legal authority demonstrating that Plaintiff must present evidence of another court approving Mr.
Carroll's hourly rate to demonstrate that Mr. Carroll's rate is reasonable. Thus, the Court
declines to reduce Mr. Carroll's requested hourly rate from $595 to $495, as requested by GM.

Lodestar Multiplier

While the lodestar reflects the basic fee for comparable legal services in the community, it may
be adjusted based on various factors, including "(1) the novelty and difficulty of the questions
involved, and the skill displayed in presenting them; (2) the extent to which the nature of the
litigation precluded other employment by the attorneys; (3) the contingent nature of the fee
award" and (4) the success achieved. (Serrano v. Priest (1977) 20 Cal.3d 25, 49.)

However, the court must not consider extraordinary skill and the other Serrano factors to the
extent these are already included within the lodestar. (Ketchum v. Moses (2001) 24 Cal.4th 1122,
1138-1139.) "[A] trial court should award a multiplier for exceptional representation only when
the quality of representation far exceeds the quality of representation that would have been
provided by an attorney of comparable skill and experience billing at the hourly rate used in the
lodestar calculation. Otherwise, the fee award will result in unfair double counting and be

---

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 50

21STCV23811                                                    October 16, 2023
CHARLES STEVEN SEDLACEK IV vs GENERAL MOTORS,                           10:00 AM
LLC

Judicial Officer: None                    CSR: Kylie Shepherd CSR 13756
Judicial Assistant: None                  ERM: None
Courtroom Assistant: None                 Deputy Sheriff: None

unreasonable." (Id. at p. 1139.)

Here, Plaintiff argues that a 1.35 lodestar multiplier is appropriate primarily because this is a
contingency case. (Shahian Decl., ¶ 74.) However, other factors do not support the application of
a multiplier. There is no indication that this case was complex or presented challenging legal
issues, particularly considering that Plaintiff's counsel specializes in these types of cases.
(Shahian Decl., ¶ 4.) In addition, the Court does not find that Plaintiff has demonstrated that the
success achieved by Plaintiff's counsel is exceptional.

The Court also notes that the hourly rate requested by Plaintiff's counsel is reasonable because of
counsel's demonstrated skill and experience. Because the quality of representation and the
degree of skill exercised by Plaintiff's counsel is already factored into the lodestar, it would be
unreasonable to award an enhancement. (See Holguin v. Dish Network LLC (2014) 229
Cal.App.4th 1310, 1333 ["Where, as here, the court determines that the lodestar itself constitutes
a reasonable fee for the action at issue, no enhancement is warranted."].)

Accordingly, the Court declines to apply a multiplier to the lodestar amount.

Reasonableness of the Requested Fees

"[T]he court's discretion in awarding attorney fees is … to be exercised so as to fully
compensate counsel for the prevailing party for services reasonably provided to his or her
client." (Horsvar v. Board of Trustees of California State University (2005) 132 Cal.App.4th
359, 395.) The trial court may reduce the award where the fee request appears unreasonably
inflated, such as where the attorneys' efforts are unorganized or duplicative. (Serrano v. Unruh
(1982) 32 Cal.3d 621, 635, fn. 21.) "[T]he verified time statements of the attorneys, as officers of
the court, are entitled to credence in the absence of a clear indication the records are erroneous."
(Horsford v. Bd. of Trustees of California State Univ., supra, 132 Cal.App.4th at p. 396.)

From June 24, 2021 through the present, Strategic Legal Practices, APC billed 57 hours for
services rendered for a total of $27,837.50. (Shahian Decl., ¶ 70, Ex. 16.) Plaintiff's counsel has
provided billing records detailing the nature of the work performed. (Shahian Decl., ¶ 70, Ex.
16.)

GM objects to many time entries on the grounds that Plaintiff's counsel charged excessive time
to prepare motions, discovery requests and responses, and other documents for which Plaintiff's
counsel has templated documents. (See Opp'n at p. 6:7-7:26; 8:11-19.) However, the Court does

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 50

21STCV23811                                                         October 16, 2023
**CHARLES STEVEN SEDLACEK IV vs GENERAL MOTORS,**                    10:00 AM
**LLC**


Judicial Officer: None                      CSR: Kylie Shepherd CSR 13756
Judicial Assistant: None                    ERM: None
Courtroom Assistant: None                   Deputy Sheriff: None

---

not find that any of the entries reflect excessive or unreasonable amounts of time for the
particular tasks specified. Although the use of forms and templates help with efficiency, counsel
is still expected to review and modify each document for each individual case, and time spent to
ensure that each document is appropriately modified is reasonable.

In addition, GM asserts that certain billing entries were block-billed. (See Opp'n at p. 7:4-6;
7:27-8:9.) The Court notes that "[b]lock billing occurs when a block of time [is assigned] to
multiple tasks rather than itemizing the time spent on each task." (Mountjoy v. Bank of America,
N.A. (2016) 245 Cal.App.4th 266, 279 [internal quotations omitted].) "Trial courts retain
discretion to penalize block billing when the practice prevents them from discerning which tasks
are compensable and which are not," (Heritage Pacific Financial, LLC v. Monroy (2013) 215
Cal.App.4th 972, 1010.) The Court does not find that GM has shown that the asserted block-
billed entries contain tasks that are not compensable.

Further, in its discussion of billing entries from January 13, 16, 20, 27, and 30, 2023, GM asserts
that "there is clear duplication of efforts in these entries." (Opp'n at p. 7:6-7.) The Court does not
find that the time entries on these dates are duplicative or unreasonable. GM also asserts that
"Counsel should not recover for any of the work done by Law Clerk Ms. Canton" (Opp'n at p.
7:9) without any supporting legal authority or further argument.

GM further asserts that "[t]he additional 0.7 hours for '[r]evise' and 'finalize' by Caitlin Scott
billed on January 23, 2023 was unnecessary and should be discounted entirely." (Opp'n at p.
7:23-24.) GM appears to assert that this entry is duplicative of a billing entry of 3.2 hours on
January 10, 2023 by Ian McCallister to "Draft P's oppositions to D's MILs 1-8." (Shahian Decl.,
¶ 70, Ex. 16.) The Court does not find that the foregoing billing entries are duplicative or
unreasonable.

Lastly, Plaintiff indicates that "Plaintiffs' counsel also expects to incur over $3,500 in attorney
fees in connection with reviewing Defendant's Opposition to Plaintiff's Motion for Attorneys'
Fees, Costs, and Expenses, preparing the Reply brief, and attending the hearing on this Motion.
Nevertheless, Plaintiffs' counsel is seeking only $3,500 in connection with these anticipated
future tasks." (Shahian Decl., ¶ 71.) In the opposition, GM asserts that "it should not have taken
Mr. Sasik…more than 1.0 hour to review GM's opposition, and 1.0 hour to prepare a reply brief,
for a total of 3.0 hours," and that "[a]ssuming Mr. Carroll will attend the hearing," that should
"last no more than an hour…" (Opp'n at p. 8:15-17.) The Court notes that although Mr. Shahian
attests to the fact that "Plaintiffs' counsel" expects to incur more than $3,500.00 to review the
opposition, prepare a reply, and attend the hearing on the motion, there is no evidence of which

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 50

21STCV23811                                                    October 16, 2023
CHARLES STEVEN SEDLACEK IV vs GENERAL MOTORS,              10:00 AM
LLC


Judicial Officer: None                    CSR: Kylie Shepherd CSR 13756
Judicial Assistant: None                  ERM: None
Courtroom Assistant: None                 Deputy Sheriff: None

---

attorney is billing for those tasks, what that attorney's hourly rates are, and how much time that attorney expects to spend on those tasks. (Shahian Decl., ¶ 71.) In any event, as set forth above, GM concedes that a total of $1,585.00 is warranted for these tasks. (See Opp'n at p. 8:18-19.) Thus, the Court reduces the total amount requested and awards Plaintiff $1,585.00 in connection with "reviewing Defendant's Opposition to Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses, preparing the Reply brief, and attending the hearing on this Motion." (Shahian Decl., ¶ 71.)

Costs

Lastly, Plaintiff seeks reimbursement for costs and expenses in the amount of $2,889.22. (Shahian Decl., ¶¶ 70, 73, Ex. 16.)

In the opposition, GM asserts that "[t]he 'Costs and Expenses' table appears to have been generated by Counsel's billing system or created specifically for [sic] purpose of Counsel's fee motion. There simply is no way to know. This is insufficient. Without a more detailed description of the claimed costs and back-up documentation to show that Counsel's firm billed these costs to the correct case, it is impossible for GM or this Court to determine whether these costs were actually incurred in this case and whether they were reasonable or necessary." (Opp'n at p. 13:3-8, emphasis omitted.) But Plaintiff's counsel states in his declaration that "Plaintiffs' counsel seeks reimbursement for costs and expenses in the amount of $2,889.22." (Shahian Decl., ¶ 73.) In addition, Exhibit 16 to Plaintiff's counsel's declaration contains a date, description, and total amount as to the requested costs. (Shahian Decl., ¶ 70, Ex. 16.)

GM also asserts that "[c]ounsel's demand for $161.97 ("Expense paid to First Legal for PDF Courtesy Delivery TRIAL DOCS") on January 31, 2023 should be denied because Counsel has failed to provide any evidence of what ostensibly occurred in this case, leaving GM and this Court with no way to determine whether the filing was necessary and reasonable." (Opp'n at p. 13:12-14.) The Court does not understand this argument, as the subject item clearly references "[e]xpense paid to First Legal for PDF Courtesy Delivery - TRIAL DOCS." (Shahian Decl., ¶ 70, Ex. 16.) The Court does not find that GM has demonstrated that the requested costs for this item are unreasonable.

Lastly, GM asserts that "Counsel's $412.50 in costs incurred for mediation (Prepare for and attend mediation') on February 14, 2023, should not be billed as a cost and should be more properly billed as a time entry…No details are provided as to who attended the mediation or for how long. This lacks sufficient information for GM or the Court to assess the reasonableness and

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 50

**21STCV23811**                                                    October 16, 2023
**CHARLES STEVEN SEDLACEK IV vs GENERAL MOTORS,**              10:00 AM
**LLC**

Judicial Officer: None                    CSR: Kylie Shepherd CSR 13756
Judicial Assistant: None                  ERM: None
Courtroom Assistant: None                 Deputy Sheriff: None

necessity of these costs." (Opp'n at p. 13:15-17.) Indeed, the February 14, 2023 cost item is for "WDRC Prepare for and attend mediation." (Shahian Decl., ¶ 70, Ex. 16.) It is unclear what "WDRC" stands for, and the item appears to refer to attorney's fees, not costs. (Ibid.) In the reply, Plaintiff states that "[t]he February 14, 2023 cost of $412.50 is mediation cost that GM's counsel always splits with SLP." (Reply at p. 10:11-12, emphasis omitted.) But Plaintiff still does not explain what the purported "$412.50" in costs pertains to.

Based on the foregoing, the Court reduces Plaintiff's total requested costs by $412.50.

Conclusion

For the foregoing reasons, Plaintiff's motion for attorney's fees and costs is granted in the amount of $31,899.22 ($27,837.50 + $1,585.00 in attorney's fees + $2,476.72 in costs.)

Plaintiff is ordered to give notice of this ruling.

The Motion for Attorney Fees filed by CHARLES STEVEN SEDLACEK IV on 06/05/2023 is Granted.

Plaintiff is ordered to give notice of this ruling.

# EXHIBIT 17

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 57

**21STCV23352**                                                                    October 14, 2024
**AMY GALLEGOS, et al. vs GENERAL MOTORS, LLC**                           8:30 AM

Judge: Honorable Michael Small                    CSR: Cheri Bullock (CSR #4714) by
                                                  LACourtConnect
Judicial Assistant: Julian Araujo                 ERM: None
Courtroom Assistant: Sergio Soto                  Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Dhara Chandy for Tionna Grace Dolin by LACourtConnect

For Defendant(s): Alexandria Pappas for Roger Ryan Bracken by LACourtConnect

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees; Order to Show Cause Re: Dismissal (Settlement)

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Cheri Bullock, CSR # 4714, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The Court's tentative ruling is posted online for the parties to view prior to the hearing.

The matters are called for hearing.

The Court hears oral argument on Plaintiff's Motion for Attorney Fees.

The Court, having read and considered all papers filed and oral argument given, now rules as follows:

The tentative ruling is adopted as modified as the final order of the Court.

The Plainitff's Motion for Attorney Fees filed by AMY GALLEGOS, ARTURO GALLEGOS on 06/03/2024 is Granted in Part.

Plaintiffs' motion for attorney's fees and costs is granted in the main. The Court is denying Plaintiffs' request for a multiplier of the amount of attorney's fees they are seeking. A multiplier is not warranted in this case. The Court also is denying Plaintiffs' request for recovery of the amount of attorney's fees incurred in connection with a reply brief in support of the motion because no reply brief was filed. The Court has reviewed the Defendant's proposed reductions to the amount of attorney's fees Plaintiffs are seeking. In the Court's view, none of those reductions

---

Minute Order                                                                    Page 1 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 57

**21STCV23352**                                                    October 14, 2024
**AMY GALLEGOS, et al. vs GENERAL MOTORS, LLC**                            8:30 AM

Judge: Honorable Michael Small             CSR: Cheri Bullock (CSR #4714) by
                                           LACourtConnect
Judicial Assistant: Julian Araujo          ERM: None
Courtroom Assistant: Sergio Soto           Deputy Sheriff: None

is warranted. The fees in question are reasonable under the circumstances of this case. All told, the amount the Court is awarding to Plaintiffs is $25,941.00 in attorney fees and $ 944.65 in costs and expenses.

Plaintiff's counsel is to submit a revised proposed order in accordance with the Court's ruling this date.

Pursuant to the stipulation of counsel this date, the Court orders as follows:

Court orders the entire case dismissed With Prejudice. Court retains jurisdiction to make orders to enforce any and all terms of settlement, including judgment, pursuant to Code of Civil Procedure section 664.6.

Notice is waived.

# EXHIBIT 18

**CIV-130**

| ATTORNEY OR PARTY WITHOUT ATTORNEY                STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|
| NAME:  Payam Shahian (SBN 228406) ; Tionna Carvalho (SBN 299010)<br>FIRM NAME:  Strategic Legal Practices<br>STREET ADDRESS:  1888 Century Park East, 19th Floor<br>CITY:  Los Angeles                STATE:  CA      ZIP CODE:  90067<br>TELEPHONE NO.:  (310) 929-4900      FAX NO.:  (310) 943-3838<br>EMAIL ADDRESS:  tcarvalho@slpattorney.com ; emailservices@slpattorney.com<br>ATTORNEY FOR (name):  GLADYS ESPINAL, ET AL. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
 STREET ADDRESS:  111 North Hill Street
 MAILING ADDRESS:  111 North Hill Street
 CITY AND ZIP CODE:  Los Angeles CA 90012
 BRANCH NAME:  Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: GLADYS ESPINAL, ET AL.

DEFENDANT/RESPONDENT: KIA MOTORS AMERICA, INC.

| NOTICE OF ENTRY OF JUDGMENT<br>OR ORDER | CASE NUMBER:<br>18STCV05920 |
|---|---|
| **(Check one):**  [x] **UNLIMITED CASE**<br>(Amount demanded<br>exceeded $35,000)    [ ] **LIMITED CASE**<br>(Amount demanded was<br>$35,000 or less) | |

**TO ALL PARTIES :**

1.  A judgment, decree, or order was entered in this action on *(date)*: April 8, 2024

2.  A copy of the judgment, decree, or order is attached to this notice.

Date: 04/12/2024

Tionna Carvalho

| (TYPE OR PRINT NAME OF  [x] ATTORNEY    [ ] PARTY WITHOUT ATTORNEY) | ► | (SIGNATURE) |

**Page 1 of 2**

**CIV-130**

| | |
|---|---|
| PLAINTIFF/PETITIONER: GLADYS ESPINAL, ET AL. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: KIA MOTORS AMERICA, INC. | 18STCV05920 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL

### NOTICE OF ENTRY OF JUDGMENT OR ORDER

*(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:

   a. on *(date):*

   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

**Page 2 of 2**

CIV-130 [Rev. January 1, 2024]          **NOTICE OF ENTRY OF JUDGMENT OR ORDER**

# EXHIBIT 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**

Central District, Stanley Mosk Courthouse, Department 28

**18STCV05920**
**GLADYS ESPINAL, et al. vs KIA MOTORS AMERICA, INC.**

April 8, 2024
1:30 PM

Judge: Honorable Rupert A. Byrdsong
Judicial Assistant: A. Robledo
Courtroom Assistant: S. Brown

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Ruling on Submitted Matter

The matter is not called for hearing.

The Court, having taken the matter under submission on 01/10/2024 for Hearing on Motion for
Attorney Fees, now rules as follows:

The Motion for Attorney Fees filed by Jimmy Espinal, Gladys Espinal on 09/13/2023 is Granted
in Part.

Plaintiff's Counsel is entitled to attorney's fees in the reduced amount of $164,168.50,
$26,401.89 in costs and expenses, and an additional $3,500.00 for Plaintiff's counsel to review
Defendant's Opposition, draft the Reply, and attend the hearing on this Motion.

The clerk is to give notice to counsel for Plaintiff who is ordered to give notice.

Certificate of Mailing is attached.

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/08/2024<br><br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ A. Robledo _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Gladys Espinal  et al | |
| DEFENDANT/RESPONDENT:<br>Kia Motors America, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>18STCV05920 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Ruling on Submitted Matter) of 04/08/2024  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Tionna Dolin
Strategic Legal Practices, A Professional Corporation
1888 Century Park East, 19th Floor
Los Angeles, CA 90067

David W. Slayton, Executive Officer / Clerk of Court

Dated: 04/8/2024

By: _A. Robledo_
     Deputy Clerk

**CERTIFICATE OF MAILING**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Strategic Legal Practices, 1888 Century Park East, 19th Floor, Los Angeles, California 90067.

On **April 12, 2024**, I caused to be served the document(s) described as:

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

on the interested parties in this action by sending [  ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] [   ] as stated on the attached service list:

Nelson Mullins Riley & Scarborough LLP
750 B Street, Suite 2200, San Diego, CA 92101
Kiae.service@nelsonmullins.com
tammy.bokmuller@nelsonmullins.com

[✓]   **BY E-MAIL: (BY ELECTRONIC MAIL - CCP § 1010.6(a)(6))** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused such documents described herein to be sent to the persons at the e-mail address(es) listed above. The firm did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **April 12, 2024**, at Los Angeles, California.

*Celeste Luppino*
Celeste Luppino

**PROOF OF SERVICE**

# EXHIBIT 19

CIV-130

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY**　　　　STATE BAR NUMBER:<br>NAME:  Payam Shahian (SBN 228406) ; Tionna Carvalho (SBN 299010)<br>FIRM NAME:  Strategic Legal Practices<br>STREET ADDRESS:  1888 Century Park East, 19th Floor<br>CITY:  Los Angeles　　　　　　　STATE:  CA　　ZIP CODE:  90067<br>TELEPHONE NO.:  (310) 929-4900　　FAX NO.:  (310) 943-3838<br>EMAIL ADDRESS:  tcarvalho@slpattorney.com ; emailservices@slpattorney.com<br>ATTORNEY FOR (name):  DIANA PARROS | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: DIANA PARROS
DEFENDANT/RESPONDENT: KIA MOTORS AMERICA INC

| **NOTICE OF ENTRY OF JUDGMENT**<br>**OR ORDER**<br><br>*(Check one):*　[ x ]  **UNLIMITED CASE**　　　[ ]  **LIMITED CASE**<br>　　　　　　　　　　(Amount demanded　　　　(Amount demanded was<br>　　　　　　　　　　exceeded $35,000)　　　　$35,000 or less) | CASE NUMBER:<br>BC710391 |

**TO ALL PARTIES :**

1. A judgment, decree, or order was entered in this action on *(date)*: April 5, 2024

2. A copy of the judgment, decree, or order is attached to this notice.

Date: 04/12/2024

Tionna Carvalho

(TYPE OR PRINT NAME OF  [ x ] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)　　　　　　(SIGNATURE)

**Page 1 of 2**

Form Approved for Optional Use<br>Judicial Council of California<br>CIV-130 [Rev. January 1, 2024]

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

www.courts.ca.gov

**CIV-130**

| | |
|---|---|
| PLAINTIFF/PETITIONER: DIANA PARROS<br><br>DEFENDANT/RESPONDENT: KIA MOTORS AMERICA INC | CASE NUMBER:<br>BC710391 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL

### NOTICE OF ENTRY OF JUDGMENT OR ORDER

***(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)***

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

    a. ☐ deposited the sealed envelope with the United States Postal Service.

    b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:

    a. on *(date):*

    b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

    a. Name of person served:

        Street address:
        City:
        State and zip code:

    b. Name of person served:

        Street address:
        City:
        State and zip code:

    c. Name of person served:

        Street address:
        City:
        State and zip code:

    d. Name of person served:

        Street address:
        City:
        State and zip code:

    ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF DECLARANT)

▶

_____
(SIGNATURE OF DECLARANT)

CIV-130 [Rev. January 1, 2024]    **NOTICE OF ENTRY OF JUDGMENT OR ORDER**

EXHIBIT 1

# FINAL Ruling

Judge Upinder S. Kalra, Department 51

**HEARING DATE:** February 20, 2024

**CASE NAME:**    Diana Parros v. Kia Motors America, Inc.

**CASE NO.:**    BC710391

---

## MOTION FOR ATTORNEY FEES AND COSTS

---

**MOVING PARTY**: Plaintiff Diana Parros

**RESPONDING PARTY(S):** Defendant Kia America, Inc.

**REQUESTED RELIEF:**
Plaintiff seeks a total of $422,503.16 for fees, costs, and expenses. Plaintiff claims 565.90 hours of work totaling $266,276.50 plus a multiplier enhancement of 1.35 for an additional $93,196.78. Plus an additional $3,500 to review opposition and appear at subsequent hearing. Plaintiff also requests $59,529.88 in costs.

**RULING:**
Motion Granted for a total of **$389,660.92.**

**STATEMENT OF MATERIAL FACTS AND/OR PROCEEDINGS:**

Plaintiff Diana Parros (Plaintiff) filed a Complaint against Defendant Kia Motors America, Inc. (Defendant) on June 15, 2018. On October 18, 2018, Plaintiff filed a First Amended Complaint. On February 19, 2019, Plaintiff filed a Second Amended Complaint. On July 1, 2019, Plaintiff filed a Third Amended Complaint (TAC) with six causes of action for: (1) Violation of Subdivision (D) of Civil Code Sec. 1793.2; (2) Violation of Subdivision (B) of Civil Code Sec. 1793.2; (3) Violation of Subdivision (A)(3) of Civil Code Sec. 1793.2; (4) Breach of Express Written Warranty; (5) Breach of the Implied Warranty of Merchantability; and (6) Fraud by Omission.

According to the TAC, Plaintiff purchased a 2013 Kia Optima hybrid (the Subject Vehicle) on June 19, 2013 from Defendant's authorized dealership in Valencia, California. Plaintiff alleges that the Subject Vehicle contained or developed various defects during the warranty period that could not be fixed despite multiple repair attempts.

On February 13, 2020, Defendant filed an Answer to the TAC.

On October 6, 2021, Plaintiff filed a request for dismissal of her Sixth Cause of Action for Fraud by Omission.

On October 20, 2021, the court heard Defendant's motion for summary judgment, or alternatively summary adjudication, where it GRANTED as to Plaintiff's Fifth Cause of Action and DENIED as to Plaintiff's First, Second, Third, and Fourth Causes of Action.

On August 8, 2023, jury trial commenced.

On August 10, 2023, the court dismissed Plaintiff's Second Cause of Action pursuant to Plaintiff's oral request.

On August 14, 2023, the court dismissed Plaintiff's Third and Fourth Causes of Action pursuant to Plaintiff's oral request.

On August 14, 2023, the jury reached a verdict.

On October 4, 2023, Plaintiff filed a Judgment on the Jury Verdict.

On October 5, 2023, Plaintiff filed a Notice of Entry of Judgment or Order.

On October 19, 2023, Defendant timely filed a Notice of Intent to Move for and Motion for Judgment Notwithstanding the Verdict and a Notice of Intent to Move for New Trial.

On October 20, 2023, the court filed a Notice of Hearing on Motion for New Trial for December 8, 2023.

On October 30, 2023, Defendant filed a Memorandum of Points and Authorities in Support of its Motion for Judgment Notwithstanding the Verdict and Memorandum of Points and Authorities in Support of its Motion for New Trial.

On November 13, 2023, Plaintiff filed an *ex parte* application for an Order Extending Plaintiff's Time to Respond to Defendant's Motion for New Trial and Motion for Judgment Notwithstanding the Verdict, which the court GRANTED. Plaintiff's response was now due no later than November 27, 2023 and any reply would be due no later than December 4, 2023.

On December 8, 2023, the court DENIED Defendant's Motion for New Trial.

On December 26, 2023, Plaintiff filed the instant Motion for Attorneys' Fees, Costs, and Expenses. On February 5, 2024, Defendant filed an opposition. On February 9, 2024, Plaintiff filed a reply.

On February 20, 2024, Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses came on for hearing. After oral argument, the court continued the matter for Non-Appearance Case Review on March 4, 2024. Supplemental Declarations were to be filed by March 1, 2024.

On March 4, 2024, the Non-Appearance Case Review came on for hearing. There were no Supplemental Declarations filed. The court took the matter under submission.

**LEGAL STANDARD:**

A prevailing buyer in an action under Song-Beverly "shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the Court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." (Civ. Code, § 1794(d).) By permitting buyers who prevail under Song-Beverly to recover their attorneys' fees, "our Legislature has provided injured consumers strong encouragement to seek legal redress in a situation in which a lawsuit might not otherwise have been economically feasible." (*Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal.4th 985, 994.) However, " '[r]easonable compensation does not include compensation for ' "padding" in the form of inefficient or duplicative efforts....' [Citations.] 'A reduced award might be fully justified by a general observation that an attorney over litigated a case or submitted a padded bill or that the opposing party has stated valid objections.' " (*Morris v. Hyundai Motor America* (2019) 41 Cal.App.5ᵗʰ 24, 38 (*Morris*).)

The prevailing party has the burden of showing that the requested attorney fees are reasonable. (*Robertson v. Fleetwood Travel Trailers of California Inc.* (2006) 144 Cal.App.4th 785, 817.) The party seeking attorney fees "is not necessarily entitled to the compensation of the value of attorney services according to [his or her] own notion or to the full extent claimed . . . ." (*Levy v. Toyota Motor Sales, USA, Inc.* (1992) 4 Cal.App.4th 807, 816.) If the "time expended or the monetary charge being made for the time expended are not reasonable under all circumstances, then the court must take this into account and award fees in a lesser amount." (*Nightingale v. Hyundai Motor America* (1994) 31 Cal.App.4th 99, 104.) " 'A trial court may not rubber stamp a request for attorney fees, but must determine the number of hours reasonably expended.' " (*Morris, supra,* at p. 38.)

A calculation of attorneys' fees for a Song-Beverly action begins with the "lodestar" approach, under which the Court fixes the lodestar at "the number of hours reasonably expended multiplied by the reasonable hourly rate." (*Margolin v. Regional Planning Com.* (1982) 134 Cal.App.3d 999, 1004-1005.) "California courts have consistently held that a computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee award." (*Ibid.*)

"It is appropriate for a trial court to reduce a fee award based on its reasonable determination that a routine, non-complex case was overstaffed to a degree that significant inefficiencies and inflated fees resulted." (*Morris v. Hyundai Motor America* (2019) 41 Cal.App.5th 24, 39.) It is also appropriate to reduce a fee award based on "inefficient or duplicative efforts" in the billing record. (*Id.* at p. 38.) However, the analysis must be "reasonably specific" and cannot rely on general notions about the fairness of the fee award. (*Kerkeles v. City of San Jose* (2015) 243 Cal.App.4th 88, 102.) Moreover, in conducting the analysis, courts are not permitted to tie any reductions in the fee award to some proportion of the buyer's damages recovery. (*Warren v. Kia Motors America, Inc.* (2018) 30 Cal.App.5th 24, 39.)

The lodestar figure may also be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided. (*Serrano v. Priest* (1977) 20 Cal.3d 25, 49; *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.App.4th 1084, 1095.) The factors considered in determining the modification of the lodestar include the nature and difficulty of the litigation, the amount of money involved, the skill required and employed to

handle the case, the attention given, the success or failure, *and other circumstances in the case*. (*EnPalm, LLC v. Teitler Family Trust* (2008) 162 Cal. App. 4th 770, 774 (emphasis in original).) A negative modifier was appropriate when duplicative work had been performed. (*Thayer v. Wells Fargo Bank, N.A.* (2001) 92 Cal.App.4th 819.)

**Request for Judicial Notice**

The Court may take judicial notice of the existence of the records, but not the truth of matters asserted in such records. (*Sosinsky v. Grant* (1992) 6 Cal.App.4th 1548, 1565). As a result, although the court may take judicial notice that the documents exist, the Court may not take judicial notice of the truth of the facts in the documents.

Additionally, the Evidence Code only allows the Court to take judicial notice of certain types of documents. The court may take judicial notice of "official acts of the legislative, executive, and judicial departments of the United States and of any state of the United States," "[r]ecords of (1) any court of this state or (2) any court of record of the United States or of any state of the United States," and "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy." (Evid. Code § 452, subds. (c), (d), and (h).) The Evidence Code does not allow the Court to take judicial notice of discovery responses or parts of cases, such as depositions.

The Plaintiff's request for Judicial Notice is **DENIED**, as to all 16 documents.[1]
**ANALYSIS:**

*Evidentiary Objections*

This court is unaware of any legal authority which requires a court to rule on evidentiary objections on a motion, except as to a motion for summary motion/adjudication [CCP § 437c (q)] or a special motion to strike [CCP § 425.16 (b)(2); see also, *Sweetwater Union High School Dist.*

---

[1] The court may decline to take judicial notice of materials not "necessary, helpful or relevant." (*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 748, fn. 6.) 11 of these Exhibits are unpublished orders of various Superior Courts throughout the state. This, unfortunately, has become a common practice in fee-motions. This practice not only overloads trial courts with unnecessary filings, but it is also highly inappropriate and this Court has previously admonished this very law firm to stop this questionable practice. First, California Rule of Court, rule 8.115(b), prohibits citing or relying on unpublished decisions except for reasons not applicable here. Second, "A written trial court ruling in another case has no precedential value. ." (*Budrow v. Dave & Buster's of California* (2009) 171 Cal.App.4th 875, 885; *Bolanos v. Superior Court* (2008) 169 Cal.App.4th 744, 761; *In re Molz* (2015) 127 Cal.App.4th 836, 845; *Santa Ana Medical Hospital Center v. Belshé* (1997) 56 Cal.App.4th 819, 831.) Plaintiff appears to rely on *Goglin v. BMW of North America, LLC* (2016) 4 Cal.App.5th 462, 473 (*Goglin*), for authority of this questionable practice. Plaintiff's reliance on *Goglin* is misplaced. *Goglin* simply appears to approve of counsel *referencing* fees approved in other courts in their *declaration* to support counsel's hourly rate. The Court accepts counsel's declaration that they were paid the amount that they declare in the referenced cases. *Goglin*, however, does not approve of attaching hundreds of pages of Superior Court orders and attempting to use these orders for precedent.

*v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 947-949.] As such, this court respectfully declines to rule on any of these objections. This court is well aware of the rules of evidence, and how much weight, if any, should be given to any of the proposed evidence.

### *Prevailing Party*

On or about August 14, 2023, Plaintiff obtained a jury verdict in her favor. (Carvalho Decl., Exhibit 8.) The verdict exceeded Defendant's last CCP § 998 Offer. (*Ibid.*) Under the SBA, Plaintiff is the prevailing party, and thus, fees and costs are mandatory.

### *Lodestar Fees*

The lodestar method looks at the time spent on a matter multiplied by the reasonable hourly rate. (*Serrano, supra* 20 Cal.3d at 49). The two-step process begins with the lodestar method, which is the time spent on the matter multiple by the hourly rate. After the lodestar method, the second step is determining whether a multiplier should be applied.

### *Reasonableness of Hourly Rate*

Plaintiff contends that the hourly rates for the attorneys on the current matter are reasonable. The hourly rates range from $295 to $625 per hour.[2] (Shahain Decl. ¶¶ 44-75.) These rates are appropriate based on the qualifications of the attorneys and have been previously approved by the Superior Court, District Court, and other courts throughout California. Defendant opposes the reasonableness of the hourly rates proposed by Plaintiff.

"In determining hourly rates, the court must look to the "prevailing market rates in the relevant community." (*Bell v. Clackamas County* (9th Cir.2003) 341 F.3d 858, 868.) The rates of comparable attorneys in the forum district are usually used. (See *Gates v. Deukmejian* (9th Cir.1992) 987 F.2d 1392, 1405.) In making its calculation, the court should also consider the experience, skill, and reputation of the attorney requesting fees." (*Heritage Pacific Financial, LLC v. Monroy* (2013) 215 Cal.App.4th 972, 1009.)

Here, Plaintiff provided each attorney's experience, their schooling background, year admitted to practice, as well as rates that have been approved by other courts. (Shahain Decl. ¶¶ 44-75.) In rebuttal, Defendant relies on analysis from *Mikaeilpoor v. BMW of North America, LLC* (2020) 48 CalApp.5th 240 and argument. Defendant does not provide other evidence of prevailing market rates to challenge what Plaintiff offered.

***Accordingly,*** **the Court finds that the hourly rates are reasonable. However, billing at a high rate comes with the expectation that the attorney also works in an efficient manner that reflects the premium paid for his or her services. The court considers this fact in addressing the reasonableness of the hours expended, below.**

### *Reasonableness of Hours Billed*

---

[2] Mr. Shahain provides substantial evidence supporting fees obtained in prior lemon law matters but does not actually state what his pertinent hourly rates are. The court notes Mr. Shahain is not submitting any of his time on this matter. (Shahain Decl. ¶ 77.)

Plaintiff seeks 565.90 hours of work totaling $266,276.50. Defendant argues that this amount is unreasonable and should be reduced to $146,462.56.

Although a verified fee bill is "prima facie evidence the costs, expenses and services listed were necessarily incurred," (*Hadley v. Krepel* (1985) 167 Cal.App.3d 677, 682), ultimately, Counsel still has the burden to demonstrate the reasonableness of charges. (*Mikhaeilpoor, supra*, 48 Cal.App.5th at p. 247.) The trial court may reduce a fee award to a car buyer who prevailed on Song-Beverley Act claims if it finds that it was unreasonable to have numerous lawyers on a matter that did not present unique or complex issues, did not involve discovery motions, did not go to trial, and the attorneys' hourly rates were unreasonably high. (*Morris, supra,* at p. 37.)

Here, the Court has reviewed the fee bill submitted by Plaintiff's counsel and the proposed reductions by Defendant, with an eye for excessive, duplicative, or unreasonable charges as contended by Defendant. Other than as indicated below, the fees appear reasonable to the Court.

But first, the Court wants to recognize Plaintiff's counsel for having a law clerk, Eve Canton, sit at counsel table as second chair. Allowing junior counsel an opportunity to gain valuable trial experience at an early stage not only benefits the individual, but it aids the entire practice of law. Today's law clerks or junior counsel are tomorrow's legal leaders. Second, this decision resulted in tremendous cost savings. It is not unusual to have two, skilled and *highly* compensated trial counsel represent Plaintiffs, and Defendants for that matter. This significantly increases the trial litigation expenses. Here, Plaintiff's decision resulted in tremendous savings when they had no incentive to exercise such care and caution considering this litigation is subject to fee shifting. Instead of criticizing Plaintiff's counsel, as Defendants suggest, the Court chooses to praise Plaintiff's counsel and encourage them to continue this practice.

*Fraud by Omission Cause of Action*

The Court began its review by examining the bills related to the fraud cause of action. While the Song-Beverly Act claim comes with a fee-shifting statute under which the present motion has been brought, (CCP § 1794(b),) common law fraud claims have no such allowance. (See *Aozora Bank, Ltd. v. 1333 North California Boulevard* (2004) 119 Cal.App.4th 1291, 1294, citing *Gray v. Don Miller & Associates, Inc.* (1984) 35 Cal.3d 498, 506.) When a cause of action for which attorney fees are provided by statute is joined with other causes of action for which attorney fees are not permitted, the prevailing party may recover only on the statutory cause of action." (*Akins v. Enterprise Rent-A-Car Co. of San Francisco* (2000) 79 Cal.App.4th 1127, 1133). However, fees do not need to be apportioned when from the same operative facts and are too intertwined to have apportionment be practical. (*Santana v. FCA US, LLC* (2020) 56 Cal.App.5th 334, 347(*Santana*).) *Santana* is instructive on when to apportion fees and when not to, particularly in Song-Beverly Act complaints. Trial courts are to inquire: (1) if the two cases really stem from the same operative facts and (2) if so if there is a practical way to apportion the fees between the causes of action. (*Id.* at 347-349.) Here, Defendant argues that the causes of action under Song-Beverly are fundamentally distinct and are not based on the same common facts as to the fraud claim.

The Court finds that the fraud claim, and the Song-Beverly Act claim do arise from the same operative facts. As Plaintiffs point out, the evidence for the Song-Beverly Act claim and

the fraud claim are related to the purchase of the vehicle and subsequent efforts to repair the defects. Thus, unless Defendants can show a way to separate out attorney hours spent on the fraud cause of action instead of the Song-Beverly Act cause of action, the two claims will not be apportioned and recovery for attorney fees will be allowed pursuant to the Song-Beverly Act.

The Court agrees that work solely to the fraud claim is easily apportionable, and that the attorneys' fees spent working on it are thus not recoverable pursuant to CCP §1794(d). Plaintiff is requesting a reduction of 7.6 hours and $2,771. The Court identified a total of hours 14 and $5,999 of charges related to defending the fraud allegations that warrant deductions.[3] ed. 7.6 hours that are related solely to prosecuting the fraud by omission claim. **The Court thus declines to award attorney fees for this effort, with a net reduction of 14 hours and $5,999 of the total amount incurred opposing the fraud cause of action.**

### Pleadings, Motions, & Discovery

Boilerplate filings serve a useful purpose. They increase productivity by allowing for simple edits to existing documents. Thus, utilizing templates is to be commended when it results in efficiency. However, if templates are employed but attorneys are still billing significant time to make minor changes, such use of legal resources is unwarranted and any such bill is unreasonable, particularly if the attorney is billing at a high hourly rate. (*Mikhaeilpoor, supra,* at p. 250.) Here, the court found instances where the time spent for minor cut and paste edits to templates was unreasonable.

#### i.    Pleadings

Defendant points out that the complaint, the first amended complaint, and the second amended complaint are boilerplate and that each subsequent pleading made minor changes including correcting a typographical error. Those criticisms are fair. The pleadings appear like many Song-Beverly complaints this court has seen before. The initial complaint was a 16-page template, employing macros where the name of the current plaintiff, the current defendant, vehicle and vin and a few case specific facts are added to a handful of paragraphs— paragraphs 1, 2, 6, 8, and 9. In sum, more than 90 % of the 66 paragraphs are boilerplate. There is nothing complicated about drafting this form pleading, particularly for a firm specializing in this type of litigation. This court has seen bills submitted from similar firms specializing in lemon law cases charging 30 minutes of *paralegal time* to prepare such a complaint. Mostly, such a boilerplate complaint should not have reasonably taken more than an hour of attorney time. However, this was only the first of several complaints drafted and billed. Lastly, correcting typographical errors cannot be fairly called a reasonable charge subject to fee shifting.

In sum, after personally reviewing the pleadings, this Court concludes that no more than 1.2 hours should have been reasonably allocated to preparing all the pleadings.[4] **Thus, this Court concludes that 3.8 attorney hours were excessive, unreasonable, and unnecessary and that**

---

[3] 8/27/28 entry for 5.8 hours and $2871; 1/11/19 entry for .6 hours and $357; 5/29/19 entry for 2 hours and $770; 9/11/19 entry for 2.5 hours and $962.50; and, 9/24/19 for 3.1 hours and $1,038.50.

[4] Not only does this Court reach this decision based upon its experience, but federal authority has ruled similarly in evaluating appropriate charges for preparing template complaints *this very Plaintiff's law firm* has previously prepared. (*Rahman v. FCA US LLC* (2022) 594 F. Supp. 3d 1199, 1205 ["drafting a boilerplate complaint should not take more than an hour, nor should drafting the simple civil coversheet take more than 15 minutes."].)

**only 1.2 hours of paralegal or junior associate time was reasonably necessary for the pleadings. As such, the Court awards $492 for preparing all the pleadings with a net reduction of $820.**

  ii.  *Deposition Summaries*

Counsel billed 71.5 hours totaling $12,092.50 for drafting deposition summaries for the trial attorneys. No reasonable explanation is offered why the depositions would take so much time to summarize. Adding to the inefficiencies was that the trial attorney was not the same attorney who conducted the depositions. The Court would agree that Defendant should not be responsible for these inefficiencies. Accordingly, these fees are unreasonable. **The Court will reduce the charge by $5,000.**

  iii.  Motion for new trial and JNOV

The Court makes a few observations regarding the reasonableness of these charges. First, Defendant's moved for a new trial and a JNOV. As such, they should expect that Plaintiff reasonably will incur charges to fight this tactic. "Parties who litigate with no holds barred in cases such as this, in which the prevailing party is entitled to a fee award, assume the risk they will have to reimburse the excessive expenses they force upon their adversaries." (*Stokus v. Marsh* (1990) 217 Cal.App.3d 647, 653-654.) Second, while a motion for new trial and a JNOV is very fact specific, an experienced Plaintiff's law firm should expect such a tactic and, therefore, have tremendous experience handling such a motion. While Defendant bears responsibility for *reasonable* fees for filing the motions, this does not give Plaintiff license to incur and bill unreasonable charges. In this regard, the Court found only two categories of unreasonable charges. First, Plaintiff drafted a stipulation for extra time to respond to Defendant's motions that Defendant agreed to. This was reasonable. Inexplicably, Plaintiff also drafted an ex parte application for the same continuance and billed 3.6 hours and $2,142 to draft the application and then an additional 2 hours and $1,140 to attend the hearing and draft a hearing outcome memo. Both the application and the amount of time spent on this template request were unreasonable. **Thus, the Court deducts 5.6 hours and $3,282.** Second, the Court recognizes the level of review necessary by trial counsel Lund to respond to the motions in defending the judgment were entirely reasonable. The Court questions, however, why an attorney who did not attend the trial, Yu, would be tasked to also review the trial transcripts and then spend almost 45 hours to draft the opposition and bill at a premium rate equivalent to the trial attorney, $625 an hour. The Court finds that 20 of those hours are duplicative and unreasonable and thus reduces the billing by $6,250. **Accordingly, the Court reduces the total amount for tasks related to these motions by 26 hours and $9,532.**

*Summary*

In fulfilling its duty to ensure that the work is reasonable and necessary, a trial court must necessarily rely on its experience and consider multiple case specific factors in determining the necessity of work and the reasonableness of the time expended. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.) **As set forth above, the Court finds that Plaintiff's counsel is requesting work related to fraud that is not subject to fee shifting and, at times, employed**

**inefficiencies resulting in duplicative and unnecessary work totaling $21,351. Accordingly, the Court finds the reasonable lodestar amount, based upon its experience and knowledge of this type of litigation is $244,925.50.[5]**

### *Lodestar Multiplier*

Once the Court determines the lodestar, the Court decides if a multiplier is appropriate. The factors that courts look at to determine if a multiplier is reasonable are: 1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132). In analyzing the Ketchum factors, Court agrees that a multiplier of 1.35 is reasonable. While the case may not have been novel, the factual dispute was challenging. Accordingly, there were significant risks associated with the contingency nature of the award. Ultimately, Plaintiff prevailed because of the outstanding skill exhibited by Plaintiff's counsel, particularly trial counsel Lund. As such a multiplier of 1.35 not only is warranted, but is also reasonable considering all the Ketchum factors. **Accordingly, the Court awards an additional $85,723.92.**

### *Costs*

Plaintiff requests $59,529.88 in costs. Defendant asks the court to reduce this request to $55,511.50. Upon reviewing the memorandum of costs and supporting documentation, the court agrees that certain costs are not recoverable as not reasonably necessary and will reduce the costs to $55,511.50.

### Reply and appearance

Plaintiff requests an additional $3,500 to prepare an opposition and to attend the hearing. These fees are reasonable. Thus, the Court awards an additional $3,500.

### CONCLUSION:

For the foregoing reasons, the Court decides the pending motion as follows:

Motion for Attorneys' Fees is GRANTED, with a 1.35 multiplier. Using a lodestar method, under the totality of circumstances and guided by this court's experience, the Court finds that the reasonable amount of attorney fees is $334,149.42. [6]

Costs in the amount of $55,511.50.

The Total award is $389,660.92.

---

[5] $266,276.50-$21,351=$244,925.50

[6]Lodestar of $244,925.50, multiplier of $85,723.92 and $3,500 for fees associated with preparing the Reply and appearing in court.

Payment in 35 days from service of this order.

Moving party is to give notice.

IT IS SO ORDERED.

Dated: April 5, 2024

UPINDER S. KALRA

_____

Upinder S. Kalra
Judge of the Superior Court

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Strategic Legal Practices, 1888 Century Park East, 19th Floor, Los Angeles, California 90067.

4

5

On **April 12, 2024**, I caused to be served the document(s) described as:

6

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

7

on the interested parties in this action by sending [  ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] [   ] as stated on the attached service list:

8

9

Nelson Mullins Riley & Scarborough LLP
750 B Street, Suite 2200, San Diego, CA 92101
Kiae.service@nelsonmullins.com
tammy.bokmuller@nelsonmullins.com

10

11

[✓]    **BY E-MAIL: (BY ELECTRONIC MAIL - CCP § 1010.6(a)(6))** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused such documents described herein to be sent to the persons at the e-mail address(es) listed above. The firm did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

12

13

14

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

15

Executed this **April 12, 2024**, at Los Angeles, California.

16

17

18

_____
Celeste Luppino

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 20

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 56

**19STCV14194**                                                              May 16, 2024
**DIANA HERRERA, et al. vs KIA MOTORS AMERICA, INC.**                          8:30 AM

Judge: Honorable Holly J. Fujie          CSR: Judi Johnson, CSR #
Judicial Assistant: O.Chavez             ERM: None
Courtroom Assistant: B. Chavez           Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Dhara Patel by LACC for Tionna Dolin

For Defendant(s): Jeanette Suarez by LACC for Spencer P. Hugret

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees Reservation ID: 439037486587; Order to Show Cause Re: Dismissal (Settlement)

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Judi Johnson, CSR #14174, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed on this date.

The matter is called for hearing.

The tentative ruling was posted on the court's website.

The court hears oral argument.

After hearing oral argument the court makes the following ruling:

The Motion for Attorney Fees filed by Felix Herrera, Diana Herrera on 01/22/2024 is Granted in Part.

MOVING PARTIES: Plaintiffs Diana Herrera and Felix Herrera

RESPONDING PARTY: Kia Motors America, Inc.

The Court has considered the moving, opposition and reply papers.

BACKGROUND

This is a lemon law case. On April 23, 2019, Plaintiffs Diana Herrera and Felix Herrera ("Plaintiffs") filed a complaint against Defendant Kia Motors America, Inc. ("Defendant")

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 56

**19STCV14194**                                                                    May 16, 2024
**DIANA HERRERA, et al. vs KIA MOTORS AMERICA, INC.**                              8:30 AM

| | |
|---|---|
| Judge: Honorable Holly J. Fujie | CSR: Judi Johnson, CSR # |
| Judicial Assistant: O.Chavez | ERM: None |
| Courtroom Assistant: B. Chavez | Deputy Sheriff: None |

alleging causes of action for: (1) Violation of Subdivision (d) of Civil Code Section 1793.2; (2) Violation of Subdivision (b) of Civil Code Section 1793.2; (3) Violation of Subdivision (a)(3) of

Civil Code Section 1793.2; (4) Breach of Express Warranty; and (5) Breach of Implied Warranty of Merchantability.

EVIDENTIARY OBJECTIONS

Defendant's Evidentiary Objections to the Declaration of Payam Shahian are OVERRULED.

Defendant's Evidentiary Objections to the Declaration of Breita Linnel are OVERRULED.

JUDICIAL NOTICE

Plaintiffs request judicial notice of 16 orders approving awards of attorneys' fees in other, unrelated lemon law cases in both California and federal court. These orders are not relevant to the question of whether the award of fees and costs sought in this case is proper. Accordingly, plaintiffs' requests for judicial notice are DENIED. (Gbur v. Cohen (1979) 93 Cal.App.3d 296, 301 [[J]udicial notice … is always confined to those matters which are relevant to the issue at hand."].)

DISCUSSION

Attorneys' fees are allowed as costs when authorized by contract, statute or law. (Code Civ. Proc, § 1033.5, subd. (a)(10)(B).)

In a lemon law action, costs and expenses, including attorneys' fees, may be recovered by a prevailing buyer under the Song-Beverly Act. Civ. Code, § 1794 provides:

If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.

The attorney claiming fees bears the burden of proof as to "reasonableness" of any fee claim. (Code Civ. Proc., § 1033.5(c)(5).) This burden requires competent evidence as to the nature and value of the services rendered. (Martino v. Denevi (1986) 182 Cal.App.3d 553, 559.) "Testimony

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 56

**19STCV14194**                                                          May 16, 2024
**DIANA HERRERA, et al. vs KIA MOTORS AMERICA, INC.**              8:30 AM

Judge: Honorable Holly J. Fujie          CSR: Judi Johnson, CSR #
Judicial Assistant: O.Chavez             ERM: None
Courtroom Assistant: B. Chavez           Deputy Sheriff: None

of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records." (Id.)

In determining a reasonable attorneys' fee, the trial court begins with the lodestar, i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate. (Warren v. Kia Motors America, Inc. (2018) 30 Cal.App.5th 24, 36.) The lodestar may then be adjusted based on factors specific to the case in order to fix the fee at the fair market value of the legal services provided. (Ibid.) These facts include (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. (Ibid.)

Here, Plaintiffs move for an award of attorneys' fees in the amount of $185,990.67, consisting of (1) $123,048 in attorneys' fees for Strategic Legal Practices, APC ("SLP"), (2) a 1.35 multiplier enhancement on the attorneys' fees ($43,066.80), (3) $16,375.87 in costs and expenses for SLP; and (4) an additional $3,500 in fees for reviewing the opposition, drafting a reply, and attending the hearing on this motion.

A. Entitlement to Attorneys' Fees

Plaintiffs contend that they are the prevailing party in this action because of a signed 998 offer in which Defendant ultimately agreed to settle this case. The Court agrees and Defendant does not dispute this. Plaintiffs are the prevailing party in this action entitled to a reasonable amount of attorneys' fees.

B. Reasonableness of Fees

i. Reasonable Hourly Rate

"The reasonable hourly rate is that prevailing in the community for similar work." (PLCM Group v. Drexler (2000) 22 Cal.4th 1084, 1095 ["The experienced trial judge is the best judge of the value of professional services rendered in [her] court."].)

Plaintiffs seeks to recover attorneys' fees for 15 different attorneys who worked on the case. Their hourly rates are as follows:

(1) Neal Butala: 2021 rate of $460/hr; (2) Sean Crandall: 2020 rate of $410/hr; (3) Kris Coombs: 2021 rate of $325/hr; (4) James Doddy: 2021 rate of $595/hr; (5) Tionna Dolin: 2021 rate of $450/hr and 2023 partner rate of $570/hr; (6) Evan Greene: 2019 rate of $395/hr; (7) Christine

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 56

**19STCV14194**                                                                    May 16, 2024
**DIANA HERRERA, et al. vs KIA MOTORS AMERICA, INC.**                               8:30 AM

| | |
|---|---|
| Judge: Honorable Holly J. Fujie | CSR: Judi Johnson, CSR # |
| Judicial Assistant: O.Chavez | ERM: None |
| Courtroom Assistant: B. Chavez | Deputy Sheriff: None |

Haw: 2021 rate of $465/hr, 2022 rate of $490/hr, and 2023 rate of $500/hr; (8) Breita Linnell: 2023 rate of $525/hr; (9) Matthew Pardo: 2019 rate of $335/hr, 2021 rate of $390/hr, 2022 rate of $410/hr, and 2023 rate of $435/hr; (10) Debora Rabieian: 2021 rate of $395/hr; (11) Gregory Sogoyan: 2021 rate of $395/hr; (12) Rabiya Tirmizi: 2023 rate of $375/hr; (13) Oliver Tomas: 2021 rate of $595/hr; (14) Kyle Tracy: 2019 rate of $445/hr and 2020 rate of $450/hr; and (15) Greg Yu: 2023 rate of $625/hr.

For each of the attorneys, attorney Payam Shahian attests to their legal experience and the reasonableness of their rates. (Shahian Decl. ¶¶ 41-72.)

The Court finds, based on the submitted evidence of the declaration of Shahian and the Court's own experience, that Plaintiffs' attorneys' requested hourly rates are reasonable for attorneys with their experience and in this area of the law. The range of rates charged in this matter by SLP is reasonable for attorneys of similar experience, in the same area, dealing with the same subject matter. (See Goglin v BMW of North America (2016) LLC 4 Cal.App.5th 462, 473-74 [approving $575 per hour fee on lemon law action for attorneys in Los Angeles].)

Defendant also contends that Plaintiffs over-litigated the case by staffing 14 attorneys for a matter that presented typical lemon law issues and did not go to trial. This Court agrees from its own experience in practice that 14 attorneys working on a case will necessarily result in unnecessary duplication in work, and that even the six attorneys and one law clerk which Plaintiffs state accounted for a vast majority of the work appears to this Court to be excessive for this type of case. The Court has discretion to reduce fees that result from inefficient or duplicative use of time. (Horsford v. Board of Trustees of California State University (2005) 132 Cal.App.4th 359, 395.) The Court will consider this issue in determining whether the total number of hours was reasonable.

ii. Reasonable Hours Incurred

"A trial court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney ... involved in the presentation of the case." (Christian Research Institute v. Alnor (2008) 165 Cal.App.4th 1315, 1321.) "The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved. The court may also consider whether the amount requested is based upon unnecessary or duplicative work." (Wilkerson v. Sullivan (2002) 99 Cal.App.4th 443, 448.)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 56

19STCV14194                                                        May 16, 2024
**DIANA HERRERA, et al. vs KIA MOTORS AMERICA, INC.**                8:30 AM

Judge: Honorable Holly J. Fujie          CSR: Judi Johnson, CSR #
Judicial Assistant: O.Chavez             ERM: None
Courtroom Assistant: B. Chavez           Deputy Sheriff: None

Plaintiffs' fee recovery is based on 268.20 hours spent by their attorneys at SLP litigating this case through this motion for which Plaintiffs have submitted billing records. (Shahian Decl., ¶ 74; Ex. 17.) At the rates identified above, Plaintiffs represent that they are seeking a lodestar of $123,048.

First, the Court addresses the issue of block billing. Defendant contends that there are numerous time entries that are block billed. The use of block billing is not per se objectionable. Block billing is only problematic "when the practice prevents them from discerning which tasks are compensable and which are not." (Heritage Pac. Fin. LLC v. Monroy (2013) 215 Cal.App.4th 972, 1010.) Because of block billing, however, the Court finds it difficult to assess the reasonableness of the time spent on individual tasks, such that the Court must make a determination without the information that would result from non-block billed entries.

Although Defendant does not identify any specific tasks that were the result of overstaffing or request a specific reduction of in fees relating to time spent for claimed overstaffing, except for one specific task, the Court will exercise its discretion based upon its own experience to determine the reasonableness of the claimed lodestar.

Defendant objects to an attorney working on the opposition to the MSJ as duplicative because this was not the attorney who signed the opposition. The Court notes that one attorney drafted the opposition, while the other revised and finalized it, and another prepared for the hearing. The Court agrees with Defendant that there appear to be some duplicative and excessive hours spent on this motion. As a result, the Court reduces 3 hours of attorney time spent on the motion, for a reduction of $1,500.

Next, Defendant objects to tasks that Defendant argues are billed at excessive amounts of time. Defendant provides the following examples:

· 5.8 hours ($2,291) for drafting the Complaint.

· 16.7 hours ($7,322.50) for drafting and revising responses to Defendant's first set of written discovery.

· 12.7 hours ($6,667.50) to draft this motion and supporting documents

· $3,500 to Draft a reply to this motion.

· 2.9 hours ($942.50) to summarize Carmen Herrera's deposition transcript. The deposition was

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 56

**19STCV14194**                                                      May 16, 2024
**DIANA HERRERA, et al. vs KIA MOTORS AMERICA, INC.**                 8:30 AM

Judge: Honorable Holly J. Fujie              CSR: Judi Johnson, CSR #
Judicial Assistant: O.Chavez                 ERM: None
Courtroom Assistant: B. Chavez               Deputy Sheriff: None

24 minutes. (Tsai Decl., ¶ 23.)

The Court agrees in part. The Court agrees that the standard-format, 8 page complaint in this matter should not have taken 5.8 hours to draft, and at most should reasonably have taken 3 hours. Thus, the Court reduces the fee by $1,106.

Next, the Court does not find that the reasonable amount of hours necessary to draft the discovery responses was 16.7 hours. Rather, it appears Plaintiffs spent around 10 hours to draft both Plaintiffs' responses to Form Interrogatories, 34 Special Interrogatories, 15 Requests for Admission and 37 Requests for Production of Documents, which appear reasonable. The remainder of the time spent was for amended responses, which should not have been necessary. The Court therefore reduces this item by 6.7 hours or $2,981.50.

Next, the Court agrees that it should not have taken 12.7 hours to draft this fee motion as this appears to be substantially a template motion regularly used by plaintiffs. While the billing and supporting evidence may have taken some time to gather, the Court finds that the reasonable amount of time would be five hours for a reduction of $4,042.50.

Moreover, the Court finds that $3,500 in anticipated fees for reviewing the reply should be reduced, as this amount appears excessive to the Court. Instead, the Court awards two hours of time at $525, so the amount claimed for this item is reduced by $2,450.

Further, the Court agrees that it should not have taken 2.9 hours to summarize a deposition that was only 24 minutes long. The Court finds that the reasonable amount of time for this work is a maximum of .5 hours, for reduction of $455.

The Court finds other entries that it does not find to be reasonable based upon its knowledge and experience:

The .7 hours billed for "Draft and finalize P's CMC" and "notice of CMC" is excessive for a very simple form. The maximum amount which the Court will allow for this task is the initial .3 hours billed, thus reducing this item by $178.

The 2.2 hours billed to "Draft and finalize P's IDC statement" is excessive. A reasonable amount of time for this task would be .5 hours; therefore, the Court will reduce this item by $697.

The time to "Prepare for and attend Status Conference; draft hearing outcome memo" is excessive at 2.0 hours; the Court finds that 1 hour to prepare for and attend this Status

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 56

**19STCV14194**                                                                    May 16, 2024
**DIANA HERRERA, et al. vs KIA MOTORS AMERICA, INC.**                          8:30 AM

| | |
|---|---|
| Judge: Honorable Holly J. Fujie | CSR: Judi Johnson, CSR # |
| Judicial Assistant: O.Chavez | ERM: None |
| Courtroom Assistant: B. Chavez | Deputy Sheriff: None |

Conference and to prepare a memo on it is reasonable. The Court therefore reduces this item by
$595.

The Court finds that the time relating to the preparation for and oppositions to the Motions in
Limine to be excessive – the motions filed by both sides could have been avoided by the parties
stipulating to these very standard motions. Because both sides are likely responsible for the filing
of and opposition to these unnecessary motions, however, the Court will not reduce fees
incurred, but reminds counsel of this Court's departmental rules which require the parties to meet
and confer and to agree to motions in limine that are clearly likely to be granted.

The Court does not find that the other tasks completed in connection with this case to be
excessive or otherwise unreasonable.

Having analyzed the motions and pleadings filed, and having reviewed the billing statements
provided, the Court determines that a reasonable lodestar in this case, to limit any duplicative
and excessive fees, is $109,043.

C. Multiplier

While the lodestar reflects the basic fee for comparable legal services in the community, it may
be adjusted based on various factors, including "(1) the novelty and difficulty of the questions
involved, and the skill displayed in presenting them; (2) the extent to which the nature of the
litigation precluded other employment by the attorneys; (3) the contingent nature of the fee
award" and (4) the success achieved. (Serrano v. Priest (1977) 20 Cal.3d 25, 49.)

Nonetheless, the court must not consider extraordinary skill and the other Serrano factors to the
extent these are already included with the lodestar. (Ketchum v. Moses (2001) 24 Cal. 4th 1122,
1138-1139.) "[A] trial court should award a multiplier for exceptional representation only when
the quality of representation far exceeds the quality of representation that would have been
provided by an attorney of comparable skill and experience billing at the hourly rate used in the
lodestar calculation. Otherwise, the fee award will result in unfair double counting and be
unreasonable." (Id. at 1139.)

Plaintiffs request a lodestar multiplier enhancement of 1.35 in the additional amount of
$43,066.80 on the ground that the settlement results were excellent, and because SLP undertook
representation of Plaintiffs on a contingency basis—if the action failed and Plaintiff did not
recover, neither would her counsel. (Shahian Decl. ¶ 73.) SLP faced a genuine risk of not being
paid for its services for years (if at all) while advancing thousands in costs and expenses to

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 56

**19STCV14194**                                                    May 16, 2024
**DIANA HERRERA, et al. vs KIA MOTORS AMERICA, INC.**                8:30 AM

Judge: Honorable Holly J. Fujie          CSR: Judi Johnson, CSR #
Judicial Assistant: O.Chavez             ERM: None
Courtroom Assistant: B. Chavez           Deputy Sheriff: None

prosecute Plaintiffs' claims against HMA, a large corporate defendant with the proven track record to engage in prolonged litigation (while its attorneys get paid regardless of outcome). Lastly, Defendant argues there was also a delay in payment.

The Court finds that under the circumstances of this case, a lodestar multiplier is not appropriate. This is a straightforward lemon law case. Nothing before the Court indicates that the case presented novel issues or that the quality of representation far exceeded the quality of representation that would have been provided by attorneys of comparable skill and experience billing at the same rates. While Plaintiffs argue that counsel accepted the case only on a contingency basis and there was a delay in payment the Court finds that such consideration and risk is already included within the lodestar amount. That is because the substantial hourly rates allowed for by the court are hourly rates for lemon law cases done on a contingency basis.

Based on the foregoing, the Court declines to award a lodestar multiplier.

D. Entitlement and Reasonableness of Costs

Allowable costs "shall be reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation." (Code Civ. Proc., § 1033.5, subd. (c)(2).) Any items not specifically mentioned by statute "may be allowed or denied in the court's discretion." (Id., subd. (c)(4).)

Song-Beverly allows a successful plaintiff to recover both "costs" and "expenses." (See Civ. Code, § 1794, subd. (d).) Courts have held that "it is clear the Legislature intended the word 'expenses' to cover items not included in the detailed statutory definition of 'costs.'" (Jensen v. BMW of North America, Inc. ("Jensen") (1995) 35 Cal.App.4th 112, 137.) The court in Jensen held that "[t]he legislative history indicates the Legislature exercised its power to permit the recovery of expert witness fees by prevailing buyers under the Act … ," noting that the legislature included "expenses" in the lemon law act because "'[t]he addition of awards of "costs and expenses" by the court to the consumer to cover such out-of-pocket expenses as filing fees, expert witness fees, marshall's fees, etc., should open the litigation process to everyone.' [Citation.]"

Plaintiffs request a total of $16,375.87 in costs and expenses. Defendant contends that Plaintiffs' costs should be taxed.

First, Defendant argues that Plaintiffs seek recovery of $3,466.00 for "expenses paid to Olson-EcoLogic for Emission Testing and Transport" on June 29, 2021. There is no description

_____
Minute Order                                                    Page 8 of 10

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 56

**19STCV14194**                                                                    May 16, 2024
**DIANA HERRERA, et al. vs KIA MOTORS AMERICA, INC.**                        8:30 AM

Judge: Honorable Holly J. Fujie            CSR: Judi Johnson, CSR #
Judicial Assistant: O.Chavez               ERM: None
Courtroom Assistant: B. Chavez             Deputy Sheriff: None

for this item, much less an invoice or other evidence to support this amount. These costs are uncertain and likely excessive. Further, Plaintiffs' expert Darrell Blasjo testified there was no emission concerns reported during the emission warranty of the vehicle, no failed smog check was ever produced, and that he was not offering any opinions regarding emission concerns. (Tsai Decl., Ex. I [Blasjo Trans. 15:8-17, 23:11] and Ex. J.)

Plaintiffs responds that their expert testified in deposition that he was not offering any opinions regarding emission concerns on July 2, 2021, three days after the emission testing took place. (Shahian Decl., Exh. 17, pg. 3.) As such, this item does not appears to be reasonably necessary.

Next, Defendant contends that Plaintiffs purportedly paid $520.00 on November 29, 2021 for "Cancellation of Reporting Services – Vincent Petrangelo." Defendant argues its expert was deposed on July 2, 2021 and the court reporter fees for the deposition and transcript were billed on the same day ($1,890.00). Defendant argues that Plaintiffs appears to be seeking duplicate costs and/or costs prohibited under California law.

Plaintiffs respond that she served a notice of deposition on November 7, 2021 to which Defendant failed to timely object. Hence, the cancellation fee. Plaintiffs have not, however, responded to Defendant's contention that Petrangelo was already deposed in July of 2021. Thus, the Court taxes $520.

Lastly, Defendant argues that Plaintiffs also seek recovery of $3,637.90 "for Deposition and Transcript Services –Gavin LaBeet" on June 29, 2021. Without any evidence to support this amount, this expense is uncertain and possibly excessive.

Plaintiffs respond that the deposition commenced at 11:09 a.m. and concluded at 5:25 p.m. and amounted to 254 pages, with 34 Exhibits. (Baker Decl., ¶ 5.) By comparison, the deposition of Plaintiffs' witness, Darrell W. Blasjo commenced at 11:00 a.m. concluded at 1:42 p.m., amounted to 102 pages with 11 Exhibits. (Baker Decl. ¶ 6.) The Court can see the July 2, 2021 charge for that deposition was $1,890.00, significantly less for a shorter deposition with few Exhibits. The Court will not tax this amount.

Based on the foregoing, Plaintiffs' motion for attorney fees is GRANTED in part. The Court awards $109,043 in attorney fees and $12,389.87 in costs to SLP.

Moving Party is ordered to give notice of this ruling.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 56

**19STCV14194**                                                           May 16, 2024
**DIANA HERRERA, et al. vs KIA MOTORS AMERICA, INC.**          8:30 AM

Judge: Honorable Holly J. Fujie          CSR: Judi Johnson, CSR #
Judicial Assistant: O.Chavez             ERM: None
Courtroom Assistant: B. Chavez           Deputy Sheriff: None

Dated this 16th day of May 2024

/S/ Holly J. Fujie

_____
Hon. Holly J. Fujie
Judge of the Superior Court

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Strategic Legal Practices, 1888 Century Park East, 19th Floor, Los Angeles, California 90067.

On **May 22, 2024**, I caused to be served the document(s) described as:

**NOTICE OF RULING**

on the interested parties in this action by sending [  ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] [   ] as stated on the attached service list:

GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
**SEE ATTACHED E-SERVICE LIST**

[✓]    **BY E-MAIL: (BY ELECTRONIC MAIL - CCP § 1010.6(a)(6)**) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused such documents described herein to be sent to the persons at the e-mail address(es) listed above. The firm did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **May 22, 2024**, at Los Angeles, California.


                                                    */s/ Celeste Luppino*
                                                    Celeste Luppino

## PROOF OF SERVICE ATTACHMENT – E-SERVICE LIST

shugret@grsm.com
jsuarez@grsm.com
jfadeff@grsm.com
nnassirian@grsm.com
hrogerson@grsm.com
ggruzman@grsm.com
aazemoon@grsm.com
tclayton@grsm.com
kvilchez@grsm.com
jmayo@grsm.com
rbajaj@grsm.com
jwillette@grsm.com
thanna@grsm.com
slambert@grsm.com
dadjei@grsm.com
ncroce@grsm.com
esentlinger@grsm.com
chornback@grsm.com
mney@grsm.com
consumerwarrantyFCA@grsm.com
vls_sfsupport@grsm.com

# EXHIBIT 21

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 14

| | |
|---|---|
| **20STCV31327** | August 29, 2024 |
| **CHRISTINE HANG, et al. vs MERCEDES-BENZ USA, LLC, et al.** | 8:30 AM |

| | |
|---|---|
| Judge: Honorable Cherol J. Nellon | CSR: Carol Lynn Cox CSR #5128 (via LACC) |
| Judicial Assistant: H. Garcia | ERM: None |
| Courtroom Assistant: D. Ortiz | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): Christopher Campbell by Dhara Patel (Via LA CourtConnect)

For Defendant(s): Michael Ayzen by Adam Knighton (Via LA CourtConnect)

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Carol Lynn Cox CSR #5128, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The matter is called for hearing.

After hearing oral argument, the Court rules as follows:

The Amended Motion for Attorney Fees , Costs and Expenses filed by HAONING WANG, CHRISTINE HANG on 07/15/2024 is Granted.

Case Background

This is a lemon law action.

On August 18, 2020, Plaintiffs filed their Complaint.

On February 21, 2024, Plaintiffs filed their notice of settlement.

On May 7, 2024, Plaintiffs filed this motion for attorney's fees.

On August 16, 2024, Defendants filed an opposition.

On August 22, 2024, Plaintiffs filed a reply.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 14

| | |
|---|---|
| **20STCV31327** | August 29, 2024 |
| **CHRISTINE HANG, et al. vs MERCEDES-BENZ USA, LLC, et al.** | 8:30 AM |

| | |
|---|---|
| Judge: Honorable Cherol J. Nellon | CSR: Carol Lynn Cox CSR #5128 (via LACC) |
| Judicial Assistant: H. Garcia | ERM: None |
| Courtroom Assistant: D. Ortiz | Deputy Sheriff: None |

Instant Pleading

Plaintiffs move for attorney's fees and costs totaling $209,032.01.

Decision

Plaintiffs' requests for judicial notice are GRANTED.

Plaintiffs' motion for attorney's fees and costs is GRANTED in the reduced amount of $140,318.5 in attorney's fees and $20,827.03 in costs.

Objections

Defendants object to Plaintiffs' evidence submitted in support of their motion for attorney's fees.

The following objections are OVERRULED: 1, 2, 6, 7-26.

The following objections are SUSTAINED: 3-5,

Legal Standard

"In determining the amount of reasonable attorney fees to be awarded under a statutory attorney fees provision, the trial court begins by calculating the 'lodestar' amount…[t]he 'lodestar' is 'the number of hours reasonably expended multiplied by the reasonable hourly rate.' (Citation.) To determine the reasonable hourly rate, the court looks to the 'hourly rate prevailing in the community for similar work.' …Using the lodestar as the basis for the attorney fee award 'anchors the trial court's analysis to an objective determination of the value of an attorney's services, ensuring that the amount awarded is not arbitrary.'" Bernardi v. County of Monterey (2008) 167 Cal.App.4th 1379, 1393-1394.

"Some federal courts require that an attorney maintain and submit 'contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney' in support of an application for attorney fees…[i]n California, an attorney need not submit contemporaneous time records in order to recover attorney fees…[t]estimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records." (Martino v. Denevi (1986) 182 Cal.App.3d 553, 559.) "[A]n award of attorney fees may be based on counsel's declarations,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 14

20STCV31327                                                          August 29, 2024
CHRISTINE HANG, et al. vs MERCEDES-BENZ USA, LLC, et                       8:30 AM
al.

Judge: Honorable Cherol J. Nellon              CSR: Carol Lynn Cox CSR #5128 (via LACC)
Judicial Assistant: H. Garcia                  ERM: None
Courtroom Assistant: D. Ortiz                  Deputy Sheriff: None

without production of detailed time records." (Raining Data Corp. v. Barrenechea (2009) 175
Cal.App.4th 1363, 1375.) """[P]adding' in the form of inefficient or duplicative efforts is not
subject to compensation.'" (Premier Medical Management Systems, Inc. v. California Insurance
Guarantee Association (2008) 163 Cal.App.4th 550, 556.)

"[T]he lodestar is the basic fee for comparable legal services in the community; it may be
adjusted by the court based on factors including, as relevant herein, (1) the novelty and difficulty
of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the
nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of
the fee award. (Serrano III, supra, 20 Cal.3d at p. 49.) The purpose of such adjustment is to fix a
fee at the fair market value for the particular action. In effect, the court determines,
retrospectively, whether the litigation involved a contingent risk or required extraordinary legal
skill justifying augmentation of the unadorned lodestar in order to approximate the fair market
rate for such services. The " 'experienced trial judge is the best judge of the value of professional
services rendered in his court, and while his judgment is of course subject to review, it will not
be disturbed unless the appellate court is convinced that it is clearly wrong.' " (Ibid.)" (Ketchum
v. Moses (2001) 24 Cal.4th 1122, 1132.)

"[T]he contingent and deferred nature of the fee award in a civil rights or other case with
statutory attorney fees requires that the fee be adjusted in some manner to reflect the fact that the
fair market value of legal services provided on that basis is greater than the equivalent
noncontingent hourly rate. (Ketchum, supra, 24 Cal.4th at pp. 1132–1133.) " 'A lawyer who both
bears the risk of not being paid and provides legal services is not receiving the fair market value
of his work if he is paid only for the second of these functions. If he is paid no more, competent
counsel will be reluctant to accept fee award cases.'" (Id. at p. 1133, quoting with approval from
Leubsdorf, The Contingency Factor in Attorney Fee Awards (1981) 90 Yale L.J. 473, 480.) The
contingency adjustment may be made at the lodestar phase of the court's calculation or by
applying a multiplier to the noncontingency lodestar calculation (but not both). (Ketchum, supra,
24 Cal.4th at pp. 1133–1134.)" (Horsford v. Board of Trustees of California State University
(2005) 132 Cal.App.4th 359, 394-395.)
Discussion

Plaintiffs have submitted detailed billing statements which indicate that 20 attorneys worked on
this matter between 2020 and the present. Each attorney had a billing rate of between $295 and
$610 per hour. Defendant argues that these rates are excessive. Although the highest rate is in the
upper limit of normal, these rates are not excessive given Plaintiffs' counsels' experience.
Additionally, it appears many tasks were properly delegated to attorneys with lower rates. The

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 14

20STCV31327                                                         August 29, 2024
**CHRISTINE HANG, et al. vs MERCEDES-BENZ USA, LLC, et**                   8:30 AM
**al.**

Judge: Honorable Cherol J. Nellon          CSR: Carol Lynn Cox CSR #5128 (via LACC)
Judicial Assistant: H. Garcia              ERM: None
Courtroom Assistant: D. Ortiz              Deputy Sheriff: None

Court finds these rates are not excessive.

Defendant challenges the reasonableness of the hours Plaintiffs' counsel spent on various tasks.

Defendant argues that the 12.6 hours in billing entries for routine email exchanges should be reduced to 3.3 hours because Plaintiffs' counsel was not drafting legal analysis but performing simple tasks that did not warrant the excessive billing. However, communicating with Plaintiffs and opposing counsel is a reasonable use of attorney time. Additionally, Defendant is contesting over thirty billing entries spanning two years. 12.6 hours is not an unreasonable amount of time for email communications over two years. These hours will not be taxed.

Defendant argues that the 1.9 hours spent drafting the Complaint should be reduced to thirty minutes because Plaintiffs' counsel employed a template Complaint and made minimal changes to the template. Additionally, Plaintiffs argue the 3.6 hours in billing entries for time spent on templated discovery requests should be reduced to 1 hour. Although templates are designed to reduce the amount of time an attorney spends drafting, that does not mean an attorney is barred from billing for time reasonably spent drafting and 1.9 hours is already a short amount of time to draft a Complaint even if it was templated. Likewise, 3.6 hours is a reasonable time to draft discovery requests. The Court finds these entries were reasonable. No time will be taxed.

Defendant argues the 18 hours Plaintiffs' counsel spent on motions to compel Defendant's discovery responses should be reduced because the hours billed are inflated and Plaintiffs' counsel used a template motion. However, these billing entries include time spent on two motions to compel and meeting and conferring over the discovery responses. The Court finds these billing entries are reasonable even if the motions were templated. No time will be taxed.

Defendant argues the 2.4 hours and 2.9 hours Plaintiffs' counsel spent reviewing and summarizing Defendants' document production should be taxed because reviewing a warranty procedural manual should not have taken so long. Defendant alleges the hours billed do not reflect the actual effort Plaintiffs' counsel expended on this task. Defendant's argument is speculative and 5.3 hours is a reasonable amount of time to review and summarize 358 pages of discovery Defendant produced.

Defendant argues that the 24.9 hours spent on Plaintiffs' deposition should be reduced because Plaintiffs failed to appear until Defendant filed a motion to compel the depositions which was granted. The billing records show most of this time was spent attending the deposition. The remaining time was spent meeting and conferring over the depositions and Defendant's motion to compel the depositions. Although the depositions proceeded only after a motion to compel

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 14

20STCV31327                                                           August 29, 2024
**CHRISTINE HANG, et al. vs MERCEDES-BENZ USA, LLC, et**                      8:30 AM
**al.**

Judge: Honorable Cherol J. Nellon          CSR: Carol Lynn Cox CSR #5128 (via LACC)
Judicial Assistant: H. Garcia              ERM: None
Courtroom Assistant: D. Ortiz              Deputy Sheriff: None

was granted, Plaintiffs' counsel still spent time opposing the motion, meeting and conferring, and attending the depositions. It would not be appropriate to tax time merely because Plaintiffs were compelled to attend the deposition. Because the time spent on each task related to the depositions was not unreasonable, no time will be taxed.

Defendant argues the 17.4 hours spent on the motion to continue trial and the 11.2 hours spent on this fees motion should be reduced because they are inflated. The motion to continue trial includes time spent on the noticed motion and a concurrent ex parte application to continue trial. The Court finds the time spent on these tasks is not unreasonable.

Finally, Defendant alleges some billing entries were block billed or duplicative. The Court finds after a review of the records that the entries were sufficiently detailed and did not contain duplicate entries.

Plaintiff requests a multiplier of 1.35 on the fees. The factors for consideration in a multiplier are "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." (Ketchum, supra, 24 Cal.4th at 1132.)

The award already takes into account the fact that Plaintiffs' counsel worked on contingency, as required by Ketchum. (Id. at p. 1133.) The other factors do not call for a multiplier here. This was a simple lemon law case, indistinguishable from the tens or hundreds of others of its kind that pass through this courthouse every year. It was not novel or difficult. And while this court does not doubt the skill of Plaintiff's counsel, not every case calls forth counsel's full powers, or occupies so much of their time as to prevent them from doing their ordinary business. No multiplier is appropriate here.

Conclusion

Plaintiffs' requests for judicial notice are GRANTED.

Plaintiffs' motion for attorney's fees and costs is GRANTED in the reduced amount of $140,318.5 in attorney's fees and $20,827.03 in costs.

Clerk hereby gives notice.

Certificate of Mailing is attached.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 14

**20STCV31327**                                                    August 29, 2024
**CHRISTINE HANG, et al. vs MERCEDES-BENZ USA, LLC, et**                8:30 AM
**al.**

Judge: Honorable Cherol J. Nellon          CSR: Carol Lynn Cox CSR #5128 (via LACC)
Judicial Assistant: H. Garcia              ERM: None
Courtroom Assistant: D. Ortiz              Deputy Sheriff: None

# EXHIBIT 22

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01092-DOC-DFM                    Date:  October 3, 2024

Title: Debora Guzman v. FCA US LLC et al

_____

PRESENT: THE HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE

    Karlen Dubon                             Not Present
    Courtroom Clerk                       Court Reporter

ATTORNEYS PRESENT FOR        ATTORNEYS PRESENT FOR
PLAINTIFF:                            DEFENDANT:
None Present                          None Present

_____

     **PROCEEDINGS (IN CHAMBERS):**   **ORDER GRANTING IN PART**
                                           **PLAINTIFF'S MOTION FOR**
                                           **ATTORNEYS' FEES [38]**

     Before the Court is Plaintiff Debora Guzman's Motion for Attorneys' Fees
("Motion" or "Mot.") (Dkt. 38). The Court finds this matter suitable for resolution
without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the papers
and considered the parties' arguments, the Court **GRANTS IN PART** Plaintiff's Motion
for Attorneys' Fees, Costs, and Expenses.

**I.     Background**

     Plaintiff Deborah Guzman purchased a 2016 Chrysler 200 ("Vehicle") for a
purchase price of $57,093.12. Defendant FCA US LLC is the manufacturer and/or
distributor of Plaintiff's vehicle.

     Plaintiff took the respective Vehicle to the dealership on multiple occasions due to
defects. After Defendant did not offer a full statutory repurchase of the Vehicle, Plaintiff
filed the Complaint on June 1, 2022 (Dkt. 1). The Complaint alleged various causes of
action including violations of the Magnusen Moss Warranty Act and the Song-Beverly
Consumer Warranty Act giving this Court jurisdiction. Following settlement
negotiations, Plaintiff applied for the Entry of Judgment (Dkt. 30) in the amount of
$171,279.36 on January 17, 2024, after accepting Defendant's Offer of Judgment

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 21-01312-DOC-KES               Date: October 3, 2024

Page 2

Pursuant to Fed. R. Civ. P. 68 on September 14, 2023. This Court entered Judgment (Dkt. 31) in favor of the Plaintiff on January 19, 2024, in the amount of $171,279.36.

This Court further granted the Parties' Joint Stipulation (Dkt. 36) on April 3, 2024, to continue the filing deadline of Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses from April 2, 2024, to June 3, 2024, and continue jurisdiction until Plaintiff's attorneys' fees, costs, and expenses are decided. Plaintiff filed this Motion for Attorneys' Fees (Dkt. 38) and a Request for Judicial Notice (Dkt. 39) on June 3, 2024, and Defendants have not opposed.

## II.   Legal Standard

### a.  Attorney Fees under the Song-Beverly Act

A federal court sitting in diversity "applie[s] state law in determining not only the right to [attorney's] fees, but also the method of calculating the fees." *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). Thus, this Court will apply California law. Under California Civil Code Section 1794, the prevailing party under the Song-Beverly Act, is entitled to recover attorney's fees "based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d).

### b.  Lodestar Method

Under California law, the determination of what constitutes a reasonable fee "generally begins with the 'lodestar,' i.e, the number of hours reasonable expended multiplied by the reasonable hourly rate." *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 154 (2006) (quoting *PLCM Group, Inc. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000)). Although, the California Supreme Court in *Ketchum v. Moses*, 24 Cal. 4th 1122, 1136 (2001) refused to mandate a "blanket 'lodestar only' approach," California Courts of Appeal have applied the lodestar method to fee-shifting statutes where the Legislature has not clearly indicated that such method is inappropriate. *Glaviano v. Sacramento City Unified Sch. Dist.* (2018) 22 CA5th 744, 753; *see e.g. Doppes v. Bentley Motors, Inc.* 174 Cal.App.4th 967, 997-998 (2009) (finding that the lodestar adjustment method is reasonably compatible with the statutory language of the Song-Beverly Act).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 21-01312-DOC-KES                    Date: October 3, 2024

Page 3

The burden is on the prevailing party to make a showing of reasonableness. *Ketchum*, 24 Cal. 4th at 1139.

The California lodestar method has two-steps. First, the Court is to determine a lodestar value which is the reasonable hours spent multiplied by the reasonable hourly rate. *Glaviano,* 22 CA5th at 751. This method takes into consideration "a careful compilation of the time spent and reasonable hourly compensation of each attorney who was involved in presenting the case." *Id*. The second step is the Court can adjust the lodestar based on various factors to obtain a fee that is at the fair market value for the legal services provided. *Sonoma Land Trust v. Thompson,* 63 CA5th 978, 983 (2021). The court can adjust the lodestar multiplier by considering factors such as the nature and difficulty of the litigation, the necessity for the litigation, the amount involved, the skill required and employed to handle the case, the attention given, the success or failure, and other circumstances of the case. *Cavalry SPV I, LLC v. Watkins*, 36 Cal. App. 5th 1070, 1101 (2019).

**III.    Discussion**
Plaintiff and Defendant agreed to settle the claims relating to the Subject Vehicle for $171,279.36 plus attorneys' fees, costs, and expenses. Here, Plaintiff requests an attorneys' fee award of $30,558.63. This amount consists of $19,572.50 in attorney fees for Strategic Legal Practices, APC ("SLP"), a 1.35 multiplier enhancement on the attorney fees ($6,850.38), $635.75 in costs and expenses for SLP, and an additional $3,500 for Plaintiff's counsel to review Defendant's Opposition, draft the Reply, and attend the hearing on this Motion. The Court will discuss each below.

**a.  Plaintiff's Entitlement to Attorneys' Fees**
The Court finds that Plaintiff is entitled to attorney fees in part under the Magnusen Moss Warranty Act and the Song-Beverly Consumer Warranty Act as Plaintiff is the prevailing party per the Entry of Judgment (Dkt. 30). Cal. Civ. Code § 1794(d).

**b.  The Fee Amount**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 21-01312-DOC-KES                    Date: October 3, 2024

Page 4

Starting with the first step of the lodestar method to discern whether Plaintiff's requested fee is reasonable, the Court needs to determine an appropriate hourly rate. To do so, the Court should apply rates commensurate with the "hourly prevailing rate for private attorneys in the community conducting noncontingent litigation of the same type." *Ketchum*, 24 Cal. 4th at 1133. And without contrary evidence by Defendant, Plaintiff's showing of rates that have been upheld in previous cases "compel [ ] a finding that the requested hourly rates were within the reasonable rates for purposes of setting the base lodestar amount." *See Graciano*, 144 Cal. 24 App. 4th at 156.7F. The Declaration of Payam Shahian provided the Court with multiple cases where Plaintiff's counsel's rates have been approved in the past. *See Goglin v. BMW of N. Am., LLC,* 4 Cal. App. 5th 462, 473 (2016); (Shahian Decl. ¶¶ 44-63; Ex. 1-19). And as stated in *Margolin v. Regional Planning Com.,* these past cases are "obviously relevant" to our analysis here. 134 Cal. App. 3d 999, 10005-06. Thus, these past cases and the evident relevant experience and qualifications of these attorneys' leave this Court to conclude that the Plaintiff's hourly rates are reasonable.

### c.  Plaintiff's Counsel's Billable Hours

Plaintiff's fee recovery is based on the 40.4 hours they evidenced through billing records that were uncontested by an Opposition from Defendants. (Shahian Decl. ¶ 65, Ex. 20.). In reviewing the billing submitted to the Court, there was no indication that these records reflect any duplicative, redundant, unnecessary, or other erroneous billing. This case has been litigated for almost two years with active, continuous litigation that ended in a settlement agreement between the parties. And although the Court has the discretion to reduce a prevailing party's contractual attorney's fees to the extent that they are unnecessary, the Court finds no evidence of that here. *Cf. Hill v. Affirmed Hous. Group*, 226 CA4th 1992, 1198-1199 (2014).  Thus, the Court finds the proposed billable hours as reasonable.

### d.  Plaintiff's Lodestar Multiplier

The lodestar method is not a magic formula as the factors are illustrative, not an exclusive list. *Northwest Energetic Servs., LLC v California Franchise Tax Bd.*, 159 CA4th 841, 880. As the purpose of the multiplier is to capture the market value of the attorney's services, a multiplier may be required to compensate an attorney for the quality of the work performed because better attorneys command higher rates. *Santana v. FCA*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 21-01312-DOC-KES                    Date: October 3, 2024

                                                                    Page 5


*US, LLC*, 56 Cal.App.5th 334, 353 (2020). Here, Plaintiff's counsel obtained a settlement
award of $171,279.36 in exchange for a Vehicle that was purchased in 2016 for
$57,093.12. Additionally, the Court does take into consideration the risk posed to
Plaintiff's counsel by undertaking representation on a contingency basis. *See Ketchum,*
24 Cal. 4th at 1138. For the foregoing reasons and because Plaintiff's Counsel is only
seeking their applicable rates (not the current rates) for the years spent litigating this case,
the Court finds the lodestar multiplier of 1.35 warranted.

### e.  Attorneys' Fees Regarding Preparation of this Motion
Plaintiffs also seek an additional $3,500 in fees for hours incurred after filing their
Motion for Attorneys' Fees (Dkt. 38). Plaintiff contends that these hours were to include:
Plaintiff's counsel reviewing Defendant's Opposition, drafting the Reply to Defendant's
Opposition, and attending the hearing on this Motion. The Court declines to award these
fees. This is because Defendant did not submit an Opposition warranting a Reply, and
this Order vacates a hearing. Thus, such work was never done.

### f.  Total Fees
The Court ACCEPTS Plaintiff's lodestar multiplier of 1.35, which amounts to
$6,850.38. Adding this to Plaintiff's attorney fees of $19,572.50, the Court AWARDS
Plaintiff's counsel $26,422.88.

### IV.    Plaintiff's Costs
In the Motion, Plaintiff's counsel sought $635.75 in costs. Defendants did not
present any argument challenging the $635.75 requested as costs. The Court finds the
request for costs reasonable, and GRANTS Plaintiff's Motion with respect to $635.75 in
costs.

### V.     Dispersal of Attorneys' Fees
The Court ORDERS Defendant to tender payment of attorneys' fees and costs
within sixty (60) days of entry of this minute order.


### VI.    DISPOSITION

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 21-01312-DOC-KES          Date: October 3, 2024

Page 6

     For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Attorneys' Fees and Costs.

     The Court AWARDS Plaintiff's counsel $26,422.88 in fees and $635.75 in costs against Defendant.

     The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                          Initials of Deputy Clerk: kdu

CIVIL-GEN

# EXHIBIT 23

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 71

| | |
|---|---|
| **22STCV05533** | October 22, 2024 |
| **EDGAR J. MORALES vs AMERICAN HONDA MOTOR CO., INC.** | 8:30 AM |

| | |
|---|---|
| Judge: Honorable Daniel M. Crowley | CSR: Amanda R. Bosco, CSR # 13129, |
| Judicial Assistant: A. Danelian | ERM: None |
| Courtroom Assistant: D. Major | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): Angel Baker for Tionna Dolin Via LACourtConnect

For Defendant(s): Kevin Zipser for Linda R. Echegaray Via LACourtConnect

Other Appearance Notes: Amanda R. Bosco, CSR # 13129, Appearing Via LACourtConnect

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees; Order to Show Cause Re: Dismissal (Settlement)

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Amanda R. Bosco, CSR # 13129, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The Court's tentative ruling is posted online for parties to review.

The above matters are called for hearing.

The Court has read and considered all documents filed hereto regarding the above-captioned Motion. Counsel are given the opportunity to argue. After argument, the Court adopts its tentative ruling set forth below as the Final Ruling:

**Plaintiff Edgar J. Morales' motion for attorneys' fees, costs, and expenses is granted in the reduced total amount of $79,202.91, consisting of $69,739.50 in attorneys' fees and $9,463.41 in costs and expenses.**

Plaintiff Edgar J. Morales ("Morales") ("Plaintiff") moves for an order awarding him a total of $102,386.74 in attorneys' fees, costs, and expenses against Defendant American Honda Motor Co. ("AHM") ("Defendant"), consisting of (1) (1) $66,239.50 in attorney fees for Strategic Legal Practices, APC ("SLP"); (2) a 1.35 multiplier enhancement on the attorney fees (or $23,183.83); (3) $9,463.41 in costs and expenses for SLP; and (4) an additional $3,500.00 for Plaintiff's counsel to review Defendant's Opposition, draft the Reply, and attend the hearing on this Motion (though counsel expects to incur over $3,500.00 in fees on these tasks).  (Notice of Motion, pg. i; Civ. Code §§1794(d), 998.)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 71

**22STCV05533**                                                    October 22, 2024
**EDGAR J. MORALES vs AMERICAN HONDA MOTOR CO.,**                   8:30 AM
**INC.**

Judge: Honorable Daniel M. Crowley          CSR: Amanda R. Bosco, CSR # 13129,
Judicial Assistant: A. Danelian              ERM: None
Courtroom Assistant: D. Major                Deputy Sheriff: None

---

*Evidentiary Objections*
　　Defendant's 10/9/24 evidentiary objections to the Declaration of Payam Shahian ("Shahian") is sustained as to Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36-1, 37, 38, and 39-1, and overruled as to Nos. 36-2, 37-2, 38-2, 39-2, 40, 41, 42, 43, 44, 49-1, 46, 47, 48, 49-2, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, and 68.
　　Defendant's 10/9/24 evidentiary objections to the Declaration of Christian R. Castro ("Castro") is overruled as to Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14.
　　Plaintiff's 10/15/24 evidentiary objections to the Declaration of Kevin D. Zipser ("Zipser") is overruled as to Nos. 1 and 3, and sustained as to Nos. 2, 4, 5, 6, and 7.

*Request for Judicial Notice*
　　Plaintiff's 4/16/24 request for judicial notice of Exhibits 1-17 is denied as irrelevant.

*Background*
　　This is a lemon law action brought under the Song-Beverly Consumer Warranty Act ("SBA"). Plaintiff accepted Defendant's C.C.P. §998 offer of compromise ("998 Offer") on October 19, 2023, in the amount of $50,000.00 plus attorney's fees, costs, and expenses by motion. (Decl. of Castro ¶47, Exh. 2.)
　　On April 16, 2024, Plaintiff filed this motion for attorneys' fees. On October 9, 2024, Defendant filed its opposition. On October 15, 2024, Plaintiff filed his reply.

*Discussion*
　　Civil Code §1794(d) provides that a buyer who prevails in an action under that section, "shall be allowed by the court to recover as a part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and the prosecution of such action."
　　C.C.P. §998(c)(1) provides as follows: "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover his or her post offer costs and shall pay the defendant's costs from the time of the offer." (C.C.P. §998(c)(1).) "In determining whether the plaintiff obtains a more favorable judgment, the court . . . shall exclude the post offer costs." (C.C.P. §998(c)(2)(A).) "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the costs under this section, from the time of the offer, shall be deducted from any damages awarded in favor of the plaintiff." (C.C.P. §998(e).)

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 71

**22STCV05533**                                                    October 22, 2024
**EDGAR J. MORALES vs AMERICAN HONDA MOTOR CO.,**                     8:30 AM
**INC.**

Judge: Honorable Daniel M. Crowley          CSR: Amanda R. Bosco, CSR # 13129,
Judicial Assistant: A. Danelian             ERM: None
Courtroom Assistant: D. Major               Deputy Sheriff: None

_____

Section 998's plain language only penalizes plaintiffs who "fail[] to obtain a more favorable judgment or award" than a §998 offer by cutting off their post-offer costs and requiring them to pay "defendant's [post-offer] costs" out of any "damages awarded." (C.C.P. §§998(c)(1), (e).)

A party who settles cannot "fail" to obtain a more favorable "judgment or award." "Fail[ure]" connotes defeat, abandonment, or "[i]nvoluntarily" falling short of one's purpose. (*Madrigal v. Hyundai Motor America* (2023) 90 Cal.App.5th 385, 413-414, citing Burton's Legal Thesaurus (3d ed. 1998) p. 228, col. 1, Black's Law Dict. (rev. 4th ed. 1968) at pg. 711, col. 1; *accord* Cambridge Dict. Online (2023) ["fail" means "to not succeed in what you are trying to achieve"].) Section 998(d) is explicit: A "judgment or award entered pursuant to this section shall be deemed to be a *compromise settlement*." (C.C.P. §998(d).)

Here, Plaintiff is the prevailing party and is entitled to attorneys' fees and costs pursuant to the 998 Offer. (*See* Decl. of Castro ¶47, Exh. 2 at ¶5.) Therefore, Plaintiff's motion is proper.

*Civil Code §1794(d)*

Civil Code §1794(d) provides, "[i]f the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action."

*Reasonable Fees*

To calculate a lodestar amount, the Court must first determine the reasonableness of the hourly rates sought by the Plaintiff's counsel. The Supreme Court of California has concluded that a reasonable hourly lodestar rate is the prevailing rate for private attorneys "conducting non-contingent litigation of the same type." (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1133, emphasis added.)

Plaintiff's Counsel declares the following hourly rates: (1) Olivia Avelino at $595 per hour; (2) Angel M. Baker at $595 per hour; (3) Joey DeLeon at $575 per hour; (4) Tionna Carvalho at $570 per hour; (5) Mark Gibson at $495 per hour; (6) Elizabeth Larocque at $595 per hour in 2022, and $595 in 2024; (7) Daniel Law at $440 per hour; (8) Jami Littles at $595 per hour; (9) Rebecca Neubauer at $435 per hour in 2022, and $495 in 2023; (10) Steve Rangel (law clerk) at $285 per hour; (11) Ezra Ryu at $400 per hour; (12) Nino Sanaia at $38 per hour in 2022 and $425 per hour in 2023; (13) Tyson Smith at $460 per hour in 2022 and $475 per hour in 2023; (14) Rabiya Tirmizi at $360 per hour in 2022 and $375 per hour in 2023; (15) Sanam Vaziri at $610 per hour; and (16) Steven Whang at $475 per hour. (Decl. of Shahian ¶¶44-75, Exh. 20 at pg. 4.) Plaintiff has sufficiently demonstrated his counsel's hourly rate is reasonable

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 71

| | |
|---|---|
| **22STCV05533** | October 22, 2024 |
| **EDGAR J. MORALES vs AMERICAN HONDA MOTOR CO., INC.** | 8:30 AM |

Judge: Honorable Daniel M. Crowley        CSR: Amanda R. Bosco, CSR # 13129,
Judicial Assistant: A. Danelian              ERM: None
Courtroom Assistant: D. Major              Deputy Sheriff: None

in their community of practice in their specialized area of law.  (Decl. of Shahian ¶¶44-75, Exh. 20 at pg. 4.)

Defendant's opposition objects to the reasonableness of Plaintiff's counsel's hourly rates.  The Court finds Plaintiff's counsel's rates to be reasonable and do not warrant a reduction.

*Billed Hours*

The party seeking fees and costs bears the burden to show "the fees incurred were allowable, were reasonably necessary to the conduct of the litigation, and were reasonable in amount."  (*Nightingale v. Hyundai Motor America* (1994) 31 Cal.App.4th 99, 104.)

In this case, the declarations and billing records provided by Plaintiff's counsel are sufficient to meet the burden of proving the reasonableness of the claimed fees in terms of amounts and tasks. To satisfy this burden, evidence and descriptions of billable tasks must be presented in sufficient detail, enabling the court to evaluate whether the case was overstaffed, the time attorneys spent on specific claims, and the reasonableness of the hours expended.  (*Lunada Biomedical v. Nunez* (2014) 230 Cal.App.4th 459, 486-487.)

Plaintiff's fee recovery is based on 125.6 hours Plaintiff's counsel spent litigating this case through the instant motion.  (*See* Decl. of Shahian, Exh. 20 at pg. 3.)[1]  The fees incurred are reasonable, as captured in the billing records submitted to this Court.  (Decl. of Shahian, Exh. 20.)  Plaintiff's counsel's billing records reflect the actual time and clear descriptions of services performed in connection with litigating this case.  Although the submission of such detailed time records is not necessary under California law, if submitted, such records "are entitled to credence in the absence of a clear indication the records are erroneous."  (*Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 396.)

Defendant objects to several of Plaintiff's requested fees on the basis they were not reasonably incurred.

First, Defendant objects to 24.9 hours billed ($275.00) to draft a motion to compel further responses.  (Opposition, pg. 8.)  Defendant's objection is not well taken; Defendant merely concludes, "it does not make sense for Plaintiff's Counsel to spend more than a handful of hours, including the time to perform legal research; however, that was evidently not necessary here as the paragraphs pertaining to Plaintiff's legal analysis is identical to SLP's other motions used in previous cases."  General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice.  (*Premier Medical Management Systems, Inc. v. California Insurance Guarantee Association* (2008) 163 Cal.App.4th 550, 564.)  Therefore, Defendant fails to meet its burden to challenge this fee.

Second, Defendant objects to 2.9 hours ($1,230.50) billed drafting discovery requests on the basis Plaintiff's responses were templated.  (*See* Opposition, pg. 9.)  Defendant's objection is

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 71

**22STCV05533**                                                October 22, 2024
**EDGAR J. MORALES vs AMERICAN HONDA MOTOR CO.,**                     8:30 AM
**INC.**

Judge: Honorable Daniel M. Crowley        CSR: Amanda R. Bosco, CSR # 13129,
Judicial Assistant: A. Danelian           ERM: None
Courtroom Assistant: D. Major             Deputy Sheriff: None

not well taken; Defendant does not cite any authority stating discovery responses that are
presumed to be templated should be reduced.  Therefore, Defendant fails to meet its burden to
challenge this fee.

Third, Defendant objects to 3.1 hours ($1,844.50) billed for work related to reviewing
Defendant's discovery responses and drafting a meet and confer letter.  (Opposition, pg. 9.)  For
the same reasons stated with respect to the second objection, Defendant fails to meet its burden
to challenge this fee.

Fourth, Defendant objects to 3.0 hours ($1,425.00) billed to analyze Defendant's
supplemental responses and document production and draft and meet and confer
correspondence.  (Opposition, pgs. 9-10.)  For the same reasons stated with respect to the second
objection, Defendant fails to meet its burden to challenge this fee.

Fifth, Defendant objects to 5.1 hours ($3,034.50) to begin to draft a fee motion and its
supporting documents.  (Opposition, pg. 10.)  Defendant's objection is not well taken; Defendant
does not cite any authority stating that a brief presumed to be templated should be
reduced.  Therefore, Defendant fails to meet its burden to challenge this fee.

Sixth, Defendant objects to 2.2 hours ($1,309.00) to continue drafting the fee motion and
supporting documents.  (Opposition, pg. 10.)  Defendant objects on the basis that "[c]ontinued
preparation" for this Motion is vague and should constitute a fraction of a billable hour, if
anything, and that the supporting declarations are largely copy-paste, with little to no tailoring to
this specific case.  (*Id.*)  Defendant's objection is not well taken because the billing entry is not
too vague.  Therefore, Defendant fails to meet its burden to challenge these fees.

Seventh, Defendant objects to "numerous block-billed entries."  (Opposition, pg.
10.)  General arguments that fees claimed are excessive, duplicative, or unrelated do not
suffice.  (*Premier Medical Management Systems, Inc. v. California Insurance Guarantee
Association* (2008) 163 Cal.App.4th 550, 564.)  Therefore, Defendant fails to meet its burden to
challenge these unspecified fees.

Finally, Defendant objects to any fees incurred after it offered Plaintiff $10,000.00 in
attorneys' fees in its C.C.P. §998 offer on October 11, 2023.  (Opposition, pg. 12.)  Defendant
does not provide any case law in support of the proposition that "Plaintiff's Counsel was offered
more than they had reasonably incurred, [but] . . . refused AHM's offer and instead insisted that
fees and costs be determined by motion.  Plaintiff's Counsel should not be rewarded for refusing
a reasonable offer and proceeding to filing a motion for fees/costs." (Opposition, pg. 12.)  If
Defendant only wished to offer attorneys' fees for a fixed sum in its §998 Offer, then it was fully
in control of the substance of its offer.  Therefore, Defendant fails to meet its burden to challenge
these unspecified fees.

Plaintiff also requests an additional $3,500.00 to review Defendant's opposition to this
motion, draft the reply, and attend this hearing.  Defendant does not specifically object to these

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 71

| | |
|---|---|
| 22STCV05533 | October 22, 2024 |
| **EDGAR J. MORALES vs AMERICAN HONDA MOTOR CO., INC.** | 8:30 AM |

| | |
|---|---|
| Judge: Honorable Daniel M. Crowley | CSR: Amanda R. Bosco, CSR # 13129, |
| Judicial Assistant: A. Danelian | ERM: None |
| Courtroom Assistant: D. Major | Deputy Sheriff: None |

fees.
　　Accordingly, the Court grants Plaintiff's requested attorneys' fees in the total amount of $69,739.50.

　　*Final Lodestar Determination*
　　The Court denies Plaintiffs' request for a 1.35 lodestar multiplier.  Given the routine work done in this case and the results obtained in this lemon law area, a multiplier is not appropriate. Any contingency risk factor is already accounted for in the hourly rates, which the Court has found to be reasonable.

　　*Costs*
　　Plaintiff requests a total of $9,463.41 in costs and expenses.  (Motion, pg. 14.)  Defendant does not challenge Plaintiff's request for costs.
　　Accordingly, the Court grants Plaintiff's request for costs and expenses in the amount of $9,463.41.

　　*Conclusion*
　　Plaintiff's motion for attorneys' fees, costs, and expenses is granted in the reduced total amount of $79,202.91, consisting of $69,739.50 in attorneys' fees and $9,463.41 in costs and expenses.
　　Moving Party to give notice.

[1] The Declaration of Shahian states at ¶77 that billing records are attached at Exhibit 18.  However, billing records are attached at Exhibit 20.


On the Court's own motion, the Order to Show Cause Re: Dismissal (Settlement) scheduled for 10/22/2024 is continued to 12/26/2024 at 08:30 AM in Department 71 at Stanley Mosk Courthouse.

Moving party is to give notice.

# EXHIBIT 24

Dhara Patel* (SBN PL- 514062)
dpatel@slpattorney.com
Supervisor: Tionna Carvalho (SBN 299010)
tcarvalho@slpattorney.com
**STRATEGIC LEGAL PRACTICES**
**A PROFESSIONAL CORPORATION**
1888 Century Park East, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838
*Provisionally licensed in the state of CA.

Attorneys for Plaintiffs
BROOKE FISHER and LINDA L. ZEHNER

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF RIVERSIDE**

| | |
|---|---|
| BROOKE FISHER and LINDA L. ZEHNER, | Case No.: CVRI2102954 |
| Plaintiffs, | *Case Initiated: July 2, 2021* |
| v. | Assigned to Hon. Carol A. Greene Department 2 |
| FORD MOTOR COMPANY; HEMBORG FORD; and DOES 1 through 10, inclusive, | **PLAINTIFFS' NOTICE OF ENTRY OF ORDER RE: PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES** |
| Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 19, 2024, Plaintiffs, BROOKE FISHER and

LINDA L. ZEHNER, and Defendant, FORD MOTOR COMPANY, via their respective counsel,

appeared at the Hearing on Plaintiffs' Motion for Attorneys' Fees, Costs, and Expenses.

The Court adopted its tentative ruling and awarded Plaintiffs' counsel 100% of its

requested fees and costs whereby **GRANTING** Plaintiffs' Motion for Attorneys' Fees, Costs, and

Expenses in the total amount of $71,318.81. This amount consists of $ 62,946.00 in attorneys' fees

1   and $8,372 in costs and expenses. Additionally, the Court Granted and found Plaintiffs' counsel's

2   hourly rates ranging from $375 per hour to $620 as reasonable.

3          Attached as Exhibit 1 is a true and correct copy of the Court's August 19, 2024 adopted

4   tentative ruling as its Final Ruling.

5          As ordered, Plaintiffs give notice.

6

7

8

9   Dated: August 20, 2024                     STRATEGIC LEGAL PRACTICES, APC

10

11                                      By: */s/ Dhara Patel*

12                                          Dhara Patel
                                            Tionna Carvalho
13                                          Attorneys for Plaintiffs
                                            BROOKE FISHER and LINDA L. ZEHNER

# EXHIBIT 1

# Tentative Rulings for August 20, 2024
# Department 2

**To request oral argument, you must notify Judicial Secretary Charmaine Ligon at (760) 904-5722 and inform all other counsel no later than 4:30 p.m.**

This court follows California Rules of Court, Rule 3.1308 (a) (1) for tentative rulings (see Riverside

of their need to appear telephonically, as stated below.  If no request for oral argument is made by 4:30 p.m., the tentative ruling **will become the final ruling** on the matter effective the date of the hearing.  <u>UNLESS OTHERWISE NOTED, THE PREVAILING PARTY IS TO GIVE NOTICE OF THE RULING.</u>

Superior Court Local Rule 3316).  Tentative Rulings for each law & motion matter are posted on the Internet by 3:00 p.m. on the court day immediately before the hearing at https://www.riverside.courts.ca.gov/OnlineServices/TentativeRulings/tentative-rulings.php.  If you do not have Internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, no later than 4:30 p.m. on the court day before the hearing you must (1) notify the judicial secretary for Department 2 at (760) 904-5722 and (2) inform all other parties of the request and
COUNSEL AND SELF-REPRESENTED PARTIES ARE ENCOURAGED TO APPEAR AT ANY LAW AND MOTION DEPARTMENT TELEPHONICALLY WHEN REQUESTING ORAL ARGUMENTS.

<u>TELEPHONIC APPEARANCES</u>:  On the day of the hearing, call into one of the below listed phone numbers, and input the meeting number (followed by #):

- Call-in Numbers:  1 (833) 568-8864 (Toll Free), 1 (669) 254-5252, 1 (669) 216-1590, 1 (551) 285-1373, or 1 (646) 828-7666
- Meeting Number:  161 143 8184

Please **MUTE** your phone until your case is called and it is your turn to speak.  It is important to note that you must call fifteen (15) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

For additional information and instructions on telephonic appearances, visit the court's website at https://www.riverside.courts.ca.gov/PublicNotices/remote-appearances.php.

**Riverside Superior Court provides official court reporters for hearings on law and motion matters only for litigants who have been granted fee waivers and only upon their timely request.  (See General Administrative Order No. 2021-19-1) Other parties desiring a record of the hearing must retain a reporter pro tempore.**

1.

| CVRI2000489 | CORONA COMMUNITY VILLAS INC vs CORONA POST ACUTE LLC | Motion to be Relieved as Counsel |
|---|---|---|

**Tentative Ruling:**

In camera review to be held at 10:00 am.

2.

| CVRI2102954 | FISHER vs FORD MOTOR COMPANY | Motion for Attorney's Fees |
|---|---|---|

**Tentative Ruling:**

On August 6, 2018, Plaintiffs Brooke Fisher and Linda L. Zehner ("Plaintiffs") purchased a 2018 Ford Fusion (the "Vehicle") for a Total Sales Price of $25,599.93. Plaintiffs filed suit against Defendants Ford Motor Company and Hemborg Ford ("Defendants") on July 2, 2021, alleging seven causes of action for breach of express and implied warranty under the Song-Beverly Act, fraudulent inducement – concealment, and Negligent Repair against Hemborg Ford. (See Complaint, generally.) On September 12, 2023, Plaintiffs dismissed their sixth cause of action for fraudulent inducement – concealment. (Declaration of Hannah M. Biemann ("Biemann Decl."), ¶6.)

On October 6, 2023, the Court granted Defendants' Motion for Summary Adjudication as to the second, third, and seventh causes of action, leaving only the first cause of action for breach of express warranty and fourth and fifth causes of action for breach of implied warranty at issue against Defendant Ford Motor Co. (Id.) The case is a standard single-vehicle lemon law case without notable issues that required special expertise beyond what Plaintiffs' counsel deals with on a routine, daily basis. In fact, four out of the seven initial causes of action were either dismissed or won in favor of both Defendants. (Id.)

On October 24, 2023, Ford served Plaintiffs with an Offer to Compromise pursuant to the California Code of Civil Procedure in the amount of $72,000, which Plaintiffs accepted on October 27, 2023. (Biemann Decl., ¶ 2.)

On May 10, 2024, Plaintiffs filed the present motion, initially set for hearing on June 24, 2024.

On May 13, 2024, the Court, on its own motion, ordered the entire action dismissed and vacated a hearing on an OSC re: Dismissal After Conditional Settlement Pursuant to CRC rule 3.1385(c) because no timely declaration was received pursuant to Local Rule 3116.

On June 11, 2024, Plaintiffs filed an Amended Notice of Motion, with a hearing date of August 19, 2024.

* * *

Plaintiffs now move for an order awarding attorney fees, costs and expenses in the total amount of $96,849.91, pursuant to a signed CC § 998 Offer to Compromise, and the Song Beverly Consumer Warranty Act ("SBA"). This amount consists of:

(1) $62,946.00 in attorney fees for Strategic Legal Practices, APC ("SLP");

(2) $8,372.81 in costs and expenses for SLP; and

(3) an additional $3,500.00 for Plaintiffs' counsel to review Defendant's Opposition, draft the Reply, and attend the hearing on this Motion (though counsel expects to incur over $3,500.00 in fees on these tasks).[1]

This Motion is made on the grounds that Plaintiffs are the prevailing party under the terms of the signed 998 Offer and under the SBA claims at issue in this lawsuit. Thus, Plaintiffs are entitled to statutory attorneys' fees, costs, and expenses pursuant to Civil Code § 1794(d):

> If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.

(Civil Code. § 1794(d).)

In opposition, Defendants contend that this is a routine breach of warranty case and that Plaintiffs' request for attorney's fees should be denied entirely or adjusted to no more than $29,069.25 for the following reasons:

(1) the hourly rates of Plaintiffs' counsel are excessive and "outpace" the prevailing hourly rates for Song-Beverly Act litigation in Riverside County;

(2) Plaintiffs' use of eighteen different timekeepers for this run-of-the-mill matter is the very definition of unreasonable and unnecessary;

(3) the time entries of Plaintiffs' counsel reflect excessive, inefficient work;

(4) a lodestar multiplier is not justified; and

(5) Plaintiffs provide no documentation to support that their costs were "reasonably incurred."

In reply, Plaintiff contends that Plaintiff's fees, costs and expenses are reasonable, in that: (1) The lodestar is determined by reference to time reasonably expended; (2) Plaintiff's counsel's rates are reasonable; (3) the time spent by counsel was reasonably incurred, and FMC's specific objections to time entries are without merit. In addition, Plaintiff contends:

- Defendant FMC's citation to every case as support of its objections to Plaintiffs' hours and rates should be disregarded because none of the cases involved Plaintiffs or Plaintiffs' counsel, SLP.
- FMC argues that Plaintiff's hourly rates should be arbitrarily reduced to hourly rates not to exceed $350/hour for partners and $275 for non-partners making no distinction between attorneys who have been practicing 26 years and those who have been practicing one (1) year. (Opp. at 9:17-19)
- FMC argues Plaintiffs overstaffed this case but offers no evidence as to how having fewer attorneys work on the case would have been more efficient or resulted in a different outcome. In fact, Court has praised SLP's staffing practices.
- FMC claims SLP has improper block-billing, but fails to cite to a single example in its Opposition . (Opp. 7:5). See Proa v. KMA (Los Angeles Super. Ct., Case No. BC716646) (April 24, 2023), the Court granting SLP 135% of SLP's fees and finding, "Although Defendant identifies numerous entries that it contends are "block billing," "vague,"

---

[1] According to Plaintiffs, although 18 SLP attorneys were staffed on this case, only 7 attorneys (Christian Castro, Daniel Law, David Lunn, Nino Sanaia, Rabiya Tirmizi, Michael Tracy, and Anna Weiser) accounted for 92.70 hours out of the 138.20 total hours billed (i.e. approximately 70%) with other attorneys performing non-duplicative tasks, such as: Mr. Pardo billing a total of 1.9 hours for preparing for and attending hearing on Defendant's Motion to Compel Arbitration; Mr. Whang billing a total of 1.5 hours for preparing for and attending Trial Setting Conference; and Mr. Lister billing a total of 3.6 hours for drafting and finalizing Plaintiff's Opposition to Defendant's Motion for Judgment on the Pleadings.

"duplicative," or "excessive time," Defendant offers no evidence supporting these contentions beyond a conclusory assertion that they are so. (Shahian Decl. iso Fee Motion, Ex. 14.)

- Defendant complains that attorneys engaged in clerical tasks but does not cite a single example in its Opposition. (Opp. at 13:24-28.) As evidenced by the itemized billing records submitted with the Declaration of Payam Shahian, the tasks billed for required technical and legal knowledge of an attorney and constituted the practice of law. (*Benninghoff v. Superior Court* (2006) 136 Cal. App. 4th 61, 69 (preparing legal documents, requesting continuance, preparing hearing books, and responding to discovery requests constitute practice of law within meaning of section 6125 of the Business and Professions Code).) FMC's assertion that any SLP attorney billed for clerical work is disingenuous as the billing records clearly demonstrate.

- FMC suggests Plaintiff is not entitled to a lodestar multiplier. (Opp. 13:12.) The Court agrees.

- FMC claims Plaintiff is not entitled to costs and expenses. (Opp. at 15:1.) As the prevailing party in this action and pursuant to the Song-Beverly Act and Code Civ. Proc. Section 1032(a)(4), Plaintiff is entitled to recoup costs and expenses incurred in commencement of this action including, but not limited to filing fees, deposition costs, reporter, and expert fees, etc.

* * *

## Analysis

### I.    Standard

Under Civ. Code §1794(d), "[i]f the buyer prevails in an action under [the Song-Beverly Act], the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." The matter of reasonableness of a party's attorney fees is within the sound discretion of the trial court.  (*Bruckman v. Parliament Escrow Co*. (1989) 190 Cal.App.3d 1051, 1062.) The court must determine whether the amount requested is reasonable based on the circumstances of the case, including factors such as complexity of the case, procedural demands, skill exhibited and results achieved, and the court may reduce the amount if it is determined to be unreasonable. (*Goglin v. BMW of North America* (2016) 4 Cal. App. 5th 463, 470.)

The Lodestar method is used to calculate fees under section 1794(d). (*Doppes v. Bentley Motors, Inc*. (2009) 174 Cal. App. 4th 967, 997.) The lodestar amount is based on the time spent and reasonable hourly rate, and may be augmented or diminished based on several factors, including: "(1) the novelty and difficulty of the questions involved and the skill displayed in presenting them; (2) the extent to which the nature of the litigation precluded other employment by the attorneys; and (3) the contingent nature of the fee award, based on the uncertainty of prevailing on the merits and of establishing eligibility for the award." (Id at 998.) The purpose of a fee enhancement is primarily to compensate the attorney for the prevailing party at a rate reflecting the risk of nonpayment in contingency cases as a class.  (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1138.)

The prevailing buyer has the burden of showing the fees incurred were allowable and reasonably necessary to the conduct of the litigation. (*Goglin, supra*, 4 Cal. App. 5th at 470.) Fee motions should be based on detailed time record. (*Crespin v. Shewry* (2004) 125 Cal.App.4th 259, 271.) Once the prevailing party has made a prima facie showing that its fee request was fair and reasonable, the burden of proof is on the opposing party to show by admissible evidence that the fees requested were unreasonable, either by the number of hours or the hourly rate or both. (*Maughan v. Google Technology* (2006) 143 Cal. App. 4th 1242, 1261.)

## II.    Grant Request for Judicial Notice

Plaintiffs ask the Court to take judicial notice of some 14 orders in cases in the U.S. District Court and California in connection with fee motions under the SBA.  Plaintiffs contend that both state and federal courts have taken judicial notice of these state and federal court orders in connection with fee motions under the SBA. The courts viewed the prior orders and judgments relevant because they shed light on what courts have recognized as the prevailing party market rate for attorneys of comparable experience.

## III.    Grant motion

Plaintiffs now move for an order awarding attorney fees, costs and expenses in the total amount of $96,849.91, based on the following hourly rates:

1. Nadine Aslaadi - $375 per hour, 3 years

2. Christian Castro, $475, 11 years

3. Tionna Carvalho, $550 rate 2022 and partner rate of $570, 10 years

4. Mark Gibson, $475 in 2021, and $485, 2022, 16 years

5. Jared Kaye, $395, 5 years

6. Jacklyn Laing, $410, 6 years

7. Daniel Law, $425 in 2021, $475, 2023, 6 years

8. Jacob Lister, $595, 14 years

9. Jami Littles, $595, 25 years

10. David Lunn, $620, 25 years

11. Rebecca Neubauer, 2022/$435, 2023/ $495, 1 year

12. Matthew Pardo, $390, 4 years

13. Nino Sanaia, $425, 7 years

14. Rabiya Tirmizi, $375, 3 years

15. Michael Tracy, $475, 17 years

16. Ann Wiser, $475, 13 years

17. Steven Whang, $475, 8 years

18. Alexandra Zindel, $400, 5 years

The hourly rates, as set forth in the Shahian Declaration, appear to be reasonable (i.e., appropriate given the relative experience and qualifications of the noted attorneys.)  (Shahian Decl, ¶¶ 41-77.)  To the extent the Court considers rates awarded in the mountain of cases cited in moving papers, they appear to align.  And while the opposition makes an overstaffing argument, I do not see any duplication on the billing records.

In addition, the billable hours appear to be reasonable as well.  Plaintiffs' fee recovery is based on 138.2 hours[2] spent by their attorneys litigating this case through this motion.  The time

---

[2] Although 18 SLP attorneys were staffed on this case, only 7 attorneys (Christian Castro, Daniel Law, David Lunn, Nino Sanaia, Rabiya Tirmizi, Michael Tracy, and Anna Weiser) accounted for 92.70 hours out of the 138.20 total hours billed (i.e. approximately 70%) with other attorneys performing non-duplicative tasks, such as: Mr. Pardo billing a total of 1.9 hours for preparing for and attending hearing on Defendant's Motion to Compel Arbitration; Mr. Whang billing a total of 1.5 hours for preparing for and attending Trial Setting Conference; and Mr. Lister billing a

is reasonable based on the billing records. (Shahain Decl, ¶79, Ex. 15.)  And had Defendant followed through with its duty to buy-back the vehicle, this motion would be unnecessary.  These billing records reflect the actual time and descriptions of services billed in connection with the litigation of this action by Plaintiffs' counsel and have been audited to remove any entry that may be duplicative, redundant, unnecessary or otherwise. (Id.) Although the submission of such detailed time records is not necessary under California law, 13 if submitted, such records "are entitled to credence in the absence of a clear indication the records are erroneous." (*Horsford v. Board of Trustees of California State University* (2005) 132 Cal. App. 4th 359, 396.)

As noted in moving docs, Defendant forced Plaintiffs to litigate up until it served it first 998 Offer, four years into litigation. (See *Stokus v. Marsh* (1990) 217 Cal. App. 3d 647, 654, "Parties who litigate with no holds barred in such cases as this, in which the prevailing party is entitled to a fee award, assume the risk they will have to reimburse the excessive expenses they force upon their adversaries."; *Peak Las Positas Partners v. Bollag* (2009) 172 Cal. App. 4th 101, 114 "A defendant cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the Plaintiffs in response.").

A lodestar of 1.35 is not warranted here.

The opposition makes several arguments that have no merit, including:

- Citing cases to support objections to hours and rates where none of the cases involved Plaintiffs or Plaintiff's counsel, SLP, and cases that are not binding on this Court. (See Opposition, page 9:22-28; 13:9-20).  For example, FMC claims the courts in Arriaga and Salmeron reduced SLP's hours billed for the fee motions(Opp. 13:9-20)… FMC's statements are bold face lies. SLP was never counsel in the *Arriaga v. Ford Motor Co.*, Case No. 2:18-09089-DSF-KS, at *9 (C.D. Cal. May 8, 2020)and *Salmeron* v. Ford Motor Co. No. 218CV07266SVWPLA, 2020 WL 9217979 (C.D. Cal. July 14, 2020), cases.

- , FMC argues that Plaintiff's hourly rates should be arbitrarily reduced to hourly rates not to exceed $350/hour for partners and $275 for non-partners making no distinction between attorneys who have been practicing 26 years and those who have been practicing one (1) year. (Opp. at 9:17-19) The challenging party has the burden to show attorney fees to be excessive, and "general arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." Premier Med. Management Systems, Inc. v. Cal. Ins. Guarantee Assn. 163 Cal. App. 4th 550, 564 (2008) (emphasis added). And see Etcheson v. FCA US, LLC, 242 Cal. Rptr. 34, 48 (2018) (same). Failure to submit evidence on any specific aspect of a fee claim results in waiver of any objection.  Here, Plaintiff submitted itemized fee bills and declarations attesting to their accuracy, which are presumed credible, so the burden shifts to Defendant to rebut these with evidence. Defendant makes no attempt to do so; but rather it insufficiently submits charts with general objections to billing entries with no support as to why a specific entry is unreasonable.

- FMC argues Plaintiffs overstaffed this case but offers no evidence as to how having fewer attorneys work on the case would have been more efficient or resulted in a different outcome. As noted above, there is no evidence of duplicative work.

- FMC claims SLP has improperly block-billed, but fails to cite to a single example in its Opposition . (Opp. 7:5). (See *Proa v. KMA* (Los Angeles Super. Ct., Case No. BC716646) (April 24, 2023), the Court granting SLP 135% of SLP's fees and finding, "Although Defendant identifies numerous entries that it contends are "block billing," "vague," "duplicative," or "excessive time," Defendant offers no evidence supporting these contentions beyond a conclusory assertion that they are so. (Shahian Decl., Ex. 14.)

---

total of 3.6 hours for drafting and finalizing Plaintiff's Opposition to Defendant's Motion for Judgment on the Pleadings.

- Defendant complains that attorneys engaged in clerical tasks but does not cite a single example in its Opposition. (Opp. at 13:24-28.)

- FMC claims Plaintiff is not entitled to costs and expenses. (Opp. at 15:1.) As the prevailing party in this action and pursuant to the Song-Beverly Act and Code Civ. Proc. Section 1032(a)(4), Plaintiff is entitled to recoup costs and expenses incurred in commencement of this action including, but not limited to filing fees, deposition costs, reporter, and expert fees, etc. The general interpretation is that the term "expenses" is intended to include all expenditures not part of overhead and which are ordinarily billed to paying clients regardless of whether they are recoverable under Section 1033.5. (*Bussey v. Afflexk* (1990) 225 Cal.App.3d 1162.)

**Recommendation:   Grant request for judicial notice.  Grant motion. Attorney fees in the amount of $62,946.00 and costs in the amount of $8,372.81 are awarded to Plaintiff.**

3.

| CVRI2202700 | 1728 NORTH SIERRA BONITA AVE., RE, LLC vs PARKER BUILDING & CONCRETE, INC. | Motion to Compel by 1728 NORTH SIERRA BONITA AVE., RE, LLC |
|---|---|---|

**Tentative Ruling:**

The unopposed motion to compel is granted. Defendant is to provide responses without objection within 30 days. In light of the defendant proceeding on a few waiver, the Court declines to award sanctions.

4.

| CVRI2400413 | EWELLS vs UHS-CORONA, INC. | Motion to Compel Plaintiff Thayes Ewells to Respond to Form Interrogatories, Set One, Special Interrogatories, Set One and Request for Production of Documents, Set One by YUKO REUS, N.P. |
|---|---|---|

**Tentative Ruling:**

The unopposed motion to compel is granted. Defendant is to provide responses without objection within 30 days. Sanctions are awarded in the amount of $410.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Strategic Legal Practices, 1888 Century Park East, 19th Floor, Los Angeles, California 90067.

On **August 20, 2024**, I caused to be served the document(s) described as:

**PLAINTIFFS' NOTICE OF ENTRY OF ORDER RE: PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES**

on the interested parties in this action by sending [  ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] [  ] as stated on the attached service list:

**MORTENSON TAGGART ADAMS LLP**
300 Spectrum Center Dr., Suite 1200
Irvine, CA 92618
mmortenson@mortensontaggart.com
ctaggart@mortensontaggart.com
pjun@mortensontaggart.com
sross@mortensontaggart.com
dkeithly@mortensontaggart.com
klaub@mortensontaggart.com
hbiemann@mortensontaggart.com
kthurmond@mortensontaggart.com
service@mortensontaggart.com

[✓]    **BY E-MAIL: (BY ELECTRONIC MAIL - CCP § 1010.6(a)(6)**) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused such documents described herein to be sent to the persons at the e-mail address(es) listed above. The firm did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **August 20, 2024**, at Los Angeles, California.

*/s/ Nikolaus Bilzor*
_____
Nikolaus Bilzor

**PROOF OF SERVICE**

# EXHIBIT 25

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 56

**21STCV47328**                                                              November 25, 2024
**BRIAN LOPEZ vs FCA US, LLC, et al.**                                                  8:30 AM

Judge: Honorable Holly J. Fujie                    CSR: None
Judicial Assistant: O.Chavez                       ERM: None
Courtroom Assistant: Trina  Gonzalez               Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Christian Castro by LACC for Tionna Dolin

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees Costs and Expenses - Reservation ID: 732945258822

The matter is held.

The tentative ruling was posted on the court's website.

Counsel appearing submits to the court's tentative ruling which becomes the order of the court.

The Amended Motion for Attorney Fees , COSTS, AND EXPENSES filed by Brian Lopez on 07/15/2024 is Granted in Part. MOVING PARTY: Plaintiff Brian Lopez

RESPONDING PARTY: None

The Court has considered the moving papers. No opposition papers were filed. Any opposition papers were required to have been filed and served at least nine court days before the hearing under California Code of Civil Procedure ("CCP") section 1005, subdivision (b).

BACKGROUND

This action arises from the purchase of an allegedly defective 2018 Dodge Ram 1500 (the "Vehicle"), which was manufactured by Defendant FCA US, LLC ("FCA") and sold by Champion Chrysler Dodge Jeep Ram Fiat ("Champion") (collectively, "Defendants"). Plaintiff's complaint (the "Complaint") alleges various warranty breaches under the Song-Berly Act and negligent repair.

Plaintiff filed a Notice of Settlement on July 17, 2023.

On July 20, 2024, Plaintiff filed the instant Motion for Attorneys' fees.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 56

**21STCV47328**                                                   November 25, 2024
**BRIAN LOPEZ vs FCA US, LLC, et al.**                                       8:30 AM

Judge: Honorable Holly J. Fujie          CSR: None
Judicial Assistant: O.Chavez             ERM: None
Courtroom Assistant: Trina  Gonzalez     Deputy Sheriff: None

REQUEST FOR JUDICIAL NOTICE

Plaintiff's Requests for Judicial Notice are DENIED. The orders of other trial courts as to the reasonability of attorney's fees is not relevant to the determination of this Motion.

DISCUSSION

The parties have settled this matter via an offer made pursuant to Code Civ. Proc. § 998 ("§ 998 offer"); the parties agreed that Plaintiff is the prevailing party in this matter and that FCA will pay Plaintiff's attorneys' fees, costs, and expenses pursuant to a noticed motion. Per the § 998 offer, FCA has agreed to pay Plaintiff $110,000, which includes any and all loan payoff amounts, civil penalties and any incidental/consequential damages, and any and all liability claimed in this action subject to proof. Plaintiff now seeks $60,704 in fees, $21,246.40 as a 1.35 fee multiplier, $3,504.28 in costs, and $3,500 for Plaintiff's counsel's review of Defendant's Opposition, drafting of a Reply, and attending the hearing. In total, Plaintiff seeks $88,954.68.

As the prevailing party, Plaintiff is entitled to reasonable fees and costs. (Civ. Code § 1794(d).) Defendants do not oppose the Motion.

The Court finds that counsels' hourly rates—ranging between $325 and $610—are reasonable given their experience and the locality of the services provided. Additionally, the Court has reviewed Plaintiff's billing records and finds that such records do not indicate obviously duplicative work or improper allocation of attorney assignments. (See Shahian Decl., Ex. 20) Plaintiff's fee request is in line with prior attorneys' fees awards in Department 56.

On the other hand, the Court will not award any fee multiplier. The Court does not believe this matter involved any complex or novel legal issues warranting any multiplier. Indeed, Plaintiff's counsel litigates dozens of matters nearly identical to this one, often using templates and generally abiding by the same litigation strategy.

Plaintiff requests $3,504.28 in costs; however, costs are not to be requested by a fee motion but rather by a memorandum of costs. (Cal Rules of Court, rule 3.1700(a)(1).) Should Defendant fail to file a timely motion to tax, the Court clerk will enter the costs requested on the judgment. (Cal Rules of Court, rule 3.1700(b)(4).)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 56

**21STCV47328**                                                    November 25, 2024
**BRIAN LOPEZ vs FCA US, LLC, et al.**                                    8:30 AM

Judge: Honorable Holly J. Fujie          CSR: None
Judicial Assistant: O.Chavez             ERM: None
Courtroom Assistant: Trina  Gonzalez     Deputy Sheriff: None

As no opposition was filed, the Court will not award $3,500 for Plaintiff's counsel's review of an opposition or drafting of a reply. Plaintiff's counsel fails to state the time they anticipate spending to attend the hearing or an hourly rate for that time. Thus, the Court will not award any fees for review of opposition, drafting a reply or attending the hearing.

In sum, Plaintiff's Motion for Attorneys' Fees and Costs is GRANTED IN PART. The Court awards Plaintiff $60,704 in attorneys' fees as against Defendants.

Plaintiff is ordered to give notice of this ruling.

Dated this 25th day of November 2024

/s/ Holly J. Fujie

_____
Hon. Holly J. Fujie
Judge of the Superior Court

# EXHIBIT 26

Holcomb v. BMW of North America, LLC, Slip Copy (2020)
Case 2:24-cv-03434-GW-MRW    Document 35-1    Filed 02/28/25    Page 249 of 262    Page
ID #:794
2020 WL 759285

2020 WL 759285
Only the Westlaw citation is currently available.
United States District Court, S.D. California.

James HOLCOMB and Rotoco, Inc., Plaintiffs,
v.
BMW OF NORTH AMERICA, LLC, Defendant.

Case No.: 18cv475 JM (BGS)
|
Signed 02/14/2020

**Attorneys and Law Firms**

Brian J. Bickel, David C. McGaffey, Jordan Kathleen Wager, Nicole E. Nemeth, Stephanie Samantha Pengilley, Laura Ellen Goolsby, The Bickel Law Firm, Inc., San Diego, CA, Tiffany N. Lynch, Coronado, CA, for Plaintiffs.

Christopher Celentino, Dillon Chen, Joseph S. Leventhal, Robert G. Marasco, Amanda Sara Gianninoto, Marjorie Ann Terner, Dinsmore & Shohl LLP, San Diego, CA, for Defendant.

**ORDER ON PLAINTIFFS' MOTION FOR PAYMENT OF ATTORNEY'S FEES AND REIMBURSEMENT OF COSTS AND EXPENSES**

JEFFREY T. MILLER, United States District Judge

 **\*1**  Plaintiffs James Holcomb and Rotoco, Inc. ("Plaintiffs") move for $129,804.96 in attorney's fees and costs pursuant to the Song-Beverly Consumer Warranty Act ("the Song-Beverly Act"), CAL. CIV. CODE. § 1794(d). (Doc. No. 44.) The motion has been briefed and the court finds it suitable for submission without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the below reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. BACKGROUND**

Plaintiffs leased and then purchased a 2014 BMW M6 ("the vehicle") on October 6, 2014 and October 12, 2017, respectively. The vehicle began exhibiting various problems with its steering wheel, windows, fuel filler neck, carbon canister, and warning lights. Plaintiffs brought the vehicle to Defendant's repair facility at least eight times for warranty-related repairs, which were unsuccessful. On January 19, 2018, Plaintiffs filed the instant action in state court. The

action was timely removed to federal court. On June 4, 2019, the parties filed a notice of settlement. (Doc. Nos. 28-29.) The parties finalized the settlement agreement and subsequently filed a joint motion to dismiss with prejudice. (Doc. No. 40.) The court granted the motion and agreed to retain jurisdiction for the purpose of hearing Plaintiffs' motion for attorney's fees and costs. (Doc. No. 43.)

**II. LEGAL STANDARD**

A buyer who prevails in an action under the Song-Beverly Act is entitled to an award of attorney's fees and costs "based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." CAL. CIV. CODE § 1794(d). The court must determine "whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104 (1994). "In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). The method of calculating fees is determined by state law. *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).

The lodestar method is the prevailing method for calculating attorney's fees. *Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal. App. 4th 785, 818-19 (2006); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1135 (2001). In calculating the lodestar, the court must " 'make an initial determination of the actual time expended; and then.... ascertain whether under all the circumstances of the case the amount of the actual time expended and the monetary charge being made for the time expended are reasonable.' " *Robertson*, 144 Cal. App. 4th at 817 (quoting *Nightingale*, 31 Cal. App. 4th at 104). In determining the reasonableness of the lodestar, courts can consider the complexity of the case, procedural demands, the skill exhibited, and the results achieved. *Id.*

 **\*2**  The plaintiff bears the burden of demonstrating that fees sought were allowable, reasonably necessary to the conduct of the litigation, and reasonable in amount. *Karapetian v. Kia Motors Am., Inc.*, 970 F. Supp. 2d 1032, 1036 (C.D. Cal. 2013). If the reasonableness of fees is challenged, "[g]eneral arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." *Premier Med. Mgmt. Sys. v. Cal.*

*Ins. Guar. Assoc.*, 163 Cal. App. 4th at 550, 564 (2008). In such cases, the opposing party has the burden to demonstrate the hours spent are duplicative or excessive. *Id.* at 562, 564; *see also Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101 (2009) ("The party opposing the fee award can be expected to identify the particular charges it considers objectionable"). Decisions by other courts regarding the reasonableness of the rate sought may also provide evidence to support a finding of reasonableness. *See Widrig v. Apfel*, 140 F.3d 1207, 1210 (9th Cir. 1998). The court may also draw on its own experience in determining what constitutes a reasonable rate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (holding that "judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees").

## III. DISCUSSION

As the prevailing party in a Song-Beverly Act claim, Plaintiffs are entitled to an award of fees and costs. *See* CAL. CIV. CODE § 1794(d). Plaintiffs seek $129,804.96 in attorney's fees and costs. (Doc. No. 44-2.) Detailed billing records provided by Plaintiffs' counsel show the $129,804.96 in fees and costs consists of the following: (1) $80,066.50 for 170.1 hours of work by ten attorneys at rates between $355 and $665 per hour; (2) $8,396 for 42.4 hours of work by paralegals or law clerks at a rate of $195 per hour; (3) $797.50 for 5.5 hours of work by legal assistants at a rate of $145 per hour; (4) $13,766.96 in costs; and (5) an additional $26,778 based on a 0.3 multiplier. (Doc. No. 44-2.) Defendant does not dispute that Plaintiffs are entitled to attorney's fees and costs, but argues the amount requested is unreasonable. (Doc. No. 45.)

## A. Attorney's Fees and Hours

As noted above, Plaintiffs seek $80,066.50 for 170.1 hours of work by ten attorneys at rates between $355 and $665 per hour. (Doc. No. 44-4 at 2-4.) The rates and hours for each attorney by year is as follows:

| Attorney | 2018 Hrs | 2018 Rate | 2018 Total | 2019 Hrs | 2019 Rate | 2019 Total | Total Hrs | Total Bill |
|---|---|---|---|---|---|---|---|---|
| Bickel | 0.1 | $655 | | 5.3 | $665 | $3,525 | 5.4 | $3,590 |
| Sampedi* | 0.2 | $425 | $85 | 37.3 | $465 | $17,345 | 37.5 | $17,430 |
| Solis | 3.7 | $425 | $1,573 | | | | 3.7 | $1,573 |
| Nemeth | 71.7 | $495 | $35,492 | 11.4 | $525 | $5,985 | 83.1 | $41,477 |
| McGalley | | | | 13.7 | $415 | $5,686 | 13.7 | $5,686 |
| Lynch | 2.7 | $365 | $986 | | | | 2.7 | $986 |
| Myers | 0.5 | $365 | $183 | | | | 0.5 | $183 |
| Wagner | 5.4 | $425 | $2,295 | | | | 5.4 | $2,295 |
| Penaltey | 5 | $425 | $2,125 | | | | 5 | $2,125 |
| Goolsby | | | | 3.7 | $375 | $1,388 | 3.7 | $1,388 |
| *Also billed 9.4 hours at $355 per hour in 2017 for a total of $3,337* | | | | | | TOTAL | 170.1 | $80,066.50 |

### 1. Number of Attorneys

At the outset, the reasonableness of Plaintiffs' attorneys' fees is questionable given the number of experienced attorneys who purportedly worked on this case. As acknowledged by Plaintiffs, Plaintiffs' counsel's firm employs a total of ten attorneys practicing exclusively in the "niche market" of Song-Beverly Act cases. (Doc. No. 44-1 at 16.) Plaintiffs' attorneys "routinely litigate these types of cases." (Doc. No. 44-2 at 3.) Their firm is among the largest firms in California, if not the largest firm, practicing exclusively in this area of law. (Doc. No. 44-1 at 16.) Plaintiffs do not explain why this case required the attention of an entire large and specialized law firm. For example, Plaintiffs do not argue this case was complex. Plaintiffs do not claim that each of the attorneys specializes in a particular phase of litigation. To the contrary, the biographies provided by Plaintiffs highlight each attorney's impressive experience handling these types of cases, including bringing cases to trial. (Doc. No. 44-2 at 9-11.) Although in two recent cases, courts did not fault the plaintiff for utilizing a similar number of attorneys, those cases involved two different law firms, one of which was later associated for trial purposes, and both cases were settled after extensive trial preparations. *See Hamm v. FCA US LLC*, No. 17cv577 AJB (BGS), 2019 WL 3891139, at *3 (S.D. Cal. Aug. 19, 2019) (in case that settled the day of trial, awarding fees to 12 attorneys at two firms for 150 hours of work); *Petropoulos v. FCA US LLC*, No. 17cv398 W (KSC), 2019 WL 2289399, at *2-3 (S.D. Cal. May 29, 2019) (in a case that was litigated for over two years, awarding fees for 11 attorneys at two firms). The parties then filed a notice of settlement over a month before trial. Plaintiffs' counsel's billing records contain only one reference to trial preparation. (*See* Doc. No. 44-3 at 17 (noting that on January 16, 2019, counsel discussed "trial and case strategy" for less than 45 minutes).)

**\*3** As recognized by other courts, reliance on multiple attorneys necessarily requires each attorney to get "up-to-speed" on the case. *Luna v. FCA US LLC*, No. 2:17cv8272 ODW (RAO), 2020 WL 491462, at *4 (C.D. Cal. Jan. 30, 2020) (imposing 10% across-the-board cut because "[a]s a result of having twelve attorneys from two firms billing on this matter, the billing records are riddled with duplicative inter-office communications and entries reviewing prior filings and case materials"); *Base v. FCA US LLC*, No. 17cv1532 JCS, 2020 WL 363006, at *3 (N.D. Cal. Jan. 22, 2020) (noting that significant billings for meetings between

Case 2:24-cv-03434-GW-MRW    Document 35-1    Filed 02/28/25    Page 251 of 262    Page
ID #:796
Holcomb v. BMW of North America, LLC, Slip Copy (2020)

2020 WL 759285

attorneys was "one of the potential inefficiencies of using a large number of attorneys to staff a case"); *Durham v. FCA US LLC*, No. 2:17cv596 JLT, 2020 WL 243115, at *5 (E.D. Cal. Jan. 16, 2020) (noting a "significant amount of time spent on the preparation of internal memorandums and summaries for co-counsel"). Based on the above, the expertise and experience of Plaintiffs' counsel, upon which Plaintiffs rely to justify their high rates, is therefore uncertain given that it took ten of them, along with multiple paralegals and assistants, to handle this single unextraordinary case. Other Song-Beverly Act cases, albeit ones settling prior to any significant discovery, have required far fewer attorneys. *See Chavez v. Jaguar Land Rover N. Am., LLC*, No. 18cv2811 W (JLB), 2020 WL 376209, at *2 (S.D. Cal. Jan. 23, 2020) (awarding fees for five attorneys at Plaintiffs' counsel's firm for a total of 43.6 hours of work); *Anderson v. BMW of N. Am., LLC*, No. 18cv57 WVG, 2018 WL 2011006, at *2 (S.D. Cal. Apr. 30, 2018) (awarding fees to one attorney for 40 hours of work).

The court is not in a position, however, to determine the appropriate number of attorneys assigned to this particular case given that it is not privy to the inner workings of Plaintiffs' counsel's law firm. Also, for better or worse, the use of a large number of attorneys in Song-Beverly Act cases appears relatively common. *See Ortega v. BMW of N. Am., LLC*, No. 2:18cv6637 R (SK), 2019 WL 6792798, at *3 (C.D. Cal. Oct. 24, 2019) (noting that defendant used 15 attorneys and that is was "not uncommon" to use a large number of attorneys in lemon law cases). On their face, the billing records do not show that a significant amount of time was unreasonably spent getting ten attorneys up-to-speed on this case. *Id.* ("This Court declines to admonish the use of a larger number of attorneys, as it appears there was no duplicative billing[.]"). As discussed below, this case involved extensive discovery and there is no obvious indication that a fewer number of attorneys would have generated significantly fewer hours. The efficiency gained from specializing in these types of cases may have allowed Plaintiffs' attorneys to familiarize themselves with this case with minimal effort. Finally, Plaintiffs' counsel submitted a declaration, under the penalty of perjury, that all fees were entered contemporaneously, were not adjusted upward, and were not duplicative, redundant, or unnecessary. (Doc. No. 44-2 at 2, 12.) The court has no compelling reason to doubt the honesty or judgment of Plaintiffs' counsel regarding the number of attorneys necessary to litigate this case.

**2. Number of Hours Billed**

The reasonableness of Plaintiffs' request for attorney's fees is also somewhat questionable given the number of hours it took to complete discovery and settle this case before any significant trial preparation was required. In *Hamm*, for example, the attorneys billed 150 hours for a case that settled on the day of trial. 2019 WL 3891139, at *4. In *Petropoulos*, attorneys billed 146 hours for a case that settled after over two years of "aggressive" litigation. 2019 WL 2289399, at *2-3; *see also Pollard v. FCA US LLC*, No. 17cv591 JLS (JCG), 2020 WL 57270, at *5 (C.D. Cal. Jan. 3, 2020) (requesting 150 hours in a case that was being prepared for trial, including motions in limine). In contrast, Plaintiffs' counsel billed 170.1 hours after litigating the case for about 16 months and prior to requiring any trial preparation. [1] While Plaintiffs' counsel should not be penalized for choosing to specialize in Song-Beverly Act cases, the need for this amount of work is uncertain given Plaintiffs' counsel's admission that "our office has developed forms and other streamlining techniques in an effort to shorten the time required of particular tasks." (Doc. No. 44-2 at 3.) Again, Plaintiffs do not attempt to distinguish the instant case from cases that were settled using fewer attorneys with lesser expertise in a shorter amount of time. [2]

**\*4** As discussed below, however, as least ten of the 170.1 hours billed were excessive. Moreover, the court cannot determine with any certainty that roughly 160 hours billed for the instant case is unreasonable. *See, e.g., Base*, 2020 WL 363006, at *3 (finding that approximately 200 hours for a total of $75,000 was reasonable where the parties settled while preparing for trial). Over the course of fifteen months, counsel for Plaintiffs: (1) removed the case from state court; (2) filed an answer; (3) attended an early neutral evaluation and case management conference; (4) moved to amend the scheduling order; (5) designated expert witnesses; (6) attended a mandatory settlement conference; and (7) settled the case and reduced the settlement agreement to writing. Plaintiffs also state, and Defendant does not dispute, that the parties participated in eleven depositions, including expert depositions. (Doc. No. 44-1.) Defendant served written discovery requests that included 50 interrogatories, 49 requests for admission, and 51 categories of document production. (Doc. No. 44-2 at 5.) In response to Plaintiffs' request for production, Defendant produced over 300 pages of documents. (*Id.*) This is not an insignificant amount of discovery and litigation. The court cannot confidently

conclude, especially in light of the detailed and voluminous billing records provided by Plaintiffs, that this amount of activity did not reasonably occupy 160 hours.

### 3. Attorney Rates

With respect to the rates charged by Plaintiffs' counsel, Plaintiffs cite no published case upholding a fee greater than $575 per hour. [3] (Doc. No. 44-1 at 18-19 (citing *Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 474 (Ct. App. 2016)).) A maximum fee of $575 per hour is consistent with what other judges on this court have found reasonable. *See Hamm*, 2019 WL 3891139, at *4 (finding that $575 was unnecessarily high and reducing it to $550, and finding that $375 for an attorney that had been barred for five years should be reduced to $350, but approving rates between $350 and $550); *Petropoulos*, 2019 WL 2289399, at *3 (approving fees ranging from $275 to $575); *Anderson*, 2018 WL 2011006, at *3 (finding a fee of $500 reasonable given the attorney's experience, the tasks completed, and others cases finding that $425 and $575 were reasonable); *see also Shaw v. Ford Motor Co.*, No. 5:18cv1169 JLS (KK), 2020 WL 57273, at *3 (C.D. Cal. Jan. 3, 2020) (approving rates between $200 and $550).

In support of their rates, Plaintiffs' counsel conducted an informal survey of seven attorneys outside of their firm practicing in this area of law throughout the state who purportedly charged between $600 and $650 per hour in 2015. (Doc. No. 44-1 at 12-13.) Plaintiffs also argue higher rates are justified because their attorneys took the instant case, like they do all their cases, on a contingency basis and thus bore the risk of loss. (Doc. No. 44-2 at 9.) Defendant responds by arguing (1) the survey conducted by Plaintiffs' counsel was not supported by any study or expert testimony regarding rates in this geographic area, or by declarations from attorneys in this area, and (2) lower rates are in-line with rates charged for similarly-experienced consumer law attorneys practicing in this geographic area according to a "widely-cited and court approved" survey. (Doc. No. 45 at 10-15.)

Plaintiffs' counsel's willingness to take the case on a contingency basis, and to pay all costs, provides only minimal support for the reasonableness of charging higher rates. Nothing in the record suggests the risk of loss embraced by Plaintiffs' counsel's business for taking clients on a contingency fee basis is any greater than the risk of loss posed by requiring clients to pay costs. Plaintiffs' counsel's survey of other attorneys handling Song-Beverly Act cases

also provides minimal support given that only one of the attorneys surveyed was based in this geographic area, and all had more experience than even the most experienced of Plaintiffs' counsel. Based on the above, Mr. Bickel's rate is reduced to $575. The remaining rates remain unchanged. The calculation for attorney's fees is therefore reduced from $80,066.50 to $79,582 based on the reduction to Mr. Bickel's rate, and is further reduced, as discussed below, based on the time spent in bringing the instant motion.

### B. Paralegal and Legal Assistants' Work

**\*5** Plaintiffs request $8,396 for 42.4 hours of work performed by seven paralegals or law clerks at a rate of $195 per hour. [4] (Doc. Nos. 44-1 at 18, 44-2 at 4.) In support of this request, Plaintiffs' counsel notes that each paralegal graduated with a certificate from an ABA-approved school or obtained a certificate upon passing the proper examination, and that each law clerk graduated from an ABA-approved law school. (Doc. No. 44-1 at 18.) Plaintiffs also cite an Alameda County Superior Court case purportedly upholding paralegal fees between $135 and $195 for Plaintiffs' counsel's firm. (Doc. No. 44-2 at 16.) Plaintiffs also request $797.50 for 5.5 hours of work by four legal assistants at a rate of $145 per hour. (Doc. Nos. 44-1 at 18, 44-2 at 4.)

Defendant argues (1) that 20.8 hours of the worked performed by paralegals, law clerks and legal assistants was purely clerical or secretarial and cannot be billed at hourly rates, and (2) Plaintiffs did not show that the $195 rate for paralegals and law clerks is reasonable based on the complexity and challenges of the tasks. (Doc. No. 45 at 9-10, 16.) Defendant contends that $100 is a reasonable rate for paralegal/law clerk work. (*Id.* at 12-13.)

As noted by the Supreme Court, certain types of paralegal work, such as drafting correspondence or fact investigation, "lies in a gray area of tasks that might appropriately be performed either by an attorney or a paralegal." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989). The Court also noted that "[o]f course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Id.* Under state law, courts have found it appropriate to bill separately for paralegal work "at a reasonable market value rate." *Guinn v. Dotson*, 23 Cal. App. 4th 262, 269 (1994) ("An award of attorney's fees which does not compensate for paralegal service time would not fully compensate the attorney.").

2020 WL 759285

Courts in this district have approved paralegal fees, but not at $195 per hour. *See Hamm*, 2019 WL 3891139, at *3 (finding paralegal rate of $175 per hour excessive and reducing it to $75 per hour for 18.7 hours); *Petropoulos*, 2019 WL 2289399, at *3 (finding $175 per hour reasonable). Plaintiffs provide no evidence supporting the reasonableness of a $195 rate in this geographic area. *See Payne v. Bay Area Rapid Transit Dist.*, No. 08cv2098 WDB, 2009 WL 1626588, at *1 (N.D. Cal. June 5, 2009) ("To determine appropriate hourly rates, we look to rates prevailing in the [area] for similar services performed by attorneys of reasonably comparable skill, experience, and reputation. This standard also applies to the rates charged for work performed by paralegals and law clerks.") (internal citation omitted). Furthermore, much of the work billed at the $195 paralegal/law clerk rate is clerical or border-line clerical. Many of the entries are also block-billed, making it impossible to separate legal from clerical tasks. For example, on April 11, 2018, Plaintiffs' counsel billed $97.50 for the following paralegal work:

> Receive and process phone call from chambers clerk regarding status of plaintiffs' early neutral evaluation statement. E-mail to Paralegal Angela Mason regarding same. Receive and process email from Paralegal Angela Mason with department e-mail address. Scan and e-mail Plaintiffs' Early Neutral Evaluation Statement and Plaintiffs' Initial Disclosures to chambers. Email to Attorney Tiffany Lynch and Laura Goolsby and note to file regarding same.

(Doc. No. 44-3 at 5.) Additionally, on October 12, 2018, Plaintiffs' counsel billed $253.50 for the following paralegal work:

> Scan and submit deposition subpoenas through One Legal for personal service.... Draft proofs of service. Serve Plaintiff's Notices of Depositions with copies of deposition subpoenas on opposing counsel via mail and email. Email to Attorney

> Nicole Nemeth and law clerk Keshav Nair and note to file regarding same.

**\*6** (*Id.* at 12.) There are also numerous entries where paralegal/law clerks billed for "receiving and processing" e-mails, including e-mails on which the paralegal/law clerk was merely copied. For example, on September 20, 2018, Plaintiffs' counsel billed $19.50 for a paralegal to "[r]eceive and process e-mail response from Attorney Nicole Nemeth to client regarding client's inquiry regarding discovery process." (Doc. No. 44-3 at 10.) Because at least half of the paralegal/law clerk work was clerical or borderline clerical, the number of hours billed is reduced by 50% to 21.2 hours. Also, in line with other courts in this district, the paralegal/law clerk hourly rate is reduced from $195 to $100 per hour. The total amount of reasonable fees for paralegal/law clerk work is therefore $2,120. Furthermore, all the work performed by legal assistants was clerical, and Plaintiffs cite no authority supporting the reasonableness of awarding legal assistants' fees. Plaintiffs' request for $797.50 for work performed by legal assistants is therefore denied.

### C. Unnecessary or Overstated Entries

Defendant points out five specific instances of alleged unnecessary or overstated billing entries. (Doc. No. 45 at 17-18.) The court declines to reduce any of them. First, the court disagrees that the January 12, 2018 entry for 2.2 hours to receive and review documents, put together a litigation file, draft repair history summary, and begin drafting a complaint, (Doc. No. 44-3 at 3), is unreasonable. The entry is not necessarily duplicative based on a previous billing of 9.4 hours for case intake. Second, the court agrees the November 16, 2018 entry for 0.8 hours for a paralegal/law clerk to draft an amended notice of deposition and two subpoenas is unreasonable, especially given that no amended notice was sent, but declines to reduce the amount any further than the court already has. Third, the court disagrees that the April 26, 2019 entry for 0.6 hours to confer regarding notices of appearance, or the April 29, 2019 entry for three hours to review expert reports and depositions in preparation for a mandatory settlement conference, was unnecessary overlap. Finally, the court disagrees that 0.5 hours to attend a mandatory settlement disposition conference is unreasonable given that Defendant requested "judicial intervention" and the conference may have been held regardless of Plaintiff's alleged delay in finalizing the settlement.

Holcomb v. BMW of North America, LLC, Slip Copy (2020)

2020 WL 759285

### D. Fees Related to the Instant Motion

Plaintiffs include $20,291 in fees for 41.4 hours of work related to drafting and filing the instant motion. (Doc. Nos. 44-1 at 23, 44-3 at 22-23.) This includes an estimated 12 hours of time to review Defendant's opposition, draft a reply, and attend a motion hearing. (*Id.*) Defendant argues this is unreasonable, especially in light of Plaintiffs' counsel's experience. (Doc. No. 45 at 18.)

Fees related to the preparation and defense of a motion for attorney's fees are recoverable. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1141 (2001). The court agrees, however, that 41.4 hours in preparing the instant motion is excessive. Except for the amounts requested and the defendant's name, the instant motion is largely identical to a motion Plaintiffs' counsel previously filed with this court. *See* Motion for Attorney Fees, *Chavez*, No. 18cv2811 (S.D. Cal. Aug. 7, 2019); *see also Pollard*, 2020 WL 57270, at *5 (finding that 14.5 hours spent on a motion for attorney's fees under the Song-Beverly Act was unreasonable given that it was substantially identical to an earlier motion); *Johnson v. FCA US LLC*, No. 17cv0536 AJB (BGS), 2019 WL 3891148, at *3 (S.D. Cal. Aug. 19, 2019) (noting that a motion for attorney's fees is a "template-driven motion" and reducing a request for $6,252.50 to $2,000).

Plaintiffs' counsel's bills also show that a considerable amount of time was spent auditing the charges. While some review of Plaintiffs' counsel's detailed and lengthy billing statement is appropriate before filing the same before the court, it is unreasonable that Defendant should pay Plaintiffs' attorneys to confirm the accuracy of their own bills. *See Jameson v. Ford Motor Co.*, No. 18cv1952 ODW (AS), 2019 WL 6840758, at *3 (C.D. Cal. Dec. 16, 2019) (striking fees for "review and audit billing"). To the extent Plaintiffs claim the bills were reviewed for "excessive billing for reduction or removal," again, Defendant should not have to pay for time spent removing entries that Plaintiffs' counsel agree were excessive. Finally, even though there was no hearing on the instant motion, Plaintiffs' counsel billed for the estimated time spent "preparing for the motion hearing" and "traveling to and attending the hearing." (Doc. No. 44-3 at 22-23.) Because the records are block-billed, the actual amount of time spent auditing or removing excessive bills, or the time estimated to prepare for and attend a hearing, cannot be isolated. Accordingly, Plaintiffs are awarded $5,000 in

attorney's fees for the time spent on the instant motion, which equals a reduction of $15,291.

### E. Block-Billing

**\*7** Defendant argues that Plaintiffs' counsel's practice of "block-billing" warrants a reduction in fees. (Doc. No. 45 at 19.) Defendant alleges, and Plaintiffs do not dispute, that ten items on Plaintiffs' counsel's bill are block-billed. Defendant cites *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007), in which the Ninth Circuit upheld a district court's authority to reduce hours that are billed in block format. The court stated, however, that "block billing makes it more difficult to determine how much time was spent on particular activities." In response, Plaintiffs cite *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1325 (2008), in which the court stated that block-billing was "not objectionable per se," but is nonetheless "a risky choice" that can exacerbate the vagueness of a request for attorney's fees.

With the exception of the items discussed above, the entries in Plaintiffs' counsel's billing records that Defendant identifies as blocked-billed all contain multiple specific tasks that, when combined, reasonably amount to the time billed. For example, on November 30, 2018, Plaintiffs' counsel billed 2.80 hours for preparing for a deposition of a technician at BMW San Diego, meeting and conferring with opposing counsel regarding a stipulation for an unavailable technician, e-mailing opposing counsel regarding the same, attending and taking the deposition of the technician, and returning to the office. (Doc. No. 45-5 at 15.) While it would have been preferable for Plaintiffs' counsel to have broken out the time spent for each task, when combined, these distinct tasks could easily occupy 2.80 hours. Overall, Plaintiffs' counsel's billing records contain over 200 individual entries for tasks performed and billed. (Doc. No. 45-5.) Only a small portion are block-billed. In this instance, therefore, Plaintiffs' counsel's practice of block-billing some attorney tasks does not significantly undermine the overall reasonableness of the requested fees. *See Chavez*, 2020 WL 376209, at *3 (declining to fault Plaintiffs' counsel for block-billing because only a small number of block-billed entries exceeded two hours and because the entries were sufficiently detailed).

### F. Settlement Communications

2020 WL 759285

Plaintiffs rely heavily on their attempts to settle the case early in the litigation to justify an award of attorney's fees and costs. In response, Defendant filed a motion to strike any reference to the parties' settlement discussions as protected settlement negotiations. (Doc. No. 46-1.)

Defendant cites no caselaw supporting its argument that courts cannot consider the parties' settlement history in deciding attorney's fees. In fact, courts regularly cite plaintiffs' attempts to settle early in the litigation in deciding the reasonableness of attorney's fees. *See, e.g., Campos v. Ford Motor Co.*, No. 17cv2221 AGA (GR), 2020 WL 256125, at *2 (C.D. Cal. Jan. 13, 2020) (faulting plaintiff for not taking defendant's initial settlement offer); *Base*, 2020 WL 363006, at *1; *Goglin*, 4 Cal. App. 5th at 471 (assessing the rejection of a pre-litigation settlement offer). Moreover, in the parties' settlement agreement, Defendant agreed Plaintiffs could disclose the "background" and "negotiation" of the settlement agreement. (Doc. No. 51.)

According to Plaintiffs, on March 13, 2018, they sent a demand letter seeking repurchase of the vehicle and $7,717 in attorney's fees and costs, but Defendant did not respond. (Doc. No. 44-1 at 5.) On June 6, 2018, Plaintiffs sent a second letter attempting to initiate settlement discussions prior to moving forward with discovery, but Defendant did not respond. (*Id.*) On April 29, 2019, after completion of discovery, Defendant made its first settlement offer at a mandatory settlement conference. (*Id.*) At least part of the settlement – the vehicle buy-back – was the same as what Plaintiffs initially demanded. (*Id.* at 6.) Accordingly, Plaintiffs' early attempt to settle the case supports the reasonableness of the fees awarded in this order.

## G. Multiplier

*8 Plaintiffs argue their attorney's fees, as well as the fees charged by paralegals, law clerks, and legal assistants, are entitled to a 0.3 multiplier based on the delay in payment and their demonstrated expertise in litigating this matter. (Doc. No. 44-1 at 24.) Out of the thirty-seven state court cases cited by Plaintiffs purporting to support the reasonableness of Plaintiffs' counsel's fees, only three of those courts approved the application of a multiplier, and none of those cases were decided in this geographic area. (Doc. No. 44-2 a ¶ 58.) The recent cases decided by this court have all declined to apply a multiplier. *Chavez*, 2020 WL 376209, at *3 (rejecting 0.3 multiplier based on the posture and

lack of complexity of case); *Hamm*, 2019 WL 3891139, at *4 (rejecting 0.5 multiplier because the case did not involve complexity or novel or difficult questions of law or fact); *Petropoulos*, 2019 WL 2289399, at *4 ("Plaintiffs were not litigating important constitutional rights here. Nor were they representing the public interest.... They were seeking compensation and statutory penalties for a defective Durango."). As noted above, Plaintiffs' counsel do not argue this case involved complexity warranting a multiplier and do not identify anything special about their representation of Plaintiffs in this matter. Plaintiffs' counsel also cite no caselaw supporting the application of a multiplier based on the delay in payment incurred as a result of their own choice to take this case on a contingency basis. Accordingly, no multiplier to the lodestar amount is warranted.

## H. Costs

Plaintiffs argue their attorneys are entitled to reimbursement of $13,766.96 in costs and expenses. (Doc. No. 44-1 at 24.) Defendant argues that Plaintiffs' counsel are not entitled to at least some of their costs under Federal Rule of Civil Procedure 54 and because they failed to submit a bill of costs in violation of Civil Local Rule 54.1. (Doc. No. 45 at 8, 22-23.) Defendant also argues that costs related to personally serving deposition subpoenas, travel to depositions, and expert costs are not recoverable under Local Rule 54.1. (*Id.* at 23-24.)

The Song-Beverly Act specifically allows for the recovery of "a sum equal to the aggregate amount of costs and expenses." CAL. CIV. CODE § 1794(d). Under federal law, however, costs available to the prevailing party are limited to those listed 28 U.S.C. § 1920. Fed. R. Civ. P. 54(d); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). District courts have reached different conclusions as to whether the provision regarding costs and expenses in the Song-Beverly Act is procedural or substantive. *See Base*, 2020 WL 363006, at *7 (finding that "state law governs Plaintiff's request for costs," but listing several cases in the Eastern District finding otherwise); *Johnson*, 2019 WL 3891148, at *4 ("In general, an award of costs in federal district court is governed by Federal Rule of Civil Procedure 54(d) and not applicable state law, even in diversity cases."); *Forouzan v. BMW of N. Am., LLC*, 390 F. Supp. 3d 1184, 1187 (C.D. Cal. 2019) (finding the cost provision to be substantive based on the state legislature's intent); *O'Brien v. FCA US*

Holcomb v. BMW of North America, LLC, Slip Copy (2020)
2020 WL 759285

*LLC*, No. 17cv4042 JCS, 2019 WL 5295066, at *7 (N.D. Cal. Oct. 18, 2019) (same).

The costs and expenses available to Plaintiffs are not limited by Rule 54(d) or by Local Rule 54.1. The costs and expenses provision in the Song-Beverly Act is substantive for the same reasons as the courts found persuasive in *Base*, *Forouzan*, and *O'Brien*. Additionally, both Rule 54(d) and Local Rule 54.1 are based on an entry of judgment, which has not occurred here. Accordingly, Defendant's argument that certain costs are prohibited by Local Rule 54.1 is not persuasive.

The expenses listed in Plaintiffs' counsel's bills consist mainly of fees related to generating six transcripts and fees for Plaintiffs' expert to inspect the vehicle, draft an expert report, and prepare for a deposition. The expenses also include fees related to filing and serving documents, including ten deposition subpoenas. The other lesser expenses include transportation costs for attending events such as depositions, the vehicle inspection, and the mandatory settlement conference, as well as several meals while traveling.[5] Based on the above, $13,766.96 in costs and expenses is reasonable.

## IV. CONCLUSION

**\*9** Based on the forgoing, the court decreases Plaintiffs' request for $80,066.50 in attorney's fees by $485 based on the reduction to Mr. Bickel's rate to $575 per hour, and by $15,291 based on the excessive hours reportedly spent pursuing the instant motion. The total amount awarded for attorney's fees is *$64,290.50*. Additionally, Plaintiffs' request for $8,396 for paralegal/law clerk fees is reduced by $6,276 based on the decrease in the paralegal/law clerk rate from $195 to $100 per hour, as well as a decrease from 42.4 hours to 21.2 hours. The total amount awarded for paralegal/law clerk fees is *$2,120*. The court therefore **GRANTS** Plaintiffs' motion for attorney's fees and paralegal/law clerk fees in the amount of *$66,410.50*. The court also **GRANTS** Plaintiffs' motion for *$13,766.96* in costs and expenses. Plaintiffs' request for $797.50 in legal assistant fees is **DENIED**. Plaintiffs' request for an additional $26,778 based on a 0.3 multiplier is **DENIED**.

IT IS SO ORDERED.

**All Citations**

Slip Copy, 2020 WL 759285

## Footnotes

1    For reasons that are unclear, in the declaration supporting Plaintiffs' motion, Plaintiffs' counsel states that his office spent over 200 hours litigating this case. (Doc. No. 44-2 at 26 ¶ 64.)

2    The total attorney's fees requested – $80,066.50 – is also questionable based on some decisions by other courts. *See*, *e.g.*, *Luna*, 2020 WL 491462, at *6 (after imposing reductions, awarding $55,062 in fees and costs to twelve attorneys who exchanged written discovery, conducted depositions, and prepared pretrial documents); *Pollard*, 2020 WL 57270, at *5 (after imposing reductions, awarding $47,000 in attorney's fees).

3    Plaintiffs cite, however, an Alameda County Superior Court case finding rates between $335 and $655 totaling $18,816 to be reasonable. (Doc. No. 44-2 at 16.)

4    By the court's calculation, 42.4 hours at $195 per hour equals $8,268, not $8,396.

5    The only questionable item is $29.74 for a "[m]eal expense incurred during travel for deposition of Plaintiffs' Expert Witness." (Doc. No. 44-3 at 25.) The court will presume this was a meal that included more than one person.

**End of Document**                                    © 2020 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 27



**Sessom, Joyce v. Ford Motor Company et al.**

**Strategic Legal Practices, APC**
1888 Century Park East
19th Floor
Los Angeles, CA 90067

**VIN: 1FTEW1CG7JKC95610**

### Attorney Fees

| Date | Name | Description | Hours | Rate | Total |
|---|---|---|---|---|---|
| 10-20-2023 | Vaziri, Sanam | Revise and finalize initial complaint and filing forms. | 0.7 | $610.00 | $427.00 |
| 11-09-2023 | Law, Daniel | Prepare for and attend telephone conference re: intended pleading attack. | 0.4 | $475.00 | $190.00 |
| 11-17-2023 | Law, Daniel | Prepare for and attend further telephone conference with Defense counsel re: ▮▮▮▮▮▮▮▮ | 0.5 | $475.00 | $237.50 |
| 12-14-2023 | Carvalho, Tionna | Review D's offer, chron, and file; draft correspondence to client re offer and recommendations | 0.4 | $570.00 | $228.00 |
| 01-10-2024 | Weiser, Anna | Draft Plaintiff's Discovery Responses and prepare Document Production. | 2.0 | $550.00 | $1,100.00 |
| 03-18-2024 | Dias, Aylana | Draft Objection to NOD | 1.0 | $325.00 | $325.00 |
| 03-18-2024 | Sanaia, Nino | Revise and finalize Objections to D's NOD of Plaintiff | 0.5 | $435.00 | $217.50 |
| 03-25-2024 | Lister, Jacob | Draft Plaintiff's FAC | 2.7 | $550.00 | $1,485.00 |
| 03-25-2024 | Mejia, Tara | Revise and finalize Plaintiff's discovery requests, PMQ NOD, Declaration, and ESI meet and confer letter | 1.6 | $395.00 | $632.00 |
| 03-26-2024 | Law, Daniel | Revise and finalize Plaintiff's FAC | 2.1 | $495.00 | $1,039.50 |
| 04-25-2024 | Law, Daniel | Prepare for and attend telephone conference with Sara Ross regarding pleading attacks. | 0.4 | $495.00 | $198.00 |
| 05-01-2024 | Dias, Aylana | Draft Objection to NOD | 1.0 | $325.00 | $325.00 |
| 05-02-2024 | Sanaia, Nino | Revise and finalize Objection to NOD | 0.5 | $435.00 | $217.50 |
| 05-22-2024 | Dias, Aylana | Draft Objection to Amended NOD of Plaintiff | 1.0 | $325.00 | $325.00 |
| 05-23-2024 | Larocque, Elizabeth | Perform research re case status, CMC, Judge's rules, and assessing amending complaint. | 0.3 | $595.00 | $178.50 |
| 05-24-2024 | Larocque, Elizabeth | Draft Rule 26 Report and correspond with OC re same. | 1.6 | $595.00 | $952.00 |
| 05-31-2024 | Larocque, Elizabeth | Review and revise CMC Statement and correspond with OC re same. | 1.1 | $595.00 | $654.50 |
| 05-31-2024 | Larocque, Elizabeth | Prepare for and attend Rule 26(f) Conference, and correspondences with OC re CMC Statement and revisions | 1.3 | $595.00 | $773.50 |
| 06-03-2024 | Larocque, Elizabeth | Draft request to appear remotely. | 0.2 | $595.00 | $119.00 |
| 06-03-2024 | Larocque, Elizabeth | Review, revise, and sign CMC Statement | 0.9 | $595.00 | $535.50 |
| 06-06-2024 | Larocque, Elizabeth | Analyze Court Order authorizing telephonic appearance and exchange correspondence with CRD re same. | 0.2 | $595.00 | $119.00 |
| 06-07-2024 | Larocque, Elizabeth | Analyze Court Order re expert disclosures and correspond with OC re stipulating to expert disclosure deadlines. | 0.4 | $595.00 | $238.00 |
| 06-11-2024 | Larocque, Elizabeth | Correspondence with OC re agreement re expert discovery deadlines. | 0.2 | $595.00 | $119.00 |
| 06-13-2024 | Larocque, Elizabeth | Review and analyze correspondence confirming expert discovery deadlines. | 0.1 | $595.00 | $59.50 |

| Date | Name | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 07-23-2024 | Larocque, Elizabeth | Analyze discovery status and FDC. | 1.0 | $595.00 | $595.00 |
| 07-26-2024 | Larocque, Elizabeth | Draft Initial Disclosures. | 0.9 | $595.00 | $535.50 |
| 07-30-2024 | Mejia, Tara | Draft and finalize Plaintiff's Federal Discovery Requests and Notice of PMQ Depo | 0.9 | $395.00 | $355.50 |
| 08-13-2024 | Larocque, Elizabeth | Correspondence from OC regarding reservation deposition objections. | 0.1 | $595.00 | $59.50 |
| 08-19-2024 | Larocque, Elizabeth | Draft email to OC and exchange emails regarding Defendant's Initial Disclosures. | 0.3 | $595.00 | $178.50 |
| 09-04-2024 | Larocque, Elizabeth | Prepare for and attend telephone conference with opposing counsel regarding PMK depo and preservation of objections at deposition. | 0.3 | $595.00 | $178.50 |
| 09-17-2024 | Larocque, Elizabeth | Correspondence with OC regarding PMK depositions and mediation. | 0.3 | $595.00 | $178.50 |
| 09-19-2024 | Larocque, Elizabeth | Correspondence to OC regarding Initial meet and confer letter re D's deficient discovery responses. | 0.0 | $595.00 | $0.00 |
| 09-20-2024 | Larocque, Elizabeth | Draft Correspondence to OC regarding Initial meet and confer letter re discovery responses | 0.3 | $595.00 | $178.50 |
| 09-30-2024 | Larocque, Elizabeth | Correspondence with OC regarding mediation and PMK dates and discovery dispute. | 0.3 | $595.00 | $178.50 |
| 10-04-2024 | Larocque, Elizabeth | Correspondence with OC regarding mediation and Defendant's Initial Disclosures. | 0.3 | $595.00 | $178.50 |
| 10-06-2024 | Larocque, Elizabeth | Correspondence with OC regarding Defendant's document production and I.D. | 0.1 | $595.00 | $59.50 |
| 10-07-2024 | Larocque, Elizabeth | Prepare for and attend telephone conference with OC regarding discovery disputes. | 0.6 | $595.00 | $357.00 |
| 10-08-2024 | Larocque, Elizabeth | Analyze Defendant's Responses to M&C letter and docs produced in preparation for Meet and Confer | 0.6 | $595.00 | $357.00 |
| 11-11-2024 | Larocque, Elizabeth | Revise and finalize Amended PMQ NOD | 0.4 | $595.00 | $238.00 |
| 11-11-2024 | Larocque, Elizabeth | Review, analyze file re status of mediation and discovery deadline. | 0.3 | $595.00 | $178.50 |
| 11-12-2024 | Law, Daniel | Prepare for and attend telephone conference with opposing counsel regarding pleading attack. | 0.4 | $495.00 | $198.00 |
| 11-14-2024 | Larocque, Elizabeth | Prepare for and attend telephone conference with OC regarding depositions. | 0.3 | $595.00 | $178.50 |
| 11-15-2024 | Larocque, Elizabeth | Prepare for and attend telephone conference with OC regarding depositions and discovery. | 0.1 | $595.00 | $59.50 |
| 11-20-2024 | Larocque, Elizabeth | Correspondence with OC regarding confirmation of Plaintiff's depo date.. | 0.2 | $595.00 | $119.00 |
| 11-20-2024 | Tirmizi, Rabiya | Prepare for and attend telephone conference with OC regarding MJOP and MSJ. | 0.8 | $395.00 | $316.00 |
| 11-20-2024 | Tirmizi, Rabiya | Prepare for and attend telephone conference with client regarding ███████ | 0.9 | $395.00 | $355.50 |
| 11-21-2024 | Baggs, Ryan | Correspondence with opposing counsel regarding change to time of 11/22 PMK deposition. | 0.1 | $525.00 | $52.50 |
| 11-21-2024 | Baggs, Ryan | Begin preparing for PMK deposition | 2.4 | $525.00 | $1,260.00 |
| 11-22-2024 | Baggs, Ryan | Continue preparing for, attend, and conduct the deposition of Defendant's PMQ Gregory West | 6.7 | $525.00 | $3,517.50 |
| 11-24-2024 | Baggs, Ryan | Prepare for final delivery of PMK exhibit documents and create exhibit file. | 0.5 | $525.00 | $262.50 |
| 11-28-2024 | Baggs, Ryan | Correspondence to court reporter regarding PMK Deposition and finalized exhibits | 0.5 | $525.00 | $262.50 |
| 11-28-2024 | Dhanda, Parabhjeet | Begin drafting Plaintiff's Motion to Remand and supporting documents. | 6.0 | $400.00 | $2,400.00 |

Sessom, Joyce v. FMC

| Date | Name | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 12-01-2024 | Larocque, Elizabeth | Correspondence with OC regarding continuing PMK and CRC deposition dates. | 0.3 | $595.00 | $178.50 |
| 12-03-2024 | Dhanda, Parabhjeet | Continue drafting Plaintiff's Motion to Remand and supporting documents. | 2.0 | $400.00 | $800.00 |
| 12-04-2024 | Dhanda, Parabhjeet | Continue drafting Plaintiff's Motion to Remand and supporting documents. | 2.0 | $400.00 | $800.00 |
| 12-09-2024 | Dias, Aylana | Draft Plaintiff's Objection to D's NOD of Plaintiff | 1.0 | $325.00 | $325.00 |
| 12-09-2024 | Larocque, Elizabeth | Revise and finalize Plaintiff's Amended PMQ NOD | 1.0 | $595.00 | $595.00 |
| 12-09-2024 | Larocque, Elizabeth | Correspondence with OC regarding continued PMK date. | 0.2 | $595.00 | $119.00 |
| 12-10-2024 | Tirmizi, Rabiya | Prepare for and attend telephone conference with OC regarding P depo and offer. | 1.1 | $395.00 | $434.50 |
| 12-10-2024 | Tirmizi, Rabiya | Prepare for and attend telephone conference with client regarding ███████ | 0.7 | $395.00 | $276.50 |
| 12-10-2024 | Baggs, Ryan | Correspondence with court reporter regarding deposition transcript. | 0.1 | $525.00 | $52.50 |
| 12-10-2024 | Larocque, Elizabeth | Revise and Finalize Plaintiff's Motion to Remand and supporting documents. | 1.9 | $595.00 | $1,130.50 |
| 12-11-2024 | Tirmizi, Rabiya | Draft email to OC regarding offer. | 0.2 | $395.00 | $79.00 |
| 12-13-2024 | Larocque, Elizabeth | Review file re status of mediation and mediation deadlines. | 0.2 | $595.00 | $119.00 |
| 12-16-2024 | Tirmizi, Rabiya | Draft email to OC regarding Rule 68. | 0.3 | $395.00 | $118.50 |
| 12-17-2024 | Larocque, Elizabeth | Revise Draft Joint ADR status report and review file re status of discovery. | 0.5 | $595.00 | $297.50 |
| 12-17-2024 | Larocque, Elizabeth | Correspondence with OC regarding request for extension to respond to Defendant's discovery requests | 0.3 | $595.00 | $178.50 |
| 12-18-2024 | Tirmizi, Rabiya | Draft email to OC regarding Rule 68 offer. | 0.2 | $395.00 | $79.00 |
| 12-18-2024 | Larocque, Elizabeth | Correspondence with court regarding remote appearance and prep for MSC. | 0.3 | $595.00 | $178.50 |
| 12-18-2024 | Larocque, Elizabeth | Prepare for and attend PMSC and draft hearing outcome memo | 0.2 | $595.00 | $119.00 |
| 12-18-2024 | O'Quinn, Kathleen | Begin drafting Defendant and Plaintiff Production Logs and Deposition Log to ███████████ | 1.3 | $325.00 | $422.50 |
| 12-18-2024 | Carvalho, Tionna | Review D's Rule 68 Offer, chron and file, and draft correspondence to client re ████████ | 0.6 | $595.00 | $357.00 |
| 12-19-2024 | Larocque, Elizabeth | Prepare for and attend PMSC and draft hearing outcome memo. | 1.2 | $595.00 | $714.00 |
| 12-19-2024 | Larocque, Elizabeth | Correspondence with OC and counsel regarding settlement. | 0.2 | $595.00 | $119.00 |
| 12-19-2024 | Baggs, Ryan | Begin preparing for the Vol. 2 deposition of D's PMQ Greg West | 3.4 | $525.00 | $1,785.00 |
| 12-20-2024 | Larocque, Elizabeth | Correspondence with OC regarding extending discovery deadline in light of settlement. | 0.2 | $595.00 | $119.00 |
| 12-20-2024 | Baggs, Ryan | Continue preparing for the Vol. 2 deposition of D's PMQ Greg West | 1.2 | $525.00 | $630.00 |
| 12-20-2024 | Carvalho, Tionna | Review correspondence from client and sign D's Rule 68 Offer | 0.4 | $595.00 | $238.00 |
| 12-20-2024 | Baggs, Ryan | Correspondence with opposing counsel regarding postponed PMQ deposition. | 0.2 | $525.00 | $105.00 |
| 01-07-2025 | Larocque, Elizabeth | Review and revise Joint Status Report and correspond with OC re same | 0.6 | $650.00 | $390.00 |

| 01-08-2025 | Tirmizi, Rabiya | Revise and finalize P's REJ | 0.4 | $435.00 | $174.00 |
|---|---|---|---|---|---|
| 02-07-2025 | Chandy, Dhara | Review billing records and pleadings and draft initial meet and confer correspondence to informally resolve P's attorneys' fees and costs | 0.8 | $375.00 | $300.00 |
| 02-13-2025 | Chandy, Dhara | Follow up on meet and confer effort to informally resolve P's attorneys' fees/costs | 0.2 | $375.00 | $75.00 |
| 02-18-2025 | Chandy, Dhara | Follow up again on meet and confer effort to informally resolve P's attorneys' fees/costs | 0.2 | $375.00 | $75.00 |
| 02-19-2025 | Chandy, Dhara | Further correspondence to opposing counsel regarding meet and confer efforts and Plaintiff's Motion for Attorneys' Fees | 0.2 | $375.00 | $75.00 |
| 02-19-2025 | Chandy, Dhara | Meet and confer correspondence to informally resolve P's attorneys' fees/costs | 0.2 | $375.00 | $75.00 |
| 02-20-2025 | Chandy, Dhara | Follow up email correspondence to informally resolve P's attorneys' fees/costs and Joint Status Report | 0.2 | $375.00 | $75.00 |
| 02-25-2025 | Chandy, Dhara | Prepare for and attend 3:00 PM videoconference re meet and confer efforts to informally resolve P's attorneys' fees/costs | 0.3 | $375.00 | $112.50 |
| 02-28-2025 | Tantanyan, Yenok | Begin drafting Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses and supporting documents. | 6.9 | $345.00 | $2,380.50 |
| | | Anticipated Fees to review Opposition, draft Reply ISO P's Motion for Attorneys' Fees, Costs, and Expenses, and attend hearing re same. | | | ($4,000.00) |
| | | **Total Attorney Fees:** | **77.9** | | **$41,585.50** |

### Costs and Expenses

| Date | Description | Total |
|---|---|---|
| 10-20-2023 | Expense paid to First Legal for Process Service to Ford Motor Company | $54.25 |
| 10-20-2023 | Expense paid to First Legal for Process Service to Norm Reeves Ford Superstore | $91.75 |
| 10-20-2023 | Expense paid to First Legal for eFiling Complaint | $464.20 |
| 10-24-2023 | Expense paid to First Legal for eFiling Proof of Service | $29.20 |
| 10-24-2023 | Expense paid to First Legal for Process Service to Norm Reeves Ford Superstore | $91.75 |
| 10-27-2023 | Expense paid to First Legal for eFiling Proof of Service | $29.20 |
| 01-05-2024 | Expense paid to First Legal for eService of Discovery Responses | $5.00 |
| 01-09-2024 | Expense paid to First Legal for eService of Verifications | $5.00 |
| 02-19-2024 | Expense paid to First Legal for eFiling CMS and Notice of Jury Fees | $179.20 |
| 02-19-2024 | Expense paid to First Legal for eService of CMS and Notice of Jury Fees | $5.00 |
| 03-18-2024 | Expense paid to Court Appearance Professionals for Hearing Attendance | $65.00 |
| 03-26-2024 | Expense paid to First Legal for eFiling Amended Complaint | $88.70 |
| 03-26-2024 | Expense paid to First Legal for eService of Amended Complaint | $17.50 |
| 04-29-2024 | Expense paid to First Legal for eFiling Notice of Appearance | $25.00 |
| 06-05-2024 | Expense paid to First Legal Records for Subpoena Preparation and Related Expenses | $149.00 |
| 06-05-2024 | Expense paid to First Legal Records for Subpoena Preparation and Related Expenses | $154.25 |
| 11-22-2024 | Expense paid to Veritext for PMQ Deposition Transcript Services | $1,309.75 |
| 11-23-2024 | Expense paid to WDRC for Mediation Services | $270.00 |
| 12-24-2024 | Expense paid to First Legal for eFiling Notice of Appearance | $25.00 |
| 01-08-2025 | Expense paid to First Legal for eFiling Proposed Judgment | $26.50 |
| | **Total Costs and Expenses:** | **$3,085.25** |

| | **Total Attorney Fees, Costs, and Expenses:** | **$44,670.75** |

Sessom, Joyce v. FMC

**Timekeeper Summary**

| Name | Year | Hours | Rate | Total |
|---|---|---|---|---|
| Baggs, Ryan | 2024 | 15.1 | $525.00 | $7,927.50 |
| Carvalho, Tionna | 2023 | 0.4 | $570.00 | $228.00 |
| Carvalho, Tionna | 2024 | 1.0 | $595.00 | $595.00 |
| Chandy, Dhara | 2025 | 2.1 | $375.00 | $787.50 |
| Dhanda, Parabhjeet | 2024 | 10.0 | $400.00 | $4,000.00 |
| Dias, Aylana | 2024 | 4.0 | $325.00 | $1,300.00 |
| Larocque, Elizabeth | 2024 | 19.2 | $595.00 | $11,424.00 |
| Larocque, Elizabeth | 2025 | 0.6 | $650.00 | $390.00 |
| Law, Daniel | 2023 | 0.9 | $475.00 | $427.50 |
| Law, Daniel | 2024 | 2.9 | $495.00 | $1,435.50 |
| Lister, Jacob | 2024 | 2.7 | $550.00 | $1,485.00 |
| Mejia, Tara | 2024 | 2.5 | $395.00 | $987.50 |
| O'Quinn, Kathleen | 2024 | 1.3 | $325.00 | $422.50 |
| Sanaia, Nino | 2024 | 1.0 | $435.00 | $435.00 |
| Tantanyan, Yenok | 2025 | 6.9 | $345.00 | $2,380.50 |
| Tirmizi, Rabiya | 2024 | 4.2 | $395.00 | $1,659.00 |
| Tirmizi, Rabiya | 2025 | 0.4 | $435.00 | $174.00 |
| Vaziri, Sanam | 2023 | 0.7 | $610.00 | $427.00 |
| Weiser, Anna | 2024 | 2.0 | $550.00 | $1,100.00 |
| | | | **Total:** | **$37,585.50** |

Sessom, Joyce v. FMC